**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

REGINALD BYRON CLEMONS, et al.,        )
                                       )
            Plaintiffs,                )
                                       )
      v.                               )        No. 4:22-CV-158 SRW
                                       )
MICHELLE BASHAM, et al.,               )
                                       )
            Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court on multiple motions filed by Plaintiff Reginald Byron Clemons, a prisoner incarcerated with the Missouri Department of Corrections.  Plaintiff seeks leave to proceed in this matter *in forma pauperis*, or without the prepayment of fees or costs.  ECF No. 2.  Having reviewed the motion and the inmate account statement submitted in support, the Court will grant the motion and assess an initial partial filing fee of $87.37.  *See* 28 U.S.C. § 1915(b)(1).  Plaintiff also filed a motion to supplement the record with additional grievance documents.  ECF No. 8.  The motion to supplement will be granted; however, upon review of the original complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds multiple pleading deficiencies.  Importantly, Plaintiff may only assert his own claims for relief and not the claims of other prisoners.  As such, the Court will direct Plaintiff to file an amended complaint in an attempt to cure pleading deficiencies and in compliance with the directions set out below.

**Background**

### I.      Transfer from Western District

This civil rights action was filed in the United States District Court for the Western District of Missouri, along with an affidavit in support of request to proceed *in forma pauperis*, on January

28, 2022.  ECF Nos. 1-2.  Because the events giving rise to the claims of the complaint occurred

in the Eastern District of Missouri, the case was transferred to this Court on February 1, 2022.

ECF Nos. 4-5.

## II.     Original Complaint and Order Striking Additional Plaintiffs

The complaint filed in this action was purportedly brought by three prisoner Plaintiffs:

Reginald Byron Clemons, Steven Stafford, and Wendell Harris.  ECF No. 1 at 1.  Plaintiffs allege

claims under 42 U.S.C. § 1983 against three Missouri Department of Corrections employees at the

Eastern Reception Diagnostic and Correctional Center (ERDCC).  *Id.* at 1; ECF No. 1-1 at 18-19.

The allegations of the complaint pertain to an incident that occurred at ERDCC in February 2021.

ECF No. 1 at 1.  Plaintiffs seek injunctive relief and damages.  *Id.* at 4.  Plaintiffs Stafford and

Harris appear to still be incarcerated at ERDCC; however, Plaintiff Clemons is currently confined

at Jefferson City Correctional Center (JCCC).  *Id.* at 1-3.  Despite being brought jointly, only

Plaintiff Clemons has signed the complaint and only Clemons filed a motion for leave to proceed

*in forma pauperis*. ECF Nos. 1 at 4, 2.

Because the Court does not permit multiple prisoner plaintiffs to proceed jointly in an

action, on February 14, 2022, the Court struck plaintiffs Steven Stafford and Wendell Harris from

this matter and ordered the Clerk to open new cases for them.  *See* ECF No. 7.  The Court ordered

that this matter proceed with named Plaintiff Reginald Byron Clemons only.  *Id.* at 3.

## III.    *In Forma Pauperis* Status and Initial Filing Fee

In the order of transfer to this Court, the Western District Court stated that it would "not

make any determination … regarding the filing fee."  ECF No. 4 at 1.  As such, the motion to

proceed *in forma pauperis* (ECF No. 2) is currently pending before this Court.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

In support of his motion to proceed *in forma pauperis*, prisoner Plaintiff submitted an inmate account statement showing average monthly deposits of $436.83, over a six-month period. ECF No. 3.  The Court finds Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $87.37, which is twenty percent of Plaintiff's average monthly deposit.

### Motion to Supplement the Record (ECF No. 8)

Also before the Court is Plaintiff's motion to supplement the record.  ECF No. 8.  Plaintiff seeks to supplement the record with grievance documents he received in response to grievances he filed at ERDCC regarding the incident at issue in the complaint.  *Id.* at 2-11.  These documents all pertain to grievances filed by Plaintiff Clemons (and not other prisoners); therefore, they are properly brought in support of Plaintiff's complaint.  As such, Plaintiff's motion will be granted.

## Pleading Deficiencies in the Complaint

### I.    Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [which are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

## II.      Pleading Deficiencies in the Complaint

The complaint filed in this matter has multiple pleading deficiencies.  First, Plaintiff cannot bring claims on behalf of other prisoners; he can only assert claims on his own behalf.  Standing is a jurisdictional requirement that can be raised by the court *sua sponte* at any time during the litigation.  *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004).  Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 (in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel").

The complaint filed in this matter brought claims on behalf of other prisoners in addition to Plaintiff Clemons.  Plaintiff has no standing to bring claims on behalf of other prisoners.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").  Plaintiff must allege a personal loss or injury, and he lacks standing to assert claims regarding the mistreatment of other inmates.  *Id.*  As such, Plaintiff should file an amended complaint in this matter which only raises claims brought on his own behalf.

Second, the Eighth Circuit has consistently held that a prisoner's transfer to a different facility where the alleged unlawful conduct does not exist, renders moot a prisoner's request for injunctive relief.  *See Martin*, 780 F.2d at 1337 (prisoner plaintiff's claim for injunctive relief to

improve prison conditions dismissed as moot because plaintiff was transferred to a different unit); *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978) (prisoner's transfer to a different state penitentiary rendered moot his claim for injunctive relief).  In this case, the complaint seeks "injunctive relief" regarding policies and procedures at ERDCC. ECF No. 1 at 4 (seeking "injunctive relief that Muslims have a First Amendment right to pray" and that "corrections officers have to wear body cameras").  Because Plaintiff Clemons has been transferred to JCCC and there is no allegation that the same violative policies are in place at JCCC, Plaintiff's requests for injunctive relief regarding ERDCC policies may be moot.

Therefore, the Court directs Plaintiff to file an amended complaint in an attempt to cure these pleading deficiencies.  Plaintiff is warned that due to his *in forma pauperis* status, the Court will again review the amended complaint under 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.

## III.   Amended Complaint Instructions

Plaintiff should type or neatly print his amended complaint on the Court's Prisoner Civil Rights Complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms."). Plaintiff should only assert claims and allegations on his own behalf, and not on behalf of other prisoners.

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").   Any claims from the original complaint or any

6

supplements that are not included in the amended complaint will be deemed abandoned and will not be considered.  *Id*.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant.  *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant.  *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper.  However, all the defendants must be clearly listed.  Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.  Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim or claims.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant.  If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting

his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $87.37 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement the record [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

Reginald Byron Clemons, plaintiff, v. Michelle Basham, et al., defendants, Case No. 4:22-CV-00158 SRW.

The parties shall use the amended caption on all future filings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall change the short title of this case to read Clemons v. Basham, et al.

**IT IS FINALLY ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 27th day of April, 2022.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE