**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| REGINALD BYRON CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00158-SRW |
| | ) |
| MICHELLE BASHAM, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Anne L. Precythe, Matt Sturm, Douglas A. Worsham, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, Jamie Williams, Timothy McFarland, Doris Falkenrath, Bill Stange, Gregory Hancock, Teri Vandergriff, and Kelly Morriss move to dismiss certain of Plaintiffs' claims, and state:

1. Before joining this lawsuit, Plaintiff Steven Stafford brought the same claims against the same defendants in a Missouri state court action, and thus the Court should abstain from hearing his claims in this case pursuant to *Younger v. Harris*, 401 U.S. 37, 46 (1971).

2. The Second Amended Complaint (Doc. 28, the "Complaint") establishes that Plaintiffs Clemons, Stafford, Howard, Hood, Kent, and Smith did not exhaust their administrative remedies as required by 42 U.S.C. §1997e(a), and thus their claims should be dismissed with prejudice.

3. All individual capacity claims against Defendants Williams, McFarland, David Vandergriff, Teri Vandergriff, Raymond, Morriss, Falkenrath, Stange, and Hancock should be dismissed because Plaintiffs have not alleged these Defendants did anything to violate their

1

Constitutional rights.

4. All individual capacity claims by Plaintiff Holliman against Defendants Spradling, Reagan, Fenwick, and Simonton, and all individual capacity claims by Plaintiff Moore against Defendants Spradling, Reagan, and Simonton, should be dismissed because Plaintiffs Holliman and Moore, respectively, have not alleged these Defendants did anything to violate their Constitutional rights.

5. All claims for battery (Count VIII) brought by Plaintiffs other than Plaintiff Clemons, and Plaintiff Clemons' battery claims against anyone other than Defendants Basham and Hart, are untimely because they were not brought within one year as required by §516.145, RSMo, and such claims do not relate back to the original pleading in this case. Further, Plaintiff Clemons does not allege Defendant Basham ever struck him, and thus his battery claim against her fails.

6. All official capacity claims against Defendants Precythe, Sturm, Worsham, David Vandergriff, and Raymond should be dismissed because Plaintiffs have not alleged these Defendants promulgated or enforce a policy that deprives them of their religious rights.

7. Any claim for monetary damages against Defendants sued in their official capacities should be dismissed, as such claims are barred by sovereign immunity under the Eleventh Amendment.

For the foregoing reasons, and as explained further in their accompanying Memorandum, Defendants respectfully request that the Court dismiss all claims subject to the present Motion.[1]

---

[1] The only claims for which dismissal is not sought are Plaintiff Holliman's claims against Defendants Basham and Hart; Plaintiff Moore's claims against Defendants Basham, Hart, and Fenwick; and Plaintiff Clemons' battery claim against Defendant Hart. A separate Answer will be filed on their behalf as to those Plaintiffs' claims only.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

/s/ *Stephen M. Hoeplinger*
Stephen M. Hoeplinger, MO62384
Assistant Attorney General
815 Olive St., Suite 200
St. Louis, MO 63101
Tel:     (314) 340-7849
stephen.hoeplinger@ago.mo.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2023, a true and correct copy of the foregoing was served on counsel of record for all parties via the Court's CM/ECF system.

*/s/Stephen M. Hoeplinger*
Assistant Attorney General