In the XXIV<sup>th</sup> Judicial Circuit Court, St. Francios County
STATE OF MISSOURI
Civil Division I

**FILED**

**MAR 0 8 2023**

KRISTINA BONE, CIRCUIT CLERK
ST. FRANCOIS COUNTY, MO

In the matter of;                                   )
                                                    )
Steven Stafford,                                    )
MO-DOC No. 365963                                   )
ERDCC GP HU6B-101 / Legal Mail                      )
2727 HWY K                                          )
Bonne Terre, Missouri  63628-3430                   )
United States of America                            )
                                                    )
        Plaintiff/Petitioner/Affiant,               )
                                                    )
vs.                                                 )      Case No. 23SF-CC00056
                                                    )
Michelle Basham,                                    )
Carl Hart,                                          )
Gary Fenwick,                                       )
Adam Simonton,                                      )
³FNU Spaulding,                                     )
FNU Regan,                                          )
John Doe/Jane Roe I,                                )
John Doe/Jane Roe II,                               )
John Doe/Jane Roe III,                              )
John Doe/Jane Roe IV,                               )
                                                    )
        Defendant(s)/Respondent(s),                 )
                                                    )
Richard Adams,                                      )
                                                    )
        Interested Party,                           )

---

**Plaintiff's Original Verified Complaint/Petition**

**Verified Affidavit/Suggestions in Support of Same, &tc.**

COMES now plaintiff/petitioner/affiant Steven Stafford, pro se, in propria persona, referred to hereinafter as plaintiff, to make known by these presents this; verified complaint/petition, and; to make herewith a verified affidavit/suggestions/brief in support of same, and states the following in support thereof, to wit;

---

³FNU = First Name Unknown

- 1 -

**Ex. 1**

## <u>Introduction of Complaint/Petition/Affidavit/Suggestions/Etc.</u>

1.    This complaint/petition/affidavit/suggestions/etc., referred to hereinafter as complaint, gives rise to civil action(s) brought before this good and honorable court, pleading, moving, noticing, petitioning, invoking, setting out, complaining, suggesting, and praying for releif/remedy(ies) before this good and honorable court, giving rise to civil action brought pursuant to this good and honorable court's jurisdiction(s), authority(ies), power(s), et al.

2.    An index of this complaint/petition/affidavit/suggestions/etc. is provided herewith to provide the reader(s), including this good and honorable court, each named defendant(s)/respondent(s)/interested party(ies), their counsel(s) thereof, and others that have interest in public records, with an index to the relevant sections in this complaint.  This complaint was created without the benefit of word-processing equipment, without the ability to re-write this complaint, except by beginning again and typing from the beginning, so portions are and may be included later in this complaint that are also incorporated in former portions of same.  Suggestions are included, and each are invoked as part of this civil action for now and for all time relevant to same, including each of the court decisions, treatises, instructions, et al., and are submitted in composite form with the complaint due to the estoppels presented whilst composing this complaint whilst in prison, with limited access to legal materials, etc.  The broadest of intendments are prayed for and the greatest deference to this complaint invoking, stating, setting out, incorporating, noticing, moving, pleading, petitioning, suggesting a recognized cause(s) of action(s) therefrom.

## <u>Index of Complaint/Petition/Affidavit/Suggestions/Etc.</u>

Header/Caption.............................................................. - 1 -

Introduction of Complaint/Petition/Afidavit/Suggestions/Etc.............. - 2 -

Index of Complaint......................................................... - 3 -

Introduction of the Parties to this Action(s)............................ - 5 -

Jurisdiction(s), Authority(ies), Power(s) & Venue Invocation(s).......... - 11 -

Specific Pleading & Invocation Germane to this Acion(s).................. - 14 -

Multi-Party &/or Multi-Claim Packaging................................... - 15 -

Pleadings Germane to S.B. 591 (Laws 2020)................................ - 15 -

Pleadings Germane to Misconduct of Defendant(s).......................... - 16 -

Pleadings Germane to Retaliation(s) by Defendant(s)...................... - 17 -

Pleadings Germane to Defendant(s)........................................ - 17 -

Immunity(ies) of Defendant(s)/Respondent(s).............................. - 18 -

Pleadings Germane to Injunctive &/or Declaratory Relief/Remedy(ies)...... - 21 -

Primacy of Mo. Sup. Ct. Rule(s) Traverse to MO-PLRA..................... - 22 -

    - Invocation(s) of Mo. Sup. Ct. Rule(s)........................... - 25 -

Pro Se Prisoner - In Propria Persona Notices/Invocations................. - 27 -

Pleadings of Ultimate, & Not Evidentiary Fact(s)......................... - 31 -

Discovery Rule(s) & Concealment(s)....................................... - 31 -

Jury Demand(s)........................................................... - 34 -

Written Judgment(s)/Order(s)/Decree(s)/Memo(s)/Et al..................... - 34 -

Personal Involvement of Defendant(s)..................................... - 34 -

Plaintiff's Case Handling Pleading(s)/Averment(s)........................ - 35 -

Statement of Facts Germane to All Causes of Action/Petition(s).......... - 36 -

    - Incorporation(s) of MO-DOC Official Records..................... - 40 -

Statement of Facts Germane to the 'Sunni Sunday' Incident............... - 48 -

Statement of Facts Germane to Declaratory, Etc., Action(s).............. - 72 -

Cause(s) of Action(s).................................................... - 73 -

    I.     Petition for Declaratory Judgment............................ - 73 -

    II.    Motion for Temporary Restraining Order(s).................... - 75 -

    III.   Tort- Abuse of Brocess(es)................................... - 77 -

    IV.    Prima Facie Tort............................................. - 79 -

    V.     Tort - Fraudulent Representation(s).......................... - 80 -

    VI.    Malicious Prosecution(s)/False Imprisonment(s)............... - 84 -

    VII.   Tortious Interference(s) with Contract(s)/Expectancy(ies).... - 86 -

    VIII.  Tort(s) - Assault(s)......................................... - 89 -

    IX.    Petition for Writ of Habeas Corpus........................... - 93 -

X.      Intentional/Negligent Infliction of Emotional Distress(es)...    - 96 -

XI.     Tortious Breach of Assumed Special Duty.....................    - 98 -

XII.    RLUIPA &/or Right(s) Violation Action(s)....................    - 99 -

XIII.   § 1983 Action(s)...........................................    - 101 -

XIV.    § 1985 Action(s)...........................................    - 103 -

XV.     Racketeering Influenced Crime Organization Act(s) Action(s)..    - 106 -

XVI.    Punitive Damage(s).........................................    - 112 -

Joining and Severing Allegation(s)/Cause(s) of Action(s), &tc...........    - 113 -

Verification of Complaint/Petition/Affidavit...........................    - 114 -

Certificate of Service - Notice of Hearing(s).........................    - 115 -

This index is provided for the help and service of the readers of this complaint/etc., including the court, defendant(s), et al.  No part of this index is designed/intended to work to deminish or enlarge a cause of action or claim of fact or for relief by any party or to make any defense or enhance same.

Plaintiff's index is a workproduct provided for the convenience of the reader to refer to sections germane to those portions that deal with certain topics specifically, however, plaintiff has created this document/complaint absent the aid of word processing equipment and/or software, such that there is no replacement of reading and noting each paragraph in the complaint individually and noting how is applies throughout the complaint, regardless of header, title, caption, or prayer, and no warranty, expressed or implied, to the contents of the sections so indexed is provided, and the reader is oblidged to read it in its entirity for the full intendments set out therein.

## <u>Introduction of the Parties to this Action(s)</u>

3.    This complaint is brought by plaintiff/petitioner/affiant/ etc., referred to hereinafter as plaintiff, whose name and address is set out in the caption herein, supra, facts about him are, and were at all times remevent to this action(s), applicable, to wit;

      a.    Plaintiff is/was; a natural person; a citizen/resi-dent of both the State of Missouri and the United States of America, with right(s), privilege(s), protection(s), emolument(s), etc., as such, which he had and does hereby continue to invoke for now and all time;

      b.    Plaintiff is/was; assigned to the State of Missouri; remanded to the Department of Corrections, and; is compelled to live under a system of villeinage and de facto peonage, at the Eastern Reception Diagnostic & Correctional Center's Maximum Security General Population Prison [ERDCC herein-after] at its physical location in St. Francios County, at its physical location/address as is indicated in the caption herein, supra, as a prisoner, villein, peon, inmate, et al., as such, about which plaintiff does hereby pray that this good and honorable court would take judicial notice of same and make a record of same, as per Rule(s), and to take judicial notice of the records of the State of Missouri, Department of Corrections, Division of Adult Institutions, by reference, as plaintiff is estopped be-yond his reasonable control from fully accessing same to articulate these pleadings, due to interference(s) by third party(ies)/defendant(s) to this action(s).

4.    Defendant(s)/Respondent(s), referred to as Defendant(s) hereinafter, are, and/or were at all times relevant to this action(s), employed/contracted by the Missouri Department of Corrections [MO-DOC hereinafter], which in many instances continue to exercize direct/indirect/constructive control over plaintiff, his living and working arrangement(s)/condition(s) for any and all times day and night, and are party(ies) to this action(s) in *d* official capacity(ies) for any action(S) brought herewith related to injunctive, declaratory, and/or extraordinary relief/remedy(ies), and are party to this action(s) in their individual capacity(ies) for tort and other causes of action(s) where they may be party to suit as such, in that they were personally involed in the adverse action(s), tort(s), violative act(s), conspiratory act(s), RICO act(s), et al., which give rise to this civil action(s).  Defendant(s) have violated the clearly-established right(s) of plaintiff, or have violated clearly-established constitutional provisions, laws, regulations, court rules, and/or the directives of their employer, the written policy(ies), procedure(s), SOP(s), and Office of Professional Standards protocols/mandates/guidelines, and include the following individual(s), to wit;

a.    Michelle Basham, a natural person, at all times relevant to this action(s) was/is a Corrections Officer III, that participated in conspiracy(ies), tort(s), violative act(s), coverup(s), RICO act(s) & enterprise(s), and that threatens retaliation(s) for plaintiff serving/ acting as a whistleblower concerning staff misconduct, et al., as set out herein, infra, whose principle place of business/activity, where she may be properly served

process, etc., to wit;

POE:    Eastern Reception Diagnostic & Correctional Center
        Attn: ¹Michelle Basham, et al.
        2727 HWY K
        Bonne Terre, Missouri  63628-3430
        United States of America

POE - Place of Employment

b.    Carl Hart, a natural person, at all time relevant to this action(s) was/is a Correction Officer II, that participated in conspiracy(ies), tort(s), violative act(s), coverup(s), RICO act(s) & enterprise(s), and that threatens retaliation(s) for plaintiff serving/acting as a whistleblower concerning staff misconduct, et al., as set out herein, infra, whose principle place of business/activity is/was the address/location indicated as also indicated for defendant Basham, et al., herein, supra, and is presently located at the St. Francios County Jail/Detention Center, where he may be properly served process by the Sheriff of this good and honorable cournty's law enforcement authority, at an address/location as is known by same.

c.    Gary Fenwick, a natural person, at all times relevant this act(s) was/is a Corrections Officer III, that participated in conspiracy(ies), tort(s), violative act(s), coverup(s), RICO act(s) and enterprise(s), and that threatens plaintiff with retaliation(S) for plaintiff serving as a whistleblower concerning staff misconduct, et al., as set out herein, infra, whose principle place of business/activity(ies), where he may be properly served/process, is at that same location as for Defendant Basham, herein, supra;

- 7 -

d.   Adam Simonton, a natural person, at all times relevant to this action(s) was/is a Corrections Officer I, that participated in conspiracy(ies), tort(s), violative act(s), coverup(s), RICO act(s) & enterprise(s), and that threatens plaintiff with retaliation(s) for plaintiff serving/acting as a whistleblower concerning staff misconduct, et al., as is set out herein, infra, whose principle place of business/activity, where he may be properly served process, is at that same location as is indicated for Defendant Basham here, supra;

e.   FNU Spaulding, a natural person, at all times relevant to this action(S) was/is a Corrections Officer I, that participated in conspiracy(ies), tort(s), violative act(s), coverup(s), RICO act(s) and enterprise(s), and that threatens plaintiff with retaliation(s) for plaintiff serving/acting as a whistleblower concerning staffer misconduct, et al., as set out herein, infra, whose principle place of business/activity(ies), where he may be properly served process, is at that same address/location as for Defendant Basham, herein, supra;

f.   FNU Regan, a natural person, at all times relvant to this action(s) was/is a Corrections Officer I, that participated in conspiracy(ies), tort(s), violative act(s), coverup(s), RICO act(s) and enterprise(s), and that threatens plaintiff with retaliation(s) for plaintiff serving as a whistleblower concerning staffer misconduct, et al., as set out herein, infra, whose principle place of business/activity, where he may be personally served process,

- 8 -

is that same address as indicated for Defendant Basham, herein, supra;

g.    John Doe/Jane Roe(s) I through IV, natural person(s), at all times relevant to this action(s) was/is a staffer(s) of the Missouri Department of Correction(s), that participated in conspiracy(ies), tort(s), violative act(s), cover-up(s), RICO act(s) and enterprise(s), and that threatens plaintiff with retaliation(s) for plaintiff serving as a whistleblower concerning staffer misconduct, et al., as set out herein, infra, whose principel place(s) of business(es), where they each may be served process(es), is that same address as indicated for Defendant Basham herein, surpa, designated/identified as, to wit;

> (1)  John Doe/Jane Roe I, as the individual(s) that can be identified on surveillance footage and MO-DOC official records/etc. that held plaintiff's legs/arms/etc. during attack(s);

> (2)  John Doe/Jane Roe II, as the individual(s) that can be identified as individual(s) that passed through ERDCC HU1A-117, and denied plaintiff's medical care, grievance forms, and to turn on water/lighting in HU1A-117 whilst plaintiff was present there;

> (3)  John Doe/Jane Roe III, as the individual(s) that can be identified as individual(s) that failed to supervise the other defendant(s) during the shift(s) relevant to the 'Sunni Sunday' incident that is relevant to this action(s);

> (4)  John Doe/Jane Roe IV, as the individual(s)

that denied the IRR(s), Grievance(s), Appeal(s) that plaintiff filed, or attempted to fil, as are described/ indicated in paragraph one-hundred-five (105) herein, infra, et al., and are staffers of the MO-DOC/ERDCC, whose principle place of business(es)/activity(ies) are the same as is indicated for Defendant Basham herein, supra.

h.    Richard Adams, is an interested party to this action(s), in that he is the person in whose custody plaintiff presently is, and is interested in the cause(s) of action(s) related to plaintiff's release from said custody, whose principle place of business/activity, where he may be properly served process, is that same address/location as indicated for Defendant Basham herein, supra.

Each of these defendant(s) were personally involved in the act(s)/ activity(ies)/enterprise(s) that give rise to these causes of action(s), committed the act(s) predicate to same, and did so, inter alia; intentionally, maliciously, sadistically, knowingly, &/or recklessly/negligently, as is described herein, infra.  Defendant(s) have each acted under the color of state law, purporting to commit their respective adverse action(s) that give rise to this action(s) as and whilst acting resultant of their respective positions at the time with the State of Missouri, Department of Corrections.  The State of Missouri has agreements to hold each harmless for the results of these proceedings, as Missouri is a Self-Insured Entity, and provides same to defendant(s) at the sole discretion of the Attorney General of the State of Missouri, creating an implicit conflicting interest with representations by same for defendant(s) in this action.

## Jurisdiction(s), Authority(ies), Power(s), & Venue Invocation(s)

5.    This good and honorable court has jurisdiction(s), author-ity(ies), and power(s) over plaintiff and defendant(s), as well as the subject matter(s) in that the amount in controversy is/ex-ceeds this Court's minimum limit(s), defendant(s)/respondent(s) conduct their business/activities in Missouri and have engaged in adverse action(s)/tortious act(s) in Missouri, and these cause(s) of action(s) arise from said business/activities and the adverse, tortious, violative, and damaging act(s) as are set out herein, infra, all of which culminated within the borders of this good and honorable court's physical jurisdiction/boundries relevant to same.

6.    This good and honorable court has jurisidiction(s), author-ity(ies), and power(s) over plaintiff and defendant(s) and the sub-ject matter(s) as each are either citizens/residents or this State, and/or committed the adverse, tortious, violative, conspiratory, and/or damaging act(s) such that they are indispensible parties to this action(s), including action(s) brought pursuant to, inter alia; Mo. Sup. Ct. Rule(s) 87, 91, 92, 94, 99, 100, et al., the common-law of either/both the State of Missouri and the United States of America, or as invoked by reference in, inter alia; RSMo § 1.010, et al., and/or by-and-through the concurrent jurisdiction(s)/autho-rity(ies) derived resultant of con-current jurisdiction/authority/etc. with the courts of the United States of America, including, inter alia; U.S. Const., Art. VI, Cl. 2; the Doctrine of Fundamental Fair-ness; the Doctrine of Fundamental Rights, et al.

7.    This good and honorable court has jurisdiction(s)/author-ity(ies)/power(s) over plaintiff/defendant(s) and the subject matter(s)

raised in this action(s) including the following, inter alia, to wit;

    a.    Doctrine of Fundamental Rights;

    b.    Doctrine of Fundamental Fairness;

    c.    Missouri Constitution,

        (1)    Article I, Section(s); 1; 2; 3; 5; 6; 9; 10; 12; 13; 14; 15; 18(a); 19; 21; 28; 29; 30; 31; 32, et al.;

        (2)    Article II, Section 1;

        (3)    Article V, Section 14, et al.;

        (4)    Article XIV

    d.    United States Constitution, as amended;

    e.    RSMo § 506.010, et seq.;

    f.    RSMo § 508.010, et seq.;

    g.    RSMo § 526.010, et seq.;

    h.    RSMo § 527.010, et seq.;

    i.    RSMo § 529.010, et seq.;

    j.    RSMo § 532.010, et seq.;

    k.    RSMo § 536.010, et seq.;

    l.    RSMo § 537.010, et seq.;

    m.    RSMo § 538.010, et seq.;

    n.    Mo. Sup. Ct. R. 86.01, et seq.;

    o.    Mo. Sup. Ct. R. 87.01, et seq.;

    p.    Mo. Sup. Ct. R. 91.01, et seq.;

    q.    Mo. Sup. Ct. R. 92.01, et seq.;

    r.    Mo. Sup. Ct. R. 94.01, et seq.;

    s.    Mo. Sup. Ct. R. 97.01, et seq.;

t.  Mo. Sup. Ct. R. 99.01, et seq.;

u.  Mo. Sup. Ct. R. 100.01, et seq.;

v.  The laws passed by congress pursuant to the authority granted it by the United States Constitution, including, inter alia;

    (1)  42 USC § 1982 - § 1997d; 2000cc, et al.;

    (2)  28 USC § 1342, et al.

    (3)  18 USC § 1964, et seq.;

    (4)  18 USC § 1341 - 1349, et al.;

    (5)  18 USC § 666, et al.;

    (6)  42 USC § 15601 - § 15606

    (7)  28 CFR Chapter I, Part 115, et seq.

    (8)  34 USC § 60105;

    (9)  28 USC § 1257, et al.

8.  All adverse action(s)/harm(s)/damage(s)/violation(s)/conspiracy(ies)/ et al. relevant to this action(s) were caused or affected plaintiff whilst he was inside the county boundry of this county indicated in the caption herein, supra.

9.  Venue is proper pursuant to, inter alia; RSMo § 508.010, et seq.; § 508.040, and the rule(s)/law(s) cited herein, supra, or incorporated-by-reference in, inter alia; RSMo § 1.010, et al.

10.  This good and honorable court has jurisdiction(s)/authority(ies)/power(s) to adjudicate these action(s) as are brought herein, infra.

11.  Plaintiff does hereby invoke the jurisdiction(s), power(s), authority(ies) set out or implicated in this instant complaint/petition/affidavit, and incorporates the text(s) of each, by reference, as part of this instant complaint/petition/affidavit, as per Rule(s).

## Specific Pleadings & Invocations Germane to this Action(s)

12.  The Constitution of the United States and all laws enacted pursuant to the powers conferred by it on congress are Supreme Law of the Land to the same extent as though expressly written into every state law, and judges in every state are bound thereby, and anything in laws of the state to the contrary notwithstanding.

13.  Immunity(ies) derived from the United States Constitution, Amendment XI, is in-applicable to a federal law claim initiated in state court(s).

14.  The Missouri Inmate Reimbursement Act is pre-empted by a civil rights action(s) adjudication(s), including, inter alia, a 42 USC § 1983, et al., action(s), and plaintiff invokes the precepts and incorporates the text(s) of the following court decisions as part of this instant complaint/petition/affidavit, to clarify his contentions and invocations made herein, to wit;

  a.  Hankins v. Finnel, 964 F.2d 853 (8th Cir. 1992);

  b.  Duvall v. Lawrence, 86 S.W.3d 74 (Mo. App. Ct. E.D. 2002);

  c.  Shapiro v. Columbia Union Nat'l Bank & Trust Co., 576 S.W.2d 310 (Mo. banc 1978);

  d.  Tyler v. Whitehead, 583 S.W.2d 240 ( Mo. App. W.D. 1979);

  e.  Fredin v. Middlecamp, 2021 U.S. App. Lexis 33504 (2021), et al.

15.  The Supreme Court of the United States can review state court adjudications of federal question(s) under U.S. Const., Art. III, § 2, and 28 USC § 1257, and are not constrained by § 2254(d)(1), et al.

### Conditions Precedent

16.  Plaintiff has satisfied all conditions precedent to bringing this action(s)/petition(s)/affidavit, et al.

- 14 -

17. Plaintiff does hereby pray that in any/all/each instance whereby which this good and honorable court deems it that any/all/each requisite part of any administrative remedy is absent or un-fulfilled sufficiently-enough to predicate this action(s)/petition(s) that this good and honorable court would issue an order/judgment requiring that plaintiff complete same to the specific degree that this court indicate(s) for any such instance so found, and that any/all/each un-affected portion of this litigation be proceeded upon, and that any affected portion of this litigation be held in abeyance/stay, consistent with the precepts set out in, inter alia;

    a.   Cooper v. Minor, 16 S.W.3d 578 (Mo. banc 2000), et al.

## Multi-Party &/or Multi-Claim Packaging

18. Plaintiff does hereby invoke and prays/moves that for each instance whereby which a multi-party(ies) &/or multi-claim packaging implications arise that this good and honorable court would vouchsafe to, WHERE applicable, utilize multi-party/multi-claim packaging instructions, including, inter alia; MAI-Civil 2.05; MAI 36.02; MAI 36.10; MAI 36.22, et al., in any portion of these pro-ceedings/actions where same may be applicable.

## Pleadings Germane to S.B. 591 (Laws 2020)

19. Missouri S.B. 591 (Laws 2020) purports to effect changes in the law of punitive damages, and plaintiff presents claims for punitive damages averring that same is unconstitutional, and/or, in the alternative presents claims and prayers for relief/remedy(ies) provisionally, if it be deemed that same is constitutional and does not violate Mo. Const., Art. II, Section 1, or other provisions of same in Mo. Const., et al.

## Pleadings Germane to Misconduct of Defendant(s)

20. "Work-related misconduct requires a willful violation of the employer's rules or standards, and the violation must be intended," see, inter alia; Robinson v. Courtyard Mgmt. Corp., 329 S.W.3d 736, 740 (Mo. App. 2011); Butrick v. Peterbilt of Springfield, Inc., 373 S.W.3d 473, 479 (Mo. App. 2012), et al.

21. "Willful is defined as '[p]roceeding from a concious motion of the will; voluntary; knowingly, deliberate; intending the result which actually comes to pass; designed; intentional; purposeful, not accidental or involuntary," see, inter alia; Black's Law Dictionary 1599 (6th ed. 1990), et al. ; McClelland v. Hogan Personnel, LLC, 116 S.W.3d 660, 666 (Mo. App. Ct. 2003).

22. "A single instance of intentional disobedience of an employer's directive can constitute misconduct," see, inter alia; Finner v. Americold Logistics, LLC, 298 S.W.3d 580, 584 (Mo. App. Ct. 2009), et al.

23. Plaintiff pleads and avers that defendant(s) have engaged in misconduct resultant of a concious motion of the will; voluntary; knowngly; deliberate; intending the result(s) which [have] actually come[s] to pass; designed; intentional; purposeful, not accidental or involuntary.

24. Plaintiff pleads and avers that defendant(s) have engaged in a willful violation of the [State of Missouri, Department of Corrections]-employer's rules or standards, and that the violation was, directly, constructively, intended.

25. Plaintiff pleads and avers that defendant(s) have engaged in conduct/actions/in-actions that were "more forceful than was reasonably necessary" and/or were "more restrictive than was reasonably necessary."

## Pleadings Germane to Retaliation(s) by Defendant(s)

26.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) comprised  retaliation(s) against plaintiff for the exercize of rights guaranteed by the U.S. Constitution, Missouri Constitution, the Doctrine of Fundamental Rights, &/or the Doctrine of Fundamental Fairness.

27.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) comprised "harassment, physical threats, and trans-fer" to an area with substandard conditions where adverse conditions would deter a person of ordinary firmness, consistent with, inter alia; Morris v. Powell, 127 S.Ct. 596 (2006), denying cert. from 449 F.3d 682, 687 (5th Cir.), et al.

28.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) that give rise to this action(s) was retaliatory, however, "Retaliatory motive need not be sole motive...," see, inter alia; United States v. Clarke, 110 F.3d 612, 613-14 (8th Cir. 1997), et al.

## Pleadings Germane to Defendant(s)

29.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) that give rise to this action(s) was willful and wanton or malicious act(s), which involve forms of intentional con-duct or, at a minimum, reckless disregard of probable consequences, which would predicate a direct/constructive waiver of immunities in this instant action(s) as set out in this complaint/etc.

30.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) that give rise to this action(s) ta a violation of clearly-established right(s), privilege(s), protection(s), eme-lument(s), etc., of plaintiff's, that was not a matter of debate in any court at law.

- 17 -

31.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) that give rise to this action(s) are in violation of clearly-established constitutional provisions, statutes, laws, regulations, of the State of Missouri or the United States of America, &/or that same comprise violation(s) of clearly-established Policy(ies)/Procedure(s)/SOP(s) [Standard Operating Procedure(s)] of the State of Missouri, the Department of Corrections thereof, and the division/section of "Professional Standards" germane to the defendant(s) in this action(s).

32.  Plaintiff pleads and avers that the action(s)/in-action(s) of defendant(s) that give rise to this action(s) are in violation of contractual obligation(s) enterred into by defendant(s) of their own free will acts, and deeds, including the assumption of special duty(ies) to plaintiff by defendant(s).

## Immunity(ies) of Defendant(s)/Respondent(s)

33.  Plaintiff pleads and avers that any/all/each claim of defendant(s) to sovereign, official, derived, &/or qualified immunity(ies), etc., is limited &/or eliminated in that, inter alia;

    a.  immunity(ies) are limited in that defendant(s) have engaged in proprietary interest(s) and not State interests resultant of the nature of defendant(s) conduct/activity(ies), as determined by finder(s) of fact(s) in this instant action(s) by a jury of peer(s), as is prayed for herewith; &/or;

    b.  defendant(s) have directly, in-directly, &/or constructively waived the defense(s) of immunity(ies), &/or;

    c.  defendant(s) have acted in such ways or engaged in

- 18 -

misconduct in violation of clearly-established constitu-
tional provisions, laws, regulations, Rule(s), Policy(ies),
Procedure(s), SOP(s), et al., of the United States of Ameri-
ca &/or the State of Missouri, and the Department of Corr-
ections thereof, as found by a finder-of-fact in this in-
stant action(s) by a jury of peer(s), as is prayed for
herewith, &/or;

d.    defendant(s) have acted/mis-behaved such that they
have violated clearly-established rights, protections,
privileges, emoluments, et al., of plaintiff's which are
found by a finder-of-fact in this instant action(s) by
a jury of peer(s), as is prayed for herewith,

34.    Plaintiff prays as part of this action(s) that any fact(s)
related to these limitation(s)/estoppel(s) to defendant(s) defense(s)
of any/all/each type of immunity(ies), including official, sovereign,
&/or qualified immunity(ies), be properly set before the finder-
of-fact(s) concerning these matter(s), issue(s), controversy(ies)
in this instant case, by a jury of peers, of which plaintiff so
moves this court herewith.

35.    Plaintiff pleads and avers that any/all/each defendant(s)
have violated constitutional or statutory provision and that the
rights of plaintiff provised by same were clearly-established at
the time, consistent with, inter alia; Pearson v. Callahan, 555 U.S. 223,
236 (2009), et al.

36.    Plaintiff further pleads and avers that any/all/each defend-
ant(s) violation(s) as described in paragraph thirty-five (35), et
al,, in that the "contours of the right must be sufficiently clear
that a reasonable official would understand that what [he/she/they]

is [or had been] doing violates that right," consistent with the precepts set out in, inter alia; Anderson v. Creighton, 483 U.S.635, 640 (1987), et al.

37. Plaintiff pleads and avers that any/all/each defendant(s) adverse, tortious, violative, conspiratory, etc., action(s)/in-action(s) were not resultant of discretionary act(s).

38. Plaintiff pleads and avers that any/all/each defendant(s) by-and-through their individual, severable, and collective action(s) adverse to plaintiff violated clearly established right(s) of plain-tiff's.

39. Plaintiff pleads and avers that any/all/each defendant(s) by-and-through their individual, severable, and collective action(s) adverse to plaintiff presented a substantial burden to plaintiff's free exercise of the right(s) violated, including the clearly-estab-lished right(s), protection(s), privilege(s), emolument(s), et al. of plaintiff's, and that defendant(s) so acted absent an accommo-dation of plaintiff's rights, etc., and that defendant(s) failed to provide an alternative means for plaintiff's exercise of the right(s) implicated in the cause(s) of action(s) set out herein, infra, &/or; that defendant(s) failed to seek to find an alterna-tive means to fully accommodate plaintiff at de minimus cost to valid penological interests, consistent with the mandates set out in, inter alia; Turner v. Safley, 482 U.S. 78, 89-91 (1987); Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 831 (8th Cir. 2009), et al.

40. Plaintiff pleads and avers that any/all/each defendant(s) by-and-through their individual, severable, and collective action(s) adverse to plaintiff placed a substancial burden on the free exer-cize of plaintiff's right(s), etc.

**<u>Pleadings Germane to Injunctive &/or Declaratory Relief/Remedy(ies)</u>**

41. Plaintiff pleads and avers that the pleadings herein present the following, to wit;

      a.   a justiciable controversy;

      b.   a legally protected interest;

      c.   a question ripe for judicial determination.

42. The issue(s), matter(s), and/or controversy(ies) presented in this complaint/petition/affidavit refer to "a real, substantial, presently existing controvesy admitting of specific relief," "A legally protectable interest involv[ing] a pecuniary or personal interest directly in issue or jeopardy, which is subject to come consequential relief, immediate or perspective," and the requisite "Ripeness requir[ing] the declaration shought to present a question appropriate and ready for judicial determination," consistent with the precepts set out in, inter alia; <u>Camden County v. Lack of the Ozarks Counsel of Local Governments, et al.,</u> 282 S.W.3d 850, 856 (2009)[citing <u>Cooper v. State,</u> 818 S.W.2d 653, 655 (Mo. App. W.D. 1991)], et al.

43. Plaintiff pleads and avers that plaintiff's prayers/motion for relief/remedy(ies) brought in this complaint that related to injunctive, declaratory releif/remedies, et al., are predicated upon, inter alia;

      a.   plaintiff's probability of success on the merits;

      b.   the threat of irreparable harm[s] to movant absent the injunction or declaration prayed for;

      c.   the balance between th[e] harm and the injury that the injunction's issuance would inflict on other parties;

      d.   that the public interest is served by the issuance

of the injuction or declaration prayed for, consistent with the mandates set out in, inter alia; <u>State ex rel. Dir. of Revenue v. Gabbert,</u> 925 S.W.2d 838, 839 (Mo. banc 1996), et al.

### Primacy of Mo. Sup. Ct. Rule(s) Traverse to the Missouri

44. Insofar as is possible, and where-ever circumstances permit, plaintiff prays, moves, and invokes that this litigation/civil action be governed by the Mo. Sup. Ct. Rule(s) promulgated by the Missouri Supreme Court [SCOMO hereinafter] pursuant to the Constitution of Missouri, Article V, Section 5.

45. RSMo § 506.360 through § 506.390, inclusive, comprise the Missouri Prisoner Litigation Reform Act(s) [MO-PLRA hereinafter], and were enacted by the legislature of this state in nominal bills, and specifically NOT bills specifically for the purpose of amending or anulling a Rule so promulgated by the SCOMO enumerated as Mo. Sup. Ct. Rule(s), as is evidenced by the text(s) of the enactments of the legislature(s) for same, specifically, to wit;

    a.   Missouri 1997 S.B. 56;

    b.   Missouri  1999 S.B. 1

46. The MO-PLRA, as written, and/or as applied, to this litigation by plaintiff, directly, in-directly, &/or constructively affect the function and operation of the Mo. Sup. Ct. Rule(s), and therefore present instance(s) whereby which same violate the provisions of Mo. Const.; Article II, Section 1; Article V, Section 5, et al., and Mo. Sup. Ct. R. 41.02, et al.

47. Mo. Sup. Ct. R. 41.02, promulgated by the SCOMO on 01 September 1972, states, in the relevant part, to wit;

    "Mo. Sup. Ct. Rule(s) 41 through 101, inclusive, are promulgated

pursuant to authority granted the Missouri Supreme Court by Section 5, Article V, of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith..."
[Text of R. 41.02]

48. Mo. Sup. Ct. R. 41.05 states, in the relevant part, to wit;

"As used in these Rules the word 'law' includes rules, statutes and judicial decisions..." [Text of R. 41.05]

49. Mo. Sup. Ct. R. 55.01 states, in the relevant part, to wit;

"There shall be a petition and an answer..."

and;

"A defense consisting of an affirmative avoidance to any matter alleged in a proceeding pleading must be pleaded. No other pleading shall be required except as ordered by the court."
[Text of R. 55.01]

50. Mo. Sup. Ct. R. 54.01, et seq., provises that any action(s) be subject to service of process upon the initiation of civil action(s).

51. Mo. Sup. Ct. R. 49.01 provises that technical forms are not requisite in pleadings.

52. Mo. Sup. Ct. R. 50.01 provises that clerks of circuit courts provide copy(ies) of local circuit court rules to litigants.

53. Mo. Sup. Ct. R. 55.04 provises that technical forms are not required for pleadings, cf. Mo. Sup. Ct. R. 49.01, et al.

54. Mo. Sup. Ct. R. 55.12 provises for the adoption(s) of statements by reference.

55. Mo. Sup. CT. R. 55.19 provises for pleading special and punitive damages.

56. Mo. Sup. Ct. R. 56.01, et seq., provise for discovery, etc.

57.  Mo. Sup. Ct. R. 57.01, et seq.; R. 58.01, et seq.; R. 59.01; R. 60.01; R. 61.01 each provise for specific discovery/disclosure/admissions/entry/examination/report/etc.

58.  Mo. Sup. Ct. R. 62.01 provise for case management conferences;

59.  Mo. Sup. Ct. R. 67.01, et seq., provises for dismissals of civil action(s).

60.  Mo. Sup. Ct. R. 68.01, et seq., provises for masters and receivers

61.  Mo. Sup. Ct. R. 73.01 provises for instances whereby which an issue(s), matter(s), controversy(ies) are tried without a jury or with an advisory jury.

62.  Mo. Sup. Ct. R. 74.01, et seq., provises for judgments, orders, and proceedings thereon.

63.  Mo. Sup. Ct. R. 77.01, et seq., provises for costs in civil proceedings, including, inter alia; Mo. Sup. Ct. R. 77.03, which governs motions by indigent plaintiff's to proceed as a poor person.

64.  Plaintiff does hereby incorporate the full text(s) of the cited Mo. Sup. Ct. Rule(s) referred to as part of this instant complaint/affidavit/etc., and prays that this good and honorable court would take judicial notice and make a record of same, as per Rule(s).

65.  Plaintiff does hereby plead and aver that the following provisions of the MO-PLRA are specifically traverse to Mo. Sup. Ct. Rule(s), in that, inter alia;

    a.  The provision(s) of RSMo § 506.366, § 506.369; § 506.372; § 506.278, et al., are traverse to the operation of Mo. Sup. Ct. R. 77.03, et al.;

    b.  The provision(s) of RSMo § 506.375, § 506.381, et

al., are traverse to the operation and application of Mo. Sup. Ct. Rule(s), inter alia; R. 54.01, et seq.; R. 55.01, et seq.; R. 67.01, et seq.; 73.01, et seq; R. 74.01, et seq..; R. 75.01, et al., as well as R. 100.01, et seq., et al.

c.    The provisions of the MO-PLRA are, as written and/or as applied, are traverse to the operation/function of Mo. Sup. Ct. R. 42.01, et al., and any/all/each of the Rule(s) promulgated by the SCOMO pursuant to the powers granted the SCOMO by Article V, Section 5, Missouri Constitution.

66.  Plaintiff does hereby plead/aver/argue/pray/move/incorporate that in any instance whereby which this good and honorable court, or the clerk thereof, applies any provision(s) of the MO-PLRA that are inconsistent with the direct, in-direct, constructive, et al., operation(s) of any/all/each Rule(s) promulgated by the SCOMO pursuant to the powers granted the SCOMO by the Missouri Constitution, that same are, and ought to be held, to present a nullity, as un-constitutional, inconsistent, and void for violating, inter alia; Mo. Const.; Art., II, Section 1, et al.; Art. V, Section 5, et al.

67.  Plaintiff does hereby invoke and pray that the court would take judicial notice and make a record of each, including, specific-ally, to wit;

a.    Plaintiff invokes Mo. Sup. Ct. R. 41.01, et seq.;

b.    Plaintiff invokes Mo. Sup. Ct. R. 49.01, specifically in that plaintiff's pleadings, if substancially following, be deemed sufficient, and that technical forms not necessary in this action(s);

- 25 -

c.  Plaintiff invokes Mo. Sup. Ct. R. 50.01, et al., and prays/moves that this good and honorable court takes judicial notice of the fact that plaintiff is estopped, beyond his reasonable control, from attending the offices of the clerk of the court to attain/veiw/examine the Local Court Rules for this Judicial Circuit, and prays for same to be mailed to him at the address indicated in the caption herein,supra, in fulfillment of Mo. Sup. Ct. R. 50.01, et al.

d.  Plaintiff invokes Mo. Sup. Ct. R. 54.01, et seq., praying/moving for this court, and the clerk thereof, to cause to be issued service/process on each defendant in this action(s) upon filing this complaint/petition/affidavit; absent any adverse action(s) resultant of the provisions traverse to same set out in the MO-PLRA, et al.;

e.  Plaintiff invokes Mo. Sup. Ct. R. 55.01, et seq., praying/moving for this court, to require an answer to the complaint/petition/affidavit/etc., as provised for in the rule(s) invoked herewith;

f.  Plaintiff invokes Mo. Sup. Ct. Rule(s) 56.01, et seq.; R. 57.01, et seq.; R. 58.01, et seq.; 59.01, et seq.; R. 60.01; R. 61.01, et al., praying that discovery, disclosures, subpoenas, interrogatories, admissions, entries, examinations, productions, depositions, and sanctions for adverse actions related to same be had during the pendancy(ies) of these action(s) brought in this complaint/petition/affidavit/etc.

g.   Plaintiff invokes Mo. Sup. Ct. Rule(s) 67.01, et seq., including, inter alia; Mo. Sup. Ct. R. 67.06, praying that, if plaintiff suffers dismissal(s) for any party or portion of this complaint/petition/action(s) that he be permitted sixty (60) days to amend the complaint/petition/affidavit/ etc. in fulfillment of R. 67.06, et al.;

h.   Plaintiff invokes Mo. Sup. Ct. Rule(s) 73.01; R. 74.01, et seq., praying/moving that this court would provide written judgments with findings of facts and conclusions of laws on the specific matter(s), issue(s), controversy(ies) so decided by this court in this action from time to time, for appellate court actions/review, &/or supreme court actions/review purposes, et al.

i.   Plaintiff invokes Mo. Sup. Ct. R. 77.03, specifically praying/moving this good and honorable to find that plaintiff is indigent, and grant him leave to proceed as a poor person, in that he has no income nor assets from which to proceed in this action(s) absent same being granted;

j.   Plaintiff invokes any and all Rule(s) promulgated by the SCOMO and prays that no statute(s)/law(s)/regulation(s) be held to supersede same, including, inter alia; MO-PLRA; Missouri S.B. 591 (Laws 2020); RSMo § 537.600; RSMo § 510.261, et al., as written or as applied.

## Pro Se Prisoner In Propria Persona Notices/Invocations

68.   Plaintiff is held presently at the address indicated in the caption herein, supra, having been assigned to the State of Missouri, remanded to the Department of Corrections, where he lives

under a system of villeinage and de facto peonage under the direct/
in-direct/constructive control of the defendant(s)/respondent(s)
in this action(s), and is vulnerable to retaliations for even filing
this complaint/petition/affidavit due to the conditions of plain-
tiff's confinement, about which he prays for abatement and an order
enjoining same from any/all/each of such act(s) of retaliation.

69.  Plaintiff is a pro se, in propria persona, prisoner liti-
gant and has very limited education and no training in the law,
and is only able to articulate these pleadings/motions/affidavit
by-and-through the free help provided by fellow prisoners, pursuant
to the precepts set out in, inter alia;

    a.  Johnson v. Avery, 89 S.Ct. 747 (1969);

    b.  Gagnon v. Scarpelli, 93 S.Ct. 1756 (1973);

    c.  Bounds v. Smith, 97 S.Ct. 1491 (1977);

    d.  Lewis v. Casey, 116 S.Ct. 2174 (1996);

    e.  Houston v. Lack, 108 S.Ct. 2379 (1988);

    f.  Haines v. Kerner, 92 S.Ct. 594 (1972);

    g.  Estelle v. Gamble, 97 S.Ct. 285 (1976);

    h.  Bromwell v. Nixon, 361 S.W.3d 393 (Mo. banc 2012);

    i.  Chrisman v. State, 288 S.W.3d 812 (Mo. App. Ct. 2009);

    j.  McMillan v. Wells, 924 S.W.2d 33, 37 (Mo. App. Ct. 1996);

    k.  Harris v. Munoz, 42 S.W.3d 384 (Mo. App.Ct. 2003), et al.

70.  This complaint/petition/affidavit was created without the
benefit of any word processing equipment, utilizing the typewriters
available to plaintiff/petition/affiant vis-a-vis the institution's
law library facilities, of and about which plaintiff has been granted
very limited access, and often NO access, in that the institution
is subject to staff shortages, lock-downs, beyond his reasonable
control.

71. Plaintiff does hereby pray that this good and honorable court would take judicial notice of the facts set out herein and the caselaw citations made for clarification purposes, which he does hereby incorporate the texts of each, by reference, as per Rule(s), as part of this instant complaint/petition/affidavit.

72. Plaintiff prays and moves this good and honorable court to appoint counsel to plaintiff in this action(s), as per Rule(s), including, inter alia; Mo. Sup. Ct. R. 2 & R. 4, et al., including, inter alia; Mo. Sup. Ct. R. 4-6.1, et seq.

73. Plaintiff prays and moves this good and honorable court to grant that this complaint/petition/affidavit be read such that if any portion, paragraph(s), or section(s) of this complaint/petition/affidavit may perfect or adequately clarify any other portion of this pleading, complaint, petition, affidavit to construe to state a cause of action(s) or invoke a precept, doctrine, principle, or other provision of law, et al., that same be read from "all four corners" consisten with the precepts set out in, inter alia; Haines v. Kerner, 92 S.Ct. 594 (1972), et al.

74. Plaintiff does hereby invoke the precepts as set out and incorporated, by reference, in each of the court decisions cited and incorporate as part of this complaint/petition/affidavit, to preserve the intendments of plaintiff in the pleadings set out herewith.

75. Plaintiff prays to receive court forms from the clerk of this court, in that he is estopped beyond his reasonable control from attending the offices of this court or the clerk thereof to attain them in pursuit of his access-to-the-court/open-court/etc. rights, and prays that the following be provided to him vis-a-vis

First Class U.S. Mail addressed to him at the address indicated
in the caption herein, supra, to wit;

      a.   Local Court Rule(s) for this Circuit;

      b.   Mo. Sup. Ct. Civil Form(s) related to the issuance
of subpoenas, etc., quantity fifteen (15);

      c.   Confidential Case Filing Information Sheet(s), Non-
Domestic Relations, quantity fifteen (15);

      d.   Mo. Sup. Ct. Civil Form 8, related to both filing
notice(s) of appeal to appellate and supreme court for
civil action(s), quantities four (4).

76. Plaintiff is presently incarcerated and unable to attend
any/all/each conference(s)/hearing(s)/trail(s)/etc. absent the issu-
ance of Writ(s) of Habeas Corpus ad Subjiciendum/Cum Causa, for
and about which he does hereby apply and provide notice of same,
as set out in the mandates purported by, inter alia; RSMo § 491.230
through § 491.250, inclusive, and plaintiff prays that this good
and honorable court would take judicial notice that these presents
have been provided to the Missouri Department of Corrections, and
the director thereof, in fulfillment of same.

77. In that plaintiff rightly anticipates appellate and supreme
court action(s) resultant of any circuit court litigation(s)/action(s)
he has set out, in detail, to the best of his ability, such invoca-
tions, citations, pleadings, motions, prayers for relief/remedy(ies)
as would clarify and support the sucess of plaintiff's causes of
action as presented herein, and on any motion(s) related to the
prosecution(s) of same.

78. Plaintiff prays for this court to take judicial notice
of the facts set out in this complaint/petiton/affidavit.

## Pleadings of Ultimate, & Not Evidentiary Fact(s)

79.  "Courts judge a pleading by the subject matter within the petiton and not by the title, caption, or prayer," see, inter alia; Worley v. Worley, 19 S.W.3d 127 (Mo. banc 2000), et al.

80.  "Missouri is a fact pleading state," ITT Commercial Fin. Corp. v. Mid-Am Marine, 854 S.W.2d 371, 379-80 (Mo. banc 1993), but, "Ultimate facts are those the jury must find to return a verdict for plaintiff," Johnson v. Auto Handling Corp., 532 S.W.3d 452, 463 (Mo. banc 2017), and "the facts that must be pleaded are the ultimate facts, not evidentiary facts," Sheibel v. Hillis, 531 S.W.2d 285, 290 (Mo. banc 1976), et al., see, inter alia; RMA v. Blue Springs R-IV Sch. Dist., 568 S.W.3d 420 (Mo. banc 2019), et al.[internal quotes NOT omitted, for emphasis], et al.

81.  "[A] party's failure to comply with statutory mandates does not deprive a court of jurisdiction to render a decision," see, inter alia; Farrow v. St. Fancis Med. Ctr., 407 S.W.3d 579, 591 (Mo. banc 2013), citing, inter alia; J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 252 (Mo. banc 2009), et al.

## Discovery Rule(s) & Concealment(s)

82.  Defendant(s)/Respondent(s), individually, jointly, &/or severally, in various ways and through various means, have concealed wrongfully their manipulation(s), through strategic and fraudulent action(s), protocol(s), procedure(s), policy(ies), SOP(s), and most importantly, 'division of professional standards' written mandates, procedures, protocols, policies, internal controls, and metrics related to same.

83.  Defendant(s) have failed to exercise the care required and breached their duties of loyalty, good faith, candor, and independence owed to the State of Missouri, the Department of Correct-

- 31 -

ions, 'Division of Proffessional Standards,' plaintiff, co-workers, contractor(s), volunteer(s), and related party(ies).

84.  Defendant(s) have failed to exercize the ordinary care and diligence requisite of their position(s)/contract(s) and their duty(ies) to plaintiff, and others, as set out herein.

85.  Defendant(s), by-and-through the false and misleading filings made in administrative remedy(ies) related to the adverse action(s) that predicate the causes of action(s)/petition(s) set out herein, have concealed, obfuscated, &/or hidden important fact(s) from plaintiff, as is evidenced by the administrative remedy(ies) proceeding(s) which are recorded as part of the records of the State of Missouri, Department of Corrections, which are incorporated, by reference, as part of this instant complaint/petition/affidavit, as per Rule(s).

86.  The nature of plaintiff/petitoner/affiant's injury(ies)/ harm(s)/damage(s) and their relation ship to the adverse action(s)/ in-action(s)/conspiracy(ies) of defendant(s)/respodent(s) and/or others unknown to plaintiff were, and may be revealed to be, inherently undiscoverable, and further facts may come to light as part of the discovery/disclosure/admission(s)/etc. processes that predicate the applicablility of the discovery rule to toll the running of any applicable statute(s) of limitation(s) until plaintiff knows, or reasonably should have known about same, and plaintiff should not be subject to any statute of limitations defense(s) for that which he could not have discovered absent the participation of defendant(s)/respondent(s), and their counsel(s), through the fulfillment of discovery/disclosure(s)/admisstion(s)/etc. processes in this action(s).

87.  Defendant(s)/Respondent(s) are estopped from asserting any/all/each statute of limitation(s) defense(S) because they concealed, or continue to conceal from plaintiff, all of the fact(s), evidence, information, official document(s), email message(s), inter-office communication(s), etc., that would shed light onto the truth of the matters unknown or undiscoverable by plaintiff in this action.

88.  Plaintiff has endeavered to plead the specific ultimate facts to predicate any/all/each of the causes of action(s)/peti-tion(s) set out herein, and any lack in detail is merely resultant of the vague, hazey, concealed environs in which plaintiff is and must operate whilst under the direct/in-direct control of the very defendant(s)/respondent(s), agent(s), assign(s), superior(s), sub-ordinate(s) of defendant(s), et al, that have harmed, violated, injured, tresspassed-upon, abused, obfuscated, covered-up, etc., the adverse action(s) traverse to plaintiff, plaintiff's right(s), and the oath(s) of office which defendant(s) have taken, to the State of Missouri and the United States of America, and the con-stitution(s) thereof, or provided by contractual agreements with same.

89.  Defendant(s) are estopped from asserting a statute of limitar-tion(s) defense(s), and other similar defense(s), when/if they are found by a finder-of-fact(s) to have concealed any relevant fact to any cause of action(s), whether raised now or in a subsequently-amended complaint/petition/action(s).

90.  Plaintiff prays for full and complete discovery/disclosure/admissions/entry/examination/entry/etc. related to any/all/each fact now concealed, obfuscated, hidden, sealed, etc., by defendant(s) of those that work or are contracted by-and-through same.

## Jury Demand(s)

91. Plaintiff hereby respectfully demands a trail by jury on any/all/each issue(s)/matter(s)/controversy(ies) triable of right by a jury, including the immunity(ies) issue(s) and any fact(s) related to any avoidance(s), defense(s), etc. raised by defendant(s), et al. in this action(s), as per Rule(s).

## Written Judgment(s)/Order(s)/Decree(s)/Memo(s)/Et al.

92. Plaintiff does hereby pray/move this court for written judgments, orders, decrees, memorandum, et al., in any/all/each instance whereby which this good and honorable court issue(s) any decision(s) on any of the specific matter(s), issue(s), controversy(ies) that arise during the pendency of this action(s) and appellate and supreme court action(s) related to same, as per Rule(s).

93. Plaintiff does hereby pray that any judgment(s)/etc. that this good and honorable court sets out be designated a final judgment(s) and state that "there is no reason for delay" as part of same, as per Rule(s), leaving no circumstances whereby which plaintiff is estopped from availing himself of the right(s)/protection(s), privilege(s), etc. afforded him by, inter alia, Art. I, Section(s); 2; 9; 10; 12; 14; 28; 30; 31; 32, et al., of the Constitution of Missouri, and the Constitution of the United States of America, and the law(s) passed/enacted by congress pursuant to the powers granted it by the U.S. Const., et al.

## Personal Involvement of Defendant(s)

94. Each of the Defendant(s)/Respondent(s) that are party(ies) to this action(s) have been personally involved in some part or way in the violative, conspiratory, tortious, and/or intentional/

reckless/deliberately-indifferent/etc. adverse action(s)/in-action(s) that resulted in the action(s) brought in this complaint/petition/affidavit/etc.

### Plaintiff's Case Handling Pleading(s)/Averment(s)

95. It is mandated by Article VI, Cl 2, of the Constitution of the United States of America, that state courts cannot refuse to apply federal law, as specifically incorporated as part of the decision in, inter alia; Printz v. United States, 117. S.Ct. 2365 (1997), et al., which plaintiff invokes and incorporates as part of the text of this instant complaint, by reference, as per Rule(s), herewith.

96. A state may not relieve congestion in its courts by declaring a whole category of federal claims to be frivolous. Until it has been proven that the claim has no merit, that judgment is not up to the states to make, and specifically incorporated as part of the precepts in the decision in, inter alia; Howlett v. Rose, 110 S.Ct. 2430 (1990), et al.

97. Plaintiff invokes the precepts set out in the cited court decisions as part of the invocations made to this good and honorable court, and further invokes the "Full Faith and Credit" statute set out in 28 USC § 1738, et al., praying that this good and honorable court would take judicial notice of same and make a record of such in this action(s).

98. Plaintiff invokes the precepts set out in any/all/each court decision cited in this complaint/petition/affidavit, and incorporates, by reference, the text of each as part of this instant complaint/petition/affidavit, in that he is estopped, due to the conditions of his confinement from enclosing each as an exhibit to this complaint, beyond his reasonable control.

## Statement of Facts Germane to All Causes of Action/Petition(s)

99.    Plaintiff was/is housed/situated at ERDCC at all times relevant to this complaint/petition/affidavit, and is presently.

100.    Plaintiff, prior to the adverse action(s) of defendant(s), et al., held, attained, or otherwise enjoyed being included in General Population at ERDCC, resultant of the fulfillment of a contract/business expectancy between plaintiff and the Administration of ERDCC/MO-DOC, whereby which so long as plaintiff maintained certain behavioral guidelines he was permitted to continue to enjoy the General Population privileges, status, etc., and be free from being housed in Disciplinary Segregation, Administrative Segregation, or Protective Custody housing areas where privileges are more restricted.

101.    In addition to having enjoyed/attained that which is described in paragraph one-hundred (100) herein, supra, plaintiff, prior to the adverse action(s) of defendant(s), held, attained, or otherwise enjoyed the following, to wit;

    a.    Prison Work, including positions which plaintiff was paid monthly as the Head or Lead Baker at the ERDCC Food Service Section, for which, in addition to monthly pay above the minimum pay level of most prisoners, received, or was elidgible to receive Good Reports by supervisory MO-DOC/ERDCC Officials, which would then be available to the Division of Probation & Parole, which, in addition to being in charge of granting paroles, etc., also is in charge of investigating any/all/each application for pardons, clemancy, etc., which plaintiff aspired to apply;

    b.    Good Reputation, in that plaintiff had attained/earned a good reputation from the community, including prison

- 36 -

officials/administrators, family members of plaintiff's, friends, associates, et al.;

c.    Peace of Mind, in that plaintiff had the sense of living in a fair and just world, where staff members would be honest, law-abiding, trustworthy, and fair, etc.;

d.    Plaintiff felt free to openly and freely participate in religious prayers, religious practices, group prayers, group religious activities, and the free exercize of the rights, privileges, protections, and emoluments established &/or set out/described in, inter alia;

> (1)  Missouri Constitution;
>        Article I, Section(s); 2; 4; 5; 6; 7; 8; 9; 10; 12; 13; 14; 15; 19; 21; 28; 30; 31; 32; Article II, Section 1;
>
> (2)  United States of America Constitution; Amendment(s); I; IV; V; VI; VIII; IX; XIV;
>
> (3)  Common Law of Missouri;
>
> (4)  Common Law of the United States of America;
>
> (5)  Doctrine of Fundamental Rights;
>
> (6)  Doctrine of Fundamental Fairness;
>
> (7)  Federal Law(s);
>
> (8)  Missouri Law(s)/Court Rule(s), et al.
>
> (9)  that which can be protected/preserved/abated/ vindicated through action(s), including, inter alia, action(s) brought pursuant or in vindication of;
>
>       (a)  42 USC 1981
>
>       (b)  42 USC 1981a;

(c)  42 USC 1982;

(d)  42 USC 1983;

(e)  42 USC 1985;

(f)  42 USC 1986;

(g)  42 USC 1988;

(h)  42 USC 1994;

(i)  42 USC 1997d;

(j)  42 USC 2000aa;

(k)  42 USC 2000bb;

(l)  42 USC 2000cc;

(m)  45 USC 15601, et seq.;

(n)  18 USC 1964;

(o)  28 CFR Ch. 1, Part 115, et seq.;

(p)  18 USC 249;

(q)  18 USC 666;

(r)  18 USC 1341;

(s)  18 USC 1342;

(t)  18 USC 1346;

(u)  18 USC 1349;

(v)  RSMo § 217.410, et al.;

(w)  RSMo § 537.010, et seq.;

(x)  RSMo § 532.010, et seq.;

(y)  RSMo § 536.010, et seq.;

(z)  Mo. Sup. Ct. Rule(s); 87; 91; 92; 94; et al.

e.  Plaintiff had the good faith belief that he was meant to be protected from any/all/each act(s) of retaliation for serving as a whistleblower.&/or for freely exercizing his right(s), privilege(s), protection(s), emolument(s),

et al., including those proclaimed, set out, implicated, and invoked by, inter alia; Missouri and United States law(s), constitution(s), regulation(s), and in the written policy(ies), procedure(s), SOP(s), "proféssional standards" of the Missouri Department of Corrections, et al.

f.   Plaintiff enjoyed the feeling that he was protected by the officials charged with his safety, security, and to protect him and his rights/interests, etc., et al.;

g.   Plaintiff enjoyed the feeling that any offender abuse would be reported, processed, and adjudicated/charged pursuant to the mandates set out in, inter alia; RSMo § 217.410, et al.;

h.   Plaintiff enjoyed the feeling that he was free to assocaite with other individuals of his own religious practice, faith, belief, etc.;

i.   Plaintiff enjoyed the feeling that he was meant to be permitted to petition his governemnt, including, inter alia; by-and-through the Administrative Remedy Agency processes/proceedings provided for in, inter alia; MO-DOC Policy(ies)/Procedure(s)/SOP(s); D5-3.2; IS13-4; IS13-4.1; D2-11.10; IS19-1.6, et al.;

j.   Plaintiff enjoyed the feeling that he was protected from act(s) of slander, libel, misrepresentations, frauds, assults, batteries, defamations, takings, destructions, et al., by staffer(s), and that staffer(s) would not engage in any adverse, illegal, inappropriate, or tortious act(s), or the threat thereof, et al.

102.  Defendant(s) were at all times relevant to this action(s)

employed/contracted with/by the State of Missouri, Department of Corrections, as either paid staffer(S), volunteer(s), contractor(s), agent(s), officer(s), assign(s) of same, and at all times operated and/or acted under the color of State Law.

103.  Defendant(s) have each been subjected, and assented to same voluntarily, the authorities of the Constitution(s), law(s), statute(s), regulation(s), Court Rule(s) of the State of Missouri and/or the United States of America, which were clearly-established at all times relevant to this action(s), and were not a matter of debate in any court of competent/relevant jurisdiction/authority over plaintiff, defendants, and the subject matters raised in this complaint/petition/affidavit.

104.  Violation(s) of the authority(ies) described in or set out in paragraph(s) one-hundred-one (101) and/or one-hundred-three (103) herein, supra, are grounds upon/by which the defense(s) of immunity(ies), including, inter alia; qualified; sovereign; official; et al., immunity(ies), may be denied to defendant(s), which plaintiff does hereby plead, aver, suggest, and pray for herewith, as per Rule(s)/ law.

105.  Plaintiff does hereby incorporate, by reference, official records of the State of Missouri, Department of Corrections, et al., as part of this complaint/petition/affidavit, as per Rule(s), and prays that this good and honorable court would take judicial notice of the official records of the State of Missouri, Department of Corrections, including the text(s)/document(s)/evidence set out in, and available by label/reference to, inter alia;

        a.  Conduct Violation Report/Corrective Action Report for Case No. ERDCC21-01614;

b.    Administrative Remedy Agency proceedings/writings/
investigative materials/memoranda/emails/etc. relating
to the following case(s) [IRR(s)/Grievance(s)/Appeal(s)],
inter alia;

      (1)   ERDCC-21-383;

      (2)   ERDCC-21-384;

      (3)   ERDCC-21-404;

      (4)   ERDCC-21-682;

      (5)   ERDCC-21-684;

      (6)   ERDCC-21-995;

      (7)   ERDCC-21-1539;

      (8)   ERDCC-21-1668;

      (9)   any IRR(s)/Grievance(s)/Appeal(s), et al. and
records/etc. thereof of the MO-DOC involving
plaintiff and the 'Sunni Sunday' incident that
gave rise to this action(s);

c.    The court records for the United States District Court,
including those for Case Nos. 4:22-CV-172-SEP; 4:22-CV-
181-MTS, and any/all/each other U.S.D.C. case(s) filed
related to the 'Sunni Sunday' incident, as is described
herein, and filed by the other prisoners/plaintiffs that
were violated by defendant(s) in this action(s) in other
court action(s), after searching for litigant name(s) for
same;

d.    Any/all/each Court Rule(s), Statute(s), Act(s), Law(s),
Constitutional Provision(s), Court Decision(s); et al.,
as are cited, invoked, set out, referred to, implicated,
et al., herein.

e.   Any/all/each written policy(ies), procedure(s), SOP(s), Office of Professional Standards guidelines, protocol(s), practice(s), et al., of the Missouri Department of Corrections, or any other department, division, agency of this State, including, inter alia;

    (1)  D5-3.2;

    (2)  IS19-1.6;

    (3)  D2-11.10;

    (4)  IS13-4;

    (5)  IS13-4.1;

    (6)  IS1-1.2;

    (7)  IS1-1.3;

    (8)  IS1-5.1;

    (9)  IS2-3.5;

    (10) IS3-1.1;

    (11) IS4-1.1;

    (12) IS5-2.1;

    (13) IS5-2.3;

    (14) IS5-2.5;

    (15) IS5-3.1;

    (16) IS5-3.2;

    (17) IS6-1.3;

    (18) IS7-1.2;

    (19) IS7-1.4;

    (20) IS7-1.10;

    (21) IS8-1.1;

    (22) IS8-1.3;

    (23) IS8-1.4;

(24) IS8-6.1;

(25) IS10-1.6;

(26) IS10-1.7;

(27) IS11-01;

(28) IS11-02;

(29) IS11-03;

(30) IS11-04;

(31) IS11-06;

(32) IS11-07;

(33) IS11-07.2;

(34) IS11-08;

(35) IS11-08.1;

(36) IS11-09;

(37) IS11-18;

(38) IS11-21;

(39) IS11-21.1;

(40) IS11-29;

(41) IS11-37.1;

(42) IS11-38;

(43) IS11-39;

(44) IS11-41;

(45) IS11-43;

(46) IS11-44.1;

(47) IS11-60;

(48) IS11-68;

(49) IS13-1.1;

(50) IS13-1.2;

(51) IS13-2.1;

(52) IS13-2.2;

(53) IS17-1.1;

(54) IS18-1.1;

(55) IS18-6.2;

(56) IS20-1;

(57) IS20-1.1;

(58) IS20-1.3;

(59) IS20-1.4;

(60) IS20-1.5;

(61) IS20-2.3;

(62) IS20-3.1;

(63) IS20-3.3;

(64) IS20-3.4;

(65) IS20-5.1;

(66) IS21-1.1;

(67) IS21-1.2);

(68) IS21-1.3;

(69) IS21-1.4;

(70) IS22-1.1;

(71) IS22-2.1;

(72) IS23-1.1;

(73) IS24-1.5;

(74) IS24-1.15;

(75) IS24-2.1;

(76) IS24-2.2;

(77) IS24-3.2;

(78) D1-1;

(79) D1-2.1;

  (80) D1-3;

  (81) D1-3.1;

  (82) D1-3.2;

  (83) D1-4;

  (84) D1-4.1;

  (85) D1-4.2;

  (86) D1-6;

  (87) D1-6.1;

  (88) D1-7;

  (89) D1-7.1;

  (90) D1-7.3;

  (91) D1-8.1;

  (92) D1-8.2;

  (93) D1-8.3;

  (94) D1-8.4;

  (95) D1-8.6;

  (96) D1-8.7;

  (97) D1-8.8;

  (98) D1-8.9;

  (99) D1-8.13;

(100) D1-9.1;

(101) D1-10;

(102) D1-10.1;

(103) D1-11;

(104) D1-11.2;

(105) D1-11.3;

(106) D1-12.1;

(107) D2-2.15;

(108) D2-2.18;

(109) D2-2.21;

(110) D2-3.1;

(111) D2-7.1;

(112) D2-5;

(113) D2-5.1;

(114) D2-5.4;

(115) D2-6.4;

(116) D2-8.4;

(117) D2-9.1;

(118) D2-10.4;

(119) D2-11;

(120) D2-11A;

(121) D2-11.4;

(122) D2-11.14;

(123) D2-12;

(124) D2-12.4;

(125) D2-14;

(126) D2-14,1;

(127) D2-15.9;

(128) D3-2.4;

(129) D3-4.1;

(130) D3-5;

(131) D3-5.1;

(132) D3-5.7;

(133) D3-5.8;

(134) D3-5.13;

(135) D3-5.14;

(136) D3-6;

(137) D3-6.1;

(138) D3-6.2;

(139) D3-9;

(140) D3-9.1;

(141) D3-9.4;

(142) D4-2;

(143) D4-2.1;

(144) D4-3.5;

(145) D4-4.7;

(146) D4-4.8;

(147) D4-6;

(148) D5-1;

(149) D5-1.1;

(150) D5-2;

(151) D5-2.1;

(152) D5-3;

(153) D5-3.3;

(154) D5-5;

(155) D5-8.1;

(156) D5-8.2;

(157) D5-8.3;

(158) D5-8.6;

(159) D5-9.3;

(160) D5-10;

(161) D5-10.1;

(162) D5-10.4, et al.;

(163) Any/All/Each 'SOP" related to these listed, supra

106. During the CoronaVirus/COVID19 Pandemic, COVID19 herein-after, the MO-DOC/ERDCC instituted prisoner seperations such that individual(s), including plaintiff, were isolated such that each housing unit, including ERDCC HU4, and the offenders assigned to same, would not have contact with any other offender from another housing unit, to slow or prevent the spread of COVID19, et al.

107. Due to the COVID19 practices/etc., referred to herein, supra, different religious call-outs, including plaintiff's, were cancelled, effectively preventing group prayers as had been achieved prior to COVID19.

108. A practice/custom/activity developed to facilitate the accommodation of group prayers and group religious activities such that members of the same faith group were permitted to pray inside the housing unit at various times as was the practice, custom, or belief of any faith group, including plaintiff's faith group; Muslim.

109. Plaintiff, as a practicing Muslim, presently and at all times relevant to this action(s), did participate in the daily group prayers in fulfillment of the doctrines, mandates, and pronouncements of his sincerely-held religious beliefs, pursuant to the practice/custom/activity described in paragraph one-hundred-eight (108) herein, supra, specifically in that he was permitted by MO-DOC/ERDCC staffers to participate in four (4) of the five (5) requisite prayers in groups in ERDCC HU4 each and every day, both before the 'Sunni Sunday' incident that gives rise to this action(s), and after same, until such pre-COVID19 Religious Programming was resumed at ERDCC.

### Statement of Facts Germane to the 'Sunni Sunday' Incident

110. On 28 February 2021, Michele Basham, CO-III, made a security round through ERDCC HU4, including the wing where plaintiff was situated.

- 48 -

111.  At approximately 9:15 P.M. on 28 February 2021, plaintiff, and others of his faith group, gathered to commence group prayers in fulfillment of the custom/practice/activities adopted to accommodate religious practices at ERDCC during COVID19, as described in paragraphs one-hundred-eight (108) and one-hundred-nine (109) herein, supra.

112.  At approximately 9:20 P.M. on 28 February 2021, whilst the Isha prayers were being recited/meditated upon, plaintiff and the other individuals gathered were interrupted by Defendant Basham, in that Basham enterred the HU4 wing and loudly pronounced that, "stop praying," because, "there are no prayers permitted except in the chapel."

113.  At the time Defendant Basham announced to "Stop Praying" etc., she knew, or should have known, that plaintiff and the others praying were not permitted to the chapel, and had not been permitted for months, due to COVID19, and that plaintiff, and the others gathered praying/meditating as a group had been peacefully practicing, praying, and meditating/teaching in the housing unit [ERDCC HU4] for months with no incident or controversy, and that plaintiff and the others were doing so with the consent of the Officers assigned at posts at the time in ERDCC HU4.

114.  Plaintiff, upon the interruption described herein, supra, by Defendant Basham, stood up from his prayerful position, and finished the prayers silently and quickly, as prescribed in the Book of Hadith, due to the interruption precipitated by Defendant Basham.

115.  Defendant Basham, in the mean time, just seconds after enterring into the housing unit area where the prayers were ensuing, called on her Radio a CODE '10-05', requesting officer assistance.

116.  Within just a few seconds of Defendant Basham's call on the radio, soon enough in time to indicate that the officers were already posted-up and standing by just outside the housing unit, over a dozen officers arrived in the housing unit area where the group prayers had been held until Defendant Basham's interruption.

117.  The officers present app-roached a caucasian present amongst the prayers where plaintiff was situated, whose name is Mark Holiman, and quietly urged him aside, stating, "come this way so you won't get the spray."

118.  As officers were escorting the caucasian Muslim out of the immediate area, they asked him to submit to hand restraints, which he did peacefully and without incident.

119.  After Mark Holiman had been escorted out of the immediate area, Carl Hart, CO-II, issued a directive to all of the persons remaining, including plaintiff, to submit to hand restrains, which plaintiff, and the others present, peacefully presented themselves for same to the officers present.

120.  Officers then approached another prayer, Vincent Hood, to place him in hand restraints, but despite the fact that Mr. Hood was peacefully submitting to the hand restraint process, Defendant Hart ran up to Hood in a fit of rage, and sprayed the riot-sized can of chemical toward Hood.

121.  Mr. Hood, seeing defendant Hart's unjustified use of force and uncontrolable rage, moved out of the path of the riot chemical stream coming from Defendant Hart's riot-sized can of spray.

122.  Defendant Hart, upon seeing that his attempt to spray Mr. Hood had been un-successful, got further enraged, and began to spray everyone in front of him indiscriminantly, including plaintiff, de-spite the fact that they had each been submitting to the directive to make ready to be restrained in hand restraints peacefully.

123.   Plaintiff was amongst those sprayed, as described in paragraph one-hundred-twenty-two (122) herein, supra, which had hit him and coated his head, face, upper body, arms, causing plaintiff severe pain, burning sensations in the eyes, ears, nose, skin, etc., and also caused plaintiff's heart to race, as well as triggered asthma symptoms, in that plaintiff's airway began to become restricted, and his breathing labored/difficult.

124.   Resultant of plaintiff observing and experiencing defendant Hart's actions and threatening behavior, plaintiff experienced fear and apprehension of physical harms and unwelcomed contact, in addition to the adverse effects of being sprayed by defendant Hart.

125.   Defendant(s) Regan and Spaulding approached plaintiff and began placing plaintiff in hand restraints, with which plaintiff peacefully complied, as was directed.

126.   Defendant(s) Regan and Spaulding had gotten as far as placing one of plaintiff's hands in the restraints, when Defendant Hart then shouted, "here's the leader," and then sprayed plaintiff with riot chemicals out of the riot-sized can, which again landed upon plaintiff's face, head, arms, upper body, causing plaintiff pain, burning, eye irritation, sinus irritation, and further exasperated the breathing and heart issues described herein, supra.

127.   Defendant(s) Regan and Spaulding held on to plaintiff as he dropped to the ground, resultant of the effects of defendant Hart's spraying him again, at which point defendant(s) Regan and Spaulding began to step on plaintiff's legs, hands, and feet, causing plaintiff further injuries, pain, such that it added to the confusion of plaintiff, and contributed to the aggrevations caused by the initial spraying(s).

128.  Defendant(s) Spaulding and Regan then finished placing plaintiff's other hand in hand restraints, tightening the 'cuffs' further than would have ever been justified, causing plaintiff medically diagnosable symptoms/injury, which was and caused further pain, sufferring, and induced fear and apprehension in plaintiff of further additional physical harms, and unwelcomed contact.

129.  Defendant(s) Spaulding and Regan then began to drag plaintiff out of the housing unit, all the whilst stepping on his legs and feet, which caused further pain, suffering, and induced additional fear and apprehension of further physical harms and unwelcomed contact.

130.  Defendant(s) Spaulding and Regan drug plaintiff out of the housing unit until they each were outside the housing unit entryway, when Defendant Hart shouted to them, "hold him outside here until the others are all gone."

131.  As the other victims of the attacks inside the housing unit were being peacefully escorted out of the housing unit, defendant Hart looked over to defendant(s) Spaulding and Regan and shou'ted, "Put him down!" at which point Defendant Spaulding picks plaintiff up and lifts him high off of the ground, and slams him into the pavement, face first, causing plaintiff pain, injury, and induced in plaintiff fear and apprehension of further bodily harms and unwelcomed contact, all of which where absent any justification.

132.  As Defendant(s) Spaulding and Regan began to descend onto plaintiff outside the housing unit, one of the other victims shouted out, "what are you doing to him?" as other officers lead him away.

133.  Defendant(s) Spaulding and Regan, upon descending onto plaintiff, had other officers hold plaintiff's legs and harms, whilst Defendant Spaulding placed his knees in the center of plaintiff's

- 52 -

back, pressing and compressing plaintiff's lungs such that he could not breathe, whilst defendant Regan began to place plaintiff into a choke hold, sometimes referred to as a 'blood choke,' causing plaintiff to loose his ability to breath, severe pain, and induced plaintiff to fear and have apprehension of further physical attacks and unwelcomed contact, all of which were absent justification, as he had been compliant to the directives of each officer at every instance.

134.  Defendant Hart then took his riot-sized chemical spray can and stuck it right in plaintiff's face, and squeezed the triggering mechanism, but was unable to deliver an additional dose of the chemical spray, as the can was empty already from the previous sprayings.

135.  Upon seeing/hearing that the can was out, Defendant Fenwick, CO-III, that had been present the entire time observing the adverse actions traverse to plaintiff, shouted out jocularly, "if the can is empty you'll have to throw it away."

136.  Defendant(s) Spaulding and Regan then grabbed plaintiff and began to drag him accross the muddy feilds toward the administrative segregation areas of ERDCC, all the whilst knowing that plaintiff had not been wearing any shoes during the entire incident, as was his custom whilst praying.

137.  Upon arrival at Housing Unit 1 [HU1A-117], plaintiff was thrown inside cell 117, at which point four or more defendant(s), including, inter alia; Regan; Spaulding; Simonton; and Hart began to beat, kick, stomp, punch plaintiff on all parts of his body, causing severe pain, injury, and induced plaintiff to fear additional physical attack/battery and unwelcomed contact at the hands of defendant(s).

138.  After several minutes of being beaten, etc., by the defendant(s) named/described in paragraph one-hundred-thirty-seven (137) herein, supra, Defendant Simonton asked Defendant Hart for a cuff key to remove plaintiff's restraints, at which stage Defendant Hart then said, "No, cut his clothes off of him first!"

139.  Defendant(s) worked together to take a shear and cut plaintiff's clothing from him, exposing him naked, beaten, and coated in riot chemical spray, further inducing plaintiff to fear and apprehend further physical attacks and unwelcomed contact.

140.  After cutting all of plaintiff's clothing off, plaintiff was taken out of the restraints, and ultimately left along in the confinement cell, where he experienced further fear and apprehension of physical harms and unwelcomed contact.

141.  Upon leaving the cell, defendant(s) present knew, or should have known that the water and lights to the cell had been turned off, such that plaintiff could not see, nor could he wash the chemical spray off of his body, further causing pain, shortness-of-breathe, racing heart, and at which point plaintiff experienced additional fears and apprehension of physical harms and unwelcomed contact.

142.  Defendant(s) then arranged for a pair of State-Issue Underwear to be delivered to plaintiff at cell 117, which plaintiff put on, and which immediately caused severe burning of plaintiff's skin, including his genitalia, as the boxers had been sprayed with riot chemical as well, causing plaintiff severe pain, injury, and additional fear and apprehension of further bodily harms, attacks, and unwelcomed contact.

143.  Later that evening/night/morning, plaintiff was thrown a worn-out mattress and some of his personal property.

- 54 -

144. In the very early hours of the morning, breakfast trays were delivered to plaintiff and the others, all of which were being held in HU1A's cells.

145. Whilst breakfast trays were being served, plaintiff, and each of the others victimized the night before for praying, asked the HU1 officers for help, medical attention, grievance forms, etc., but were told that they had been directed to get each of them nothing until the officers that brought them down approved same.

146. At approximately 10:30 A.M., then 'Gang Task Force' leader, Mr. Mathew Downs, along with CO-II Bennett, CO-II Skaggs, and CO-I Halton, et al., came into the HU1A wing, and loudly announced that he had just come from a meeting where he had been orderred to review the surveillance footage/data, and to see what could be done to 'get you all out of here,' as 'CS-I Strange had veiwed the tape already' and had told him that 'all you were doing was praying and no more.'

147. At approximately 3 P.M., sixteen-one-half (16½) hours after the beginning of the 'Sunni Sunday' incident, plaintiff, and the others falsely arrested and maliciously prosecuted, were finally permitted to take showers to wash off the chemical spray that they had each endured since the night before when they each were sprayed absent any justification.

148. Ultimately, all of the Conduct Violation Report(s) issued to plaintiff, and the other 'Sunni Sunday' victims, were dismissed by Matt Raymond, et al., of the ERDCC Administration, fully exonerating plaintiff, and the others, of any and all wrongdoings.

149. Plaintiff was ultimately restored to 'General Population,' but has never been restored to the status and state he was in and had attained, as described in paragraph one-hundred-one (101) herein,

supra, and continues to experience suffering as a result of the ad-verse actions of defendant(s) described herein.

150.  Defendant(s), and others that conspire with same unknown to plaintiff, have worked to deny plaintiff restoration to each of the status and positions, as well as to restore the rights violated on 'Sunni Sunday,' and have further worked to estop plaintiff from discovering and articulating the causes of action brought in this complaint herein, by-and-through adverse actions, denials, written policy(ies)/procedure(s)/SOP(s)/custom(s)/practice(s)/etc. that limit plaintiff's ability to discover and articulate these causes of action inviolation of, inter alia; Plaintiff's access-to-the-courts rights; Plaintiff's statutory right(s); and in violation of the precepts set out in, inter alia; RSMo § 516.280, et al.[RSMo 1939 § 1031]

151.  Defendant(s) have and continue to utilize other staffer(s) and their practice(s)/custom(s) to obfuscate, conceal, and otherwise hide the relevant facts of the matter(s), issue(s), and controversy(ies) such that defendant(s) have caused plaintiff to fail to discover the causes of actions brought in this complaint/petition/affidavit until now.

152.  Plaintiff has articulated this complaint by-and-through the Administrative Remedy Agency Proceedings, Court Proceedings, et al., set out and/or described/incorporated herein, in paragraph one-hundred-five (105) herein, supra.

153.  Defendant(s) and those with which they rely, either by conspiracy and/or by practice/custom, utilize the written policy(ies)/procedure(s)/SOP(s) of the Missouri Department of Corrections, as are incorporated as part of that which is set out/described in para-

graph one-hundred-five (105) herein, supra, or as is their common scheme, practice, and un-written custom, to obfuscate, prevent, block, or otherwise estop plaintiff from discovering and articulating these causes of action.

154. Defendant(s) in this action do, and/or have in the past, engaged in an enterprise whereby which they each do, or have, posit themselves, individually, to attain and maintain employment by the Missouri Department of Corrections, whereby which they are, and were, mandated to perform certain tasks and follow certain directives of their employer in order to maintain the employment with same, absent having to actually perform some of the requisite duty(ies) as directed, specifically, the directives prescribed by the employer in, inter alia, the written policy(ies), procedure(s), SOP(s), including those enumerated/described and incorporated, by reference, in paragraph one-hundred-five, sub-paragraph "e" as exhibits to this complaint/ petition/affidavit.

155. Defendant(s), violative of the written directives of MO-DOC in said policy(ies), procedure(s), SOP(s), as well as the mandates prescribed by the Office of Professional Standards of the MO-DOC, et al., have engaged in the very act(s) described in this complaint/ petition/affidavit, traverse to plaintiff, his rights, his interests, and those of others, including, inter alia, the State of Missouri itself, including, as an employer, et al.

156. In addition to the violative, exploitive, and adverse actions described herein, supra, defendant(s) have engaged to maintain control over an ongoing enterprise whereby which they engage in acts violative of their employer's mandates, directives, etc., but, through this enterprise, are not appropriately disciplined, terminated, or have any entry placed in their employee files, resultant of adverse acts

to conceal their violative acts, to estop or delay individuals from filing/reporting their violative acts/misconduct, and/or to retaliate against individuals that do so report such as to chill those individuals' right to petition their government, to chill those individual's right to report misconduct, as whistleblowers, pursuant to the precepts and mandates set out in MO-DOC policy(ies), procedure(s), SOP(s), and RSMo § 217.410, et al.

157. Plaintiff has been the subject of the chilling, estopping, and violative adverse actions at the hands of defendant(s) Regan, Spaulding, working in concert with others engaged in the ongoing enterprise described herein, in that defendant Regan and Spaulding, working with others-unknown to plaintiff at this time due to concealments at the hands of defendant(s), as are described in the records of the State of Missouri, Department of Corrections, that are incorporated, by reference, as exhibits, to this complaint/petition/affidavit in paragraph one-hundred-five (105) herein, supra.

158. The ongoing enterprise is comprised of defendant(s) to this action, though not a legal entity, but is instead an "association-in-fact" in that they comprise a "union or group of individuals assocaited-in-fact though not a legal entity," consistent with the precepts set out in, inter alia; United States v. Turkette, 101 S.Ct. 2524 (1981), 452 U.S. 576 (1981), in that Defendant(s) comprise "a group of persons associated together for a common purpose of engaging in a course of conduct," Id., at 583.

159. The enterprise of defendants' has an "organization with a structure and goals separate from the predicate acts themselves," consistent with the precepts set out in, inter alia; Id., at 583.

- 58 -

160.  Defendants' enterprise does not "have fixed roles," "different members [may] perform different roles at different times," consistent with the precepts set out in, inter alia; <u>Boyle v. United States,</u> 556 U.S. 938 (2009), at 948, yet has a discrete existence and structure uniting its members in a cognizable group, and exists with "spurts of activity punctuated by periods of quiescence", consistent with the precepts set out in, inter alia; <u>Boyle,</u> Id., at 948. [See Instruction 84-20 related to 18 USC 1962, et seq., action(s).]

161.  Defendant(s) shared in the purpose of enriching themselves through a particular criminal course of conduct, in their collective entity to generate money thorugh the illegal activity, consistent with the precepts set out in, inter alia; <u>Nat'l Org. for Women v. Scheidler,</u> 510 U.S. 249 (1994) at 259, in that they continued to collect an illegal debt by getting paid to perform specific duty(ies) and to follow specific directive(s), without actually having to perform the duty(ies) for which they continued, or still continue, to be paid by the Missouri Department of Corrections.

162.  Each Defendant was associated with the entorprise, and that each was conected with the enterprise in some meaningful way and that defendants each knaw of the existence of the enterprise and of the general nature of its activities, including, specifically; that they each wished to engage in violative, abusive, illegal, and forbidden activities, all-the-whilst being paid to refrain from same, AND/OR; that they were paid to perform specific acts, including providing and keeping plaintiff safe from harms, including harms at the defendant(s)' hands and others' hands, all-the-whilst being paid to perform same, and then NOT performing same.

163.  Defendants worked amongst themselves and others to conceal

their enterprise to get paid to work at MO-DOC to perform specific acts, whilst not performing same, traverse to the interests of the State of Missouri, Department of Corrections, as well as plaintiff, and those similarly situated as he, specifically, those prayers that were attacked as described herein.

164.  Defendants engaged in a pattern of racketeering activity, the collection of an illegal debt, specifically being paid to do a job and continue to being paid to do a job, without actually doing that job, and that same pose a threat of continued racketeering activity, in that the acts, inter alia;

       a.  comprise acts that are part of a long-term association that exists for a criminal purpose, specifically the act of defrauding an employer and others that an act for which defendant(s) were hired to perform was/is not being or was not performed, yet defendant(s) work to conceal same such that they continue to be paid, etc.;

       b.  comprise acts that are a regular way of conducting the defendant's ongoing legitimate business activities, or;

       c.  the acts comprise acts that are a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.

165.  Defendant(s) act(s) and the ongoing enterprise has an affect on interstate commerce &/or comprises a manipulation(s) of an employee benefit(s), etc., such that action(s) may be brought pursuant to, inter alia; 18 USC 1964, et al. for same.

166.  Defendant(s) derived income(s) from the pattern of racketeering activity(ies).

167.  Some part of the income(s) derived was used in acquiring

an interest in, or operating, the enterprise.

168.  Defendant(s)' act(s) were done under color of law, in that they each falsely appeared, falsely claimed, and/or purports to engage in said act(s) in the performance of their official duties under the laws, ordinances, regulations of the State of Missouri, et al.

169.  Defendant(s) know, knew, and diregarded an excessive risk to plaintiff's health and safety, as each were both aware of the facts described herein, supra, that a substancial risk of serious harm exists, and that each must have also drawn that inference.

170.  Defendant(s) knew, or should have known, that plaintiff had a serious medical need requiring treatment and care, and that that serious medical need was so obvious that even a lay person would easily recognize the necessity for a doctor's/nurse's attention.

171.  Defendant(s) were deliberately indifferent to the serious medical needs of plaintiff such that same constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, consistent with the precepts set out in, inter alia; Estelle v. Gamble, 429 U.S. 97, 104 (1976), et al.

172.  Defendant(s) had actual knowledge of the substantial risk of serious harm or serious medical need(s) of plaintiff and disregarded the risk and/or need by intentionally refusing, causing, and/or intentionally failing to take reasonable measures to deal with the problem(s), consistent with the precepts set out in, inter alia; Farmer v. Brennan, 511 U.S.825 (1994); Barr v. Pearson, 909 F.3d 919, 921 (8th Cir. 2018); Schaub v. BonWald, 638 F.3d 905, 914-15 (8th Cir. 2011), et al.

173.  Defendant(s)' adverse actions, violative conduct, etc., described herein comprise acts done maliciously, intentionally in-

juring plaintiff without just cause, consistent with the precepts
set out in, inter alia; Levine v. Roebuck, 550 F.3d 684, 690 (8th Cir. 2008);
Howard v. Barnett, 21 F.3d 868 (8th Cir. 1994), et al.

174.  Defendant(s)' adverse actions, violative conduct, etc.,
described herein comprise acts done sadistically, resultant in en-
gaging in extreme or excessive cruelty, or delighting in the cruelty,
consistent with the precepts set out in, inter alia; United States v.
Miller, 477 F.3d 644, 647 (8th Cir. 2007); Barnett, Id., at 872, et al.

175.  Defendant(s)' adverse actions, violative conduct, etc.,
described herein comprised act(s) where the force used was excessive
and applied maliciously &/or sadistically for the purpose of causing
harm(s) to plaintiff, and NOT in a good faith effort to achieve a
legitimate purpose, which actually injured plaintiff, consistent
with the precepts set out in, inter alia; Graham v. Connor, 490 U.S. 386
(1989); Whitley v. Albers, 475 U.S. 312 (1986); Hudson v. McMillan, 503 U.S. 1
(1992); Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017); Santiago v. Blair,
707 F.3d 984, 990 (8th Cir. 2013); Ward v. Smith, 844 F.3d 717, 721 (8th Cir. 2016);
Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008); Treats v. Morgan, 308 F.3d
868, 872 (8th Cir. 2002); Littrell v. Franklin, 368 F.3d 578, 584 (8th Cir. 2004);
Shannon v. Koehler, 673 F.Supp.2d 758 (8th Cir. 2009); Ellison v. Lesher, 796 F.3d
910, 918 (8th Cir. 2015); Model Instruction 13.91; et al.

176.  Defendant(s)' adverse actions, violative conduct, etc.,
described herein comrprised act(s) where plaintiff had a serious medi-
cal need for treatment(s)/care of his injury(ies) and the medical
conditions induced by defendant(s) adverse actions, which defendant(s)
were aware of, and which defendant(s) failed to provide, arrange,
or otherwise make care available within in reasonable time, and even
took steps to prevent treatment(s)/care for plaintiff's injury(ies)

and medical condition(s), and as a direct result, plaintiff was further harmed/injured, consistent with the precepts set out in, inter alia; Johnson v. Leonard, 929 F.3d 569 (8th Cir. 2019); Wilson v. Seiter, 501 U.S. 294 (1991); Carey v. Piphus, 435 U.S. 247 (1978); Memphis Community School Dist. v. Stachura, 477 U.S. 299 (1986), et al.

177.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprised act(s)/in-action(s) where defendant(s) struck, hit, kicked, stopped, sprayed, etc., plaintiff, whilst other defendant(s) knew, or should have known, and/or were or should have been aware of the substantial risk(s) to plaintiff, and/or disregarded plaintiff's safety, and that Defendant(s), with deliberate indifference to plaintiff's need to be protected from the adverse action(s) of defendant(s), failed to protect plaintiff, and as a result plaintiff was injured, consistent with the precepts set out in, inter alia; Schoeich v. Mitchell, 625 F.3d 1041 (8th Cir. 2010); Glaze v. Byrd, 721 F.3d 528, 531 (8th Cir. 2013); Ambrose v. Young, 474 F.3d 1070 (8th Cir. 2007), et al.

178.  Defendant(s)' adverse action(s), violative conduct, etc., described herein comprised act(s) of retaliation(s) traverse to plaintiff such as that same might well dissuade a reasonable person of ordinary firmness from filing grievance(s) as described herein, report misconduct, and/or file litigation(s) related to same, consistent with the precepts set out in, inter alia; Revels v. Vincenz, 382 F.3d 870 (8th Cir. 2004); Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007); Goff v. Burton, 7 F.3d 734 (8th Cir. 1993); Cody v. Weber, 256 F.3d 764 (8th Cir. 2011); Sanders v. Hobbs, 773 F.3d 186 (8th Cir. 2014); Hartsfield v. Nichols, 511 F.3d 826 (8th Cir. 2008), et al.

179. Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise act(s)/in-action(s) that posed a substantial risk of serious harm(s) to plaintiff; that defendant(s) knew, or should have known, of; and which defendant(s), with deliberate indifference to plaintiff's health or safety, failed to provide reasonably adequate conditions of confinement, remedy the conditions of confinement that posed substantial risk of serious harm(s) to plaintiff, resulting in plaintiff being injured or further injured, consistent with the presepts set out in, inter alia; Beaulieu v. Ludeman, 690 F.3d 1017 (8th Cir. 2012); Crow v. Montgomery, 403 F.3d 598 (8th Cir. 2005); Morris v. Zefferi, 601 F.3d 805 (8th Cir. 2010); Taylor v. Crawford, 487 F.3d 1072 (8th Cir. 2007); Owens v. Scott Cty. Jail, 327 F.3d 1026 (8th Cir. 2003); Howard v. Adkison, 887 F.2d 134 (8th Cir. 1989); Schoelch v. Mitchell, 625 F.3d 1041, 1047 (8th Cir. 2010); Irving v. Dormire, 519 F.3d. 441 (8th Cir. 2008), et al.

180. Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein, comprise act(s)/in-action(s) that subordinate defendant(s) acting under defendant(s)' supervison violated plaintiff's constitutional, statutory, etc., right(s), interest(s), etc., and that supervisory defendant(s) had noticed a pattern of unconstitutional acts by subordinate defendant(s), and that supervisory defendant(s) were deliberately indifferent in failing to train and/or supervise/hold accountable subordinate defendant(s) such that the failure(s) to train and/or supervise/hold accountable subordinate defendant(s) reflects a deliberate and/or concious choice by supervisory defendant(s), which directly caused plaintiff to be injured, consistent with the precepts set out in, inter alia; Williams v. willits, 853 F.2d 586 (8th Cir. 1988); Mendoza v. United States Immigration & Customs Enf't,

849 F.3d 408 (8th Cir. 2017); <u>Atkinson v. City of Mountain View, Mo.,</u> 709 F.3d 1201 (8th Cir. 2013); et al.

181.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise act(s)/in-action(s) that deprived plaintiff of his constitutional and statutory right(s) and same resulted directly from either; an official written policy of the defendant(s) and/or an unofficial custom, which as a direct result plaintiff was injured, harmed, further injured, harmed, etc., as described herein, consistent with the precepts set out in, inter alia; <u>Monell v. Dep't of Social Services of New York,</u> 436 U.S. 658 (1978); <u>City of Canton, Ohio v. Harris,</u> 489 U.S. 378 (1989); <u>Atkinson v. City of Mountain View, Mo.,</u> 709 F.3d 1201 (8th Cir. 2013); et al.

182.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise act(s)/in-action(s) that constituted defendant(s) conspiring with other(s) to deprive plaintiff of constitutional, statutory, and regulatory right(s), et al., and that at least one of the other(s) engaged in an overt act in furtherance of the conspiracy, and that such act injured plaintiff and that plaintiff was deprived of the constitutional, statutory, regulatory right or privilege, consistent with the precepts set out in, inter alia; <u>White v. McKinley,</u> 519 F.3d 806 (8th Cir. 2008); <u>Askew v. Millerd,</u> 191 F.3d 953 (8th Cir. 1999); <u>Marti v. City of Maplewood, Mo.,</u> 57 F.3d 680 (8th Cir. 1995); et al.

183.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s) that constituted defendant(s) interfering with plaintiff's right(s) provided by the Constitution(s), law(s), court rule(s), regulation(s) of the United States of America and/or the State of Missouri

in retaliation(s) for plaintiff's free exercize of same, et al., and that defendant(s) retaliation/targeting plaintiff for the free exercize of his right(s), etc., consistent with the precepts set out in, inter alia; McGee v. South Pemiscot Shool Dist., 712 F.2d 339 (8th Cir. 1993); Lewis v. Harrison School Dist., 805 F.2d. 310 (8th Cir. 1986); Shands v. City of Kennett, 993 F.2d 1337 (8th Cir. 1993); Cook v. Tadros, 312 F.3d 386 (8th Cir. 2002); Cox v. miller COunty R-1 SChool Dist., 951 F.2d 927 (8th Cir. 1991); Stever v. Independent School Dist. No. 625, 943 F.2d 845 (8th Cir. 1991); Grantham v. Trickey, 21 F.3d 289 (8th Cir. 1994); Duckworth v. Ford, 995 F.2d 858 (8th Cir. 1993); Buzek v. County of Saunders, 972 F.2d 992 (8th Cir. 1992); Powell v. Basham, 921 F.2d 165 (8th Cir. 1990); Waters v. Churchill, 511 U.S. 661 (1994); Healthy City School Dist. v. Doyle, 429 U.S.274 (1977); et al.

184.   Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s) that constitute sufficient indica of reliability that; defendant(s) were involed in a conspiracy, in that they had an agreement with one or more persons; that the purpose, or part of the purpose, of the conspiracy was to deprive plaintiff of constitutional, statutory, regulatory, etc., right(s) and interest(s); that the action(s)/in-action(s) of defendant(s) were motivated, in whole or in part, by a discrimina-tory attitude toward specific class(es) of people, specifically, inter alia; African Americans; Muslims; Praying Persons/Religious; and that defendant(s) knew that plaintiff was a member of said class(es) of individual(s), or that plaintiff spoke out for, or somehow supported that class(es) of person(s), and that the conspiracy eaused injury and/or deprivation of the right(s) and interest(s) of plaintiffs', consistent with the precepts set out in, inter alia; Federer v. Gephardt,

363 F.3d 754 (8th Cir. 2004); <u>Haddle v. Garrison,</u> 525 U.S. 121 (1998); <u>Kush v. Rutledge,</u> 460 U.S. 719 (1983); <u>Griffin v. Breckenridge,</u> 403 U.S. 88 (1971); <u>Bray v. Alexandria Women's Health Clinic,</u> 506 U.S. 263 (1993); <u>United Bd. of Carpenters & Joiners v. Scott,</u> 463 U.S. 825 (1983); <u>Dornheim v. Sholes,</u> 430 F.3d 919 (8th Cir. 2005); <u>Barstad v. Murray County,</u> 420 F.3d 880 (8th Cir. 2005); <u>Meyers v. Starke,</u> 420 F.3d 738 (8th Cir. 2005); <u>Larson by Larson v. Miller,</u> 76 F.3d 1416 (8th Cir. 1996); <u>Harlow v. Fitzgerald,</u> 457 U.S. 800 (1982); <u>Smith v. Wade,</u> 461 U.S. 30 (1983); et al.

185. Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein, comprise action(s)/in-action(s) that involve outrageous conduct, consistent with the precepts set out in, inter alia; <u>Burnett v. Griffith,</u> 769 S.W.2d 78) (Mo. banc 1989); MAI-Civil 10.01; et al.

186. Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein, comprise action(s)/in-action(s) where defendant(s) took steps and actions with intent to cause plaintiff fear and apprehension of bodily harm(s) and/or fear and apprehension of offensive, and unwelcomed, contact(s), which actually caused same for plaintiff, consistent with the precepts set out in, inter alia; <u>Hickey v. Welch,</u> 91 Mo.App. 4 (1901); Restatement (Second) of Torts §§ 21 to 34 (1965); MAI-Civil 23.01; et al.

187. Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s) where defendant(s), in multiple instance(s), intentionally subjected plaintiff to bodily harm(s) at the hands of defendant(s), and that plaintiff was thereby caused injury/bodily harm(s) and/or that defendant(s) thereby caused contact with plaintiff that was offensive to plaintiff, which would have been offensive to a reasonable person, consis-

tent with the precepts set out in, inter alia; <u>Adler v. Ewing,</u> 347 S.W. 2d 396 (Mo. App. Ct. 1961); <u>Carnes v. Thompson,</u> Mo. 1932); <u>Edmisten v. Dousette,</u> 334 S.W.2d 746 (Mo. App. Ct. 1960); <u>Neal v. Helbling,</u> 726 S.W.2d 483 (Mo. App. E.D. 1987); Restatement (First) of Torts §§ 13 to 20; MAI-Civil 23.02, with notes on use: ET AL.

188.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein, comprise action(s)/in-action(s) where defendant(s), in multiple instance(s), intentionally placed plain-tiff in apprehension of bodily harm(s), and that defendant(s) ac-tually caused plaintiff bodily harm(s)/injury(ies) absent justifi-cation(s) for same, consistent with the precepts set out in, inter alia; <u>Robbs. v. Missouri Pac. Ry, Co.,</u> 210 Mo. App. Ct. 429, 242 S.W.155 (1922); Restatement (First) of Torts § 13, Comment (d) and § 18 (1934); MAI-Civil 23.03, et al.

189. Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s); where defendant(s), in multiple instance(s), intentionally restrained, or instigated the restrating of plaintiff against plaintiff's will, absent justification for same, consistent with the precepts set out in, inter alia; <u>Highfill v. Hale,</u> 186 S.W.3d 277 (Mo. banc 2006); <u>Bibbs v. BLockbuster, Inc.,</u> 318 S.W.3d 157 (Mo. App. Ct. E.D. 2010); <u>Routh v. Burlington Northern R.R. Co.,</u> 708 S.W.2d 211 (Mo. App. Ct. 1986); MAI-Civil 23.04; et al.

190. Defendant(s)' adverse action(s)/in-action(s), violative conduct., described herein, comprise action(s)/in-action(s) where defendant(s), in multiple instance(s); made representation(s), spe-cifically in the Conduct Violation Report(s)/Chronological Log(s)/ Official Report(s)/et al.; that the representation(s) made by defend-ant(s) was made with intent that it be relied upon; the representa-

tion(s) made by defendant(s) were false; the representation(s) made by defendant(s) were material to the ultimate harm(s), injury(ies), and damage(s), which were reasonable and which others that acted on said representations had a right to rely upon same; and; as a direct result of such representation(s) by defendaat(s), plaintiff sustained harm(s), damage(s), injury(ies), etc., consistent with the precepts set out in, inter alia; Wengert v. thomas L. Meyer, 152 S.W.3d 379 (Mo. App. E.D. 2004); Colgan v. Washington Realty, 879 S.W.2d 689 (Mo. App. E.D. 1994); John T. Brown, Inc. v. Weber implement & Auto Co., 260 S.W.2d.751 (Mo. 1953); Joel Bianco Kawasaki Plus v. Meramec Valley Bank, 81 S.W.3d 528 (Mo. banc 2002); Wilson v. Murch, 354 S.W.2d 332 (Mo. App. Ct. 1962); Emily v. Bayne, 371 S.W.2d 663 (Mo. app. Ct. 1963); Meyer v. Brown, 312 S.W.2d 158 (Mo. App. 1958); Restatemewnt (Second) of Torts § 541 (1977); 37 CJS Fraud § 34, pp. 279-80; MAI-Civil 23.05, et al.

191. Defendant(s)' adverse action(s)/in-action(s), violative conduct, described herein, comprise action(s)/in-action(s) where defendant(s), in multiple instance(s); instigated/continued a proceeding against plaintiff, including the issuance of Conduct Violation Reports/Corrective Action Hearing Reports, which ultimately terminated in favor of plaintiff, in that same were dismissed and expunged from plaintiff's record, but not until after adverse, violative, and traverse effects/harms/injuries/damages befell plaintiff, and that defendant(s) did instigate/continue the proceeding(s) against plaintiff maliciously and without reasonable grounds, which; resulted in plaintiff being damaged, harmed, etc., as set out herein, consistent with the precepts set out in, inter alia; King v. Ryals, 981 S.W.2d 151 (Mo. App. E.D. 1998); Sanders v. Daniel Intern. Corp., 682 S.W.2d 803 (Mo.banc 1984); Proctor v. Stevens Employment Services, Inc. 712 S.W.2d 684

(Mo.banc 1986); <u>Bonzo v. Kroger Grocery & Baking Co.,</u> 125 S.W.2d 75 (1939): <u>Higgins v. Knickmeyer-Fleer Realty & Investment Co.,</u> 74 S.W.2d 805 (Mo. 1934); <u>Burnett v. Griffith,</u> 769 S.W.2d 780 (Mo.banc 1989); MAI-Civil 23.07; Restatement of Torts (Second) § 668 (1965); MAI-Civil 10.01; MAI-Civil 16.01; MAI-Civil 23.04; et al.

192.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s) where; defendant(s) knew that a contract/business expectancy existed betwen plaintiff and the prison administrator(s), which was breached resultant from the adverse action(s)/in-action(s), violative conduct, etc., of defendant(s); defendant(s) caused the breach or termination of the contract/business expectancy intentionally and without justi-fication or excuse, and; plaintiff was damaged by same, consistent with the precepts set out in, inter alia; <u>Downey v. United Weatherproofing,</u> 253 S.W.2d 976 (1953); <u>Community Title Co. v. Roosevelt Federal Savings & Loan Ass'n,</u> 670 S.W.2d 895 (Mo. App. E.D. 1984); MAI-Civil 23.11; et al.

193.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s) where; despite plaintiff having a right to possess his paid position, his clothing, &/or his room assignment(s) in general population, defendant(s) took possession of each of same with intent to exercise some control over each of same, and; defendant(s) thereby deprived plaintiff of the right to the possession/ownership/control of same, absent justification, consistent with the precepts set out in, inter alia; <u>Maples v. United Savings & Loan Ass'n,</u> 686 S.W.2d 525 (Mo. App. Ct. 1985); <u>Hampton v. Stephens,</u> 691 S.W.2d 287 (Mo. App. Ct. 1985); <u>Owens v. Automobile Recovery Bureau, Inc.,</u> 544 S.W.2d 26 (Mo. App. Ct. 1976); <u>Brandhorst v. Carondelet Savings & Loan Ass'n,</u> 625 S.W.2d 696 (Mo. App. E.D. 1981); <u>Knight v. M.H. Siegried Real Estate, Inc.,</u> 647 S.W.2d 811 (Mo. App. W.D. 1982); <u>Dillard v. Payne,</u> 615 S.W.2d 53

(Mo.banc 1981); Chemical Sales Co. v. Diamond Chemical Co., 766 F.2d 364 (8th Cir. 1985); Coffman v. Faulkner, 591 S.W.2d 23 (Mo. App. E.D. 1979); NIKA Corp. v. City of Kansas City, Mo., 582 F.Supp. 343 (W.D.Mo. 1983); Weldon v. Town Properties, Inc., 633 S.W.2d 196 (Mo. App. E.D. 1982); Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Fuel Oil., 530 F.Supp. 1074 (D.C.Mo 1981), aff'd 704 F.2d 1038 (8th Cir. 1983); MAI-Civil 23.12(1) & (2), et al.

194.  Defendant(s)' adverse action(s)/in-action(s), violative conduct, etc., described herein comprise action(s)/in-action(s) where; defendant(s) knew, or should have known that their action(s) involved an unreasonable risk of causing emotional distress in addition to the physical injury/symptoms medically diagnosable to plaintiff; such negligence/failure(s) actually involved an unreasonable risk of causing same which would have been known to a reasonable person; defendant(s) knew, or should have known, that by using ordinary care that they could have known of such risk(s), and; that as a direct result of such negligence &/or failure(s) plaintiff sustained medically-diagnosable and significant emotional distress, consistent with the precepts set out in, inter alia; Bass v. Nooney Co., 646 S.W.2d 765 (Mo.banc 1983); K.G. v. R.T.R., 918 S.W.2d 795 (Mo.banc 1996); Asaro v. Cardinal Glennon Memorial Hosp., 799 S.W.2d 595 (Mo.banc 1990); Jackson v. Christian Hosp., 823 S.W.2d 137 (Mo. App. E.D. 1992); Sale v. Slitz, 998 S.W.2d 159 (Mo. App. Ct. 1999); Restatement (Second) Torts § 313; MAI-Civil 31.23; MAI 19.01; MAI 37.01; et al.

195.  Plaintiff does hereby set out and incorporate, by reference, as per Rule(s), and prays that this good and honorable court would take judicial notice of, and make a record of same, any/all/each of the text(s) of the decision(s), treatise(s), MAI(s), et al., cited herein, supra et infra, as part of this complaint/petition/affidavit, as per Rule(s), and plaintiff invokes same herewith.

- 71 -

## Statement of Facts Germane to Declaratory, Etc., Action(s)

196.  The Missouri Legislature has enacted law(s) granting the
MO-DOC/ERDCC Director(s)/Chief Administrative Officer(s) the power(s)
to prumulgate/continue administrative rule(s), which have been so
promulgated, taking the form(s) of the written policy(ies)/procedure(s)/
SOP(s) of the MO-DOC/ERDCC, including those incorporated/referred
to in paragraph one-hundred-five (105) herein, supra, AND; has en-
acted law(s) granting/mandating authority(ies) over Administrative
Agency(ies)[Department(s)] in, inter alia; RSMo § 536.010, et seq.,
under the title, "Missouri Aministrative Procedure Act" referred
to hereinafter as MO-APA.

197.  That the MO-APA defines and includes, as Rule(s), subject
to the MO-APA, in RSMo § 536.010(6), specifically stating, to wit;

> "Rule means each agency statement of gerneral applicability that
> implements, interprets, or prescribes law or policy, or that de-
> scribes the organization, procedure, or practice requirements
> of any agency.  The terms includes the amendment or repeal of any
> existing rule, but does not include;" [Forwarding to the relevant
> Section...]

> "(k) A statement concerning only inmates of an institution under
> the control of the Department of Corrections and Human Resources
> or the Division of Youth Services..." [Text of RSMo § 536.010(6)(k)]

198.  Each of the MO-DOC/ERDCC written policy(ies)/procedure(s)/
SOP(s), including those incorporated, by reference, which this good
and honorable court is prayed/moved to take judicial notice of,
as per Rule(s), and make an exhibit of same to this complaint/peti-
tion/affidavit, state, in the same section(s) of each, the following,
under the title "Scope" in stating, to wit;

> "This procedure [policy/SOP] is intended to guide staff members
> actions." [Text of (any Policy/Procedure/SOP]§I.C)]
> See, inter alia; ¶105, supra

199.  Defendant(s) purported, or continue to purport that they each acted such as in compliance with the written policy(ies)/procedure(s)/SOP(s), including those set out in paragraph one-hundred-five (105), subsection "e" of same, setting about ripeness of the issue(s), matter(s), controversy(ies), etc., related to the written 'Rule(s)' of the MO-DOC and their each being subject to, inter alia, the mandates/court rule(s) related to the MO-APA, Mo. Sup. Ct. R. 100.01, et seq., et al.

## Cause(s) of Action(s)

200.  Plaintiff does hereby set out and describe the cause(s) of action(s) brought in this complaint/petition/affidavit, enumerating same with Roman Numerals, as per Rule(s), to wit;

### I.    Petition for Declaratory Judgment

201.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as part of this instant application/petition for declaratory judgment, filed pursuant to, inter alia; Mo. Sup. Ct. R. 87.01, et seq.; the Rule(s) of Law set out by reference in, inter alia; RSMo § 1.010, et al., and as provided by law/Rule(s).

202.  Venue is proper before this good and honorable court, pursuant to, inter alia; Mo. Sup. Ct. R. 87.01, et seq.; RSMo § 508.010, et seq.

203.  Plaintiff seeks a declaration that, since the MO-APA excludes only "a statement concerning only inmates of an institution under the control of the Department of Corrections..." and that, by the text of the written Rule(s)/Policy(ies)/Procedure(s)/SOP(s) that same apply to "guide staff members actions" that each of same are subject to the MO-APA set out in, inter alia; RSMo § 536.010, et seq., in that "staff members" are NOT "inmates of an institu-

tion".thereby not excluded in the mandates of the MO-APA.

204. Plaintiff is entitled to request such a declaration, in that the threat to plaintiff's interest is not contingent but is impending and real, and is ripe for decision in this action(s), and that it is in the public interest to have administrative agencies/departments of state government be subjected to the MO-APA whenever same is applicable.

205. Plaintiff prays that any issues of fact be tried pursuant to, inter alia; Mo. Sup. Ct. Rule(s) 87.06, et al., for this or any other cause of action presented herein.

206. Plaintiff continues to be under the threat of defendant(s) use of the written policy(ies)/procedure(s)/SOP(s) to his detriment, and subjecting the rule(s)/policy(ies)/procedure(s)/SOP(s) set out/described in paragraph one-hundred-five (105), subsection "e" places same squarely within the province of the MO-APA, by a simple prima facie reading of the text(s) of both the MO-APA and the very Rule(s)/policy(ies)/procedure(s)/SOP(s) which are subject to this petition for declaratory judgment herewith, and places no substantial burden on any agency/department not mandated by law/Rule(s).


WHEREFORE, plaintiff/petitioner/affiant does hereby pray that this good and honorable court would grant the declaration(s) prayed/moved for herewith/herein, supra, and for whatsoever additional relief/remedy as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s).

## II.    Motion for Temporary Restraining Order(s)

207.  Plaintiff does hereby incorporate any/all/each of the
paragraphs contained in this complaint, supra et infra, as part
of this instant application/petition/motion for temporary restrain-
ing order(s) for each of the defendant(s) named herein, pursuant
to, inter alia; Mo. Sup. Ct. R. 92.01, et seq., and that which is
set out, by reference, in RSMo § 1.010, et al., &/or as provided
by law/Rule(s).

208.  Plaintiff has, by serving this complaint/petition/affida-
vit on each of the named/described defendant(s) to this action(s),
provided personal notice requisite for this court to take the action(s)
prayed for herewith.

209.  Plaintiff moves/prays that this good and honorable court
would enjoin defendant(s), and any other(s) working in concert with
same, from act(s) of further retaliation(s) traverse to plaintiff,
his right(s), his interest(s), resultant of the filing of this ac-
tion(s), the filing of administrative remedy(ies), for freely exer-
cising his right(s), for petitioning his government(s).

210.  Plaintiff is likely to succeed on the merits of this action(s).

211.  The public interest is served by enjoining defendant(s)
from harming plaintiff for the act(s) for which he is meant to have
protection for retaliation(s) pursuant to law/Rule(s).

212.  Plaintiff is in risk of severe harm at the hands of de-
fendant(s) and those that work with the defendant(s) in that he
is concealed from the world in prison where access to independent
third party observers, investigators, and inspectors general are
limited such that action(s) behind the walls and fenses are beyond
the bounds of reasonable discovery and disclosure, causing greater

opportunty(ies) for retaliations, and greater opportunity(ies) to conceal/cover-up same.

213.   Supervisory staffer(s) at the MO-DOC/ERDCC institution(s) where plaintiff is held, or where he could be moved and held, have a vested interest in aiding in the concealment of malfeasance, re-taliations, etc. within their respective institutions, and regularly engage in same, as is evident in the records of this good and honorable court, in the complaint(s)/petition(s)/affidavit(s) filed in Federal Court(s) of this Circuit within this State, as well as the records of this good and honorable court for case(s) already filed concern-ing the very institution whereby which plaintiff is located/held/imprisoned, including, to wit;

        a.   Case No. 21SF-CC00062;

        b.   Case No. 22SF-CC00128;

        c.   Case No. 22SF-CC00148;

        d.   Case No. 23SF-CC00014;

        e.   Case No. 23SF-CC00023, et al.

        f.   Case No. 21SF-CC00136; et al.

214.   This action presents; 1) a justiciable controversy; 2) a legally protectable interest; and; 3) a question ripe for judicial determination, consistent with the precepts set out in, inter alia; Camden County v. Lack of the Ozarks Counsel of Local Governments, et al., 282 S.W.3d 850 (Mo.banc 2009); Cooper v. State, 818 S.W.2d 653 (Mo. App. Ct. 1991), and plaintiff has plead specific facts demonstrating that each De-fendant(s) failed to perform a statutory or departmentally-mandated duty or that the employee performed a discretionary duty with bad faith or malice, consistent with the precepts set out in, inter alia; Stevens v. Dunn, 453 S.W.3d 241 (Mo. Ct. App. 2014); Twiehaus v. Adolf,

706 S.W.2d 443 (Mo.banc 1986); Boever v. Special School District, 296 S.W.3d 487 (Mo. App. E.D. 2009); Vaughn v. Genasci, 323 S.W.3d 454 (Mo. App. E.D. 2010); et al.

215.  Plaintiff makes this known to all parties and this court that no bond is likely requisite for this order, in that no costs are anticipated resultant of enjoining defendant(s) and other(s) working with same to abstain from act(s) of retaliation and deliberate indifference regarding same.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would take judicial notice of the facts, citations, incorporations, invocations, averments, arguments, and prayers for relief/ remedy(ies) as are set out/incorporated herein, and grant plaintiff the relief/remedy(ies) prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff, having found same meet and just so to do, as per Rule(s)/law.

## III.   Tort - Abuse of Process(es)

216.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the States of Missouri, Department of Corrections, as incorporated by reference, as exhibits to this complaint, as described in paragraph one-hundred-five (105) herein, supra, as part of this instant cause(s) of action for abuse of process(es), filed pursuant to, inter alia; RSMo § 537.010, et seq.; as set out by reference in, inter alia; RSMo § 1.010, et al.; and as provided by law/Rule(s), et al.

217.  A process exists whereby which; Conduct Violation Reports are properly issued; use of force is properly justified; civil rights are protected, preserved, privileged; due process, equal protection, fundamental rights, constitutional rights, statutory rights, rights derived from U.S. and State of Missouri Regulation(s) are protected, preserved, privileged; emolument(s) are protected, etc., and; whereby which the mandates of the employer, specifically the Missouri Department of Corrections, as are set out/incorporated from paragraph one-hundred-five, are preserved, protected, privileged, and violator(s) of same are held accountable, including held accountable by the MO-DOC, et al., Office of Professional Standards, and the mandate(s) set out or regulated pursuant to, inter alia; RSMo § 36.010, et seq.

218.  Defendant(s), by-and-through direct, indirect, constructive, and conspiratory adverse action(s), communication(s), custom(s), practice(s), contributed in violating and abusing the process(es), traverse to plaintiff, his right(s), his interest(s), which caused plaintiff to be harmed, injured, damaged, retaliated against, and other wise subject to adversity absent justification, including those set out, described, and/or implicated by the facts contained, set out, implicated, etc.; herein.

219.  Plaintiff prays that this good and honorable court would take judicial notice of the facts stated herein, the documents/exhibits incorporated by reference hereto, and to make a record of same, and to grant plaintiff the abatement of the adverse ramifications and losses of that which he had attained, enjoyed, etc., as are set out in, inter alia, paragraph one-hundred-one (101), as well as to grant plaintiff fair and reasonable monetary damages,

punitive damages, fees, costs, and interest as per Rule(s), as well as any applicable attorney fees that may be due appointed counsel(s) in such a case/instance where this good and honorable court appoints same to plaintiff, or if plaintiff is able to afford to engage same, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law.

## IV. Prima Facie Tort

220. Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, as incorporated by reference, as exhibits to this complaint, as described in paragraph one-hundred-five (105) herein, supra, as part of this instant cause of action(s) for prima facie tort, filed pursuant to, inter alia; RSMo § 537.010, et seq.; as set out, by reference, in RSMo § 1.010, et al., and; as provided by law/Rule(s), et al.

221. Defendant(s) took intentional, 'lawful act(s), as described herein, et al.

222. Defendant(s) intended to cause harm(s), injury(ies), damage(s), and to violate, and to conspire to violate, plaintiff, plaintiff's right(s), plaintiff's interest(s), MO-DOC directive(s)/mandate(s)/policy(ies)/procedure(s)/SOP(s) and the Office of Professional Standards requirements, etc., by taking their intentional act(s) as are described herein, et al.

223. Plaintiff was actually harmed, his right(s) violated, his interest(s) violated, harmed, damaged resultant of defendant(s)'

malicious, sadistic, deliberately indifferent, tortious, and/or violative act(s) as described herein.

224.  Defendant(s)' action(s)/in-action(s) were not justified, or were insufficiently justified.

225.  This cause of action(s) is presented consistent with the precepts set out in, inter alia;

      a.   <u>Bandag of Springfiled v. Bandag, Inc.,</u>

           662 S.W.2d 546 (Mo. App. CX. 1983);

      b.   <u>Overcase v. Billings Mut. Ins. Co.,</u>

           11 S.W.2d 62 (Mo.banc 2000), et al.

226.  **For this cause(s) of action, plaintiff does hereby pray** that this good and honorable court would grant plaintiff the relief/remedy(ies) for this cause of action the same as are set out in paragraph two-hundred-nineteen (219) herein, supra, for this cause of action.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff/petitioner/affiant the relief/remedy(ies) as are set out, incorporated, and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s).

## V.   Tort - Fraudulent Representation(s)

227.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, as incorporated by reference, as exhibits to this com-

plaint, as described in paragraph one-hundred-five (105) herein, supra, as part of this instant cause of action for fraudulent representation(s), fraud(s), et al., filed pursuant to, inter alia; RSMo § 537.010, et seq.; as set out, by reference, in RSMo §  1.010, et al., and; as provided by law/Rule(s), et al.

228.  Defendant(s); by-and-through the issuance of **Conduct Violation** Report(s), made representation(s); by-and-through the directives that resulted in the use-of-force such that exceeded the precepts and mandates of the circumstances, made representation(s); by-and-through their not providing medical care, made representations; by-and-through their shift report(s), made representations; by-and-through their chronological reports, made representations; by-and-through their official reports/writings, made representations; by-and-through investigations, made representations, of and about which plaintiff prays that this good and honorable court would take judicial notice of same in the official records of the State of Missouri, Department of Corrections, et al., concerning same, by reference, as per Rule(s), and to make same an incorporate part of this complaint/petition/affidavit, by reference, as per Rule(s), as exhibits to same.

229.  The representations of defendant(s) described, set out, and incorporated by reference as exhibits herein, were false.

230.  The representation(s) of defendant(s) were relied upon to ultimately cause the very losses/harms/injuries/etc. to plaintiff, including the losses, harms, injuries, damages, emotional distress, fears or bodily harm/offensive contact, battery, assault, tortious interference, violation of plaintiff's right(s), violation of plaintiff's interests, including his interest in the contract/business

expectancy(ies) described in, inter alia; paragraph one-hundred-
five (105), herein, supra, and the other paragraphs incorporate
as part of this cause of action herewith.

231.  Those that relied upon the representation(s) of defendant(s)
had a right to rely upon same.

232.  The representations made by defendants that were false
were material in the adverse actions, losses, harms, damages, viola-
tions, etc., caused to plaintiff.

233.  Plaintiff sustained damages, harms, injury, losses as
described herein, including those set out, by reference, in the
official documents/records of the State of Missouri about which
plaintiff has prayed that this good and honorable court would take
judicial notice of, make a record of same, and incorporate such
as exhibits to this complaint herewith, as per Rule(s).

234.  This cause(s) of action is presented consistent with the
precepts set out in, inter alia;

        a.  <u>Wilson v. Murch,</u> 354 S.W.2d 332 (Mo. App. Ct. 1962);

        b.  <u>Shechter v. Brewer,</u> 344 S.W.2d 784 (Mo. App. Ct. 1961);

        c.  <u>Judd v. Walkder,</u> 114 S.W.979 (Mo.banc 1908);

        d.  <u>Fredrick v. Benssen Aircraft Corp.,</u>
            436 S.W.2d 765 (Mo. app. Ct. 1968);

        e.  <u>Best v. Culhane,</u> 677 S.W.2d 390 (Mo. App. E.D. 1984);

        f.  <u>Osterberger v. Hites Constr. Co.,</u> 599 S.W.2d 221 (Mo. App.E.D. 1980);

        g.  <u>Latta v. robinson Erection Co.,</u> 248 S.W.2d 569 (Mo.banc 1952);

        h.  <u>Roth v. Equitable Life Ass.Soc'y,</u> 210 S.W.2d 253 (Mo.App.E.D. 2006);

        i.  <u>Euge v. Golden,</u> 551 S.W.2d 928 (Mo.App.E.D. 1977);

        j.  <u>Clark v. Olson,</u> 726 S.W.2d 718 (Mo.banc 1987);

        k.  <u>In Re Passman's Estate,</u> 537 S.W.2d 380 (Mo.banc 1976);

l.   Dunne v. Libbra, 448 F.3d 1024 (8th Cir. 2006) [applying Missouri law];

m.   Crawford v. Smith, 470 S.W.2d 529 (Mo.banc 1971);

n.   Yeager v. Wittels, 517 S.W.2d 457 (Mo.App.E.D. 1974);

o.   Walsh v. Ingersoll-Rand Co., 656 F.2d 367 (8th Cir. 1981) [applying Missouri law];

p.   DeWitt v. Am. Fam. Mut. Ins. Co., 667 S.W.2d 700 (Mo.banc 1984);

q.   I Mo. Tort Law § 8.01, et seq. (MoBar 4th Ed. 2016, et al.);

r.   MAI-Civil 23.05 & notes on use;

s.   Torts (2nd) Restatement, et al.

235.   Each Defendant(s)' representation(s) was traverse to the actual evidence, which was available vis-a-vis video recording(s), written logs/reports, and vis-a-vis staff and inmate witnesses to the events related to same, such that each defendant(s) knew, or sould have known, that the representation(s) of each made were false, or that they were made absent knowledge as to whether the representations were true or false.

236.   Plaintiff prays that this good and honorable court would, for this cause of action, grant plaintiff the relief/remedy(ies) set out/described in paragraph two-hundred-nineteen (219) herein, supra, for this respective cause of action against each defendant(s), jointly, severally, and individually.


WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are set out, incorporated, and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff, having found same meet and just so to do., as per Rule(s)/law.

## VI.    Malicious Prosecution(s)/False Imprisonment(s)

237.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, as incorporated-by-reference, as per Rule(s), as exhibits to this complaint, as described in paragraph one-hundred-five (105) herein, supra, as part of this cause of action for malicious prosecution(s)/false imprisonment(s), et al., filed pursuant to, inter alia; RSMo § 537.010, et seq.; as set out, by reference, in RSMo §  1.010, et al, and; as provided by law/Rule(s).

238.  Defendant(s) caused/instigated/continued/obfuscated-the-abatement of prosecution of plaintiff, by issuing a Conduct Violation Report, by making false reports to other officer(s)/staffer(s) of the MO-DOC/ERDCC; by moving plaintiff to Administrative Segregation/HU1A-117, and; by causing plaintiff to loose that which he had attained, enjoyed, and was protected by, inter alia, as described in paragraph one-hundred-one (101) herein, supra.

239.  Defendant(s) acted maliciously, and without reasonable grounds.

240.  Plaintiff was damaged, harmed, injured, and sufferred losses resultant of defendant(s)' adverse action(s)/in-action(s), causing the damage(s)/loss(es)/harm(s)/et al. as described in paragraph two-hundred-nineteen (219) herein, supra, specifically resultant from the malicious prosecution(s)/false imprisonment(s) caused by/instigated/continued by defendant(s).

241.  An absence of probable cause for the proceeding(s)/prosecution(s) existed at all times relevant to this action(s), in that defendant(s) were aware, or should have been aware, that plaintiff

- 84 -

did not violate a conduct rule(s), law(s), regulation(s) that would justify prosecution(s)/imprisonment(s), nor the corporal punishment(s), use of force engaged in and/or caused by defendant(s) in this action.

242. This cause(s) of action against defendant(s) is presented consistent with the precepts set out in, inter alia;

a. Rustici v. Weidemeyer, 673 S.W.2d 762 (Mo.banc 1984);

b. King v. Ryais, 981 S.W.2d 151 (Mo.App.E.D. 1998);

c. Holland v. Healthcare Servs. of Oz., 347 S.W.3d 166 (Mo. App. Ct. 2011);

d. Crow v. Crawford & Co., 259 S.W.3d 104 (Mo.App.E.D. 2008);

e. Belington v. Clevenger, 228 S.W.2d 817 (Mo.App.Ct. 1950);

f. I Mo. Tort Law § 3.1, et seq. [MoBar 4th Ed. 2016];

g. Torts (Second) Restated, et al.;

h. MAI-Civil 23.07, et al., and notes on use, et al.

243. Plaintiff does hereby pray that this good and honorable court would, for this cause of action, grant plaintiff the relief/remedy(ies) as are set out/described in paragraph two-hundred-nineteen (219) herein, supra, for this instant cause of action.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are set out, incorporated, and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff, having found same meet and just so to do, as per Rule(s).

## VII.   Tortious Interference(s) with Contract(s)/Expectancy(ies)

244.   Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, as incorporated-by-reference, as per Rule(s), as exhibits to this complaint, as described in paragraph one-hundred-five (105) herein, supra, as part of this instant cause of action for torious interference with contracts/business expectancy(ies), et al., filed pursuant to, inter alia; RSMo § 537.010, et seq.; as set out, by reference, in RSMo §  1.010, et al., and; as provided by law/Rule(s), et al.

245.   Plaintiff and the administration of the MO-DOC/ERDCC have, and had a contract/business expectancy(ies) whereby which plaintiff would continue to benefit from the conditions of confinement afforded him by MO-DOC/ERDCC Administrator(s), including those set out and described in paragraph one-hundred-one (101) herein, supra, so long as plaintiff maintained certain behavioral standards, and whereby which if removed from same for any reason(s), including for the reasons cited in the conduct violation report(s) filed by defendant(s) in this action, as are incorporated as part of this complaint/ petition/affidavit in, inter alia, paragraph one-hundred-five (105), et al., herein.

246.   Defendant(s) caused, through the adverse action(s)/in-action(s) taken by same in this instant case, a breach and/or termination of the previously-existing contract(s)/business expectancy(ies) described in paragraph one-hundred-one (101) herein, supra, specifically in that, inter alia;

a.    Defendant(s) wrote a Conduct Violation Report and took plaintiff to HU1, removing him from General Population and causing him to become unavailable to maintain his prison work, etc., precipitating the breach(es)/termination(s) of the contract(s)/business expectancy(ies) absent any justification for same, as is evidenced by the fact that the Conduct Violation Report was dismissed and expunged by MO-DOC/ERDCC staffer(s) after investigating the actual facts of the 'Sunni Sunday' incident;

b.    That Defendant(s) failed to follow MO-DOC/ERDCC Office of Profession Standards, written policy(ies)/procedure(s)/SOP(s) of the MO-DOC/ERDCC, state and federal regulation(s), law(s), court rule(s), constitution(s), the doctrine of fundamental right(s), and the doctrine of fundamental fairness;

c.    Defendant(s) participated in the Administrative Remedy Agency proceedings, including IRR(s), Grievance(s), Appeal(s) for same, and delayed, prevented, and/or caused irreparable breach/termination of the contract(s)/business expectancy(ies) described/set out in paragraph one-hundred-one (10) herein, supra.

d.    Defendant(s), through conspiracy, communications, practice, customs, etc., jointly, severally, and individually caused the breach in and termination of the contract/business expectancy(ies) that are the subject of this action(s), absent justification(s) or excuse, and did so intentionally and/or maliciously and sadistically.

247.   Plaintiff was harmed, damaged, injured, and sufferred losses due to the breach/termination of business expectancy(ies) caused by defendant(s), in that he was ultimately deprived of the very benefits that he had enjoyed, participated in, and had attained/ maintained prior to same, as are set out, incorporated as part of this complaint in paragraph one-hundred-one (101) herein, supra, et al.

248.   This cause of action is prsented consistent with the pre-cepts set out in, inter alia;

   a.   W.Blue Print Co. v. Roberts, 367 S.W.2d 7 (Mo.banc 2012);

   b.   Cent. Trust & Inv. Co. v. SignalPoint Asset Mgmt., LLC, 422 S.W.2d 312 (Mo.banc 2014);

   c.   Stehno v. Spring Spectrum, L.P., 186 S.W.3d 247 (Mo.banc 2006);

   d.   Farrow v. Saint Francis Med. Ctr., 407 S.W.3d 579 (Mo.banc 2013);

   e.   Richardson v. Sherwood, 337 S.W.3d 58 (Mo. App. Ct. 2011);

   f.   Am. Traffic Solutions, Inc. v. B & W Sensors, LLC, U.S.D.C Case No. 4:13-CV-0229-AGF (Applying Mo. Law);

   g.   Guidry v. Charter Communications, Inc., 269 S.W.3d 520 (Mo.App.E.D. 2008);

   h.   I Mo. Tort Law § 7.1, et seq. [MoBar 4th Ed. 2016];

   i.   MAI-Civil 23.11 &/or note on use;

   j.   Torts 2nd Restated, et al.

249.   Plaintiff prays that this good and honorable court would grant him the relief/remedy(ies) for this cause of action as are set out in paragraph two-hundred-nineteen (219) herein, supra, for this cause of action.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are set out, incorporated, and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s).

## VIII.    Tort(s) - Assault(s)

250.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this  complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, about which this good and honorable court has been prayed/moved to take judical notice of and made a record of same, as per Rule, making each an exhibit of this complaint/petition/affidavit, as per Rule(s), as described specifically in, inter alia; paragraph one-hundred-five (105) herein, supra, as part of this instant cause(s) of action, including this cause of action for tort-assault(s), et al., filed pursuant to, inter alia; RSMo § 537.010, ewt seq.; as is set out, by reference, in RSMo § 1.010, et al, and; as provided by law/Rule(s), et al.

251.  The adverse action(s) of defendant Basham, as described in paragraph one-hundred-twelve (112) herein, supra, caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification for same.

252.  The adverse action(s) of defendant Hart, as described in paragraph one-hundred-nineteen (119), herein, supra, caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification for same.

253.  The adverse action(s) of defendant Hart, as described in paragraph one-hundred-twenty (120) herein, supra, caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

254.  The adverse action(s) of defendant Hart, as described in paragraph one-hundred-twenty-two      (122) herein, supra, caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

255.  The adverse action(s) of defendant Hart, as described in paragraph one-hundred-twenty-three (123) through one-hundred-twenty-four (124) caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

256.  The adverse action(s) of defendant(s) Regan and Spaulding, coupled with the adverse action(s) of defendant Hart and Basham described herein, supra, as well as those of defendant Hart, Basham, Regan and Spaulding described in paragraphs herein, supra, and paragraph(s) one-hundred-twenty-six (126) through one-hundred-thirty-six (136) herein, supra, caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

257.  The adverse action(s) of defendant(s) Basham, Hart, Regan, Spaulding, Fenwick, coupled with the adverse actions of the defendant(s) described in paragraph(s) one-hundred-thirty-five (135) through one-hundred-forty-five (145) caused plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

258. The adverse action(s) of defendant(s?) Basham, Hart, Regan, Spaulding, Fenwick, coupled with the adverse actions of the defendant(s) described in paragraph(s) one-hundred-ninety-five (195) herein, supra, caused, and continue to cause, plaintiff fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

259. Defendant(s) know, knew, or should have known, that by engaging in the respective adverse action(s) described herein, individually and as an ongoing pattern of adverse action(s)/violative behavior(s), that a reasonable person would experience fear and apprehension of bodily harm(s) and unwelcomed/offensive contact(s), absent justification(s) for same.

260. Defendant(s) committed the adverse act(s)/violative action(s) such to cause plaintiff to experience fear and apprehension of bodily harm(s) and/or offensive/unwelcomed contact(s), and did so intentionally, maliciously, &/or sadistically, absent a justification for same.

261. Plaintiff actually expereinced apprehension and fear of bodily harms and offensive contact/unwelcomed contact(s) resultant from the act(s) of defendant(s), jointly, severally, and/or individually, which continue, in whole or in part, until this very day/date of this complaint, including that, inter alia, plaintiff experienced and continues to experience medically diagnosable symptoms resultant therefreom, including the following physical injury(ies)/medically diagnosable symptoms, to wit;

    a.    loss of sleep/insomnia;

    b.    loss of appetite;

    c.    stomach cramping;

d.    constipation;

e.    hightenned blood pressure/hypertension;

f.    sweaty hands/body;

g.    dialated pupils;

h.    hives;

i.    indigestions;

j.    depression;

k.    irritable bowels;

l.    rapid breathing;

m.    loss of focus;

n.    confusion;

o.    anxiety attacks;

p.    parurisus;

q.    unexplained skin conditions;

r.    et al.

262.    This set of cause(s) of action(s) presented is so presented consistent with the precepts set out in, inter alia;

a.    Hickey v. Welch, 91 Mo. App. 4 (1901);

b.    A.R.B. v. elkin, 98 S.W.3d 99 (Mo.App.Ct. 2003);

c.    DeVitre v. Orthopedic Ctr. of St. Louis, LLC, 349 S.W.3d 327 (Mo.banc 2011);

d.    Phelps v. Bross, 73 S.W.3d 651 (Mo.App.Ct. E.D. 2002);

e.    Adler v. Ewing, 347 S.W.2d 396 (Mo.App.E.D. 1961);

f.    Armoneit v. Ezell, 59 S.W.3d 628 (Mo.App.E.D. 2001);

g.    Van Eaton v. Thon, 764 S.W.2d 674 (Mo.App.Ct. 1988);

h.    J.D. v. M.F., 758 S.W.2d 177 (Mo.App.Ct.E.D. 1988);

i.    Schoor v. Wilson, 731 S.W.2d 308 (Mo.App.Ct. 1987);

j.    Jordan v. Abernathy, 845 S.W.2d 86 (Mo.App.E.D. 1993);

    k.    <u>H.R.B. v. Rigali,</u> 18 S.W.3d 440 (Mo.App.E.D. 2000);

    l.    <u>Carmelo v. Miller,</u> 569 S.W.2d 365 (Mo.App.E.D. 1978);

    m.    <u>Carpenter v. Chrysler Corp.,</u>

        853 S.W.2d 346 (Mo.App.E.D. 1993);

    n.    <u>Burnett v. Griffith,</u> 769 S.W.2d 780 (Mo.banc 1989);

    o.    <u>Jacobs v. Bonser,</u> 46 S.W.3d 41 (Mo.App.E.D. 2001);

    p.    <u>Miller v. Phillips,</u> 618 S.W.2d 247 (Mo.App.E.D. 1981);

    q.    <u>Collins v. Hertenstein,</u> 90 S.W.3d 87 (Mo.App.Ct. 2002);

    r.    <u>Betts-Lucas v. Hartmann,</u> 87 S.W.3d 310 (Mo.App.Ct. 2002);

    s.    RSMo § 105.711, et seq. [Laws 2000], et al.;

    t.    I Mo. Tort Law § 2.1, et seq. [MoBar 4th Ed. 2016];

    u.    MAI-Civil Instructions 23.01 w/notes on use, et al.

263.  Plaintiff prays that this good and honorable court would grant him the relief/remedy(ies) for this cause of action as are set out in paragraph two-hundred-nineteen (219) herein, supra, for this cause of action(s).

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are set out, incorporated, an dprayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable cour⁻ is pleased to grant plaintiff in this action(s), finding same meet and just so to do, as per Rule(s).

### IX.    Petition for Writ of Habeas Corpus

264.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, as incorporated-by-reference, as per Rule(s), as ex-

hibits to this complaint, as described/incorporated in paragraph one-hundred-five (105) herein, supra, as part of this instant cause of action for writ of habeas corpus, et al., filed pursuant to, inter alia; Mo. Const.; Art. I, Section(s); 2; 4; 5; 6; 8; 9; 10; 12; 13; 14; 15; 21; 28; 30; 31; 32; Art. II, Section 1; Art. V; RSMo § 532.010, et seq.; Mo. Sup. Ct. Rule(s) 91.01, et seq.; RSMo § 537.010, et seq.; and specifically; RSMo § 532.430(2); as set out by reference in RSMo § 1.010, et al.; as provided by law/Rule(s).

265.  That the adverse action(s)/in-action(s)/conspiracy(ies)/ custom(s)/practice(s)/etc. described herein constitute violation(s) of Petitioner's right(s), protection(s), privilege(s), emolument(s), et al., including, inter alia; the right to free exercize of sincerely held religious beliefs; the right to equal protection; the right to religious freedom(s); the right to assembly; the right to petition; the right to due process, both substantive and procedural; the right to access-to-the-court/open-courts; the right to be free from illegal search/seizure; the right to be free from cruel/unusual punishment; the right to private propery; the right to be free from attainer; the right to be free from fines charged, adjudicated, and collected by an administrative agency; and the rights of crime victims; the rights to be governed by a government that recognizes substancial separation of powers; the rights to be governed by a court branch with powers over court procedure/proceedings; the rights guaranteed by the U.S. Constitution; Missouri Constitution; the Doctrine of Fundamental Rights; the Doctrine of Fundamental Fairness; et al.

266.  Subjecting plaintiff to the harm(s), injury(ies), damage(s), dishonest services of his government, administrative fines, ongoing enterprises in violation of, inter alia; 18 USC 1962, et seq., etc.,

lack of safety and security; lack of access to health care; lack of any of the right(s) set out in paragraph two-hundred-sixty-five (265)`herein, supra, comprises extreme deprivation(s) brought at the hands of defendant(s) and those for which proper supervision, internal controls, monitoring, communications, metrics, and that have control over their continued employment as officer(s)/agent(s)/staffer(s) in charge of prison conditions which plaintiff must be subjected, which are objectively, sufficiently serious, and deprive plaintiff of the minimal civilized measures of life's necessities.

267.  Defendant(s) each had a culpable state of mind, acted deliberately, intentionally, maliciously recklessly, and/or with deliberate indifference to plaintiff, his health and safety, his rights, and the directives of the Constitution(s), law(s), statute(s), Court Rule(s), Regulation(s), as well as the written policy(ies)/procedure(s)/SOP(s), Office of Professional Standards writings/protocols, and the right(s), etc., set out in, inter alia; paragraph two-hundred-sixty-four (264) through two-hundred-sixty-five (265), et al.

268.  Richard Adams presently has custody over plaintiff, and is rightfully named an interested party to this action for writ of habeas corpus, as per law/Rule(s).

269.  This cause of action is presented consisten with the pre-cepts set out in, inter alia;

    a.   McIntosh v. Haynes, 545 S.W.2d 647 (Mo.banc 1977);

    b.   Haley v. Groose, 873 S.W.2d 221 (Mo.banc 1994);

    c.   Rhodes v. Chapman, 452 U.S.337 (1981);

    d.   Farmer v. Brennan, 511 U.S. 825 (1994);

    e.   Mo. Sup. Ct. R. 91.01, et seq.;

f.    RSMo § 532.010, et seq., et al.

270.  Plaintiff prays for the issuance of a writ of habeas corpus releasing plaintiff from custody of defendant(s)/interested party(ies) for the multiple violation(s) of plaintiff's right(s) and/or the violations of clearly established authorities as are set out, described, incorporated, invoked, &/or implicated herein.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant the relief/remedy(ies) as are set out and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff, having found same meet and just so to do, et per Rule(s), et al.

## X.    Intentional/Negligent Infliction of Emotional Distress(es)

271.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, about which this good and honorable court has been prayed/moved to take judicial notice of and make a record of same, as per Rule(s), making each an exhibit of this complaint/petition/affidavit, as per Rule(s), as described, moved, and prayed for in, inter alia; paragraph one-hundred-five (105) herein, supra, as part of this instant cause(s) of action(s), including this cause(s) of action(s) for intentional/negligent infliction of emotional distress(es), filed pursuant to, inter alia; RSMo § 537.010, et seq.; as is set out, by reference, in RSMo § 1.010, et al., and; as provided by law(s)/Rule(s), et al.

272.  Defendant(s), by-and-through their conspiracy(ies), custom(s), practice(s), et al., and their adverse action(s)/violative conduct/misbehavior(s) as are described herein, supra et infra, caused plaintiff the losses as are first incorporated in paragraph two-hundred-nineteen (210), and caused plaintiff to suffer severe emotional distress(es), including those that caused physical injury/ medically-diagnosable symptoms, as are described in paragraph two-hundred-sixty-one (261), et al.

273.  Defendant(s) caused the emotional distress(es) intentionally, maliciously, sadisticly, or with reckless disregard &/or deliberate indifference to the causing of emotional distress to plaintiff, by their act(s), individually, severally, and/or jointly, as are described herein, supra.

274.  Plaintiff prays that this good and honorable court would grant plaintiff  the relief/remedy(ies) as are set out in paragraph two-hundred-nineteen (219) herein, supra, for this cause of action(s) as set out herewith.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the releif/remedy(ies) as are set out/incorporated and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law(s), et al.

## XI.    Tortious Breach of Assumed SPecial Duty(ies)

275.   Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, about which this good and honorable court has been prayed/moved to take judicial notice of and make a record of same, as per Rule(s), as well as to make each an exhibit of this complaint/ petition/affidavit, as per Rule(s), as described, moved, and prayed herein, inter alia; paragraph one-hundred-five (105) herein, supra, as part of this instant cause(s) of action(s), including this cause of action(s) for tortious breach of assumed special duty(ies), et al., filed pruruant to, inter alia; RSMo § 537.010, et seq.; as set out, by reference, in RSMo § 1.010, et al,, and; as provided by law(s)/Rule(s), et al.

276.   Defendant(s), jointly, severally, and individually, thru their own action(s), voluntarily assumed special duty(ies) to; the State of Missouri, the United States of America, to plaintiff, and to those similary situated, to the Department of Corrections, the Office of Professional Standards, et al, and to supervisor(s) related to same, which entailed duties to fulfill the provisions, authorities, policy(ies), procedure(s), etc., related to same, including to guard the right(s) of plaintiff and provide for his safety and security, and the mandates/protocols incorporated/referred-to in paragraph one-hundred-five (105) herien, supra.

277.   Defendant(s), by and through their individual, several, and joint actions, customs, practices, and/or conspiracy(ies) in-tentionally breached such special duty(ies) by their adverse contuct, as is already alledged, averred, and plead herein, supra.

- 98 -

278.  Resultant of the breach of assumed special duty(ies) by defendant(s), plaintiff was and continues to be harmed, damaged, injured, which includes the harms, damages, injuries, emotional distresses, etc., as are set out/described herein, supra.

279.  Plaintiff prays that this good and honorable court would grant plaintiff the relief/remedy(ies) as are set out in paragraph two-hundred-nineteen (219) herein, supra, for this cause of action for tortious breach(es) of assumed special duty(ies).

WHEREFORE, plaintiff does hereby pray that this good and honorable court would gran tplaintiff the relief/remedy(ies) as are set out/ incorporated and prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law(s), et al.

## XII.   RLUIPA &/or Right(s) Violation Action(s)

280.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the officiel records of the State of Missouri, Department of Corrections, about which this good and honorable court has been moved/prayed to take judicial notice of and make a record of same, as per Rule(s)/law(s), as well as to make each an exhibit of this complaint/petition/affidavit, as per Rule(s), as described, moved, and prayed for herein, supra, in paragraph one-hundred-five (105) herein, as part of this instant cause of action brought pursuant to the concurrent jurisdiction of this court with federal courts, as an action(s) for either/both; violation(s)/vindication(s) of the Religious Land Use and Institutionalized Persons Act, codified

- 99 -

in, inter alia; 42 USC 2000cc, et al., or for violation(s) and vindi-
cation(s) of violation(s) of right(s) provided by the Constitution(s)
of the State of Missouri &/or the United States of America, and
the law(s) enacted by the legislature(s) thereof, or the respective
common law thereof, et al.

281.  Plaintiff holds and held at all times relevant to this
action(s), sincerely-held religious belief, as a Muslim, and specific-
ally interprets and follows teachings consistent with same, and
consistent with his understandings of same.

282.  Plaintiff, as described herein, was freely exercizing
his rights to his sincerely-held religious beliefs, until the ad-
verse, tortious, illegal, and violative action(s) of defendant(s)
in this action, as is set out/described/incorporated herein, supra.

283.  Plaintiff's free exercize right(s), et al., have been
thwarted, chilled, estopped resultant of the adverse action(s) of
defendant(s) to this action(s), as is described herein.

284.  Plaintiff prays for an order/judgment/decree(s) abating
the adverse actions of defendant(s), including new internal controls,
metrics, and monitoring of MO-DOC/ERDCC supervisory staffer(s),
policy(ies), procedure(s), SOP(s), and enforcement of same, as well
as for fair and reasonable monetary damages, punitive damages, fees,
costs, and that which is also prayed for in paragraph two-hundred-
nineteen (219) herein, supra.

WHEREFORE, plaintiff does hereby pray that this good and honorable
court would grant him the relief/remedy(ies) as are set out and
described/incorporated herein, and for whatsoever additional relief/

remedy(ies) that this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law(s).

## XIII.    § 1983 Action(s)

285.    Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the States of Missouri, Department of Corrections, about which this good and honorable court has been moved/prayed to take judicial notice of and make a record of same, as per Rule(s)/law(s), as well as to make each an exhibit of this complaint/petition/affidavit, as per Rule(s), as described, moved, and prayed for herein, supra, in paragraph one-hundred-five (105) herein, as part of this instant cause of action(s) brought pursuant to the concurrent jurisdiction(s) of this court with federal courts of the United States of America, as an action(s) for/as brought under 42 USC § 1983, et al., for violations of the right(s) of plaintiff provided by the Constitution of the United States of America &/or resultant as rights derived from the enactments of the legislature pursuant to the powers granted it by the Constitution of the United States of America, et al.

286.    Each of the violative acts complained of were committed by the respective defendant(s) to this action(s) whilst acting under the color of state law, as is supported by the facts plead in this complaint/petition/affidavit &/or as are available at trial.

287.    Each of the act(s) committed by the respective defendant(s) to this action(s) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United

States, as is supported by the facts plead in this complaint/petition/ affidavit &/or as are available at trial.

288.  The violative act(s) complained of herein were, in each instance, the cause of, or the proximate cause of, injuries sustained by the plaintiff in this action, in each specific instance and for each defendant(s) as related to that specific instance(s) as are set out in this complaint/petition/affidavit herein.

289.  Each of the defendant(s) in this action(s) committed separate act(s) that, individually, severally, and jointly give rise to separate causes of action(s) brought under the authorities of this court invoked in paragraph two-hundred-eighty-five (285) and in paragraph(s) incorporated from this complaint/petition/affidavit therein.

290.  Plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) for this cause(s) of action(s) the same as are prayed for in paragraph two-hundred-nineteen (219) and two-hundred-eighty-four (284) herein, supra, for this cause of action in each instance whereby which a separate act(s) described herein gives rise to a seperate cause of action against one or more defendant(s) to this action(s), as is already plead in this complaint/petition/affidavit herein, supra.

WHEREFORE, plaintiff prays that this good and honorable court would grant plaintiff the relief/remedy(ies) as are prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law(s), et al.

## XIV.    § 1985 Action(s)

291.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of teh States of Missouri, Department of Corrections, about which this good and honorable court has been moved/prayed to take judicial notice of and make a record of same, as per Rule(s)/law(s), as well as to make each an exhibit of this complaint/petition/affidavit, as per Rule(s), as described, moved, and prayed for in paragraph(s) herein, including paragraph one-hundred-five (105) herein, supra, as part of this instant cause of action(s) brought pursuant to the concurrent jurisdiction(s) of this court with federal courts of the United States of America, as an action(s) for/as brought under 42 USC § 1985, et al., for conspiratorial acti-vity(ies) in violation of civil rights, in each instance whereby which same is supported by the facts incorporate as part of this action(s) herewith, et al.

292.  Each of the defendant(s) in this action(s) conspired with at least one other person/individual for each of the violative act(s) described/incorporated herein, in that;

a.    each defendant(s) were, and/or continue to be, involved in a conspiracy(ies), that they each had an aggreement with one or more person(s);

b.    that the purspose, or part of the purpose, of the conspiracy(ies) was to deprive plaintiff of his right(s), including the right(s) set out/incorporated as part of this complaint/petition/affidavit herein, supra;

c.    that the action(s) of the respective defendant(s) in each case/instance(s) were motivated, in whole or in

- 103 -

part, by a discriminartory attitude toward a specific class of people, including, inter alia; Muslims; African Americans; Prisoners; Persons with Medical Conditions/Disabilities, et al., etc.;

d.    the defendant(s) in each instance(s) in this complaint/petition/affidavit, knew or though that plaintiff was a member of one or more of these class(es), spoke out for that class(es), or somehow supported that class(es), and;

e.    that the conspiracy(ies) of defendant(s) caused plaintiff the injury(ies)/deprivation(s) described herein.

293.  The inference that an agreement existed is provided by the circumstantial eviddnce, the statements/actions of defendant(s), whether each of the defendant(s) knew of all of the details of the scheme or exactly how it was going to be carried out, and plaintiff pleads, avers, and shows that the overall objective(s) of defendant(s) were shared.

294.  Defendant(s), in each instance, acted with sufficient discriminatory intention(s).

295.  For each defendant(s), plaintiff pleads that, in the alternative to an action(s) brought under/pursuant to 42 USC § 1985, that an action(s) is.also.brought, in the alternative, under/pursuant to 42 USC § 1986, for each defendant(s) and for each instance(s) as already described in this complaint/petition/affidavit.

296.  Defendant(s), individually, severally, jointly, in any combination(s), had "knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this [42] title are about to be committed [or were about to be committed], and had

the power to prevent or aid in preventing the commision of the same, [and defendant(s), individually, severally, and/or jointly] and neglect[ed] or refuse[d] to do so," whether or not each were also involved in that conspiracy(ies), in that they neglected or refused to intervene in a § 1985 conspiracy(ies).

297. Plaintiff was harmed by failure(s) of defendant(s) to intervene in the conspiracy(ies) to deprive him of right(s) as are protected by 42 USC § 1985, et al.

298. Plaintiff does hereby pray that this good and honorable court would gran tplaintiff the relief/remedy(ies) for this cause(s) of action9s) the same as are prayed for in paragraph two-hundred-nineteen (219) and two-hundred-eighty-four (284) herein, supra, for this cause of action(s) in each instance whereby which a separate act(s) described/incorporated herein gives rise to the seperate cause(s) of action(s) against one or more of the defendant(s) to this action(s), as is already plead, averred, and set out/incorporated in this complaint/petition/affidavit herein, supra.

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law(s), et al.

## XV.  Racketeering Influenced Crime Organization Act(s) Action(s)

299.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as well as the official records of the State of Missouri, Department of Corrections, about which this good and honorable court has been moved/prayed to take judicial notice of and make a record of same, as per Rule(s)/law(s), as well as to make each an exhibit of this complaint/petition/affidavit, as per Rule(s), as described, moved, and prayed for in paragraph one-hundred-five (105) herein, as part of this instant cause of action(s) brought pursuant to, inter alia; the concurrent jurisdiction/authority(ies) of this court with the federal courts of the United States of America, as an action(s) brought pursuant to, inter alia; 18 USC § 1962, et seq., including, 18 USC § 1964, for a Civil Action(s) claim brought under the Racketeering Influenced Crime Organization Act(s) [RICO hereinafter], for their respective interference with interstate commerce, for their respective act(s) to maintain control over an enterprise to continue to collect illegal debt(s), for their respective act(s) to control an employee benefit(s), et al., in each instance whereby which is supported by the facts incorporate as part of this action(s) herewith, et al.

300.  An enterprise existed, in that defendant(s) have, as is evidenced by the fact(s) plead/incorporated in this complaint.

301.  The enterprise(s) that existed had some affect on interstate commerce &/or had an affect on an employee benefit(s), et al.

302.  Defendant(s) derived income(s) from a pattern of racketeering activity(ies).

- 106 -

303. That some part of the income derived was used in acquiring an interest in, or operating, the enterprise.

304. Plaintiff avers that defendant(s) have engaged in at least two instances of racketeering activity(ies) in that they each;

    a.   have attained a position to receive payment from the Missouri Department of Corrections for performing certain specific duties as set out in directives, including written policy(ies), procedure(s), SOP(s) and Office of Professional Standards mandates/guidelines, violation(s) of which would ultimately mandate/predicate dismissal(s) from these position(s) for which defendant(s) receive payment(s) and an employee benefit(s), AND, which defendant(s) have NOT performed the worked prescribed, mandated, etc., on occassions, including on occassions related to the facts plead in this complaint/petition/affidavit;

    b.   have continued a position to receive payment from the Missouri Department of Corrections by frauds, threats, and otherwise obfuscating that the duty(ies)/directive(s) of the employer, in this case the State of Missouri, Department of Corrections, have been disobeyed, disregarded, and gone unfulfilled by defendant(s), whilst they continue to receive payments and employee benefit(s), affecting interstate commerce;

    c.   that these act(s) have occured on more than one occasion(s) such that defendant(s) continue to collect payments for work performed that is not performed on multiple occassions/instances, including those set out

and/or described herein, supra, and utilize adverse act(s) to maintain control over this enterprise whereby which workeres, including defendant(s) continue to receive payments for work performance(s) that are not fulfilled, and/or continue to receive employee benefit(s) related to work not actually performed, which would normanlly result in disciplinary actions and ultimate termination from employment, but do not resultant of the racketeering activity(ies) of defendant(s), and those that are engaged in a common scheme/purpose as described herein, supra.

d.   defendant(s) maintain an interest in the enterprise(s) by continued use of failure(s) to report offender abuse, staffer misconduct, in the retaliation(s)/strong-arming of prisoner(s) that would report the failure(s) of defendant(s) to perform their assigned work in the manner which their employer requires and directs, and the income derived from this enterprise is consistently utilized, from time to time, to further the enterprise(s) described herein.

e.   defendant(s) maintain control in the enterprise, maintain an interest in the enterprise, and/or established the enterprise, and/or operate the enterprise, in that they used income derived therefrom for same.

f.   plaintiff is/was harmed by the violation(s) in that plaintiff was injured by defendaat(s) resultant of/from defendant(s) continued engagement in the activity(ies) of the enterprise, which included that defendant(s) could violate employer mandates/duty assignments/etc. and still

keep deriving income from the enterprise(s) described herein, etc.

305.  Defendant(s) engaged in a pattern of racketeering activity, or the collection of an illegal debt(s), or the collection of an unlawful debt(s), including to maintain an envirnoment whereby which employer directive(s)/mandate(s)/office of professional standard(s) are violated absent losing the income derived from same or the loss of employment, with its benefit(s).

306.  The racketeering activity(ies), the collection(s) of illegal debt(s), &/or the collection of unlawful debt(s), including employee benefit(s), all happenned within ten (10) years of each other of such.

307.  The racketeering acts pose a threat of continued racketeering activity, in that;

　　　　a.  the acts are part of a long-term association that exists of criminal purpose, in that attaining employment, promotion, payments, &/or employee benefits for doing a job that you do not actually do is criminal;

　　　　b.  the acts are a regular way of conducting the defendant(s)' ongoing legitimate business, or;

　　　　c.  the acts are a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.

308.  The acts are not isolated events, but had the same or similar purposes, results, participants, victims, or methods of commision, &/or that they are otherwise interrelated by distinguishing charateristics.

309.  The acts have some relationship with the injury, harms, damages, etc., caused to plaintiff by defendant(s).

310.  Each of the adverse, violative, and illegal act(s) described in this complaint that were committed at the hands of defendant(s) were so committed upon the reliance of each of the defendant(s) on each other and  the other members of the enterprise which cover for each other when they fail to perform the duty(ies), mandate(s), and directive(s) of their employer, and yet continue to keep deriving income from the enterprise as described herein, supra.

311.  Each of the defendant(s) knew of the enterprise and the general nature of the enterprise, in that they each desired to keep deriving income from purported employment activity whilst not having to be held accountable for actually performing same, and/or for violating the mandates, directives, and professional standards of the employer.

312.  Defendant(s) were able to commit the act(s) by virtue of their respective position(s), and involvement(s) in, the affairs of the enterprise(s), and played some part in same.

313.  This action(s) is presented consistent with the precepts as set out in, inter alia;

      a.    Williams v. Mohawk Industries, Inc., 465 F.3d 1277 (8th Cir. 2006;

      b.    United States v. Fairchild, 122 F.3d 605 (8th Cir. 1997), cert. denied, 522 U.S. 1131 (1998);

      c.    United States v. Robertson, 514 U.S. 669 (1995);

      d.    H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989);

      e.    Sedima S. P.R. L. v. Imrex Co., 473 U.S. 479 (1985);

      f.    Boyle v. United States, 566 U.S. 938 (2009);

      g.    United States v. Turkette, 452 U.S. 576 (1981);

h.    Bridge v. Phoenix Bond & indemnity Co., 553 U.S. 639 (2008);

i.    Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006);

j.    Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992);

k.    United States v. Keltner, 147 F.3d 662 (8th Cir. 1998), cert. denied, 525 U.S. 1032 (1998);

l.    United States v. Darden, 70 F.3d 1507 (8th Cir. 1995), cert. denied, 517 U.S. 1149 (1996);

m.    Nelson v. Nelson, 833 F.3d 965 (8th Cir. 2016);

n.    4 Modern Federal Jury Instruction-Civil P84.02, et seq.;

o.    4 Modern Federal Jury Instruction-Civil P84.03, et seq.;

p.    4 Modern Federal Jury Instruction-Civil P84.04, et seq., et

q.    al.

314.  Plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) for this cause(s) of action(s) the same as are prayed for in paragraph two-hundred-nineteen (219) and two-hundred-eighty-four (284) herein, supra, for this cause of action(s) in each instance whereby which a separate act(s) described/incorporated herein gives rise to the separate cause(s) of action(s) against one or more of the defendant(s).

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are prayed for herein, and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action(s), having found same meet and just so to do, as per Rule(s)/law(s), et al.

## XVI.    Punitive Damage(s)

315.  Plaintiff does hereby incorporate any/all/each of the paragraphs contained in this complaint, supra et infra, as part of this instant cause(s) of action(s) for punitive damage(s), special damage(s), et al., filed pursuant to state/federal law(s)/ Court Rule(s) promulgated by the Supreme Court of Missouri predicated upon the powers granted it by Article V, Section 5, Missouri Constitution, and Article II, Section 1 of same, and the relevant law(s) of the United States of America enacted by congress pursuant to the powers granted it by the Constitution of the United States of America, as amended, et al.

316.  By reason of the willful and wanton conduct of any/all/each defendant(s), individually, severally, jointly, plaintiff is entitled to recover punitive damages in an amount sufficient enough to punish and deter defendant(s) and others similarly situated from committing the same or similar wrongful, violative, tortious, and adverse actions/ in-actions as those of defendant(s)', for which he prays that this good and honorable court would grant him, for any/all/each of the causes of action/misconduct/etc. applicable to same, by a finder-of-fact(s), including a jury of peers, as per law(s)/Rule(s).

WHEREFORE, plaintiff does hereby pray that this good and honorable court would grant plaintiff the relief/remedy(ies) as are set out herein, including, inter alia; special damages; punitive damages, et al., and for whatsoever additional relief/remedy(ies) as this good and honorable court is pleased to grant plaintiff in this action, having founds same meet and just so to do, as per Rule(s).

## Joining and Severing Allegation(s)/Cause(s) of Action(s), &tc.

317.  Plaintiff does hereby incorporate each of the paragraph(s) set out in this complaint/petition/affidavit, and does present, aver, plead, and pray that in any/all/each instance whereby which circumstances may require, that each cause of action, each element, and each defendant(s) for same be included in one, or multiple action(s)/instruction(s) at trial by jury, consistent with the precepts set out for multi-claim/multi-party jurisdiction in this state, as has been set out herein, or as is provided by law/Rule(s), including the decisions of courts relevant to same.

318.  In each instance whereby which a portion of this complaint may be dismissed or separated into another seperate cause of action/case/complaint, and/or in each instance whereby which any/all/each defendant(s) may  be dismissed from one or more causes of action(s) raised in this complaint, that the remaining of same be unaffected by same, and the appropriate time be granted plaintiff to amend/file such to perfect claims for relief and plead facts thereof in another complaint, pursuant to, inter alia; Mo. Sup. Ct. R. 67.06, et seq., et al.

319.  In each instance whereby which a separate cause of action may be more appropriately created for any/all/each defendant(s) plaintiff prays for same, and notes that his complaint is created without the benefit of word processing equipment/software such that that would could be set out herein is set out in as composite fashion as would preserve each potential cause of action yet could be articulated by plaintiff in as few pages as possible whilst still making a definite statement concerning each.

320.   Caselaw and court decisions cited herein are so cited to clarify, suggest, and support the causes of actions presented herewith.

### Verification of Complaint/Petition/Affidavit

COMES now plaintiff/petitioner/affiant to make known by these presents that he does hereby verify/certify that the statements of facts, averments, arguments, citations, incorporations, invocations, suggestions, and prayers for relief/remedy(ies) as are set out/incorporated herein, by reference, et al., are TRUE and ACCURATE and are so made of his own free will act and deed, under oath, and under the penalties of making false statements/perjury, as is evidenced by his signature herein below.   Plaintiff/petitioner/affiant presents himself before this good and honorable court by-and-through the only means available to him, vis-a-vis First Class U.S. Mail, in that he is estopped from presenting himself before the court or clerk thereof to be administered oaths in person, due to the conditions of his confinement beyond his reasonable control. So attested to and made an affidavit thereof hereiwth.

Cordially & Respectfully Submitted,

/s/ _____    2-5-2023
Steven Stafford                   *Date
MO-DOC No. 865963
ERDCC GP HU6B-101 / Legal Mail
2727 HWY K
Bonne Terre, Missouri  63628-3430
United States of America

## <u>Certificate of Service - Notice of Hearing(s)</u>

COMES now plaintiff/petitioner/affiant to make known by these presents that he has provided a copy of the fore-going to the defendant(s)/interested party(ies) in this action(s), or their counsel(s), by First Class U.S. Mail, or that same are available to them electronically, as per Rule(s).

FURTHER, plaintiff provides herewith notice of hearing(s) on this and any/all/each pending matter(s), issue(s), controversy(ies) before this good and honorable court, providing notice of hearing requisite by, inter alia; Mo. Sup. Ct. R. 44.01(d); & R. 2-2.6; Local Court Rule(s); 8.1; 13.2; 32.2; 33.1; 33.2; 77.03/69.07, et al., etc., on;

Friday, 17 February 2023 at 9:00 A.M., or at such a time as this good and honorable court is pleased to hear same.

/s/ _Sf Steffc_      2-5-2023

Steven Stafford      *Date
MO-DOC No. 365963
ERDCC GP HU6B-101 / Legal Mail
2727 HWY K
Bonne Terre, Missouri  63628-3430
United States of America