UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BYRON CLEMONS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHELLE BASHAM, et al., )<br>)<br>Defendants. )<br>) | Case No. 4:22-cv-00158-SRW |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR AN ADVERSE INFERENCE FOR
SPOLIATION OF EVIDENCE**

Defendants Anne L. Precythe, Matt Strum, Douglas Worsham, David Vandergriff, Matt Raymond Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, Bill Strange, Gregory Hancock, Teri Vandergriff and Kelly Morris, by and through counsel, submit the following response in opposition to Plaintiffs' Motion for Adverse Inference for Spoliation of Evidence.

Plaintiffs' motion should be denied because (1) Plaintiffs are not prejudiced by the failure to provide video of incidents unrelated to Plaintiffs' underlying claims; (2) Defendants are individual employees of the Missouri Department of Corrections who do not maintain the ability or a duty to preserve video evidence, even if the recordings captured relevant evidence;

and (3) Plaintiffs are unable to show intent, fraud or deceit or any other legal reason for an adverse inference.

I. **Plaintiff's allegations of spoliation fail to demonstrate that Plaintiffs are prejudiced**

Plaintiffs' description of the alleged spoliation of evidence is contained on pages 2-3 of the Plaintiffs' motion. Plaintiffs state:

> The entirety of this incident from the initial attack in Housing Unit Four to Plaintiffs' night of agony in Administrative Segregation is captured on the ERDCC's security cameras. The ERDCC has camera on every building, including Unit Four and Housing Unit 1.*See* Stafford Dep. 11:21-23. There are at least two cameras outside of Housing Unit 4, facing the direction of the officers' attack against Stafford. *Id.* at 11:21-12:2; 93:12-23. There are cameras pointed at where officers walked Plaintiffs barefoot across the yard. *See* Vandergriff Dep. at 41:20-23. There are cameras outside Unit 2, an Administrative Segregation unit directly adjacent to Housing Unit 1, where Plaintiffs were ultimately taken. Ragan Dep. at 106:3-11... Defendants have not made any videos from these cameras available.

As an initial matter, Plaintiffs fail to instruct the Court that video of the Plaintiffs being pepper-sprayed in housing unit four, for repeatedly ignoring the orders of the Defendants to disperse, was recorded and provided to counsel for Plaintiffs. As such, Plaintiffs cannot assert that no video of the operative incident was captured and provided, because it was.

Instead, Plaintiffs seek an adverse inference based upon the alleged lack of video outside of the area wherein Plaintiffs were sprayed. As noted by Plaintiffs, these areas include (1) housing unit one and (2) the walk between housing units one and four. But plaintiffs' claims do not arise from the walk between housing units or even the events – if any – in housing unit 4. In other words, Plaintiffs' base their motion on the alleged spoliation of evidence, when the evidence that Plaintiffs purportedly seek has nothing to do with their underlying claims. For example, Plaintiffs fail to show how the walk between housing units is related to the claims in this case. That is because there is no relation.

Plaintiffs have been provided with evidence related to the incident at the center of this case, and Plaintiffs' efforts to obtain a spoliation instruction based upon the lack of evidence from other cameras, which theoretically captured undescribed incidents that are not relevant to Plaintiffs' claims, should be denied. The motion should also be denied because Plaintiffs have

failed to show a duty of preservation by these defendants and/or that defendants acted in a manner designed to deceive.

## II. Defendants did not *intentionally* destroy evidence or have a *duty* to preserve evidence

The spoliation doctrine requires "evidence showing intentional destruction of the item, and also such destruction must occur under circumstances which give rise to an inference of fraud and a desire to suppress the truth. In such cases, it may be shown by the proponent that the alleged spoliator had a *duty,* or should have recognized a *duty,* to preserve the evidence." *Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 77 (Mo. Ct. App. 1995) (emphasis in original); *see also Brown v. Hamid*, 856 S.W.2d 51, 56-57 (Mo. 1993) (citing *Moore v. General Motors,* 558 S.W.2d 720, 733 (Mo. Ct. App. 1977)).

Here, Plaintiffs have provided no evidence showing the "intentional" destruction of the video. That is because no such evidence exists. Rather, the video recordings at issue in Plaintiffs' motion were inadvertently overwritten as part of the normal process/procedure that the Department of Corrections maintains for video recordings. Plaintiffs have also failed to show a duty on the part of these Defendants to preserve video recordings. For these reasons, the motion should be denied.

### III.   Plaintiffs have provided no evidence of fraud or deceit

"When spoliation is urged as a rule of evidence which gives rise to an adverse inference, it is necessary that there be evidence showing intentional destruction of the item, and also such destruction must occur under circumstances which give rise to an inference of fraud and a desire to suppress the truth." *DeGraffenreid v. R.L. Hannah Trucking Co.*, 80 S.W.3d 866, 873 (Mo. Ct. App. 2002) *rev'd on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. 2003).

In *Carroll v. Kelsey*, Plaintiffs filed a wrongful death suit after their son was struck and killed by a vehicle driven by defendant. *Carroll v. Kelsey*, 234 S.W.3d 559, 561 (Mo. Ct. App. 2007).  They sought an adverse inference, arguing defendant intentionally destroyed evidence by repairing his truck three weeks after he was served with suit. *Id.* at 565, 566. The court noted, if the evidence was found to have been destroyed "[t]he question then becomes whether [defendant] provided the court with a satisfactory explanation." *Id.* at 566.  The defendant testified during his deposition that his "insurance company told him he could have the damage repaired if he so chose." *Id.*  He further stated no one ever told him he could not repair the truck, and "neither [plaintiffs'] counsel or their expert ever contacted him to inspect the truck or ask that he not repair the damage." *Id.*  In applying the spoliation

doctrine, the *Carroll* court found that the only evidence produced by plaintiffs to show defendant's desire to suppress the truth was the timing of the repair, which the court found to be insufficient. *Id.*

Here, Plaintiffs also fail to show any evidence of fraud or deceit. Again, the overwriting of video here was unintentional and unrelated to any duty of these Defendants.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion for an Adverse Inference for Spoliation of Evidence, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ R. Ryan Harding*
R. Ryan Harding, Bar # 52155
Assistant Attorney General
207 West High Street
Jefferson City, Missouri 65101
(573) 751-8260
Ryan.Harding@ago.mo.gov

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record. I further certify that a copy of the foregoing was mailed via United States mail, first class, postage pre-paid to:

Doris Falkenrath
4056 S. Hampton Drive
Jefferson City, MO 65109
*Defendant Pro se*

/s/ R. Ryan Harding
Assistant Attorney General