UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

REGINALD BYRON CLEMONS, et al.;

   Plaintiffs,

v.

MICHELLE BASHAM, et al.;

   Defendants.

Case No. 4:22-cv-158-SRW

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR AN ADVERSE INFERENCE FOR SPOLIATION OF EVIDENCE**

1

## ARGUMENT

**I.  Defendants Failed to Show Cause and Do Not Cite Any Controlling Authority for Their Claims.**

Defendants' late filing fails to make a single citation to the record or even one citation to any controlling federal law. Eighth Circuit Courts have, in some instances, granted relief when the opposing party fails to meaningfully respond with supporting evidence. *See, e.g., Northwest Bank and Trust Co. v. First Illinois Nat'l Bank*, 354 F.3d 721, 727 (8th Cir. 2003) (granting summary judgment when opposition "failed to set forth the facts underlying such a claim with the requisite particularity); *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (finding that "failure to oppose a basis for summary judgment constitutes waiver of that argument."). That relief is proper where, as here, Defendants' untimely opposition does not clash Plaintiffs' motion.

Additionally, Defendants failed to respond to this Court's order to show cause. *See* ECF 133 (ordering Defendants to show cause for failure to timely respond to Plaintiffs' motion for Sanctions at ECF 118). Rule 37(b) permits courts to impose sanctions, like here, for a party's failure to respond to an order to show cause.

**II.  Defendants Misstate the Standard for Proving Prejudice and Misrepresent the Record with Regard to Prejudice.**

Defendants dedicate one section to arguing that Plaintiffs have not proven that the destruction of video evidence prejudiced them. *See* ECF 134 at 2-4. Defendants make zero citations to *any* case in support of this argument. *Id.* They claim, without supporting evidence, that their limited production of video means that Plaintiffs are not prejudiced. *Id.* at 3.

At bottom, Defendants' argument is that their production of some video evidence excuses their destruction of other video evidence. ECF 134 at 3. This is incorrect. In discovery, Defendants produced "three angles of video," one angle showing some Plaintiffs walking

2

outside after being maced and "two angles showing the interior of Housing Unit 4B." ECF 118 at 4. Defendants claim that the entire relevant incident was captured on the provided footage. ECF 134 at 3. But, as Plaintiffs explain in their brief, Plaintiffs' claims include Defendants' actions in the yard and continue into the Administrative Segregation wing in Housing Unit One, where Defendants slammed one Plaintiff face-first into the ground and left Plaintiffs without medical attention. ECF 118 at 3.

Again, Defendants provided no footage showing either the yard or Administrative Segregation, despite the existence of cameras in these areas. ECF 118 at 3-4. Their failure to do so prejudices Plaintiffs because when evidence is the "only recording" available, its loss is prejudicial to Plaintiffs. *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004). And even if it was not the only evidence, the mere fact that it would be helpful to Plaintiffs' claims means that it is prejudicial. *See Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 268 (8th Cir. 1993) (affirming a district court's finding of prejudice where the destroyed evidence would have been merely "helpful.").

### III. The Evidence Shows that Defendants Intentionally Destroyed the Evidence to Suppress the Truth.

Relying exclusively on state court decisions, Defendants misstate the standard for intentional destruction of evidence. ECF 134 at 4. Defendants focus narrowly on whether "an alleged spoliator had a duty" and ignore Eighth Circuit case law establishing other means of showing intentionality. *Id.*

*Stevenson* paints a clear picture of when a defendant's failure to produce evidence can amount to intentional destruction. 354 F.3d 739 (8th Cir. 2004). There, the defendants destroyed a voice tape "pursuant to a routine policy" but did so with "knowledge that litigation is frequent when there has been an accident involving death or serious." *Id.* at 748.

3

That was enough for the Eighth Circuit to uphold a district court's determination of intentional destruction. *Id.*

Here, the facts demonstrating intent are even stronger than the facts in *Stevenson*. First, counsel for Defendants admit that "[i]t is DOC policy to automatically retain any video footage which depicts 'use of force.'" ECF 118-1. Plaintiffs' macing was a major, violent incident at the prison that garnered widespread attention among staff and prisoners. So, Defendants destroyed the footage in violation of its own policy.

Second, and even more instructive, Defendants had actual knowledge of forthcoming litigation and were even specifically notified by Plaintiffs of their duty to preserve the videos. *See* Exhibit 1 - Steven Stafford Dep. at 106:2-3; *See* Exhibit 2 - Steven Stafford Grievance Requesting Litigation Hold. These facts—Defendants' destruction contrary to policy and Defendants' knowledge of forthcoming litigation—are more than sufficient for the court to find intentional destruction. *Stevenson*, 354 F.3d at 748.

Finally, citing only state court decisions, Defendants mistakenly suggest that the Court must separately find that Defendants acted with "fraud or deceit." ECF 134 at 5-6. But *Lincoln Composites, Inc. v. Firetrace USA, LLC* spells out the Eighth Circuit's test for granting an adverse inference: "(1) there must be a finding of intentional destruction indicating a desire to suppress the truth, and (2) there must be a finding of prejudice to the opposing party." 825 F.3d 453, 463 (8th Cir. 2016) (quoting *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013)). While fraud is evidence of intentional destruction, "the intentional destruction of evidence indicating a desire to suppress the truth" is a single inquiry, and if a court finds evidence indicating that desire, the threshold is met. *See Stevenson*, 354 F.3d at 748. Both in their initial brief and in Section III above, Plaintiffs prove that Defendants acted with that intent.

4

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for sanctions and award Plaintiffs an adverse inference on the footage Defendants have failed to produce.

Dated: July 24, 2025

Respectfully Submitted,

CAIR LEGAL DEFENSE FUND

**/s/ Lena F. Masri**
Lena Masri (VA 93291)
Gadeir Abbas (VA 81161)*
Nadia Bayado (DC 90023648)
Catherine Keck (DC 90027891)

453 New Jersey Ave SE
Washington, D.C. 20003
Tel: (202) 742-6420
Email: ldf@cair.com

*Mr. Abbas is admitted in VA.*
*Practice limited to federal matters.*

*Counsel for Plaintiffs*