**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD BYRON CLEMONS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-158 SRW |
| | ) | |
| MICHELLE BASHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

In accordance with the Status Conference held on this date and attended by counsel for

Plaintiffs and Defendants,

**IT IS HEREBY ORDERED** that all pretrial filings are due **February 5, 2026**, including

the following:

**1.**     Stipulation:  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used in Voir Dire).

**2.**     Witnesses:

        (a)     Deliver to opposing counsel, and file with the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

        (b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.**     Exhibits:

        (a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall mark exhibits P-1, P-2, P-3, etc. Defendants shall mark exhibits D-1, D-2, D-3, etc.) and deliver to opposing counsel and file with the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)    Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)    No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

(d)    Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **by February 10, 2026** may be considered waived.

4.    <u>Depositions, Interrogatory Answers, and Request for Admissions</u>:

(a)    Deliver to opposing counsel and file with the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. B**y February 10, 2026,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5.    <u>Instructions</u>:

(a)    Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

(b)    Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

(c)    Parties shall submit a clean copy and a dirty copy of each instruction proffered. A clean copy for the jury will reflect only Instruction No. _____ at the top with no further explanatory comments at the top or bottom of the page.

6.    <u>Trial Brief</u>:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.**     <u>Motions in Limine</u>:  File all motions in limine to exclude evidence and submit a courtesy copy directly to the Court's chambers.

**8.**     Additionally, the parties must file any additional briefings for the Court to consider on Plaintiff's Motion for Sanctions, ECF No. 118.

**IT IS FURTHER ORDERED** that shall the parties wish to brief issues of exhaustion of remedies, that shall be due no later than **January 21, 2026**. Briefs in opposition shall be filed by January 28, 2026, and any reply briefs shall be filed by February 4, 2026.

**IT IS FURTHER ORDERED** that pretrial conference will be held on **February 12, 2026**, at **10:30 a.m.**

**IT IS FURTHER ORDERED** that the Court shall keep on the docket a status conference only if needed by the parties on **February 26, 2026**, at **10:00 a.m.**

**IT IS FURTHER ORDERED** that the state must pay for the expedited transcript of the 30(b)(6) witness to take place no later than January 29, 2026.

So Ordered this 7th day of January, 2026.

_____
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**