UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

REGINALD BYRON CLEMONS, et al.;

Plaintiffs,

v.

MICHELLE BASHAM, et al.;

Defendants.

Case No. 4:22-cv-158-SRW

# PLAINTIFFS' SUPPLEMENTAL BRIEF RE: PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE (ECF 118)

## Introduction

On June 10, 2025, Plaintiffs filed a Motion for Sanctions for Spoliation of Evidence. ECF 118. In Plaintiffs' Motion, they allege that Defendants willfully and wantonly destroyed video footage which would corroborate Plaintiffs' claims regarding their assault by officers on February 28, 2021. Plaintiffs requested that the Court enter an adverse inference that Plaintiffs' allegations of injuries occurring outside the dayroom in Housing Unit 4B, particularly those occurring on the front porch of Housing Unit 4B and in the administrative segregation unit in Housing Unit 1, are true. *See* ECF 118 at 7. Following the briefing and a hearing on this Motion, the Court required parties to collect additional evidence to supplement the record regarding the video destruction. Plaintiffs now supplement their briefing and respectfully request that this Court grant its Motion for Sanctions.

## Background

1

On February 28, 2021, nine Muslim inmates gathered to pray in the dayroom of Honors Housing Unit 4B at the Eastern Diagnostic Reception and Correctional Facility at Bonne Terre, Missouri. This prayer resulted in Correctional Officers brutally pepper-spraying and restraining seven of the nine inmates. Afterwards, seven inmates were dragged from the housing unit, marched across the facility yard, and through two housing units to administrative segregation in Housing Unit 1. Along the way, Plaintiffs allege that Steven Stafford was thrown to the ground and assaulted on the porch of Housing Unit 4; that Defendants marched Plaintiffs Clemons, Stafford, Hood, Holliman, Howard, Moore, and Harris across cold, muddy grounds in their socks; and that the Plaintiffs in administrative segregation were denied medical treatment and not provided adequate clothing or hygiene materials.

Following the incident, Plaintiffs put Defendants on notice that the video should be preserved. Specifically, Plaintiff Steven Stafford filed a grievance in which he informed the facility that he would be pursuing legal action regarding the incident and explicitly demanded that the facility preserve "all surveillance footage of and video camera that can track all acts perpetrated on ERDCC, Bonne Terre, on February 28, 2021 at 9:15pm est thru March 1, 2021 3:30pm est or until the last inmate was allowed to shower." ECF 135-2 at 8. Other Plaintiffs filed similar grievances regarding the incident. Regardless, when Plaintiffs requested all videos from the incident during discovery, Counsel for Defendants revealed that all but three videos had been destroyed. The only existing videos show two angles of the attack in the dayroom of Housing Unit 4B and only part of the Plaintiffs' walk from Housing Unit 4B to administrative segregation. Defendants deleted and recorded over footage, including the front porch of Housing Unit 4B, the remainder of Plaintiffs' walk outside to administrative

segregation at Housing Units 1 and 2, and video surveillance from administrative segregation in Housing Units 1 and 2.

### Argument

Plaintiffs are entitled to an adverse inference instruction on their facts relating to the use of force on the Housing Unit 4 porch, the walk to Housing Unit 1, and in the administrative segregation unit. Rule 37(e) provides a remedy for a party when an opposing party destroys, mutilates, conceals, or otherwise alters evidence. *See* Fed. R. Civ. Pro. 37(e)(2)(A) (allowing a remedy to infer "that the lost information was unfavorable to the [nonmoving] party); *See* Black's Law Dictionary (11th ed. 2019) (defining "spoliation"). Spoliation requires evidence of (1) intentional destruction of evidence indicating a desire to suppress the truth, and (2) resulting prejudice to the moving party. *See Lincoln Composites, Inc. v. Firetrace U.S.A., LLC*, 825 F.3d453, 463 (8th Cir. 2016).

Evidence produced through discovery demonstrates that Defendants intentionally destroyed video evidence of Plaintiffs' injuries. Acknowledging that direct evidence of intent to destroy evidence is rare, courts in this Circuit allow circumstantial evidence to show intent sufficient to satisfy Rule 37(e). *See Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004); *Jones v. Riot Hospitality Grp.*, 95 F.4th 730, 735 (9th Cir. 2024). The Eighth Circuit has found evidence of intent where a party destroyed evidence with "knowledge that litigation is frequent" in similar circumstances. *See Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004). Plaintiffs have surpassed that evidentiary bar here.

In addition to the evidence attached to the original briefing, further discovery has established that Defendants intentionally destroyed evidence regarding incidents at the heart of Plaintiffs' claims. In a deposition taken on June 24, 2025, Matthew Raymond, former

3

Deputy Warden at ERDCC, confirmed that it was policy at the Missouri Department of Corrections to preserve video footage of use-of-force incidents. Exhibit A, Transcript of Raymond Deposition at 230:6–231:12. In fact, Mr. Raymond confirmed that "If it was a use of force, they would record that use of force and save the video." *Id.* at 231:10–12. Additionally, Mr. Raymond confirmed that at ERDCC there were cameras outside all housing units and inside administrative segregation units, and he testified that he had seen video recordings of the inside of the ad seg units. *Id.* at 231:13–232:2. Mr. Raymond even confirmed that there should be video footage of Plaintiffs entering the administrative segregation unit, regardless of whether that building was closed down. *Id.* at 235:22–236:4. When specifically referring to video evidence of Plaintiff Stafford being tackled to the ground on the porch of Housing Unit 4, Mr. Raymond stated that it was a use-of-force incident that would require the preservation of the video footage taken by the camera on Housing Unit 4, and that all video footage of the walk from Housing Unit 4 all the way to administrative segregation should have been preserved as it relates to the use of force incident that took place in Housing Unit 4. *Id.* at 240:11–241:15. No such evidence was produced to Plaintiffs and is at issue in this briefing.

  Defendant Adam Simonton, a former Correctional Officer at ERDCC, also confirmed in a deposition taken on September 25, 2025, that cameras are present in every housing unit, facing the units' entrances and the yards, so a camera would have captured Plaintiffs' entire walk across the yard, their approach to Housing Unit 1, and their entrance into the building. Exhibit B, Transcript of Simonton Deposition at 168:8–15, 171:9–173:6, 174:1–21. Plaintiffs were not provided the full footage of the walk; instead, they received only footage of the walk directly outside Housing Unit 4. Plaintiffs were also not provided with the footage that would

4

have been taken of the porch of Housing Unit 4, where use of force was used on Plaintiff Stafford. Plaintiffs were also not provided with any footage of their approach to the administrative segregation unit or of their entrance inside the building. *See Id.*

Defendants' intentional destruction of video evidence, including evidence in administrative segregation, Plaintiffs at the medical bay, during their walk from Housing Unit 4 to administrative segregation at Housing Units 1 and then 2, and on the Porch of Housing Unit 4, undoubtedly prejudices Plaintiffs. As detailed in Plaintiffs' original spoliation briefing, without the video evidence requested of these critical moments, Plaintiffs are left with little more than their word to prove the veracity of their claims against Defendants. The video evidence in this case is especially important, for example, in support of Plaintiffs' Eighth Amendment Failure to Provide Care claim, in which the Plaintiffs seek to demonstrate that the medical records from the night of February 21, 2021, were inaccurate. In destroying the video footage related to Plaintiffs' claims, Defendants destroyed the only recording that would show exactly what happened to Plaintiffs, which renders the destruction per se prejudicial. *See Stevenson*, 354 F.3d at 748.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant its Motion for Sanctions for Spoliation of Evidence and require an adverse inference instruction that Plaintiffs' allegations related to the injuries that, but for the destruction of evidence, would have been captured on video are true.

February 5, 2026                                                       Respectfully Submitted,

                                                                        CAIR LEGAL DEFENSE FUND

BY: /s/ Lena F. Masri
Lena F. Masri (1000019DC)
lmasri@cair.com
Gadeir Abbas (81161VA)*
gabbas@cair.com
Nadia Bayado (31304DC)
nbayado@cair.com
Catherine Keck (90027891DC)
ckeck@cair.com

453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

*Mr. Abbas is admitted in VA.
 Practice limited to federal matters.

Co-Counsel for Plaintiffs

CROSS LAW PLLC

Ian T. Cross (P83367MI)
ian@lawinannarbor.com

402 W. Liberty St.
Phone: 734-994-9590
Fax: 888-320-9382

Co-Counsel for Plaintiffs
