IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

**REGINALD CLEMONS**, et al.,

    Plaintiffs,

v.

**MICHELLE BASHAM**, et al.,

    Defendants.

Case No.: 4:22-cv-00158-SRW

### PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs Reginald Clemons, Steven Stafford, Montrell Moore, Vincent Hood, Wendell Harris, Mark Holliman, Pre'Marcus Howard, Mandell Kent and Michael Smith, through counsel, move the Court for an order *in limine* precluding Defendants and their counsel from referring to, interrogating witnesses concerning, or conveying to the jury in any manner evidence or argument on the following issues: 1) the specific felony offenses that Plaintiffs have been convicted of, the lengths of their prison sentences, and the length of time they have each been imprisoned, 2) Plaintiffs' prison disciplinary records covering incidents not at issue in this case, and 3) any reference to Plaintiffs with derogatory terms such as "offenders," "convicts," "felons," etc., or reference to the Eastern Reception, Diagnostic, and Correctional Center as a "maximum-security" prison.

### PRELIMINARY STATEMENT

In this § 1983 action, Plaintiffs allege that Defendants violated their constitutional and statutory rights by prohibiting them from praying together in the dayroom of their housing unit,

1

and by pepper-spraying them while they were peacefully engaged in congregational Islamic prayer.  Plaintiffs anticipate that Defendants may attempt to offer irrelevant and highly prejudicial evidence at trial, including their criminal histories and prison disciplinary records. As set forth more fully below, Plaintiffs' criminal histories and unrelated prison disciplinary infractions are not only irrelevant to the issues but extraordinarily prejudicial and should be excluded under Rules 402, 403, 404, and 609.

**ARGUMENT**

**I.   THE SPECIFIC FELONY OFFENSES PLAINTIFFS HAVE BEEN CONVICTED OF SHOULD BE EXCLUDED UNDER RULES 402, 403 AND 609**

Plaintiffs move to exclude the specific natures of their prior felony convictions and the length of their prison sentences as irrelevant and unfairly prejudicial under Fed. R. Evid. 402 and 403. Under Fed. R. Evid. 609(a), evidence of a witness's criminal conviction is typically inadmissible, with two limited exceptions. These are: (1) felonies, *but only if the relevance of the crime is not substantially outweighed by its prejudicial effect*, and (2) crimes of dishonesty and false statement. Under Rule 609(a)(1), evidence of a witness's prior felony conviction not involving dishonesty is admissible only subject to the Rule 403 probative/prejudicial balancing test. The Committee Notes to the 1990 amendments to Rule 609 specifically explain that the rule "reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." *See* 1990 Amendments Notes. Furthermore, the Committee Notes make clear that while

2

the rule does not "forbid all use of convictions to impeach a defendant, it requires that the government show that the probative value of convictions as impeachment evidence outweighs their prejudicial effect." *Id.* "'Unfair prejudice' (under Rule 403) means an undue tendency to suggest a decision on an improper basis, commonly, although not necessarily, an emotional one." *Walker v. Kane*, 885 F.3d 535, 540 (8th Cir. 2018).

Several Plaintiffs in this case have been convicted of atrocious crimes that, if disclosed, would likely inflame the jury and produce insurmountable bias against them. Plaintiff Reginald Clemons has been convicted of two counts of rape and two counts of murder, Plaintiff Montrell Moore was convicted of murder and child abuse resulting in death, Plaintiff Steven Stafford was convicted of 1st-degree murder, Plaintiff Vincent Hood was convicted of forcible sodomy, and Plaintiff Mark Holliman was convicted of sexual misconduct involving a child under the age of 15.[1]

The Eighth Circuit has recognized that certain crimes, including sexual crimes against children, are so inflammatory that the exclusion of the name of the specific felony offense is appropriate under Rule 403 even when the felon is merely a non-party witness. *See United States v. Ford*, 17 F.3d 1100, 1103 (8th Cir. 1997) (affirming trial court where "jury was told that [non-party witness] had a felony conviction but the court excluded the specific nature of the offense as overly prejudicial"); *United States v. Chaika*, 695 F.3d 741, 744-745 (8th Cir. 2012) (affirming exclusion of non-party witnesses' child sex offense as unfairly prejudicial under Rule 403). Here, where the witnesses are also the plaintiffs, the risk of unfair prejudice is substantially greater

---

1 None of these offenses involve dishonesty or a false statement, so they are not admissible under Fed. R. Evid. 609(b). *See Foulk v. Charrier*, 262 F.3d 687, 699 n.11 (8th Cir. 2001).

3

than in *Ford* and *Chaika*. The jury in the instant matter will be tasked not only with evaluating the credibility of witnesses who sexually abused or murdered children, but also with awarding money damages to such individuals for pain and suffering. There is an overwhelming risk that jurors who are informed of Plaintiffs' offenses will, rather than deciding this case on the merits, simply refuse to award non-economic damages to some or all of Plaintiffs on account of the reprehensibility of their prior criminal conduct. *See, e.g., Coles v. City of Chicago*, No. 02 C 9246, 2005 U.S. Dist. LEXIS 14950 at *9-*10 (N.D. Ill. July 22, 2005); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993); *Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) ("A murder conviction … has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired.").

When a § 1983 plaintiff has been convicted of a heinous crime not involving dishonesty or a false statement, courts in the Eighth Circuit routinely permit impeachment of the plaintiff-witnesses' character for truthfulness only with the fact that the plaintiff-witness has been convicted of an unspecified felony, while excluding both the name of the offense and the length of the sentence. *See Taylor v. Unknown Bailey*, No. 4:12-CV-614, 2016 U.S. Dist. LEXIS 113778 at *4-*5 (E.D. Mo. Aug. 25, 2016) (in prisoner civil rights case, defendant not permitted to disclose sentence length or the fact that prisoner-plaintiff's felony conviction was for rape); *Williams v. Roper*, No. 4:13-CV-2440, 2018 U.S. Dist. LEXIS 47147 at *6 (E.D. Mo. Mar. 22, 2018) (holding that the fact that prisoner-plaintiff's conviction was for murder and the length of his sentence were properly excluded under Rule 403); *Foulk v. Charrier*, 262 F.3d 687, 699 (8th Cir. 2001) (in prisoner civil rights case, affirming trial court's exclusion of the fact that plaintiff's

convictions were for rape and sodomy); *Henry v. Russell,* No. 06-6125-CV-SJ-FJG, 2010 U.S. Dist. LEXIS 100409 (W.D. Mo. Sep. 23, 2010) ("allowing into evidence the fact that plaintiff was convicted of second degree murder would be unduly prejudicial. . . . Defendant shall not introduce into evidence or mention plaintiff's criminal history, the crime he was convicted of, the length of his sentence or how long he has been in prison.").

This case is about whether Defendants violated Plaintiffs' constitutional and statutory rights, not whether Plaintiffs are good or bad people. Defendants should not be permitted to stoke moral condemnation and outrage by informing the jury of the nature of Plaintiffs' crimes, thus shifting the jurors' focus away from the conduct at issue in this lawsuit and toward Plaintiffs' irrelevant prior bad acts. The court should allow the jury to be informed only that the Plaintiffs were convicted of unspecified felonies and sentenced to time in prison, without disclosing the specific offense, length of sentence, or length of time that Plaintiffs have been imprisoned. Such information has little or no relevance in this matter and should be excluded under Rules 402 and 403.

## II. PLAINTIFFS' DISCIPLINARY RECORDS COVERING INCIDENTS THAT ARE NOT AT ISSUE IN THIS CASE ARE NOT ADMISSIBLE

It is anticipated that Defendant may attempt to introduce evidence of Plaintiffs' prison disciplinary records, either to generally attack Plaintiffs' "credibility," or to imply that Plaintiffs must have physically resisted during the events of February 28, 2021, because they are badly-behaved or violent people. This is what Rule 404(b)(1) expressly prohibits. Plaintiff's unrelated bad acts are not relevant to the issues to be litigated in this action, are highly prejudicial, and should be excluded under Federal Rules of Evidence 402, 403, and 404.

5

"Rule 404(b)(1) prohibits using "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."" *United States v. Wright*, 993 F.3d 1054, 1061 (8th Cir. 2021). Rule 402 provides that "[i]rrelevant evidence is not admissible." Plaintiffs' prison misconduct violations, other than those that stem from events at issue in this case, are both irrelevant and not probative of anything other than Plaintiffs' character. As such, they are inadmissible. *See, e.g.*, *Hynes v. Coughlin*, 79 F.3d 285, 293 (2d Cir. 1996) (finding admission of prison disciplinary records to be reversible error in a prisoner's civil rights case)*; Lewis v. Velez*, 149 F.R.D. 474, 481 (S.D.N.Y. 1993) (holding that "plaintiff's disciplinary history is not admissible to impeach his credibility" in prisoner civil-rights case); *Eng v. Scully*, 146 F.R.D. 74, 77-78 (S.D.N.Y. 1993) ("disciplinary records are not admissible for any purpose"); *Pickens v. Jackson*, No. 2:09CV00081 JLH, 2012 U.S. Dist. LEXIS 124828 at *2-*3 (E.D. Ark. Sep. 4, 2012) (same).

### III.    DEFENDANTS SHOULD BE PRECLUDED FROM REFERRING TO PLAINTIFFS AS "OFFENDERS," "CONVICTS," "FELONS," etc., OR FROM REFERRING TO E.D.R.C.C. AS A "MAXIMUM-SECURITY" PRISON

There is a constitutional right to a fair trial in a civil case. *Estes v. State of Tex.*, 381 U.S. 532, 540 (1965) ("We have always held that the atmosphere essential to the preservation of a fair trial—the most fundamental of all freedoms—must be maintained at all costs."). To that end, courts should take reasonable steps to ensure that an inmate-litigant's right to a fair trial in a civil action is not unnecessarily marred by his status as an inmate. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 U.S. Dist. LEXIS 53960 (N.D. Cal. May 3, 2010)  (granting plaintiff's motion in limine requesting that he be referred to by name rather than "inmate" or "prisoner" to

"prevent potential prejudice"); *Henry v. Russell*, No. 06-6125-CV-SJ-FJG, 2010 U.S. Dist. LEXIS 100409 (W.D. Mo. Sep. 23, 2010) (same). Based on the foregoing law, Plaintiffs move the Court to require that Defendants, their witnesses, and their counsel to refer to Plaintiffs as "Plaintiff" or "Mr. [surname]" and that Defendants, their witnesses, and their counsel be barred from referring to Plaintiffs with terms such as "offender," "convict," or "felon," as these terms serve only to repeatedly remind the jury of Plaintiffs' status as 'criminals' and are unduly prejudicial.

Additionally, Defendants and their counsel should not be allowed to represent to the jury that Eastern Reception, Diagnostic, and Correctional Center is a "maximum security" prison. Referring to the correctional facility where the events at issue took place as a "maximum security" prison serves no purpose other than to create unfair prejudice against the Plaintiffs by implying that Plaintiffs are "the worst of the worst." Whether a correctional facility is classified as "maximum security" is irrelevant to whether a use of force against an inmate violates the Eighth Amendment. *See Henry v. Russell*, No. 06-6125-CV-SJ-FJG, 2010 U.S. Dist. LEXIS 100409 at *5 (W.D. Mo. Sep. 23, 2010) (granting motion in limine to preclude use of the term "maximum security" and rejecting defendant's argument that security level of institution was relevant to reasonableness of force used in Eighth-Amendment pepper-spray case).

In addition to being unfairly prejudicial and irrelevant, any reference to the Eastern Reception, Diagnostic, and Correctional Center as a "maximum security" prison would be factually misleading. Per the Missouri DOC's website (https://doc.mo.gov/node/401), E.R.D.C.C. is not an exclusively maximum-security facility. E.R.D.C.C. houses inmates at multiple security levels, including Minimum, Medium, Maximum, and Diagnostic.

7

## CONCLUSION

For all the reasons discussed above, Plaintiffs respectfully request that the Court exclude evidence of (1) their criminal histories, including the specific felony offenses they have been convicted of, the lengths of their sentences, and the amount of time they have served in prison, (2) their prison disciplinary records unrelated to the facts at issue in this case; (3) any reference to E.D.R.C.C. as a "maximum-security" prison, and/or any reference to the Plaintiffs as "offenders," "convicts," "felons," or other similar derogatory terms. Plaintiffs should be referred to as "Mr. [surname]," "Plaintiff," and/or as "inmates" at a "correctional facility."

Dated: February 5, 2026                           Respectfully Submitted,

*/s/ Ian T. Cross*
Ian T. Cross (P83367) (MI) (Pro Hac Vice)
*Attorney for Plaintiffs*
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com