## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **REGINALD CLEMONS**, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No.: 4:22-cv-00158-SRW |
| **MICHELLE BASHAM**, *et al.*, | |
| *Defendants*. | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendants Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Regan, Gary Fenwick, and Adam Simonton, through counsel, propose that the following jury instructions be used in the case at bar:[1]

---

[1] NOTE: Instructions for plaintiffs' claim of Religious Land Use and Institutionalized Persons Act (RLUIPA) is not included in these instructions because plaintiffs are not entitled to a jury trial on that claim. See *Sossamon v. Texas*, 563 U.S. 277 (2011).

## 1.01 EXPLANATORY:  BEFORE VOIR DIRE

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

8th Circuit Model Jury Instructions 1.01

Submitted by Defendants

## 1.02 EXPLANATORY:  RECESS AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

8th Circuit Model Jury Instructions 1.02

Submitted by Defendants

4

## 1.03 EXPLANATORY:  GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the bailiff for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Montrell Moore, Pre'Marcus Howard, Mark Holliman, Vincent Hood, Mandell Kent, and Michael Smith against defendants Trevor Foley, Valarie Mosely, Aaron Davis, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, Kelly Morris, Gregory Hancock, Teri Vandergriff, Jennifer Shankle, Patricia Wickey, Travis Terry, and Craig Crane. Plaintiffs make claims of First Amendment Free Exercise, First Amendment Retaliation, Eighth Amendment use of force, Eighth Amendment Deliberate Indifference, Fourteenth Amendment Equal Protection, and Battery. Defendants assert that the force used was reasonable and intended to achieve a legitimate purpose. Defendants assert that they did not violate the constitutional rights of the plaintiffs. It will be your duty to decide from the evidence whether the plaintiffs are entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and

experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

8th Circuit Model Jury Instructions 1.03

Submitted by Defendants

## 1.04 EXPLANATORY:  EVIDENCE; LIMITATIONS

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

7

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Circuit Model Jury Instructions 1.04

Submitted by Defendants

## 1.05 EXPLANATORY: BENCH CONFERENCES AND RECESSES

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

8th Circuit Model Jury Instructions 1.05

Submitted by Defendants

## 1.06 EXPLANATORY:  NO TRANSCRIPT AVAILABLE [NOTE-TAKING]

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

 If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them _____.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

8th Circuit Model Jury Instructions 1.06

Submitted by Defendants

## 1.08 EXPLANATORY:  CONDUCT OF THE JURY

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the bailiff. (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. [I assure you, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here

in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Ninth,* it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

8th Circuit Model Jury Instructions 1.08

Submitted by Defendants

## 1.09 EXPLANATORY:  OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiffs' lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiffs' witnesses. After the plaintiffs have finished presenting their case, the defendants may present evidence, and the plaintiffs' lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from [both/all] sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.


8th Circuit Model Jury Instructions 1.09

Submitted by Defendants

## 2.01 EXPLANATORY:  DUTIES OF JURY; RECESSES

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8th Circuit Model Jury Instructions 2.01

Submitted by Defendants

15

## 2.03 EXPLANATORY:  STIPULATED FACTS

The plaintiffs and the defendants have stipulated – that is, they have agreed – that the following facts are true. You must, therefore, treat those facts as having been proved.


8th Circuit Model Jury Instructions 2.03

Submitted by Defendants

## 2.04 EXPLANATORY:  JUDICIAL NOTICE

I have decided to accept as proved the following fact[s]:

_____ .

You must accept this fact as proved.


8th Circuit Model Jury Instructions 2.04

Submitted by Defendants

**INSTRUCTION NO. ____**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiffs, then all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, Section 103:14 (6th ed. 2011) (modified – added "then" to 1st sentence; changed "Neither" to "No" and changed "the other" to "another defendant" in 3rd sentence)

Submitted by Defendants

## 2.10 EXPLANATORY:  IMPEACHMENT OF WITNESS
## BY PRIOR CONVICTION

You have heard evidence that witnesses Reginald Clemons, Steven Stafford, Wendell Harris, Montrell Moore, Pre'Marcus Howard, Mark Holliman, Vincent Hood, Mandell Kent, Carl Hart, and Michael Smith have been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give their testimony and not for any other purpose.

8th Circuit Model Jury Instructions 2.10

Submitted by Defendants

## 2.14 EXPLANATORY:  DEPOSITION EVIDENCE AT TRIAL

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was electronically video recorded and that recording now will be played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

8th Circuit Model Jury Instructions 2.14

Submitted by Defendants

20

## 4.42 ELEMENTS OF CLAIM:  EXCESSIVE USE OF FORCE—CONVICTED PRISONERS

Your verdict must be for plaintiff(s) _____ and against defendant(s) _____ on plaintiffs' claim that they were pepper sprayed while praying if all the following elements have been proved:

First, the defendant pepper sprayed the plaintiff; and

Second, the force used was excessive and applied maliciously and sadistically for the purpose of causing harm; and not in a good faith effort to achieve a legitimate purpose; and

Third, as a direct result, the plaintiff was injured; and

If any of the above elements has not been proved, then your verdict must be for the defendant.

In determining whether the force was excessive, you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether the force was used to achieve a legitimate purpose or maliciously and sadistically for the purpose of causing harm.

"Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.


8th Circuit Model Jury Instructions 4.42

Submitted by Defendants


21

## 4.43 ELEMENTS OF CLAIM:  DENIAL OF MEDICAL CARE

Your verdict must be for plaintiff(s) _____ and against defendant(s) _____ on plaintiff's claim that no medical attention was given after the pepper spray if all the following elements have been proved:

*First,* the plaintiff had a serious need for treatment for pepper spray effects; and

*Second,* the defendant was aware of the plaintiff's serious need for the medical care; and

*Third,* the defendant, with deliberate indifference, failed to allow the plaintiff to obtain the medical care needed; and

*Fourth,* as a direct result, the plaintiff was injured; and

If any of the above elements has not been proved, then your verdict must be for the defendant.


8th Circuit Model Jury Instructions 4.43

Submitted by Defendants

22

## 4.46 ELEMENTS OF CLAIM:  RETALIATION AGAINST PRISONERS FOR PARTICIPATING IN PROTECTED ACTIVITY

Your verdict must be for plaintiff(s) _____ and against defendant(s) _____ on plaintiff's retaliation claim if all the following elements have been proved:

*First*, plaintiff(s) _____ filed a § 1983 claim against defendant;[2] and

*Second*, defendant(s) transferred plaintiff to another facility; and

*Third*, plaintiff's transfer might well dissuade a reasonable person in the same or similar circumstances from filing a § 1983 claim; and

*Fourth*, defendant's decision to transfer plaintiff to a different facility was motivated at least in part by plaintiff's filing a § 1983 claim, or plaintiff would not have been transferred but for his filing a § 1983 claim.

If any of the above elements has not been proved, your verdict must be for defendant and you need not proceed further in considering this claim.


8th Circuit Model Jury Instructions 4.46

Submitted by Defendants

23

### INSTRUCTION NO. ___

Your verdict must be for plaintiff if you believe:

First, defendant intentionally pepper sprayed plaintiff, and

Second, defendant thereby used more force than was reasonably necessary, and

Third, defendant thereby caused plaintiff bodily harm.


Mo. Approved Jury Instr. (Civil) 23.02 (8th ed)

Submitted by Defendants

## INSTRUCTION NO. ___

In order to prevail on their claim under the First Amendment that defendants interfered with their free exercise of religion, plaintiffs must prove the following propositions by the greater weight of the evidence:

1. That a law, regulation or policy of defendants prevents plaintiffs from performing a religious act or ritual;

2. That the act or ritual is religiously motivated;

3. That she sincerely holds belief in the religious act or ritual; and

4. That the act or ritual does not endanger the health or safety of other persons.

References/Authority:

*Freeman v. Arpaio,* 125 F.3d 732, 736-737 (9th Cir. 1997)

*Shakur v. Schriro,* 514 F.3d 878, 884-84 (9th Cir. 2008)

*O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987)

*Turner v, Safley,* 482 U.S. 78, 89 (1987)

*Parker, v. The University of Iowa Hospitals and Clinics*, 2007 WL 6988659

Submitted by Defendants

## INSTRUCTION NO. ___

To prevail on their claim under the Fourteenth Amendment that defendants discriminated against plaintiffs based on their religion, plaintiffs must prove the following propositions by the greater weight of the evidence:

First, that plaintiffs were treated differently compared to other inmates who similarly situated, and

Second, that defendants had an unlawful intent to discriminate against them for an invalid reason.


References/Authority:

*Brandon v. Board of Education of City of St. Louis*, 2025 WL 3723823 (2025)

*Phillips v. Collings*, 256 F.3d 843 (2001)

Submitted by Defendants

26

## 4.21 DEFINITION:  DELIBERATE INDIFFERENCE

Deliberate indifference is established only if there is actual knowledge of a serious medical need for medical attention after pepper spraying a plaintiff and if the defendant disregards that need by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.


8th Circuit Model Jury Instructions 4.21

Submitted by Defendants

## INSTRUCTION NO.____

The fact that I will instruct you as to the proper measure of damages, should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiffs by the greater weight of the evidence on the question of liability in accordance with the other instructions.

O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 106:02 (6th ed. 2011) (modified – changed "have instructed" to "will instruct"; changed "from a preponderance of the evidence in the case" to "by the greater weight of the evidence on the question of liability")

Submitted by Defendants

## 4.70 DAMAGES:  ACTUAL—PRISONER CIVIL RIGHTS

If you find in favor of the plaintiff under Instruction _____, then you must award the plaintiff an amount of money that will fairly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of the conduct of the defendant as submitted in Instruction _____

You must determine physical pain and mental suffering the plaintiff has experienced; the nature and extent of the injury, whether the injury is temporary or permanent;

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

8th Circuit Model Jury Instructions 4.70

Submitted by Defendants

29

## VERDICT

**Note**:        Complete this form by writing in the names required by your verdict.

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, Vincent Hood, Mark Holliman, Montrell Moore, Madell Kent, and Michael Smith's claim against defendants Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, and Matt Raymond, as submitted in Instruction No. _____, we find in favor of

_____

   (Plaintiff(s) _____)    or    (Defendant(s) _____)

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, Vincent Hood, Mark Holliman, Montrell Moore, and Michael Smith's claim against defendants Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, and Matt Raymond, as submitted in Instruction No. _____, we find in favor of

_____

   (Plaintiff(s) _____)    or    (Defendant(s) _____)

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, Vincent Hood, and Mark Holliman's claim against defendants David Vandergriff, Kelly Morris, Gregory Hancock, and Teri Vandergriff, as submitted in Instruction No. _____, we find in favor of

30

_____

(Plaintiff(s) _____)    or    (Defendant(s) _____)

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, and Montrell Moore's claim against defendants Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, and Matt Raymond, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff(s) _____)    or    (Defendant(s) _____)

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, Vincent Hood, Montrell Moore, Mandell Kent, and Michael Smith's claim against defendants Trevor Foley, Travis Terry, Valarie Mosely, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, and Matt Raymond, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff(s) _____)    or    (Defendant(s) _____)

On plaintiff Reginald Clemons' claim against defendants Carl Hart, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Reginald Clemons)    or    (Defendant Carl Hart)

31

**Note**:          Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff.

We find plaintiff (name)'s damages to be:

$ _____ (state the amount or, if none, write the word "none") (stating the amount, or if you find that the plaintiff's damages have no monetary value, state the nominal amount of $1.00).

_____
                                                    Foreperson

Dated: _____

8th Circuit Model Jury Instructions 4.80

Submitted by Defendants

### 3.01 EXPLANATORY:  ADDITIONAL INSTRUCTIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of [the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

8th Circuit Model Jury Instructions 3.01

Submitted by Defendants

### 3.02   EXPLANATORY: JUDGE'S OPINION

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.


8th Circuit Model Jury Instructions 3.02

Submitted by Defendants

## 3.03 EXPLANATORY:  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

8th Circuit Model Jury Instructions 3.03

Submitted by Defendants

35

### 3.04 EXPLANATORY:  BURDEN OF PROOF (Ordinary Civil Case)

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.


8th Circuit Model Jury Instructions 3.04

Submitted by Defendants

### 3.07 EXPLANATORY:  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORMS (GENERAL AND SPECIAL)

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your

37

fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

8th Circuit Model Jury Instructions 3.07

Submitted by Defendants

The Defendants reserve the right to submit additional or modified requests for jury instructions in light of any requests for instructions plaintiffs may make.

<div style="margin-left:40%">

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Scott J. Bower*
Scott J. Bower
Mo. Bar #75486
Assistant Attorney General
221 West High Street
Jefferson City, MO 65101
Phone: (573) 751-8108
Fax: (573) 751-9456
Scott.Bower@ago.mo.gov

*Attorney for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2026, I electronically filed the foregoing with the Clerk of the Court using the Missouri Electronic Filing System, which sent notification to counsel of record.

<div style="margin-left:40%">

*/s/ Scott J. Bower*
Scott J. Bower
Assistant Attorney General

</div>