# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REGINALD CLEMONS, et. al, | Case No. 4:22-CV-158-SRW |
| Plaintiffs, | Hon. Mag. Judge Stephen R. Welby |
| v. | PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM |
| MICHELLE BASHAM, et. al, | |
| Defendants. | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Plaintiffs REGINALD CLEMONS, STEVEN STAFFORD, WENDELL HARRIS, MONTRELL MOORE, PRE'MARCUS HOWARD, MARK HOLLIMAN, VINCENT HOOD, MANDELL KENT, and MICHAEL SMITH, by and through undersigned counsel, file these Proposed Jury Instructions and Verdict Form pursuant to Paragraph 5 of the Scheduling Order of the Honorable Magistrate Judge Stephen R. Welby entered January 7, 2026.

## <u>INSTRUCTIONS FOR USE AT COMMENCEMENT OF TRIAL</u>
### <u>Proposed Jury Instruction No. 1</u>

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy.]

This is a civil case brought by Plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Montrell Moore, Pre'marcus Howard, Mark Holliman, Vincent Hood, Mandell Kent, and Michael Smith, against Defendants Anne Precynthe, Matt Sturm, Douglas Worsham, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, Doris Falkenrath, Bill Stange, Gregory Hancock, Teri Vandergriff, and Kelly Morriss. The Plaintiffs have brought seven claims, or Counts, against the Defendants:

Under Count I, the Plaintiffs claim that the Defendants violated their federal constitutional rights, under the First Amendment to the U.S. Constitution, to the free exercise of their religion.

Under Count II, the Plaintiffs claim that the Defendants violated their federal constitutional rights, under the Eighth Amendment the U.S. Constitution, to be free from excessive use of force.

Under Count III, the Plaintiffs claim that the Defendants violated their federal constitutional rights, under the First Amendment to the U.S. Constitution, to be free from unlawful retaliation for filing lawsuits or administrative grievances.

Under Count IV, the Plaintiffs claim that the Defendants violated their federal constitutional rights, under the Eighth Amendment to the U.S. Constitution, to be free from deliberate indifference to serious medical needs.

Under Count V, the Plaintiffs claim that the Defendants violated their federal constitutional rights, under the Fourteenth Amendment to the U.S. Constitution, to be free from unequal treatment on the basis of their race or religion.

Under Count VI, the Plaintiffs claim that the Defendants violated their federal statutory rights, under the Religious Land Use and Institutionalized Persons Act, to the free exercise of their religion.

Under Count VII, the Plaintiffs claim that the Defendants committed unlawful battery, under the laws of tort of the State of Missouri.

With regard to each claim, it will be your duty to decide from the evidence whether the Plaintiffs are entitled to a verdict against the Defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

*Authority*

Modified from Eighth Circuit Model Jury Instructions, § 1.03 - Preliminary Instructions – Explanatory: General; Nature of Cade; Duty of Jury; Cautionary

## **Proposed Jury Instruction No. 2**

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.
2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.
3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.
4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.
5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.[1]

*Authority*

Eighth Circuit Model Jury Instructions, § 1.04 - Preliminary Instructions – Explanatory: Evidence; Limitations

---

[1] *See Partridge v. City of Benton, Arkansas*, 70 F.4th 489, 491-92 (8th Cir. 2023) (favorably citing and quoting Eighth Circuit Model Jury Instruction (Civil) 1.04) ("[T]he law makes no distinction between the weight to be given to direct and circumstantial evidence."); *Ball-Bey v. Chandler*, 2023 WL 5804311, at *9 (E.D. Mo. Sept. 7, 2023) (same).

## <u>Proposed Jury Instruction No. 3</u>

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

*Authority*

Eighth Circuit Model Jury Instructions, § 1.05 - Preliminary Instructions – Bench Conferences and Recesses

## **Proposed Jury Instruction No. 4**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

 If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

*Authority*

Eighth Circuit Model Jury Instructions, § 1.06 - Preliminary Instructions –Explanatory: Note-Taking

**<u>Proposed Jury Instruction No. 5</u>**

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the bailiff or deputy clerk.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Ninth,* it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

*Authority*

Eighth Circuit Model Jury Instructions, § 1.08 - Preliminary Instructions – Explanatory: Conduct of the Jury

## **Proposed Jury Instruction No. 6**

The trial will proceed in the following manner:

First, the plaintiffs' lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiffs' witnesses. After the plaintiffs have finished presenting their case, the defendants may present evidence, and the plaintiffs' lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence.

Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions, you will go to the jury room to deliberate and decide on your verdict.

*Authority*

Eighth Circuit Model Jury Instructions, § 1.09 - Preliminary Instructions – Explanatory: Outline of Trial

## **Proposed Jury Instruction No. 7**

You must decide whether certain facts have been proved by the greater weight of the evidence, also referred to as the "preponderance of the evidence."[2] A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

*Authority*

Modified from the Eighth Circuit Model Jury Instructions, § 1.09 - Preliminary Instructions – Explanatory: Outline of Trial

---

[2] Plaintiffs request that the Court include this clause because the phrase "preponderance of the evidence" might be uttered by parties at trial, and the jury should be informed that the phrase carries the same meaning as "the greater weight of the evidence" or "more likely true than not true."

## <u>GENERAL INSTRUCTIONS FOR USE DURING TRIAL</u>

## <u>SUBSTANTIVE INSTRUCTIONS</u>

### <u>Proposed Jury Instruction No. 8 (Section 1983 & Color of Law)</u>

On Counts I, II, III, IV, and V, the Plaintiffs claim that the Defendants, individually or as official capacity representatives of their respective governmental institutions, violated their federal constitutional rights under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

For each count or claim, the Plaintiffs must prove it more likely true than not true that the actions of Defendants were made under color of state law. A person or institution acts under color of state law, or "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," when the person or institution acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

*Authority*

Modified from the Eighth Circuit Model Jury Instructions, § 4.01 - § 1983 Claim — Introductory Instruction, § 4.20 - § 1983 Claim — Definition: Under Color of Law

## **Proposed Jury Instruction No. 9 (Count I – 1A Free Exercise)**

Under Count I, the Plaintiffs allege that Defendants, individually or in their official capacity as representatives of their respective institutions, violated the Plaintiffs' federal constitutional rights under the Free Exercise Clause of the First Amendment to the United States Constitution.

Your verdict must be for the Plaintiffs and against the Defendants on Count I if all of the following elements have been proved more likely true than not true:

*First*, the Plaintiffs have a sincerely-held belief in group prayer, or worship within a congregation of other inmates of the same religion.

*Second*, the Plaintiffs requested or attempted to engage in a sincerely-held belief, namely, in group prayer or worship.

*Third*, the Defendants denied the Plaintiffs' request or prevented Plaintiffs from engaging in group prayer or worship.

*Fourth*, the Defendants' actions significantly inhibited or constrained, meaningfully curtailed, or otherwise denied the Plaintiffs their ability to engage in group prayer or worship.

*Fifth*, one of the following sets of facts is true:
(1) The Defendants' action or policy did not have a neutral objective with respect to religion; or
(2) The Defendants' action or policy was not reasonably related to a legitimate penological interest.

A prison policy that treats religious exercise differently than non-religious or secular exercise or is expressly directed at religious exercise is not neutral with respect to religion. Even subtle departures from neutrality render a policy non-neutral.

*Sixth*, the Defendants acted, individually or as official capacity representatives of their respective institutions, under color of law.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim. If all of the above elements have been proved, you must move on to consider the Defendants' defenses in the following Jury Instruction.

*Authority*

*Schmitt v. Rebertus*, 148 F.4th 958 (8th Cir. 2025); *Mbonyunkiza v. Beasley*, 956 F.3d 1048 (8th Cir. 2020); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008); *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979 (8th Cir. 2004).

## **Proposed Jury Instruction No. 10 (Count II – 8A Use of Force)**

Under Count II, the Plaintiffs allege that the Defendants, individually or in their official capacity as representatives of their respective institutions, violated their federal constitutional rights against excessive use of force under the Eighth Amendment to the United States Constitution.

Your verdict must be for the Plaintiffs and against the Defendants on Count II if all the following elements have been proved more likely true than not true:

*First*, the Defendants used physical force against the Plaintiffs.

*Second*, the force used was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

In determining whether the force was excessive, you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether the force was used to achieve a legitimate purpose or maliciously and sadistically for the purpose of causing harm.

"Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

*Third*, as a direct result, the Plaintiffs were injured; and

*Fourth*, the Defendants acted, individually or as official capacity representatives of their respective institutions, under color of law.

If any of the above elements have not been proven, your verdict must be for the Defendants, and you need not proceed further in considering this claim.

*Authority*

Modified from the Eighth Circuit Model Jury Instructions, § 4.42 - § 1983 Claim — Elements of Claim: Excessive Use of Force – Convicted Prisoners; *id.* § 4.24 - § 1983 Claim — Definition: Maliciously; *id.* § 4.25 - § 1983 Claim — Definition: Sadistically.

## **Proposed Jury Instruction No. 11 (Count III – 1A Retaliation)**

On Count III, the Plaintiffs allege that the Defendants, individually or in their official capacity as representatives of their respective institutions, violated their federal constitutional right against unlawful retaliation as protected by the First Amendment to the United States Constitution.

Your verdict must be for Plaintiffs and against the Defendants on Count III if all the following elements have been proved more likely true than not true:

*First*, the Plaintiffs filed a § 1983 claim against the Defendants or filed an administrative grievance against the Defendants.

*Second*, the Defendants took an adverse action against the Plaintiffs.

*Third*, the adverse action taken by the Defendants against the Plaintiffs, may dissuade a reasonable person in the same or similar circumstances from filing a § 1983 claim or grievance.

*Fourth*, the adverse action taken by the Defendants was motivated at least in part by Plaintiffs' filing a § 1983 claim or grievance, or the Plaintiffs would not have been transferred but for their filing of a § 1983 claim or grievance.

*Fifth*, the Defendants acted, individually or as official capacity representatives of their respective institutions, under color of law.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim.

*Authority*

Modified from the Eighth Circuit Model Jury Instructions, § 4.46 - § 1983 Claim — Elements of Claim: Retaliation Against Prisoners for Participating in Protected Activity

**<u>Proposed Jury Instruction No. 12 (Count IV – 8A Deliberate Indifference)</u>**

On Count IV, the Plaintiffs allege that the Defendants, individually or in their official capacity as representatives of their respective institutions, violated their federal constitutional rights against deliberate indifference to a serious medical need, under the Eighth Amendment to the United States Constitution.

Your verdict must be for Plaintiffs and against the Defendants on Count IV if all the following elements have been proved more likely true than not true:

*First*, the Plaintiffs had a serious need for medical care.
A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*Second*, the Defendants were aware of the Plaintiffs' serious need for medical care.

*Third*, the Defendants, with deliberate indifference, failed to provide the medical care needed, or failed to allow the Plaintiffs to obtain the medical care needed.
Deliberate indifference is established only if there is actual knowledge of the serious medical need of the Plaintiffs and if the Defendants disregard that need by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

*Fourth*, as a direct result, the Plaintiffs were injured.

*Fifth*, the Defendants acted, individually or as official capacity representatives of their respective institutions, under color of law.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim.


*Authority*

Modified from Eighth Circuit Model Jury Instructions, § 4.43 - § 1983 Claim — Elements of Claim: Denial of Medical Care; *id.* § 4.21 - § 1983 Claim — Definition: Deliberate Indifference; *id.* § 4.21 - § 1983 Claim — Definition: Serious Medical Need.

**<u>Proposed Jury Instruction No. 13 (Count V – 14A Equal Protection: Race)</u>**

Under Count V, the Plaintiffs allege that Defendants, individually or in their official capacity as representatives of their respective institutions, violated the Plaintiffs' federal constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution with respect to unequal treatment by **racial** classification.

In an Equal Protection claim, the Plaintiffs have the burden of proving the following elements are more likely true than not true:

*First*, the Defendants took some action that treated the Plaintiffs differently than similarly situated individuals, namely, other inmates.

*Second*, the Defendants acted with intent to discriminate against the Plaintiffs on the basis of the Plaintiffs' race or perceived race; or that Defendants acted with intent to discriminate generally against the racial group in which the Plaintiffs are members.

Intent requires that the Defendants acted at least in part because of the Plaintiffs' race.

*Third*, the Defendants' actions caused the Plaintiffs' injuries.

*Fourth*, the Defendants acted, individually or as official capacity representatives of their respective institutions, under color of law.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim. If all the above elements have been proved, you must consider the Defendants' burden of proof in the following Jury Instruction.

*Authority*

*Washington v. Davis*, 426 U.S. 229 (1976); *Johnson v. California*, 543 U.S. 499 (2005).

**<u>Proposed Jury Instruction No. 14 (Count V – 14A Equal Protection: Race – Defense)</u>**

Under Count V, if you concluded that the Plaintiffs proved all the elements of their claim, then the Defendants have the burden of proof to establish their defense.

Your verdict must be for the Defendants if all the of the following elements have been proven more likely true than not true:

*First*, the Defendants have a compelling state interest related to the actions or policies in question.

Compelling state interests are interests of the highest order.

*Second*, the Defendants' actions or policy, as applied to the Plaintiffs, was narrowly tailored to serve their compelling state interest.

Actions or policies are narrowly tailored if they are necessary to achieve their goal and cannot be accomplished through different or narrower actions or policies.

If any of the above elements have not been proved, then Defendants have failed to provide the necessary defense to overcome the Plaintiffs' proved elements, and your verdict must be for the Plaintiffs on Count V.

*Authority*

*Washington v. Davis*, 426 U.S. 229 (1976); *Johnson v. California*, 543 U.S. 499 (2005)

**Proposed Jury Instruction No. 15 (Count V – 14A Equal Protection: Religion)**

Under Count V, the Plaintiffs allege that Defendants, individually or in their official capacity as representatives of their respective institutions, violated the Plaintiffs' federal constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution with respect to unequal treatment by **religious** classification.

Your verdict must be for the Plaintiffs and against the Defendants on Count V if all of the following elements have been proved more likely true than not true:

*First*, the Defendants took some action that treated the Plaintiffs, or the protected class to which Plaintiffs belong, differently than similarly situated individuals, namely, other inmates.

*Second*, the Defendants' actions burdened the Plaintiffs' fundamental rights.

*Third*, the Defendants' actions had no rational relation to a legitimate penal interest.

*Fourth*, the Defendants acted, individually or as official capacity representatives of their respective institutions, under color of law.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim.


*Authority*

*Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979 (8th Cir. 2004); *Weiler v. Purkett*, 137 F.3d 1047 (8th Cir. 1998).

**<u>Proposed Jury Instruction No. 16 (Count VI – RLUIPA)</u>**

Under Count VI, the Plaintiffs allege that Defendants, individually or in their official capacity as representatives of their respective institutions, violated the Plaintiffs' federal constitutional rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

In an RLUIPA claim, the Plaintiffs have the burden of proving the following elements are more likely true than not true:

*First*, the Plaintiffs have a sincerely-held belief in a particular exercise of religion, namely, in group prayer or worship within a congregation of other inmates of the same religion.

Assembling with others for a worship service is an exercise of religion under this law.

When assessing whether a belief is sincerely-held, know that the Plaintiff's belief does not need to fit squarely within the orthodoxy of a religion to be sincere, nor does the law require that the Plaintiff perfectly adhere to their belief at all times.

*Second*, the Defendants imposed a substantial burden on the Plaintiffs' religious exercise, by denying the Plaintiffs' request to engage in group prayer or worship or by preventing Plaintiffs from engaging in group prayer or worship.

A substantial burden is more significant than a mere or trivial inconvenience. A policy that compels an inmate to choose between violating his religious beliefs or violating the policy and incurring disciplinary action imposes a substantial burden.

Even if the Defendants acted only to apply a generally applicable rule, which treated all inmates the same regardless of religion, the Plaintiffs' must only show that the Defendants' action or policy resulted in a substantial burden on their religious exercise.

The availability of other forms of religious exercise to the Plaintiffs would not excuse a substantial burden on the Plaintiffs' exercise of group prayer or worship.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim. If all the above elements have been proved, you must consider the Defendants' burden of proof in the following Jury Instruction.

*Authorities*

42 U.S.C.A. § 2000cc-1; *Ramirez v. Collier*, 595 U.S. 411 (2022); *Holt v. Hobbs*, 574 U.S. 352 (2015*); Cutter v. Wilkinson*, 544 U.S. 709 (2005); *Holt v. Payne*, 85 F.4th 873 (8th Cir. 2023); *Marianist Province of United States v. City of Kirkwood*, 944 F.3d 996 (8th Cir. 2019).

## **Proposed Jury Instruction No. 17 (Count VI – RLUIPA – Defense)**

Under Count VI, if you concluded that the Plaintiffs proved all of the elements of their claim, then the Defendants have the burden of proving their defense.

Your verdict must be for the Defendants if the Defendants prove the following elements are more likely true than not true:

*First*, the Defendants have a compelling state interest related to the actions or policies in question.

Compelling state interests are interests of the highest order. A compelling interest is not something like administrative convenience or cost-savings.

*Second*, the Defendants' actions or policy, as applied to the Plaintiffs, was the least restrictive method of achieving the Defendants' compelling state interest.

The Supreme Court has stated that this element of the defense is exceptionally demanding, and requires that the Defendants show that they lacked other means of achieving their desired goal without imposing a substantial burden on the Plaintiffs' exercise of religion. You may conclude that other options were or were not available to the Defendants based on factors such as the availability of other options at similar prisons and any reasons in evidence why these Defendants did not have those options. You are not permitted by the law to defer to a prison official's mere say-so that they could not accommodate Plaintiffs' request to pray in congregation in the day room of their housing unit.

If any of the above elements have not been proved, then Defendants have failed to prove their defense against the Plaintiffs' claim, and your verdict must be for the Plaintiffs on Count VI.

*Authority*

42 U.S.C.A. § 2000cc-1; *Ramirez v. Collier*, 595 U.S. 411 (2022); *Holt v. Hobbs*, 574 U.S. 352 (2015); *Holt v. Payne*, 85 F.4th 873 (8th Cir. 2023).

## Proposed Jury Instruction No. 18 (Count VII – Battery)

Under Count VII, the Plaintiffs allege that Defendants violated the Plaintiffs' rights under the laws of the State of Missouri by committing battery on the Plaintiffs.

In a battery claim under Missouri tort law, the Plaintiffs have the burden of proving the following elements to be more likely true than not true:

*First*, the Defendants intentionally caused physical contact with the Plaintiffs, by striking, tackling, or pepper-spraying the Plaintiffs.

*Second*, such contact was offensive to the Plaintiffs.

*Third*, such contact would be offensive to a reasonable person.

*Fourth*, the Defendant used more force than was reasonably necessary.[3]

*Fifth*, the Defendants thereby caused the Plaintiffs bodily harm.

If any of the above elements have not been proved, your verdict must be for the Defendants, and you need not proceed further in considering this claim. If all the above elements have been proved, you must consider the Defendants' burden of proof in the following Jury Instruction.

*Authority*

Modified from the Missouri Approved Civil Jury Instructions (1990 Revision) § 23.02, "Battery;" *id*., n.2; *id*., Cmt. H.

---

[3] *See* MAI 23.02, Committee Comment (1996 Revision), Comment H ("If defendant is a public official possessing legal right to touch plaintiff, plaintiff must modify MAI 23.02 to accept burden of proving defendant used more force than was reasonably necessary."); *see also Reger v. Nowotny*, 226 S.W.2d 596, 597 (Mo. 1950); *id*. Notes on Use (1990 Revision), Note 2.

### Proposed Jury Instruction No. 19 (Count VII – Battery – Defense)

Under Count VII, if you concluded that the Plaintiff proved all the elements of his claim, then the Defendants have the burden of proof to establish their defense.

Your verdict must be for the Defendants if all the following elements have been proven more likely true than not true:

*First*, the Defendants had reasonable cause to apprehend and did apprehend offensive contact from the Plaintiff.

*Second*, the Defendants did not create the situation that caused the Defendant's apprehension.[4]

*Third*, the Defendants' offensive contact against the Plaintiff was in defense against this apprehended offensive contact from the Plaintiff.

*Fourth*, Defendants used only such force as was reasonable and necessary.[5]

If any of the above elements have not been proven, then Defendants have failed to provide the necessary defense to overcome the Plaintiffs' proved elements, and your verdict must be for the Plaintiff on Count VII.


*Authority*

Modified from the Missouri Approved Civil Jury Instructions (1998 Revision) § 32.11, "Battery Actions – Self-Defense".

---

[4] *See* MAI 32.11, Committee Comment (2014 Revision), Comment B ("The law does not permit a person voluntarily to seek or invite a combat, or to put himself in the way of being assaulted, so that when hard pressed he may have a pretext for injuring his assailant … if the necessity for defending himself was of defendant's own creation, it did not operate to excuse him. The self-defense instructions given on his behalf should have been qualified accordingly." *Lehman v. Lambert*, 329 Mo. 1147, 49 S.W.2d 65, 68 (1932)).

[5] *See* MAI 32.11, Committee Comment (2014 Revision), Comment E ("The act of self-defense must be commensurate with the apprehension of harm. *See Martin v. Yeoham*, 419 S.W.2d 937 (Mo.App. 1967).")

## <u>INSTRUCTIONS ON DAMAGES</u>

### <u>Proposed Jury Instruction No. 20 (Damages: Actual)</u>

If you find in favor of the Plaintiffs for a particular claim, you must award the Plaintiffs an amount of money that will fairly compensate the Plaintiffs for any damages you find the Plaintiffs sustained as a direct result of the conduct and policies of the Defendants that violated the Plaintiffs' rights. These damages are called "actual" or "compensatory" damages.

The Plaintiffs' claims for actual damages include three distinct types of damages and you must consider them separately:

*First*, you must determine physical pain and mental or emotional suffering the Plaintiffs have experienced and are reasonably certain to experience in the future; the nature and extent of the injury (for example, whether the injury is temporary or permanent, or whether any resulting disability is partial or total); and any aggravation of a pre-existing condition.

*Second*, you must determine reasonable value of the medical care and supplies reasonably needed by and actually provided to the Plaintiffs and that may be reasonably certain to be needed and provided in the future.

*Third*, you must determine the reasonable value of the working time the Plaintiffs have lost and the reasonable value of the earning capacity the Plaintiffs are reasonably certain to lose in the future because of their diminished ability to work.

If you find that the Defendants did not directly cause actual damages to the Plaintiffs under any of these three categories, or that these damages have no monetary value, you should award no "actual" damages to the Plaintiffs.

*Authority*

Modified from Eighth Circuit Model Jury Instructions, § 4.70 Damages: Actual—Prisoner Civil Rights

## Proposed Jury Instruction No. 21 (Damages: Punitive)

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiffs for a particular claim, and if it has been proved more likely than not that the conduct of the Defendants was malicious or recklessly indifferent to the Plaintiffs' rights under that claim, then you may, but are not required to, award the Plaintiffs an additional amount of money as punitive damages under that claim, for the purposes of punishing the Defendants for engaging in misconduct and deterring the Defendants and others from engaging in similar misconduct in the future. You should presume that a Plaintiff has been made whole for their injuries by the damages awarded under Jury Instruction No. 20.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

*First*, how reprehensible the Defendants' conduct was. In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the Defendants' conduct that harmed the Plaintiff also posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the Plaintiff.

*Second*, how much harm the Defendants' wrongful conduct caused the Plaintiffs and could cause the Plaintiffs in the future. You may not consider the harm that Defendants' actions in this case actually caused to others in deciding the amount of punitive damages to award.

*Third*, what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendants' financial condition, to punish the Defendants for their wrongful conduct toward the Plaintiffs and to deter the Defendants and others from similar wrongful conduct in the future.

*Fourth*, the amount of fines and civil penalties applicable to similar conduct.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the Plaintiffs.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against those Defendants may be the same or they may be different.

*Authority*

Modified from Eighth Circuit Model Jury Instructions, § 4.72 Damages: Punitive—Prisoner Civil Rights

## PROPOSED VERDICT FORMS

### VERDICT FORM 1 (Count I – 1A Free Exercise)

**Note:**   Complete the following paragraph by writing in the name required by your verdict.


On Count I, the First Amendment free exercise claim of Plaintiff [Name], we find in favor of:

_____

(Plaintiff [Name])     or     (Defendant [Name])


[Insert damages for Individual Capacity Defendants only]

**Note:**   Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.


We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).


_____

Foreperson

Dated: _____

## <u>VERDICT FORM 2 (Count II – 8A Excessive Use of Force)</u>

**Note:**    Complete the following paragraph by writing in the name required by your verdict.


On Count II, the Eighth Amendment excessive force claim of Plaintiff [Name], we find in favor of:

_____
(Plaintiff [Name])    or    (Defendant [Name])


[Insert damages for Individual Capacity Defendants only]

**Note:**    Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.


We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).


_____
Foreperson


Dated: _____

## <u>VERDICT FORM 3 (Count III – 1A Retaliation)</u>

**Note:**    Complete the following paragraph by writing in the name required by your verdict.

On Count III, the First Amendment retaliation claim of Plaintiff [Name], we find in favor of:

_____

(Plaintiff [Name])    or    (Defendant [Name])

[Insert damages for Individual Capacity Defendants only]

**Note:**    Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).

_____

Foreperson

Dated: _____

## **VERDICT FORM 4 (Count IV – 8A Deliberate Indifference)**

**Note:**   Complete the following paragraph by writing in the name required by your verdict.


On Count IV, the Eighth Amendment deliberate indifference claim of Plaintiff [Name], we find in favor of:

_____

(Plaintiff [Name])     or     (Defendant [Name])


[Insert damages for Individual Capacity Defendants only]

**Note:**   Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.


We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).


_____

Foreperson


Dated: _____

## **VERDICT FORM 5 (Count V – 14A Equal Protection – Race)**

**Note:**    Complete the following paragraph by writing in the name required by your verdict.


On Count V, the Fourteenth Amendment deliberate indifference claim of Plaintiff [Name], we find in favor of:

_____

(Plaintiff [Name])      or      (Defendant [Name])


[Insert damages for Individual Capacity Defendants only]

**Note:**    Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.


We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).


_____

Foreperson


Dated: _____

## <u>VERDICT FORM 6 (Count VI – RLUIPA)</u>

**Note:**    Complete the following paragraph by writing in the name required by your verdict.


On Count VI, the Religious Land Use and Institutionalized Persons Act claim of Plaintiff [Name], we find in favor of:

_____

(Plaintiff [Name])      or      (Defendant [Name])


[Insert damages for Individual Capacity Defendants only]

**Note:**    Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.


We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).


_____

Foreperson


Dated: _____

_____

## <u>VERDICT FORM 7 (Count VII – Battery)</u>

**Note:**    Complete the following paragraph by writing in the name required by your verdict.

On Count VII, the battery claim of Plaintiff [Name], we find in favor of:

_____

(Plaintiff [Name])      or        (Defendant [Name])

**Note:**    Answer the next question only if the above finding is in favor of the Plaintiff. If the above finding is in favor of the Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

We find the Plaintiff's damages to be:

$_____ (stating the amount).

We assess punitive damages against the Defendant, as submitted in Instruction [21], as follows:

$_____ (stating the amount).

_____

Foreperson

Dated: _____

Dated: February 5, 2026

*/s/ Lena Masri*
CAIR LDF DEFENSE FUND
Lena F. Masri (VA 93291)
lmasri@cair.com
Gadeir I. Abbas (VA 81161)*
gabbas@cair.com

453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

*Mr. Abbas licensed in VA, not in D.C. Practice limited to federal matters.*