**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

REGINALD BYRON CLEMONS, et al.,

      Plaintiffs,

v.

MICHELLE BASHAM, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 4:22-CV-00158-SRW

## <u>DEFENDANTS' MOTIONS IN LIMINE</u>

Defendants Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Regan, Gary Fenwick, and Adam Simonton ("Defendants"), by and through undersigned counsel, move this Court for an Order *in limine* excluding the following evidence and prohibiting Plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, PreMarcus (Marcus) Howard, Vincent Hood, Mark Holliman, Montrell Moore, Mandell Kent, and Michael Smith ("Plaintiffs") or any witnesses from mentioning or introducing testimony or other evidence relating to the subjects listed and discussed below.

Defendants further move this Court to instruct Plaintiffs not to mention, refer to, interrogate, or attempt to convey to the jury in any manner, either directly or indirectly, any of the subjects listed below, without first obtaining permission from the Court outside the presence of the jury. Defendants further move this Court to

1

instruct Plaintiffs to caution all their witnesses to strictly follow these same instructions.

## MOTIONS IN LIMINE

### 1.    Non-party witness sequestration.

Defendants move this Court, pursuant to Federal Rule of Evidence 615, to exclude non-party witnesses from the courtroom during the trial of this matter, except at the time of his or her own testimony. *See* Fed. R. Evid. 615.

### 2.    Any reference to the Court's rulings on Motions in Limine.

Plaintiffs or their counsel may want to argue, imply, or suggest to the jury that Defendants have sought to prevent, either though objections or through pre-trial motions, the jury from receiving information that may have a bearing on the issues in this case or the rights of the parties to this suit. Any such remark or implication is irrelevant, improper, and would be unfairly prejudicial, and therefore should be excluded.

### 3.    Any testimony, statement, or reference to any Defendant's prior conviction(s).

Defendants move this Court to exclude any evidence of any of their criminal history and criminal convictions. The alleged probative value from evidence of Defendants' criminal convictions would not substantially outweigh its prejudicial effect. Evidence of Defendants' criminal history and convictions would likely inflame the jurors and cause them to have a strong emotional reaction that would be unfairly prejudicial to Defendants. Further, evidence of any Defendant's conviction lacks probative value because the conviction does not relate to the propensity for

truthfulness and would not assist a jury in assessing whether any one Defendant is telling the truth.

Felony convictions must be admitted in a civil case unless the danger of unfair prejudice, undue delay, and confusing the issues substantially outweighed the probative value. *American Modern Home Insurance Company v. Thomas*, 993 F.3d 1068 (8th Cir. 2021). In determining whether evidence of a prior conviction is admissible, the Eighth Circuit applies a four-factor test: "(1) the nature of the convictions, (2) the time that has elapsed since the conviction, (3) the importance of credibility to the underlying claim, and (4) the potential for prejudice from admitting the convictions." *Ward v. Smith,* 2015 WL 1499053, at *1 (W.D. Mo. Apr. 1, 2015) (quoting *Tabron v. Grace*, 898 F. Supp 293, 295 (M.D.Pa1995)).

Permitting the name of the offense for which Defendant Hart is presently incarcerated runs the risk of distracting the jury from its task without adding probative value, and instead is likely to inflame the sensibilities of the jury. See *United States v. Ford*, 17 F.2d 782, 787 (8th Cir. 1992). Defendants are willing to stipulate to the fact that Defendant Hart was convicted of a crime and is currently serving his corresponding prison sentence, but the specific facts, charge, nature, and length of his sentence should be barred under Rule 403.

### 4. Courtroom attire for incarcerated defendant.

Defendants move this Court to permit Defendant Hart, who is incarcerated at F.C.I. Oxford in Oxford, WI, to wear a suit or other courtroom-appropriate attire instead of his government issued clothing from the Federal Bureau of Prisons,

3

throughout the duration of the trial. Defendants have already agreed to stipulate that Defendant Hart was convicted of a crime and incarcerated. Allowing the jury to continually see Defendant Hart in prison clothing would cause undue prejudice to Defendants.

**5.    Any testimony, statement, or reference to Defendants' or other witnesses' private personal information, such as, but not limited to, past and present residential information, and familial relations.**

Not only does such private information present safety risks to Defendants and others if divulged, but it is highly likely that divulging such information will serve only to intimidate Defendants or other witnesses. Further, such information is irrelevant and collateral and would confuse the jury. *See* Fed. R. Evid. 401, 402, and 403.

**6.    Testimony or evidence by any expert.**

Plaintiffs have not previously disclosed any expert who will or may be called to testify at the trial of this matter and should therefore be barred from introducing such testimony or evidence.

**7.    Documents not previously disclosed.**

Any documentation, including but not limited to, statements, photographs, and videos, not previously provided to Defendants' attorneys in response to discovery requests, unless used for impeachment purposes, should be barred. Such evidence would be immaterial, irrelevant, and would serve no purpose but to prejudice Defendants.

**8.    Prior Uses of Force Spreadsheet**

Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 401. To the extent this Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury. The prior uses of force by the Defendants are only relevant to whether a particular officer had a propensity to use pepper spray which is also inadmissible under Federal Rule of Evidence 404. The question in this case is whether the force used by these officers in this situation was proportional to the force needed. Their past uses of force, including pepper spray, have no tendency to demonstrate whether this particular use of force was warranted under these circumstances. Any potential previous uses of force utilized by the Defendants, MDOC, or any employee of MDOC has no relationship to liability in this suit and may only serve to create or inflame biases within the jurors. To allow prior uses of force that are entirely unrelated to the questions this jury must decide is collateral and will lead to mini trials within this one, requiring Defendants to litigate totally unrelated and irrelevant uses of force.

**9.    Testimony within the province of any medical or other health expert related to any medical diagnosis or prognosis Plaintiffs may have received of any alleged medical condition and causation.**

Plaintiffs have not identified any experts that they intend to call at trial, and lay witness testimony may not be based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Pursuant to the Third

Amended Case Management Order, the time for Plaintiffs to disclose expert witnesses expired on September 29, 2025. Doc. 139 at 1. As such, Plaintiffs are precluded from declaring any expert witnesses.

**10.     Unqualified lay testimony concerning any medical diagnosis or prognosis of any alleged medical condition and causation.**

Plaintiffs may attempt to offer their own unqualified medical testimony that the alleged incident caused lasting physical or mental health effects. "Causation is an essential element of a [Section] 1983 cause of action." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Rule 701 limits lay testimony to that which is rationally based on the witness's perception. Lay testimony concerning a medical diagnosis, treatment, or future prognosis associated with any physical, emotional, or mental damage is beyond the scope of testimony permissible under Rule 701.

In addition, lay testimony concerning medical causation cannot be based on the personal knowledge of the witness but must be supported by an expert opinion. See Fed. R. Evid. 602; see also *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). Plaintiffs may wish to testify as to how their injuries occurred; however, knowledge of the cause of such injuries requires specialized knowledge within the scope of Rule 702. See *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) ("When an injury is sophisticated, proof of causation generally must be established by expert testimony." citing *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 120 (8th Cir. 2000)). Plaintiffs are not experts and therefore should be prohibited from testifying as to the cause of their injuries.

6

**11.    Unqualified lay testimony concerning any COIVD-19 virology and disease mechanics, or efficacy and necessity of department COVID-19 policies and procedures.**

Plaintiffs may attempt to offer their own unqualified testimony regarding COVID-19 or viruses generally, and the transmission and treatment of viruses that led to certain MDOC policies and procedures. Rule 701 limits lay testimony to that which is rationally based on the witness's perception, not based on scientific, technical, or other specialized knowledge. Lay testimony concerning virology, transmission, treatment, or proper policies and procedures associated with any viruses is beyond the scope of testimony permissible under Rule 701. Such testimony would need to be provided by a qualified expert witness. See Fed. R. Evid. 702. Plaintiffs are not experts, nor did they disclose the use of any experts, and therefore should be prohibited from testifying as to the decisions made by the MDOC regarding the COVID-19 virus, or virology and disease mechanics, or efficacy and necessity of department COVID-19 policies and procedures.

**12.    Other civil rights lawsuits filed against Defendants, other employees of the Missouri Department of Corrections, or the Missouri Department of Corrections, if any, or any settlements or findings of liability therefore.**

Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 402. To the extent this Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury. Any potential previous lawsuit and its disposition that may have been instituted against the Defendants,

MDOC, or any employee of MDOC has no relationship to liability in this suit and may only serve to create or inflame biases within the jurors.

Such evidence is also inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs, crimes, or acts to prove character of a person in order to show conformity therewith. The mention of any lawsuits against Defendants may be used to show Defendants had a propensity for unlawful behavior, which is inadmissible under Rule 404(b).

**13.    Bad acts alleged by Plaintiffs or other inmates against the Defendants or other employees of the Missouri Department of Corrections.**

Plaintiffs may seek to introduce evidence of alleged bad acts by Defendants or other current or former employees of MDOC, including evidence that Defendants or current or former employee, not party to this suit, have violated their or other inmates' rights, mistreated them or other inmates, violated MDOC policy, otherwise dealt with them or other inmates unfairly, or that Plaintiffs have other informal resolution requests, grievances, or grievance appeals against Defendants or other current or former employees of MDOC, other than those pled in his Complaint. Such evidence is not relevant to any issue in this case, pursuant to Fed. R. Evid. 402. Such evidence would further be inadmissible as hearsay and because evidence of crimes, wrongs or other bad acts by Defendants may not be introduced to show that Defendants had a propensity to commit such acts. Fed. R. Evid. 404(b).

To the extent Plaintiffs could provide sufficient foundation to establish that Defendants engaged in other bad acts, such evidence would be inadmissible under Fed. R. of Evid. 403, because its probative value is substantially outweighed by its

8

unfair prejudicial effect and has a high likelihood of confusing the issues and misleading the jury and would necessitate the introduction of collateral evidence not relevant to Plaintiffs' claims. Thus, it should also be excluded under Fed. R. Evid. 403.

**14.    Rumors about Defendants reputations at any Missouri Department of Corrections Institution.**

Defendants also anticipate that Plaintiffs may seek to testify about rumors concerning Defendants' reputations among the inmates at Eastern Reception and Diagnostic Correctional Center ("ERDCC") or other MDOC institutions. Any such evidence is irrelevant to this action and is inadmissible under Rule 404(b). To whatever extent such evidence is relevant, any minimal relevance would be outweighed by its prejudicial effect and danger of confusing the jury. Therefore, it should be excluded under Rule 403. Additionally, any evidence concerning these rumors is impermissible character evidence and should be excluded, and, to the extent that the evidence is simply rumors among inmates, it is inadmissible hearsay, and/or inadmissible hearsay within hearsay.

**15.    Complaints brought by those other than prisoners against the Defendants or other employees of the Missouri Department of Corrections.**

Plaintiffs may try to introduce evidence of complaints by nonparties to this suit, including issues such as termination, evaluations of poor job performance, employee discipline, or internal investigations, not related to the events at issue in this case, by MDOC or current or prior employers. Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 402.

9

To the extent this Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury. Such evidence, again, would not relate to liability in this case and could only bias the jury. Such evidence is also inadmissible under Fed. R. of Evid. 404(b) as evidence of other alleged wrongs, crimes, or acts to prove the character of a person in order to show action in conformity therewith. Additionally, such evidence would be inadmissible hearsay under Federal Rule of Evidence 802 as it would be an out of court statement offered to prove the truth of the matter asserted without any applicable hearsay exception under Federal Rule of Evidence 802.

**16.    Reference to the financial disparity of the parties or the source of any award for damages. Any testimony, statement, or reference to the "State of Missouri," the "Attorney General's Office", the "State Legal Expense Fund," ("LEF") or similar references in a manner suggesting the financial disparity of the parties or the sources of payment for any award of damages.**

The Court should not allow Plaintiffs to suggest or imply that the State of Missouri or any other entity will indemnify Defendants in the event of any finding of liability or damages. Such references to the financial resources of the MDOC or the State of Missouri are irrelevant and collateral, unfairly prejudicial to the Defendants, and would mislead and confuse the jury. Any probative value is substantially outweighed by the danger of unfair prejudice in that the jury may take LEF coverage information into consideration when assessing liability and damages. Evidence of these matters should be excluded. *See* Fed. R. Evid. 401 and 403; see also *Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) ("[T]he court should not instruct the jury

10

that the State. . . will indemnify the defendants. The instruction is extremely prejudicial.").

**17.    Any reference to medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiffs (and reasonably certain to be needed and provided in the future) and medical bills accumulated as a result of treatment.**

Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. of. Evid. 402. The provision of medical care or supplies, or any amount thereof, does not speak to whether force was excessive under the circumstances or employed with malice or sadism. See *Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023) (When analyzing a use of force, the "core judicial inquiry" is whether the accused officers applied force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.)" The amount of medical expenses is not relevant to liability in this case and is unduly prejudicial under Fed. R. of Evid. 403(b). Reference to medical care, supplies, or bills are entirely unrelated to the questions this jury must decide and is collateral which will lead to mini trials within this one, requiring Defendants to litigate totally unrelated and irrelevant issues.

**18.    Battery claims against defendants other than Defendant Hart.**

Plaintiffs may attempt to introduce evidence or testimony against Defendants Fenwick and Simonton, or other Defendants, as to a previously filed battery claim by certain Plaintiffs. However, such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 401. This Court dismissed several battery claims (*see generally* Doc 67) that Plaintiffs' attempt to revive in their Fourth

11

Amended Complaint. Count VII of Plaintiffs Fourth Amended Complaint asserts battery claims against Defendants Hart, Fenwick, and Simonton. Doc. 90. However, pursuant to the "Claims Chart" agreed to by Plaintiffs and Defendants, Plaintiffs only include one battery claim by Plaintiff Clemons against Defendant Hart. Therefore, any reference to, testimony or evidence of battery by any other Defendant to assert a battery claim against Defendants Fenwick and Simonton is irrelevant and should be excluded under Fed. R. Evid. 401. Further, such evidence is more prejudicial to Defendants than probative of Plaintiff Clemons' battery claim against Defendant Hart. Fed. R. of. Evid. 403.

**19.    Any Reference to or Evidence of Unpled or Dismissed Claims, Parties, or Remedies.**

Any mention of previously dismissed claims, unpled legal theories, or parties not proceeding to trial, as well as references to injunctive or declaratory relief when the jury is empaneled solely to decide liability and, if applicable, damages on surviving claims should be excluded. Admission would risk prejudice and juror confusion and is irrelevant to the issues to be tried.

**20.    Any statements, reference to, or testimony about Officers' Alleged General Attitudes Toward Muslims or "Gang" Designations Not Tied to the Incident.**

Speculative characterizations, rumors, or hearsay statements purportedly attributing generalized anti-Muslim sentiment or "gang" labels to MDOC, its officers, or Defendants should be excluded. Such material is irrelevant as it does not have a tendency to make more or less probable the allegations in this complaint. Further, it is unduly prejudicial and invites propensity reasoning unrelated to the trial of the

discrete events at issue.

**21.    Evidence or Argument Regarding Alleged Post-Incident Policy Changes or Requests for System-wide Injunctive Relief.**

Any reference to requested MDOC-wide policy changes and any argument implying such injunctive relief are equitable and nature and are for the Court to decide. Any reference to or testimony about such relief risks confusing and prejudicing the jury. Further, subsequent remedial measures undertaken by MDOC following the events alleged in the Complaint is inadmissible under Fed. R. Evid. 407 and should therefore be barred.

**22. Emotional Distress Evidence Untethered to Specific, Admissible Facts and to Bar Inflammatory Epithets.**

Defendants move to exclude generalized, conclusory, or speculative emotional distress testimony not grounded in specific, admissible facts, as well as inflammatory epithets (e.g., "sadistic," "brutal," "torture") designed to inflame rather than inform the jury, and not relevant to proving an essential element of Plaintiffs' claims. Fed. R. Evid. 401. To the extent this Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect that outweighs any probative value to the jury.

**23.    Evidence or Argument Implying a Duty to Provide Specific Disciplinary Outcomes or Officer Punishments.**

Defendants move to exclude argument or evidence implying the jury should consider whether prison officials punished or should have punished officers, or inviting the jury to speculate about internal discipline, as irrelevant and unduly

prejudicial. Fed. R. Evid. 401 and 403.

**24.   References to Plaintiffs' Family Hardship, Distance, or Visitation Issues as Irrelevant to Liability.**

Reference to or evidence concerning family travel distance, visitation denials, or similar hardship evidence unrelated to the elements of the claims at issue risks unfair prejudice and is irrelevant.

**25. Reference to "chemical agents," "mace," or any derivative thereof other than the term "OC pepper spray" or "pepper spray."**

Terms other than "OC pepper spray" or "pepper spray" would be an incorrect characterization of the substance allegedly used by one or more defendants against one or more plaintiffs. Any such remark or implication of "chemical agent," "mace," or the like is irrelevant, improper, and would be unfairly prejudicial, and therefore should be excluded.

**26. Argument Inviting Jurors to "Send a Message" or Punish MDOC System-wide.**

Defendants move to preclude "send a message" appeals or arguments seeking system-wide punishment through their verdict, which are improper and unduly prejudicial.

**27.   Preclude Use of the Term "Sexual Assault" or Similar Labels.**

Any reference to or testimony of sexual contact should be described factually without characterizing labels such as "sexual assault" or the like, unless the Court rules on admissibility and terminology in advance, to mitigate undue prejudice. Such terminology would be immaterial, irrelevant, and would serve no purpose but to prejudice Defendants. Further, such information is collateral as Plaintiffs have not

14

filed any action on the basis of sexual assault and it risks confusing the jury. *See* Fed. R. Evid. 401, 402, and 403.

**28.   Any reference to settlement offers made in this case.**

Such offers are generally inadmissible under the Federal Rules of Evidence. Fed. R. 408(a).

WHEREFORE, Defendants pray this Court order that no evidence or testimony related to any of the foregoing topics be admitted in addition to other and further relief as the Court deems just and proper.

Respectfully Submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Scott J. Bower*
Scott J. Bower, #75486 (MO)
Isabelle McNally, #78386 (MO)
Wolfgang A. Schaefer,#78191 (MO)
Assistant Attorneys General
221 West High Street
Jefferson City, MO 65101
Phone: (573) 751-8108
scott.bower@ago.mo.gov
isabelle.mcnally@ago.mo.gov
wolfgang.schaefer@ago.mo.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2026, the foregoing was filed electronically via the Court's electronic filing system and was served by the operation of the court's electronic filing system on all counsel of record.

/s/ Scott J. Bower
Scott J. Bower
Assistant Attorney General

/s/ Isabelle McNally
Isabelle McNally
Assistant Attorney General

/s/ Wolfgang A. Schaefer
Wolfgang A. Schaefer
Assistant Attorney General