UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BYRON CLEMONS, et al., ) ) ) | |
| Plaintiffs, ) ) | Case No. 4:22-CV-00158-SRW |
| v. ) ) | |
| MICHELLE BASHAM, et al., ) ) | |
| Defendants. ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTIONS IN LIMINE**

Defendants Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Regan, Gary Fenwick, and Adam Simonton ("Defendants"), through undersigned counsel, make the following objections to Plaintiffs' Motions in Limine:

**I.   Evidence of Plaintiffs' Felony Convictions and Sentences**

Plaintiffs ask this court to make a blanket ruling that the felony convictions and length of sentences for plaintiffs bringing this lawsuit be completely excluded. Federal Rule of Evidence 609(a)(1)(A) governs the impeachment of a witness with prior felony convictions. It requires that for crimes punishable by death or over one year of imprisonment, the conviction must be admitted, subject to the balancing test in Rule 403. Plaintiffs seek a categorical bar on the nature and sentences of multiple felony convictions. That blanket exclusion is improper because the probative value of

1

the specific convictions for credibility, bias, motive for fabrication, and damages (particularly noneconomic) cannot be assessed in the abstract. This assessment depends on the witnesses' testimony at trial.

Further, Plaintiffs place their credibility at the center of this case by alleging peaceful conduct and religious exercise. Defendants anticipate disputing those assertions. The jury's ability to evaluate credibility, including by understanding whether a witness has sustained multiple serious felony convictions, bears directly on the weight of plaintiffs' testimony. A mere stipulation to an "unspecified felony" sterilizes probative impeachment and risks misleading the jury into thinking plaintiffs' convictions are minor or trivial.

To the extent plaintiffs argue unfair prejudice from the characterization of certain offenses, Rule 403 guards against unfair, not merely damaging, prejudice. This Court can mitigate potential prejudice with limiting instructions and by calibrating the level of detail, rather than imposing wholesale exclusion. Plaintiffs' request to exclude sentences and time served should likewise be denied or reserved. The length and recency of plaintiffs' convictions and sentences are probative under Rule 609(a)(1) to credibility and potential bias stemming from ongoing incarceration.

In support of their argument, Plaintiffs cite a series of decisions favoring exclusion of such evidence. However, those cases are neither binding nor dispositive on this record. Rather, those cases demonstrate case-specific Rule 403 determinations, not a categorical rule. The appropriate remedy is to admit the offenses and dates for impeachment, subject to limiting instructions.

2

Lastly, Defendants contend that Plaintiffs open the door to specific offenses and sentence lengths if they testify at trial to peacefulness, character for truthfulness, lack of motive to fabricate, or by presenting damages testimony placing their moral character at issue.

## II.     Plaintiffs' Disciplinary Records

Plaintiffs seek categorical exclusion of disciplinary records other than those at issue. That request is overbroad. Disciplinary records may be admissible for multiple non-propensity purposes, including but not limited to the following:

(a) Impeachment by contradiction if Plaintiffs testify to broad compliance with rules, nonviolence, or peaceful conduct;

(b) Bias, motive, or interest. For example, pending sanctions, benefits, or expectations vis-à-vis Defendants or the institution;

(c) Knowledge, notice, and the reasonableness of staff responses concerning group movement, dayroom activity, or security protocols;

(d) State of mind and damages (i.e., emotional distress causation and apportionment);

(e) Habit under Rule 406;

(f) Completeness under Rule 106 when Plaintiffs introduce selective institutional records.

Specifically, Rule 404(b)(1) bars propensity use, not all "other acts" evidence. For instance, for subsequent conduct violations issued to Plaintiffs, those are relevant to assessing Plaintiffs' Retaliation claims. If Defendants offer

3

disciplinary records for a permissible purpose and with a limiting instruction, unfair prejudice is avoided and categorical preclusion is simply unwarranted.

Lastly, Plaintiffs cite cases excluding disciplinary histories, but those, again, reflect case-specific determinations. Here, Plaintiffs' narrative of "peaceful congregational prayer" versus institutional safety concerns places institutional context and rule-enforcement directly at issue. The jury should understand the operational environment, including relevant disciplinary history that helps to inform staff's perceptions, risk assessments, and responses, where offered for non-propensity purposes by Defendants.

### III. References to Plaintiffs as "Offenders," "Convicts," "Felons," and to ERDCC as a "Maximum Security" Prison

Plaintiffs ask this Court to unnecessarily police ordinary terminology by forbidding "offender," "convict," or "felon," and to bar reference to ERDCC as a "maximum-security" prison. These are accurate descriptors in a correctional context and will be relevant to the jury for clarity, context, and witness identification, particularly where multiple incarcerated Plaintiffs and inmate-witnesses are involved.

Plaintiffs' proposal itself permits "inmates" at a "correctional facility," conceding that custodial status is relevant and unavoidable in a prison-conditions case. The difference between "inmate" and "offender" is entirely semantic. Not to mention that the terms plaintiffs wish to prohibit are accurate by definition. For example, plaintiffs are "offenders" by definition because they

are incarcerated for committing an offense. Categorical restrictions risk needless side litigation and jury confusion.

As for Plaintiffs' assertion that ERDCC should not be referred to as a "maximum security" prison, that is simply a fact in this litigation. To that end, it is not a fact that unfairly prejudices Plaintiffs. Additionally, security-level references are probative of the reasonableness of staff conduct, operational constraints, movement rules, safety assessments, etc. To the extent Plaintiffs challenge Defendants' force as excessive and Missouri Department of Corrections restrictions as unlawful, the facility's security posture and classification are part of the totality of circumstances.

Finally, Plaintiffs also assert factual disagreement about ERDCC's security-level characterization. That is a matter for proof, not exclusion. The parties can elicit testimony about ERDCC's classifications and operations. A sweeping prohibition would improperly prevent Defendants from presenting institutional context for policies and responses to conduct in a prison setting.

WHEREFORE, Defendants request that the Court deny Plaintiffs' categorical exclusions and instead conduct case-specific, witness-specific Rule 403 and 609 balancing at trial, permitting impeachment with the names and dates of felony convictions if Plaintiffs testify; Deny blanket exclusion of disciplinary records and resolve admissibility at trial on an entry-by-entry basis for permissible non-propensity purposes; and deny Plaintiffs' request to bar standard terminology or references to facility security levels.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Scott J. Bower*
Scott J. Bower, #75486 (MO)
Assistant Attorney General
221 West High Street
Jefferson City, MO 65101
Phone: (573) 751-8108
Fax: (573) 751-9456
Scott.Bower@ago.mo.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2026, the foregoing was electronically filed via the Court's electronic filing system and was served by the operation of the court's electronic filing system on all counsel of record.

*/s/ Scott J. Bower*
Scott J. Bower
Assistant Attorney General