## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **REGINALD CLEMONS**, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No.: 4:22-cv-00158-SRW |
| **MICHELLE BASHAM**, *et al.*, | |
| *Defendants*. | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS FOR TRIAL

COMES NOW Plaintiffs Reginald Clemons, Steven Stafford, Pre'Marcus Howard, Vincent Hood, Mark Holliman, Montrell Moore, Wendell Harris, Michael Smith, and Mandell Kent, by and through Counsel, and state the following objections to Defendants' proposed exhibits:

**Policy - IS17-1.1 - Religious or Spiritual Programming (Bates 001-015)**

No objection.

**Policy - IS20-3.1 - Use of Force Guidelines and Reports (Bates 016-034)**

No objection.

**Policy - D2-13.1 - Volunteers (Bates 5169-5185)**

No objection.

**Policy - D3-7.1 - Acceptance of Donations (Bates 5186-5190)**

No objection.

**Policy - D5-3.3 - Clergy Person Spiritual Advisor Visits (Bates 5191-5202)**

No objection.

**Policy - IS8-5.1 - Offender Marriages (Bates 5203-5209)**

No objection.

**Policy - IS10-1.8 - Menu Planning (Bates 5210-5237)**

No objection.

**Policy - IS13-1.1 Offender Mail Procedures (Bates 5238-5251)**

No objection.

**Policy - IS18-3.11 Correspondence Courses (Bates 5252-5256)**

No objection.

**Policy - IS22-1.1 Offender Authorized Personal Property (Bates 5257-5267)**

No objection.

**Adseg Housing Unit Rules (Bates 4518-4521)**

No objection.

**ERDCC Contagious Disease Preparedness Plan (Bates 4522-4525)**

No objection.

**ERDCC Flu - Pandemic Plan (Bates 4526-4527)**

No objection.

**ERDCC Viral Containment Action Report (Bates 4526-4527)**

No objection.

**ERDCC Yard Rules Eff. 03-01-20 (Bates 4554-4555)**

No objection.

**GP-Incentive-PC Housing Unit Rules Eff. 01-30-2020 (Bates 4556-4565)**

No objection.

**Grievance – Kent (Bates 5563-5566)**

Plaintiffs object to Defendants' proposed exhibit "Grievance—Kent" as irrelevant and prejudicial. FRE 401, 403. This exhibit includes only one grievance from April 9, 2014, and has no bearing on the present case. No part of the grievance has a tendency to make a fact of consequence more or less probable if used as evidence in this case. FRE 401. Moreover, the grievance contains information regarding an officer threatening a conduct violation against Mr. Kent. The prejudice of the threat allegations addressed in this grievance far outweighs the limited—if any—probative value that this grievance has to this case. *See* FRE 403. To the extent that Defendants seek to introduce this exhibit to make an exhaustion argument, Plaintiffs argue that after repeatedly refusing the Court's invitations to file dispositive briefings on issues, including exhaustion, Defendants have waived any exhaustion defenses. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievance – Holliman (Bates 5501-5520)**

Plaintiff objects to the extent this proposed exhibit would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

## Grievance – Hood (Bates 5521-5537)

Plaintiff objects to Defendants proposed exhibit "Grievance—Hood" to the extent that it contains irrelevant and prejudicial information. Defendants' proposed exhibit includes a grievance from 2016 that is unrelated to the present matter and has no tendency to make any fact of consequence more or less probable than it would be without the evidence. Moreover, the 2016 grievance includes complaints regarding an allegation— which Plaintiff denies—regarding contraband of a sexual nature allegedly found in his cell. This information carries a high risk of prejudice and has little or no probative value in this action. *See* FRE 403. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

## Grievance – Howard (Bates 5538-5562)

Plaintiffs object to Defendants' proposed exhibit "Grievance—Howard" to the extent that the exhibit includes inadmissible hearsay under FRE 802, 803. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

## Grievance - Stafford – 1 (Bates 3017-3092)

Plaintiffs object to Defendants' proposed exhibit "Grievance—Stafford—1" to the extent that it is irrelevant, confusing, and contains hearsay. *See* FRE 403, 802. Plaintiffs specifically object to grievances unrelated to the February 28, 2021 incident as irrelevant and

having no tendency to make a fact of consequence more or less probable than it would be without the evidence. FRE 401. Plaintiffs likewise object to all grievances filed before February 28, 2021 as irrelevant to any fact of consequence. FRE 401. Plaintiffs further object to the exhibit to the extent that it includes inadmissible hearsay under FRE 802 and 803. Plaintiff objects to Defendants' proposed exhibit as confusing. *See* FRE 403. The IRRs and Grievances included in this proposed exhibit are out of order, and difficult to read, which creates a likelihood of confusion for the jury.  Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

### Grievance - Stafford – 2 (Bates 3093-3190)

Plaintiffs object to Defendants' proposed exhibit "Grievance—Stafford—2" to the extent that it is confusing and contains hearsay. *See* FRE 403, 802. The Grievances and IRRs contained in this exhibit are confusing, out of order, and contain parts of grievances from the previous proposed exhibit which are likely to confuse the jury. Plaintiff further objects to the extent that documents contained in this proposed exhibit are duplicative of documents contained in other proposed exhibits. FRE 403. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievance - Stafford – 3 (Bates 3191-3241)**

Plaintiffs object to Defendants' proposed exhibit "Grievance—Stafford—3" to the extent that it is confusing and contains hearsay. *See* FRE 403, 802. The Grievances and IRRs contained in this exhibit are confusing, out of order, and contain parts of grievances from the previous proposed exhibit which are likely to confuse the jury. Plaintiff further objects to the extent that documents contained in this proposed exhibit are duplicative of documents contained in other proposed exhibits. FRE 403. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievance - Stafford – 4 (Bates 3242-3327)**

Plaintiffs object to Defendants' proposed exhibit "Grievance—Stafford—3" to the extent that it is confusing and contains hearsay. *See* FRE 403, 802. The Grievances and IRRs contained in this exhibit are confusing, out of order, and contain parts of grievances from the previous proposed exhibit which are likely to confuse the jury. Plaintiff further objects to the extent that documents contained in this proposed exhibit are duplicative of documents contained in other proposed exhibits. FRE 403. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievance - Stafford – 5 (Bates 3328-3403)**

Plaintiffs object to Defendants' proposed exhibit "Grievance—Stafford—3" to the extent that it is confusing and contains hearsay. *See* FRE 403, 802. The Grievances and IRRs contained in this exhibit are confusing, out of order, and contain parts of grievances from the previous proposed exhibit which are likely to confuse the jury. Plaintiff further objects to the extent that documents contained in this proposed exhibit are duplicative of documents contained in other proposed exhibits. Fre 403. Plaintiffs object to this proposed exhibit to the extent that it contains inadmissible hearsay under FRE 802, 803. Plaintiffs further object to this proposed exhibit as irrelevant to the extent that it seeks to introduce evidence without tendency to make more or less probable a fact of consequence in this matter, particularly those unrelated to the incident and subsequent complaints from February 28, 2021. FRE 401. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievances – Smith (Bates 2734-2785)**

Plaintiffs object to Defendant's proposed exhibit "Grievances–Smith" Bates 2734-2738 as irrelevant. FRE 401. It includes a grievance from April 14, 2023, which is irrelevant to the present matter and has no tendency to make any fact of consequence more or less probable than it would without the evidence. FRE 401. It also includes a grievance from May 3, 2022, which is irrelevant to the present matter and has no tendency to make any fact of consequence more or less probable than it would without the evidence. FRE 401. It further includes a grievance from March 3, 2022, which is irrelevant to the present matter

7

and has no tendency to make any fact of consequence more or less probable than it would without the evidence. FRE 401. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievances – Moore (Bates 2400-2428)**

Plaintiffs object to Defendants proposed exhibit "Grievances–Moore" to the extent that it is irrelevant. FRE 401. Defendants' proposed exhibit includes grievances unrelated to the February 28, 2021 incident and the contours of this case. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievances – Harris (Bates 1747-1762)**

Plaintiffs object to Defendants proposed exhibit "Grievances–Harris" as irrelevant. FRE 401. Defendants' proposed exhibit includes IRRs and Grievances Mr. Harris filed in 2023 that has no relation to the present case. That grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievances – Clemons - 082-087 22-43 (Bates 82-87)**

Plaintiffs object to Defendants proposed exhibit "Grievances–Clemons" as irrelevant. FRE 401. Defendants' proposed exhibit includes IRRs and Grievances Mr. Clemons filed with Jefferson City Correctional Facility (JCCC) in 2022. This grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. Defendants' proposed exhibit includes a grievance from 2022 that is unrelated to the present matter. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Grievances – Clemons - 088-098 23-REPRISAL-10 (Bates 88-98)**

Plaintiff objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**IRR - Hood, Vincent #1254167 FCC-22-478 (Bates 4796-4801)**

Plaintiffs object to Defendants proposed exhibit "IRR - Hood, Vincent #1254167 FCC-22-478" as irrelevant and prejudicial. Defendants' proposed exhibit includes IRRs and Grievances Mr. Hood filed with Farmington Correctional Facility (FCC) in 2022. This grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. Defendants' proposed exhibit includes a grievance from 2022 that is unrelated to the present matter. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains

9

inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**IRR - Hood, Vincent #1254167 FCC-22-1022 (Bates 4802-4809)**

Plaintiffs object to Defendants proposed exhibit "IRR - Hood, Vincent #1254167 FCC-22-1022" as irrelevant and prejudicial. Defendants' proposed exhibit includes IRRs and Grievances Mr. Hood filed with Farmington Correctional Facility (FCC) in 2022. This grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. Defendants' proposed exhibit includes a grievance from 2022 that is unrelated to the present matter and has no tendency to make any fact of consequence more or less probable than it would be without the evidence. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**IRR - Hood, Vincent #1254167 FCC-22-1155 (Bates 4810-4818)**

Plaintiffs object to Defendants proposed exhibit "IRR - Hood, Vincent #1254167 FCC-22-1155" as irrelevant and prejudicial. Defendants' proposed exhibit includes IRRs and Grievances Mr. Hood filed with Farmington Correctional Facility (FCC) in 2022. This grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. Defendants' proposed exhibit includes a grievance from 2022 that is unrelated to the present matter and has no tendency to make any fact of consequence more or less probable than it would be without the evidence.  Plaintiff further objects to the extent

this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**IRR - Hood, Vincent #1254167 FCC-21-1412 (Bates 4785-4790)**

Plaintiffs object to Defendants proposed exhibit "IRR - Hood, Vincent #1254167 FCC-2101412" as irrelevant and prejudicial. FRE 401, 403. Defendants' proposed exhibit includes IRRs and Grievances Mr. Hood filed with Farmington Correctional Facility (FCC) in 2022. This grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. Defendants' proposed exhibit includes a grievance from October and November 2021 that is unrelated to the present matter and has no tendency to make any fact of consequence more or less probable than it would be without the evidence. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**IRR - Hood, Vincent #1254167 FCC-22-12 (Bates 4791-4795)**

Plaintiffs object to Defendants' proposed exhibit "IRR – Hood, Vincent #1254167 FCC-22-12" as irrelevant. FRE 401. Defendants' proposed exhibit includes IRRs and Grievances Mr. Hood filed with Farmington Correctional Facility (FCC) in 2022. This grievance has no tendency to make more or less probable any fact of consequence in this case. *See* FRE 401. This event is entirely unrelated to the incident which occurred at the

ERDCC on February 28, 2021. Plaintiff further objects to the extent this evidence would be used as inadmissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial to the extent outlined in this objection.

**Affidavit - Kent (No Grievances-IRRs) (Bates 4849)**

Plaintiffs object to Defendants' proposed exhibit "Affidavit – Kent (No Grievances-IRRs)" as irrelevant and misleading. FRE 401, 403. Whether Mr. Kent filed grievances at Farmington Correctional Facility (FCC) has no bearing on his treatment at the Eastern Reception Diagnostic and Correctional Center (ERDCC) on February 28, 2021 or any other matter in this case. This affidavit has no tendency to make any fact of consequence more or less probable than it would be without the evidence. FRE 401. Moreover, the admission of this exhibit into evidence has a high risk of misleading the jury. A jury may read the affidavit and believe that Mr. Kent did not file any grievances related to the events at issue in this case. But the affidavit only concerns grievances filed at FCC, where he was transferred. Even a reasonable juror may be confused and misled by the meaning of the affidavit. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial.

**Affidavit - Holliman (No Grievances-IRRs) (Bates 4566)**

Plaintiffs object to Defendants' proposed exhibit "Affidavit – Holliman (No Grievances-IRRs)" as irrelevant and misleading. FRE 401, 403. Whether Mr. Holliman filed grievances at Farmington Correctional Facility has no bearing on his treatment at the ERDCC on February 28, 2021 or any other issue in this case. This affidavit has no tendency

to make any fact of consequence more or less probable than it would be without the evidence. FRE 401. Moreover, the admission of this exhibit into evidence has a high risk of misleading the jury. A jury may read the affidavit and believe that Mr. Holliman did not file any grievances related to the events at issue in this case. But the affidavit only concerns grievances filed at *FCC*, where he was transferred. Even a reasonable juror may be confused and mislead by the meaning of the affidavit, especially since Mr. Holliman did file a grievance with the ERDCC for the February 28, 2021 incident central to this action. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from trial.

**UoF Spreadsheet (Bates 5567-5593)**

No objection.

**UoF Packet – 02.28.21 – Stafford (Bates 4434-4488)**

No objection.

**UoF Packet - 02.28.21 – Clemons (Bates 1596-1641)**

No objection.

**UoF Packet - 02.28.21 – Howard (Bates 2295-2340)**

No objection.

**UoF Packet - 02.28.21 – Harris (Bates 2206-2277)**

No objection.

**UoF Packet – 02.28.21 – Moore (Bates 2649-2697)**

No objection.

**Video - HU#4B wing Muslim 2-28-21.exe (Bates 1642)**

No objection.

**Video - HU#4B-1 wing Muslim 2-28-21.exe (Bates 1643)**

No objection.

**Video - HU#4 Yard Muslim 2-28-21.exe (Bates 4489)**

No objection.

**Medical Records – Clemons (Bates – 000121-001595)**

No objection.

**Medical Records – Harris (Bates 1806-2205)**

No objection.

**Medical Records – Moore (Bates 2470-2648)**

No objection.

**Medical Records – Smith (Bates 2786-2902)**

No objection.

**Medical Records – Stafford (Bates 3425-4433)**

No objection.

**Medical Records – Stafford (Updated) (Bates 5268-5500)**

No objection.

**Medical Records – Holliman (Bates 4589-4652)**

No objection.

**Medical Records - Hood, Vincent (MOCIS, AS400) (Bates 4720-4784)**

No objection.

**Medical Records - Hood, Vincent (MARs record) (Bates 4819-4848)**

No objection.

**Medical Records - Kent (MOCIS, AS400) Bates 5114-5145)**

No objection.

**Medical Records - Kent (MARs record) Bates 5147-5168)**

No objection.

**Classification File – Clemons (Bates 56-81)**

Plaintiff objects to the admission of this exhibit as prejudicial and as wasting time under FRE 401 and 403. Defendants' Exhibit "Classification File—Clemons" contains information that is irrelevant to the case other than to demonstrate Mr. Clemons's status as an inmate with the Missouri Department of Corrections. Whether Mr. Clemons was or remains in custody of the Missouri Department of Corrections is not at issue in this case. As such, the admission of this exhibit as evidence would waste the jury's time by attempting to prove a fact not at issue. Additionally, the prejudice of admitting the length of Mr. Clemon's incarceration at the facility or his sentence outweighs the probative value of that evidence in his case. Plaintiffs further object to the extent that this exhibit may be used as impermissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. Finally, Mr. Clemon's certificates and education level are not relevant to the violation of his rights at issue in this case, specifically the events during and following February 28, 2021. For these reasons, Plaintiffs respectfully request that this proposed exhibit be excluded from trial.

**Classification File – Harris (Bates 1644-1746)**

Plaintiffs object to the admission of Defendants' exhibit "Classification File—Harris" as irrelevant, prejudicial, duplicative, and wasting time. FRE 401, 403. This exhibit includes specific details of the crime for which Mr. Harris was convicted, his plea, and his sentence. Mr. Harris's conviction holds no relevance to his claims. Specifically, his plea, whether he

was convicted by jury, and the length and contours of his sentence has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. Moreover, any probative value in Mr. Harris's conviction and sentencing records is substantially outweighed by the prejudicial effect of such evidence. Mr. Harris's criminal conviction and sentence have little, if any, bearing on the violation of his rights or the actions of the officers on February 28, 2021. But that evidence is substantially likely to impact the jury's perception of him in a manner which would cause significant prejudice.

Likewise, presenting the jury with 103 pages of prison records and religious accommodation requests when neither Mr. Harris's status as an inmate nor his religious are facts in question for this proceeding, *see* ECF 162, would constitute a waste of the Court's time. Plaintiffs further object to the extent that this exhibit may be used as impermissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. Finally, to the extent that this exhibit includes information regarding conduct violations for the February 28, 2021 incident or otherwise, those documents are unnecessarily duplicative of other proposed exhibits submitted by Defendants or otherwise irrelevant and prejudicial to Plaintiffs' case. Thus, Plaintiffs request the exclusion of Defendants proposed Exhibit "Classification File—Harris."

<u>**Classification File – Harris (Bates 1644-2289) [not sic]**</u>

Plaintiffs object to the admission of Defendants' exhibit "Classification File—Harris" as irrelevant, prejudicial, duplicative, and wasting time. Defendants' proposed exhibit includes the entirety of discovery provided by the Defendants regarding Plaintiff Harris. Plaintiffs incorporate the objections raised in the other proposed exhibits including the same bates numbers. Otherwise, Plaintiffs object to this exhibit as duplicative. Each of the bates

numbers in this proposed exhibit are included in other exhibits proposed by Defendants. For these reasons, Plaintiffs respectfully request that the Court exclude this proposed exhibit from trial.

**Classification File – Moore (Bates 2343-2399)**

Plaintiffs object to the admission of Defendants' exhibit "Classification File—Moore" as irrelevant, prejudicial, duplicative, and wasting time. FRE 401, 403. This exhibit includes specific details of the crime for which Mr. Moore was convicted, his plea, and his sentence. Mr. Moore's conviction holds no relevance to his claims. Specifically, his plea, whether he was convicted by jury, and the length and contours of his sentence have no tendency to make any fact of consequence more or less probable than it would have been without the evidence. Moreover, any probative value in Mr. Moore's conviction and sentencing records is substantially outweighed by the prejudicial effect of such evidence. Mr. Moore's criminal conviction and sentence have little, if any, bearing on the violation of his rights or the actions of the officers on February 28, 2021. But that evidence is substantially likely to impact the jury's perception of him in a manner which would cause significant prejudice.

To the extent that pages from this exhibit show Mr. Moore's religious preferences, those documents should be excluded for wasting time under FRE 403. Parties have already stipulated the religious preferences of each Plaintiff at the times relevant to this incident. Introducing this exhibit to show what all parties already accept as true would waste the Court's time. Plaintiffs object to the inclusion of program certificates in this exhibit as irrelevant and to the extent that they may be used as improper character evidence under FRE 404. Plaintiffs further object to the use of conduct reports in this proposed exhibit as

irrelevant, prejudicial and duplicative. Plaintiffs conduct reports before or after February 28, 2021, are not relevant to any claim or defense at issue in this lawsuit. Even if these documents held any relevance to the present case, the probative value of the conduct violations is substantially outweighed by the prejudice those violations would create at trial. FRE 401. The risk of prejudice here is especially significant Plaintiffs have no meaningful way to address the merits of these conduct violations. Plaintiffs further object to the extent that this exhibit may be used as impermissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request that the Court exclude this proposed exhibit from trial.

**Classification File – Smith (Bates 2704-2733)**

Plaintiffs object to the admission of Defendants' exhibit "Classification File—Smith" as irrelevant, prejudicial, duplicative, and wasting time. This exhibit includes specific details of the crime for which Mr. Smith was convicted, his plea, and his sentence. Mr. Smith's conviction has no relevance to his claims. Specifically, his plea, whether he was convicted by jury, and the length and contours of his sentence has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. Moreover, any probative value in Mr. Smith's criminal history, conviction, former subpoenas and Writs, and sentencing records is substantially outweighed by the prejudicial effect of such evidence. Mr. Smith's criminal conviction and sentence have little, if any, bearing on the violation of his rights or the actions of the officers on February 28, 2021. But that evidence is substantially likely to impact the jury's perception of him in a manner which would cause significant prejudice.

To the extent that pages from this exhibit show Mr. Smith's religious preferences, those documents should be excluded for wasting time under FRE 403. Parties have already stipulated the religious preferences of each Plaintiff at the times relevant to this incident. Introducing this exhibit to show what all parties already accept as true would waste the Court's time. Plaintiffs object to the inclusion of program certificates in this exhibit as irrelevant and to the extent that they may be used as improper character evidence under FRE 404.

Plaintiffs further object to the use of conduct reports and religious noncompliance in this proposed exhibit as irrelevant, prejudicial and duplicative. Plaintiff's noncompliance forms are not relevant to any claim or defense at issue in this lawsuit. Even if these documents held any relevance to the present case, the probative value of the forms is substantially outweighed by the prejudice those violations would create at trial. FRE 401. The risk of prejudice here is especially significant Plaintiffs have no meaningful way to address the merits of the documents included in the exhibit. Plaintiffs further object to the extent that this exhibit may be used as impermissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs respectfully request that this proposed exhibit be excluded from trial.

**Classification File – Stafford (Bates 3404-3424)**

Plaintiffs object to Defendants' proposed exhibit "Classification File—Stafford" as duplicative and misleading. FRE 403. The bates numbers corresponding to this proposed exhibit are exact duplicates for Defendants' Proposed Exhibit "Investigation File—Stafford." Plaintiffs incorporate their objections regarding the merits of Defendants proposed exhibit "Investigation File—Stafford" and otherwise object to the admission of the

documents in this proposed exhibit as duplicative. *See* FRE 403. For these reasons, Plaintiffs respectfully request that this proposed exhibit be excluded from trial.

Should this Court determine that Defendants intended to include the bates numbers for Stafford's classification file and reject Plaintiffs above objections, Plaintiffs object to the admission of Defendants' exhibit "Classification File—Stafford" as irrelevant, prejudicial, duplicative, and wasting time. FRE 401, 403. This exhibit includes specific details of the crime for which Mr. Stafford was convicted, his plea, and his sentence. Mr. Stafford's conviction holds no relevance to his claims. Specifically, his plea, whether he was convicted by jury, and the length and contours of his sentence has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. Moreover, any probative value in Mr. Stafford's criminal history, conviction, former subpoenas and Writs, and sentencing records is substantially outweighed by the prejudicial effect of such evidence. Mr. Stafford's criminal conviction and sentence have little, if any, bearing on the violation of his rights or the actions of the officers on February 28, 2021. But that evidence is substantially likely to impact the jury's perception of him in a manner which would cause significant prejudice.

To the extent that pages from this exhibit show Mr. Stafford's religious preferences, those documents should be excluded for wasting time under FRE 403. Parties have already stipulated the religious preferences of each Plaintiff at the times relevant to this incident. Introducing this exhibit to show what all parties already accept as true would waste the Court's time.

Plaintiffs object to the inclusion of program certificates in this exhibit as irrelevant and to the extent that they may be used as improper character evidence under FRE 404.

20

Plaintiffs further object to the use of conduct reports and religious noncompliance in this proposed exhibit as irrelevant, prejudicial and duplicative. These documents are not relevant to any claim or defense at issue in this lawsuit. Further, any relevant documents, namely, Plaintiff's conduct report from February 28, 2021, are included elsewhere in Defendants' proposed exhibits, making it duplicative. *See* FRE 403. Even if these documents held any relevance to the present case, the probative value of the conduct violations is substantially outweighed by the prejudice those violations would create at trial. FRE 401. The risk of prejudice here is especially significant Plaintiffs have no meaningful way to address the merits of the documents included in the exhibit.

Finally, to the extent these documents include transition plans for Plaintiff, or requests to communicate with attorneys, those documents bear no relevance to Plaintiffs' claims. Plaintiffs further object to the extent that this exhibit may be used as impermissible character evidence under FRE 404 and to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons the Court should exclude Defendants proposed Exhibit "Classification File—Stafford" from trial.

**Classification File – Holliman (Bates 2704-2733)**

Plaintiffs object to the admission of Defendants' proposed Exhibit "Classification File—Holliman" as duplicative and misleading. *See* FRE 403. The bates numbers attached to this proposed exhibit do not belong to Plaintiff Holliman. Instead, they include only the record of Plaintiff Michael Smith. To the extent that these records are identical to those identified in Defendants proposed exhibit "Classification File—Smith" Plaintiffs incorporate their objections from that proposed exhibit and further object to the admission of this exhibit as duplicative. *See* FRE 403.

Should this Court determine that Defendants intended to include the bates numbers for Holliman's classification file (Bates 4566-4587) and reject Plaintiffs above objections, Plaintiffs object on the grounds of relevance, prejudice, and wasting time. FRE 401, 403. This exhibit includes specific details of the crime for which Mr. Holliman was convicted, his plea, and his sentence. Mr. Holliman's conviction holds no relevance to his claims. Specifically, his plea, whether he was convicted by jury, the length and contours of his sentence, and other documents reflecting his criminality and incarceration have no tendency to make any fact of consequence more or less probable than it would have been without the evidence. Moreover, any probative value in Mr. Holliman's criminal history, conviction, former subpoenas and Writs, and sentencing records is substantially outweighed by the prejudicial effect of such evidence. Mr. Holliman's criminal conviction and sentence have little, if any, bearing on the violation of his rights or the actions of the officers on February 28, 2021. But that evidence is substantially likely to impact the jury's perception of him in a manner which would cause significant prejudice.

To the extent that pages from this exhibit show Mr. Holliman's religious preferences, those documents should be excluded for wasting time under FRE 403. Parties have already stipulated the religious preferences of each Plaintiff at the times relevant to this incident. Introducing this exhibit to show what all parties already accept as true would waste the Court's time. Moreover, Plaintiffs object to the inclusion of program certificates in this exhibit as irrelevant and to the extent that they may be used as improper character evidence under FRE 404.

Plaintiffs further object to the use of conduct reports and religious noncompliance in this proposed exhibit as irrelevant, prejudicial and duplicative. These documents are not

relevant to any claim or defense at issue in this lawsuit. Further, any relevant documents, namely, Plaintiff's conduct report from February 28, 2021, are included elsewhere in Defendants' proposed exhibits, making it duplicative. *See* FRE 403. Even if these documents held any relevance to the present case, the probative value of the conduct violations is substantially outweighed by the prejudice those violations would create at trial. FRE 401. Plaintiffs object to the extent that this exhibit may be used as impermissible character evidence under FRE 404. Plaintiffs further object to this proposed exhibit to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs respectfully request that this proposed exhibit be excluded from trial.

**Classification File – Hood (Bates 4653-4718)**

Plaintiffs object to the admission of Defendants' exhibit "Classification File—Hood" as irrelevant, prejudicial, duplicative, and wasting time. FRE 401, 403. This exhibit includes specific details of the crime for which Mr. Hood was convicted, his plea, and his sentence. Mr. Hood's conviction holds no relevance to his claims. Specifically, his plea, whether he was convicted by jury, and the length and contours of his sentence has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. Moreover, any probative value in Mr. Hood's criminal history, conviction, sentence, subpoenas and Writs, and incarceration records is substantially outweighed by the prejudicial effect of such evidence. *See* FRE 401. Mr. Hood's criminal conviction and sentence have little, if any, bearing on the violation of his rights or the actions of the officers on February 28, 2021. But that evidence is substantially likely to impact the jury's perception of him in a manner which would cause significant prejudice. To the extent that pages from this exhibit show Mr. Hood's religious preferences, those documents should be

excluded for wasting time under FRE 403. Parties have already stipulated the religious preferences of each Plaintiff at the times relevant to this incident. Introducing this exhibit to show what all parties already accept as true would waste the Court's time. Moreover, Plaintiffs object to the inclusion of program certificates in this exhibit as irrelevant and to the extent that they may be used as improper character evidence under FRE 404. Plaintiffs further object to the use of conduct reports and religious noncompliance in this proposed exhibit as irrelevant, prejudicial and duplicative. FRE 403. These documents are not relevant to any claim or defense at issue in this lawsuit. Further, any relevant documents, namely, Plaintiff's conduct report from February 28, 2021, are included elsewhere in Defendants' proposed exhibits, making it duplicative. *See* FRE 403. Even if these documents held any relevance to the present case, the probative value of the conduct violations is substantially outweighed by the prejudice those violations would create at trial. FRE 401. Plaintiffs further object to the extent that this exhibit may be used as impermissible character evidence under FRE 404 and to the extent that this exhibit includes inadmissible hearsay under FRE 802 and 803. For these reasons, Plaintiffs respectfully request that this proposed exhibit be excluded from trial.

**Investigation File – Stafford (Bates 3404-3424)**

Plaintiffs object to Defendants proposed exhibit "Investigation File—Stafford" as irrelevant, prejudicial, and misleading under FRE 403. Plaintiff's investigation record with the MDOC has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. *See* FRE 401. The documents in this investigation report have no bearing on Mr. Stafford's status at the facility nor is it related to the incident on February 28, 2021. Additionally, even if the Court determines that the investigative

24

report is somehow relevant, the report is prejudicial and is likely to mislead the jury. No finding of wrongdoing came from the report. Mr. Stafford received no conduct violation or other disciplinary action as a result of this investigation. Admitting this investigative report into evidence at trial, however, has a high likelihood or prejudicing the jury against Mr. Stafford for his involvement in the investigation. Further, it is likely to mislead the jury into believing that Mr. Stafford engaged in wrongdoing, despite the investigation finding no wrongdoing by him. Plaintiffs further object to this proposed exhibit to the extent that it contains inadmissible hearsay under FRE 802, 803. For these reasons, Plaintiffs request the Court exclude Defendants' proposed exhibit from trial.

## Investigation File – Clemons (Bates 104-120)

Plaintiffs object to Defendants proposed exhibit "Investigation File—Clemons" as irrelevant and prejudicial under FRE 401 and 403. The documents contained in the investigation report, namely Plaintiff's removal from death row, has no bearing on either the events at issue in Plaintiffs' complaint, nor any other fact of consequence that may be made more or less probable than it would have been without the evidence. *See* FRE 401. The event happened more than ten years before the incident alleged in Plaintiffs' Fourth Amended Complaint and has nothing to do with Plaintiff's religion, treatment, or behavior at the facility. Additionally, if admitted, any probative value of this report is outweighed by the prejudice it would cause Plaintiff. *See* FRE 401. The information contained in the investigation reports directly relate to Plaintiff's crime and sentence. These facts are unrelated to Plaintiff's claims or Defendants' potential defenses—other than to establish the already stipulated facts that Plaintiff was an inmate with the Missouri Department of Corrections. But knowledge that Plaintiff was on death row would certainly create prejudice

against him with a jury. For these reasons, Plaintiffs request that the Court exclude this proposed exhibit from evidence in trial.

**Investigation File – Harris (Bates 1798-1805)**

Plaintiffs object to Defendants proposed exhibit "Investigation File—Harris" as irrelevant, misleading and prejudicial under FRE 401 and 403. Defendants' proposed exhibit includes documentation for three investigations which included Mr. Harris. These documents do not contain any evidence with facts of consequence that tend to make any claim or defense more or less probable in this case. FRE 401. Moreover, these documents are highly prejudicial to Plaintiff and misleading to the jury. For two of the three actions, no finding of wrongdoing came from the investigations. Plaintiff Harris received no conduct violation or other disciplinary action as a result of the investigation. Admitting this investigative report into evidence at trial, however, has a high likelihood or prejudicing the jury against Mr. Harris for his involvement in the investigation. Further, it is likely to mislead the jury into believing that Mr. Harris engaged in wrongdoing, despite the investigation finding no wrongdoing by him.

For the one investigation report where the investigation report did result in a conduct violation for Mr. Harris, any probative value of the investigation report is substantially outweighed by the prejudice that would result. The investigation has minimal—if any— probative value because the investigation occurred after the incident on February 28, 2021, and under different circumstances unrelated to the practice of Mr. Harris's religion. The nature of the violation, however, has a high risk of creating prejudice for the jury. For the same reason, and because there is little to no context in the investigation report, the admission of this exhibit is likely to mislead the jury and cause them to equivocate this

26

conduct violation and the one received on February 28, 2021. Plaintiff further objects to this proposed exhibit to the extent it includes inadmissible hearsay. *See* FRE 802-803. For these reasons, Plaintiffs' request that the Court exclude this exhibit from trial.

### Investigation File – Howard (Bates 2290-2294)

Plaintiffs object to Defendants proposed exhibit "Investigation File—Howard" as irrelevant, prejudicial, and misleading under FRE 401 and 403. Plaintiff's investigation record with the MDOC has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. *See* FRE 401. The documents in this investigation report have no bearing on Mr. Howard's status at the facility nor is it related to the incident on February 28, 2021. Additionally, even if the Court determines that the investigative report is somehow relevant, the report is prejudicial and is likely to mislead the jury. No finding of wrongdoing came from either of the reports in Mr. Howard's investigation file. Mr. Howard received no conduct violation or other disciplinary action as a result of these investigations. Admitting this investigative report into evidence at trial, however, has a high likelihood of prejudicing the jury against Mr. Howard for his involvement in the investigation. Further, it is likely to mislead the jury into believing that or speculating whether Mr. Howard engaged in wrongdoing, despite the investigation finding no wrongdoing by him. Plaintiffs' further object to the admission of this exhibit as hearsay. *See* FRE 802, 803. For these reasons, Plaintiffs request the Court exclude Defendants' proposed exhibit from trial

### Investigation File – Moore (Bates 2457-2469)

Plaintiffs object to Defendants proposed exhibit "Investigation File—Moore" as irrelevant, misleading and prejudicial under FRE 401, 403. Plaintiff's investigation record

with the MDOC has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. *See* FRE 401. The investigation documents include two incidents which have no relation to the present case. In fact, one of the investigations in this report is an employee investigation for which Plaintiff Moore was merely interviewed. The other is entirely unrelated to any fact of consequence in this case, including Mr. Moore's religious practices or officer use of force.

Moreover, even if deemed relevant by the Court, any probative value of the investigation reports in this case is substantially outweighed by the prejudicial nature of the documents. *See* FRE 403. The investigation report stemming from the employee misconduct investigation is entirely unrelated to any misconduct allegations against Mr. Moore. Still, the report includes an interview with Mr. Moore where prison officials ask him whether he received contraband from officers. The report also includes significant information about Mr. Moore's criminal convictions and perceived affiliations at the facility which are likely to create prejudice against him with the jury. For similar reasons, this information is likely to mislead the jury to believe that Mr. Moore was somehow engaged in some wrongdoing, when he was not even the subject of the investigation—the subject was an MDOC *employee*.

Likewise, the second incident report contains information regarding an "unknown caller" who refused to provide their personal information for "fear of retaliation." These uncorroborated facts unduly prejudice Plaintiff Moore in a manner which far outweighs any probative value. The indication that this unknown individual, who may or may not be connected to the prison system or Plaintiff, feared retaliation, has the tendency to mislead the jury to believe that Mr. Moore poses a threat to others. Plaintiffs' further object to the

admission of this exhibit as hearsay. *See* FRE 802, 803. For these reasons, Plaintiffs request that this Court exclude Defendants' proposed exhibit from evidence at trial.

**Housing Summary - Clemons (Bates 99-103)**

No objection.

**Housing Summary - Harris (Bates 2280)**

No objection.

**Housing Assignment – Moore (Bates 2698)**

No objection.

**Housing Assignment – Stafford (Bates 4492)**

No objection.

**Housing Summary – Holliman (Bates 4588)**

No objection.

**Housing Summary – Hood (Bates 4719)**

No objection.

**ICR (Indv. Confinement) – Harris (Bates 1763-1797)**

Plaintiffs object to Defendants proposed exhibit "ICR (Indv. Confinement) - Harris" as irrelevant, misleading and prejudicial under FRE 403. Defendants' proposed exhibit includes documentation for three investigations which included Mr. Harris. These documents do not contain any evidence with facts of consequence that tend to make any claim or defense more or less probable in this case. FRE 401. Moreover, these documents are highly prejudicial to Plaintiff and misleading to the jury. These investigations all occurred after February 28, 2021 and have no bearing on the facts of the case and, thus, no probative value. The nature of the violation, however, has a high risk of creating prejudice

for the jury. For the same reason, and because there is little to no context in the investigation report, the admission of this exhibit is likely to mislead the jury into equivocating this conduct violation with the one received on February 28, 2021. Plaintiffs further object to the extent this would be used as inadmissible character evidence under FRE 404.

### ICR (Indv. Confinement) – Moore (Bates 2429-2456)

Plaintiffs object to Defendants proposed exhibit "ICR (Indv. Confinement) - Moore" as irrelevant, misleading and prejudicial under FRE 403. Defendants' proposed exhibit includes documentation for three investigations which included Mr. Moore. These documents do not contain any evidence with facts of consequence that tend to make any claim or defense more or less probable in this case. FRE 401. Moreover, these documents are highly prejudicial to Plaintiff and misleading to the jury. These investigations all occurred after February 28, 2021, and have no bearing on the facts of the case and, thus, no probative value. The nature of the violation, however, has a high risk of creating prejudice for the jury. For the same reason, and because there is little to no context in the investigation report, the admission of this exhibit is likely to mislead the jury into equivocating this conduct violation with the one received on February 28, 2021. Plaintiffs further object to the extent this would be used as inadmissible character evidence under FRE 404.

### Chronology - Harris - 2-28-21 to 4-18-23 (Bates 2281-2289)

Plaintiffs object to this exhibit to the extent it contains records of conduct violations. The data sheet contains multiple records of conduct violations at Bates 002281-89. Plaintiffs object to this evidence as irrelevant and prejudicial under FRE 403. Plaintiff's record of

30

conduct violations has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. *See* FRE 401. The reference to a conduct violation in this data sheet has no bearing on Mr. Harris's status at the facility nor is it related to the incident on February 28, 2021. Additionally, even if the Court determines that the records are somehow relevant, they are prejudicial, any probative value of the conduct violations is substantially outweighed by the prejudicial nature of the conduct violation. The conduct violations occurred in the months after the February 2021 incident and have no bearing on any of the facts of the case, so provide little probative value. Plaintiff further objects to the extent this would be used as inadmissible character evidence under FRE 404.

**Chronology - Moore - 2-28-21 to 4-18-23 (Bates 2699-2703)**

Plaintiffs object to this exhibit to the extent it contains records of conduct violations. A data entry at Bates 002700 describes "CDV #3.2 POSS/USE OF UNAUTH TELECOMMUNICATIONS." Plaintiffs object to this evidence as irrelevant and prejudicial under FRE 403. Plaintiff's record of conduct violations has no tendency to make any fact of consequence more or less probable than it would have been without the evidence. *See* FRE 401. The reference to a conduct violation in this data sheet has no bearing on Mr. Moore's status at the facility nor is it related to the incident on February 28, 2021. Additionally, even if the Court determines that the record is somehow relevant, it is prejudicial, any probative value of the conduct violation is substantially outweighed by the prejudicial nature of the conduct violation. *See* FRE 401. The conduct violation occurred months after the February 2021 incident and has no bearing on any of the facts of the case, so have little probative value. Plaintiff further objects to the extent this would be used as inadmissible character evidence under FRE 404.

**Chronology - Stafford - 2-28-21 to 4-18-23 (Bates 4493-4507)**

      Plaintiffs object to this exhibit to the extent it contains inadmissible hearsay. An entry on the data sheet at Bates 004504 contains a statement by Martha Martin that would constitute hearsay under FRE 802-803.

Dated: February 10, 2026                Respectfully submitted,

                                        /s/ Lena F. Masri

                                        Lena F. Masri (VA 93291)
                                        Gadeir I. Abbas (VA 81161)
                                        Nadia Islam Bayado (DC 90023648)
                                        Catherine Keck (DC 90027891)

                                        CAIR Legal Defense Fund
                                        453 New Jersey Ave, SE
                                        Washington, D.C. 20003
                                        Tel: (202) 742-6420
                                        Email: ldf@cair.com

                                        *Counsel for Plaintiffs*