UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD BYRON CLEMONS, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:22-CV-00158-SRW |
| v. | ) ) | |
| MICHELLE BASHAM, et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS**

Defendants Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, David Vandergriff, Matt Raymond, Michelle Basham, Carl Hart, Dennis Spradling, Jacob Regan, Gary Fenwick, and Adam Simonton ("Defendants") object to Plaintiffs' deposition designations as follows:

Plaintiffs designated portions of Defendants Darrell Wagganer, Scott Weber, Toby Revels, Matthew Raymond, Gary Fenwick, David Vandergriff, Michelle Basham, Thomas Reagan, Jacob Regan, and Adam Simonton's depositions to read at trial. Defendants will be present at trial. Defendants object to playing portions of his depositions because doing so is a waste of time. Defendants will be available to testify live at trial in Plaintiffs' case-in-chief and will be testifying live in their own case-in-chief.

Defendants further object because the use of these depositions at trial does not

1

comply with Fed. R. Civ. P. 32, because no evidence exists that these individuals are unavailable.

Thus, Defendant objects to the use of these depositions because the witnesses are not unavailable and reading the depositions is a waste of time.

If the Court does not exclude the use of these depositions under Fed. R. Civ. P. 32, Defendants offer the following counter designations[1]:

**1) Designations for Darrell Wagganer, as Designated Representative of the Missouri Department of Corrections, Conducted on September 24, 2025:**

5:9– 6:3; 6:14– 9:5; 9:14– 12:10; 12:14– 17:25; 18:9–20:7; 20:14–21:5; 22:4–22:9; 23:1–24:9; 24:21–27:10

**OBJECTION**: Defendants object to all designations for this witness, and incorporate their Third Motion in Limine by this reference. Defendants further state that these designations are irrelevant, and are designated only to inflame the passions of the jury. This testimony relates to an entirely separate use force involving Defendant Hart which took place seven months after the events related to this suit. Therefore it has little (if any) probative value, and a high risk of prejudicing Defendant Hart. This is an attempt to circumvent the Rules of Evidence relating the admission of criminal convictions by allowing the jury to hear about the conduct surrounding the conviction.

**2) Designations for Scott Weber, Conducted on June 27, 2025:**

5:25–6:3; 8:16–11:25; 12:23–13:1; **[13:6-13:15; 13:19-15:4; 15:18; 15:21-16:2; 16:6-17:6; 19:1-19:8]** 21:9–25:13; 26:18–27:15; **[27:16-28:2]** 28:17–29:3; 29:14–30:9; **[30:10-31:1]** 31:2–31:4; 32:2–32:10; **[32:16-33:2]** 33:18–35:12; **[35:13-35:15; 35:23-36:9]** 37:6–37:11; **[37:24-38:23] [40:7-40:15]** 40:16–41:15; 43:10–44:6; 45:5–45:18; 46:7–47:9; **[47:11-47:16]** 47:17–48:20; **[48:21-52:19]** 53:22–54:21; 56:6–57:6; 60:5–61:10; **[61:11-61:17]** 63:19–64:8; 66:2–71:16; **[78:6-80:2] [82:15-84:8]** 87:5–87:17; 90:21–92:2; **[106:13-107:19; 107:24-108:15]** 109:1–109:16; 110:1–110:20; 111:12–112:2; **[113:21-115:1; 115:5-115:12]** 117:14–118:5 **[118:20-119:6]**

- **Object** to relevance for 28:17-28:21; 29:1 as these contain only legal arguments from counsel.

---

[1] For clarity, Defendants have reproduced Plaintiffs' designations, with counter-designations **[indicated in this form]**, and objections listed below.

- **Object** to relevance and attorney testifying for 43:10-43:16.
- **Object** to 111:12-112:2 for the same reasons outlined above in Section 1. In the alternative, counter designate **[112:3-112:10]**.

## 3) Designations for Toby Revels, as Designated Representative of the Missouri Department of Corrections, Conducted on September 24, 2025:

5:9:6:6; 6:8:17; **[8:12-8:17]**[2] 8:23:9:23; 10:12:12:5; **[12:6-12:11]** 12:12:14:1; **[14:2-14:4; 14:14-14:17]** 14:18:15:4; 15:24:16:7; **[17:22-17:25]** 18:22:19:4; 19:20:23:5; 24:19:27:17; 27:24:30:3; 30:23:32:22; **[32:23-33:5]** 33:6:34:6; **[34:7-34:8]** 34:9-12; **[35:22-35:24]** 36:3:38:11

- **Object** to 19:20-23:5; 24:19-27:17; 29:17-30:3; 30:23-31:12; and 31:21-31:24 for the same reasons stated in Section 1 above.
- **Object** to 28:23-29:5 as containing only attorney objections and statements about technical issues with the deposition technology, and thus no relevant testimony.
- **Object to** 36:3:38:11 for the same reasons stated above in Section 1, but for Defendant Spradling rather than Defendant Hart. These questions relate only to Defendant Spralding's discipline for a use of force that occurred seven months after the event leading to this action, are thus not probative of the events of February 28, 2021, and are accordingly more prejudicial than probative under FRE 403.

## 4) Designations for Matthew Raymond, as Designated Representative of the Missouri Department of Corrections, Conducted on September 24, 2025:

5:9-20; 6:6-15; 6:22-25; 7:9-14; 7:24-8:25; 9:1-9; 10:10-11:2; 12:16-13:3; 13:23-14:25; 15:1-11; **[15:25-16:9];** 16:16-25; 17:5-18:10; 18:15-19:8; 19:20-23; **[19:24-25];** 20:1-21:6; **[21:7-19];** 21:20-22:25; 23:1-5; 23:19-21; **[23:22-24:4];** 25:1-12; **[25:13-26:7];** 28:6-11; 28:15-29:12; 30:4-32:19

- Defendants object to any mention of a meeting between Matt Raymond or other correctional staff following the February 28, 2021 incident on the ground that it is irrelevant. Mention of any formal or informal meeting does not have any tendency to make more or less probable any factual or legal issue. Objection to: 10:10-11:2; 12:16-13:3; 13:23-14:25; 15:1-11; 16:16-25; 17:5-18:10; 18:15-19:8; 21:20-22:25; and 23:1-5. To whatever extent such evidence is relevant, any minimal relevance would be outweighed by its prejudicial effect and danger of confusing the jury. Therefore, it should be excluded under Rule 401 and 403.
- Further, without conceding the veracity that such measures were taken, Defendants object to any reference to subsequent remedial measures undertaken by MDOC following the events alleged in the Complaint is

---

[2] Defendants, given the change in formatting in this section, have counter-designated to what they understand Plaintiffs' designations to be.

3

  inadmissible under Fed. R. Evid. 407 and should therefore be barred. Objection to: 30:4-32:19.
- Finally, all references to department policy exceeds the scope of the topic for which Matt Raymond was designated (topic 4). Objection to: 21:20-22:25 and 30:4-32:19.

**5) Designations for Matthew Raymond, in his Personal Capacity, Conducted on June 24, 2025:**

5:9-13, 7:14-20, 10:7-12:9, 23:9-24:10, 24:17-25:5, 41:8-49:1, 54:3-55:20, 58:6-10, 58:13-60:23, 61:2-63:15, 66:21-67:20, 69:10-71:19, 71:22-74:17, 76:2-76:20, 87:19-23, 88:2-6, 93:10-12, 93:17-95:22, 98:14-18, 99:24-102:1, 109:16-110:6, 121:18-122:21, 125:1-8, 125:12-126:5, 127:14-21, 129:15-131:25, 132:11-15, 132:17, 132:20-133:12, 137:23-142:16, 148:23-149:1, 148:23-149:1, 157:24-25, 158:2-160:7, 160:11-161:25, 166:6-168:23, 173:11-15, 173:19-174:20, 175:3-6, 177:4-24, 181:17-182:17, 211:2-14, 230:2-236:4, 240:11-241:15

- Defendants object to any mention of a meeting between Matt Raymond or other correctional staff following the February 28, 2021 incident on the ground that it is irrelevant. Mention of any formal or informal meeting does not have any tendency to make more or less probable any factual or legal issue. To whatever extent such evidence is relevant, any minimal relevance would be outweighed by its prejudicial effect and danger of confusing the jury. Therefore, it should be excluded under Rule 401 and 403.
- Further, without conceding the veracity that such measures were taken, Defendants object to any reference to subsequent remedial measures undertaken by MDOC following the events alleged in the Complaint is inadmissible under Fed. R. Evid. 407 and should therefore be barred.

**6) Designations for Gary Fenwick, Conducted on September 24, 2025:**

5:9-12; 16:22-25; 17:1-13; 25:25; 26:1-24; 27:12-18; 29:16:30:3; 33:14:34:6; 37:8:38:8; 39:7-24; 44:6-15

**7) Designations for David Vandergriff, Conducted on May 20, 2025:**

5:9-12; 8:4-9:12; 10:25-12:19; 14:3-15:12; 15:19-22; **[17:7-10]**;16:18-25; 18:5-19:5; 20:5-23:16; 22:1-4; 22:10-23:16; **[24:17-24]**; 26:14-29:25; 30:1-33:8; 34:7-34:23; **[36:2-7]**; 37:9-38:6; **[38:7-9]**; **[38:15-18]**; 38:23-39:24; 40:12-41:3; 42:4- 43:9; 50:24-51:6; **[51:7-22]**; 54:4-57:15; **[57:16-58:3]**; **[60:7-25]**; 61:1-18; **[62:17-63:4]**; 64:4-69:4; **[69:10-70:23]**; 73:12-74:21; **[75:7-76:2]**; 76:6-17; **[77:11-78:3]**; 78:4-79:22; **[79:23-80:2]**; **[80:14-20]**; **[81:1-11]**; 81:20:84:4; **[84:10-15]**; **[84:19-85:4]**; **[85:12-24]**; **[86:12-87:2]**; 86:5-7; 87:5-19; **[87:21-88:1]**; 91:5:94:1; 94:4-6; **[94:11-21]**; 96:11-97:25; 98:1-8; 98:16-

4

22; 100:6-104:2; 107:2-12; **[107:13-17]**; 107:22-114:25; 116:8-117:14; 118:22-119:11; **[118:12-21]**; **[122:4-123:9]**; 123:20-125:5; **[125:6-12]**; 132:11-17; **[132:18-133:4]**; 136:5-19; 136:22- 137:16; **[137:17-138:2]**; 151:17-25; **[152:1-4]**; 155:3:156:2; **[156:3-12]**;156:20-25; 157:1-5; 159:11-16;**[159: 21-22]**; 159:23-160:18; 163:20-165:2; **[165:3-16]**; 166:2-167:11; 170:13-23; **[170:24-171:17]**; 172:9-174:9; 177:17-178:15; 185:15-25; 187:2-190:25; 191:1-6; 191:16-23; 192:3-6

- **Object** to relevance for 10:25-12:29; 14:3-15:12; 16:18-25, and attempts to backdoor inadmissible character evidence.
- **Object** to relevance for 34:7-34:23 and 64:4-69:4 as these contain legal arguments from counsel and attempts to include inadmissible character evidence.
- **Object** to subsequent remedial measures 91:5-94:1.
- **Object** to speculation and counsel testifying 107:22-114:25.
- **Object** to counsel testifying 100:6-104:2.

**8) Designations for Michele Basham, Conducted on October 9, 2024:**

**[15:18-16:11]** 16:12–23; **[16:24-17:6]** 17:7–25; 24:1–26:7; **[28:23-29:1]**29:2–11; 29:22–30:3; 33:14–22 **[34:5-17]**; 68:5–16; 76:9–77:8; 77:16– 78:25; **[79:1-80:11]** 88:18–21; **[88:22-89:1]** 89:2–4; 99:14–100:13; 123:18–124:23; 135:18–20; 143:4–146:24; **[150:18-22]** 150:23–24; 186:12–14; 193:2–9; 199:11–12; **[200:6-9; 200:13-15**] 213:23–25; 220:5–22; 230:1–262:25

- **Objection** as to 68:13-16 as impermissible character evidence, in that it bolster's Plaintiff Stafford's character as to passivity.
- **Objection** as to 99:14-100:13; 135:18–20; 199:11-12 as improper opinion and improper character evidence.
- **Objection** as to 186:12-14 as mischaracterizing the witness' testimony, where the defect cannot be cured by counter-designation due to the inadmissibility of the preceding material
- **Objection** to 193:2-9 as to relevance and hearsay.

**9) Designations for Thomas Reagan, as Designated Representative for the Missouri Department of Corrections, Conducted on January 29, 2026:**

30:20–31:7; 35:19–23; 41:7–13; 51:13–20; 57:1–4; **[63:1-63:4]** 63:5–9; 69:11–16; 69:17–21 **[69:22-70:3]**; 73:16–22; 81:2–17; **[81:18-81:25]** 85:18–25; 88:2–24; **[94:3-6]** 94:7–11; 95:3–24; 122:18–123:22; 125:19–126:10 **[126:11-14]; [144:12-145:9]; [146:5-21]; [148:11-150:6]**

- **Objection** to mischaracterizing testimony as to 69:11-16, in that counsel's question uses the word "illegal," when the prior context establishes that the deponent understood the meaning to be "in violation of policy;" however this cannot be cured by counter-designation given the inadmissible nature of the preceding questions and answers as beyond the scope of the topic noticed and as attorney testimony.
- **Objection** to 81:6-8 as to relevance, as this portion of the designated record contains only an attorney's objection to the question contained in 81:2-5.
- **Objection** to 85:23-25 as to relevance, as this portion of the designated record contains only an attorney's question to the witness.
- **Objection** to 88:2-3 as to relevance and attorney testifying, as this portion of the designated record contains only an attorney's comments on his approach to the deposition questions.

**10) Designations for Thomas Reagan, in his Personal Capacity, Conducted on April 17, 2024:**

7:7–7:25; 8:8–8:25; 10:3–11:25; 12:10–12:18; 23:10–24:22; 38:23– 39:7; 40:4–40:16; 43:4– 46:17; 54:15– 55:18; 59:12–60:18; 62:19–63:10; 66:16–66:24; 72:19–73:5; 89:17–90:16; 100:3– 100:22; 102:4–107:14; 110:19–112:16; 122:5–123:5; 124:4–124:24

**11) Designations for Jacob Regan, Conducted on May 21, 2025:**

14:14–15:15; 18:3–18; 19:20–21:3; 22:22–23:7; 24:9–11; 24:20–25:14; 26:6–27:1; 28:3-8; 31:6– 14; 31:17–34:20; 35:6–19; 38:16–23; 39:8–13; 41:12–42:7; 43:14–44:4; 45:20:46:2; 52:24–53:4; 53:17–54:1; 58:8–24; 58:25–59:5; 59:8–22; 65:8–23; 66:3–10; 67:22–68:3; 103:6–19; 104:13– 105:20; 106:3–11; 113:16–23; 118:4–10; 143:9–22; 145:13–146:21

**12) Designations for Adam Simonton, Conducted on September 25, 2025:**

16:18–18:17; 23:12–25:25; 29:1–31:1; 32:20–34:25; 39:17–41:4; 45:3-9; 46:2-10; 47:10-49:7; 52:8-23; 54:11-22; 57:5-61:19; 62:20-64:5; 64:21-66:6; 67:8-21; 70:12-22; 73:10-74:21; 79:4- 80:6; 82:14-83:16; 84:14-85:9; 88:20-89:24; 91:18-92:24; 102:20-25; 110:9-111:3; 113:19- 114:23; 119:21-120:7; 123:16-124:16; 126:25-127:25; 128:13-129:24; 130:3-24; 132:9-133:3; 135:19-25; 136:8-11; 139: 24-140:19; 142:19-22; 160:3-18; 164:15-23; 165:6168:25; 170:2-14; 171:9-173:6; 173:14-174:19; 174:21-180:10;185:17-189:21; 192:17-3; 196:1-20; 197:20-25; 199:21-200:15; 201:21-202:12; 204:6-205:11; 206:5-207:5; 207:16-208:1

Respectfully Submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Scott J. Bower*
Scott J. Bower, #75486 (MO)
Isabelle McNally, #78386 (MO)
Wolfgang A. Schaefer, #78191 (MO)
Assistant Attorneys General
221 West High Street
Jefferson City, MO 65101
Phone: (573) 751-8108
scott.bower@ago.mo.gov
isabelle.mcnally@ago.mo.gov
wolfgang.schaefer@ago.mo.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, the foregoing was filed electronically via the Court's electronic filing system and was served by the operation of the court's electronic filing system on all counsel of record.

*/s/ Scott J. Bower*
Scott J. Bower
Assistant Attorney General

*/s/ Isabelle McNally*
Isabelle McNally
Assistant Attorney General

*/s/ Wolfgang A. Schaefer*
Wolfgang A. Schaefer
Assistant Attorney General