**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **REGINALD CLEMONS**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**MICHELLE BASHAM**, *et al.*,<br><br>*Defendants.* | Case No.: 4:22-cv-00158-SRW |

**NOTICE OF PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE**

Plaintiffs hereby respond and object to Defendants' Response in Opposition to Plaintiffs' Motion for Sanctions for Spoliation of Evidence and respectfully request the Court decline to consider Defendants' response as unauthorized, untimely and prejudicial. Defendants have, again, ignored the Court's directives and filed an untimely "response" to a motion, this time in lieu of filing their own spoliation supplement as instructed by the Court by February 5, 2026.

Plaintiffs filed their Motion for Sanctions for the Spoliation of Evidence on June 10, 2025. ECF No. 118. On July 14, 2025, weeks after missing their deadline to respond and after an Order to Show Cause, Defendants filed their Response. ECF No. 134. See ECF Nos. 124, 133.  After hearing arguments on the Motion on August 14, 2025, the Court directed parties to file supplemental briefing after discovery had concluded. *See* ECF No. 138. At the status conference on January 7, 2026, the Court directed both parties to file any supplemental briefing on the Spoliation issue by February 5, 2026. ECF No. 152. The Court's scheduling

1

order confirms this. ECF No. 153 at 3 ("Additionally, the parties must file any additional briefings for the Court to consider on Plaintiff's Motion for Sanctions. ECF No. 118."). Defendants did not file any supplemental briefing on the Spoliation issue on or before February 5, 2026. Instead, nearly a week later, Defendants filed their Response in Opposition to Plaintiffs' original Motion. ECF No. 191.

Patterns of untimeliness and prejudice to a plaintiff provide cause for a court to decline to consider or strike documents on the record. *See Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004) ("striking" an affidavit from the docket based on the non-moving party's "pattern of late filings."); *Symington v. Daisy Mfg. Co., Inc.*, 360 F. Supp. 2d 1027, 1031 (D.N.D. 2005) (considering whether the untimely filing prejudiced the moving party). The untimeliness of this motion has prejudiced Plaintiffs and is part of a pattern of Defendants' counsel missing deadlines and declining to follow the Court's instruction. *See* ECF Nos. 124 (order granting motion of extension of time and directing Defendants to file their Response in Opposition to Plaintiffs' Motion for Sanctions "no later than July 7, 2025), 133 (ordering Defendants to show cause for their lack of response), 134 (Defendants response filed on 7/14/2025). Now, Defendants have again ignored the Court's deadline and, instead filed an out of time and unsolicited "response" to the disadvantage of Plaintiffs.

The late and responsive filing prejudices Plaintiffs. The Court's January scheduling order obligated *both* parties to file *any* supplemental briefing on the same day. *See* ECF Nos. 152, 153. By filing five days later, Defendants had the opportunity to include—and in fact did include—responsive positions to Plaintiffs' February 5 supplement. *See* ECF No. 191. Plaintiffs did not have this luxury, nor did the Court provide any opportunity for such responsive briefing either at the status conference, *see* ECF No. 152, or in its scheduling order.

2

ECF No. 153. Moreover, because Defendants filed their Response late into the evening on February 10, 2026, Plaintiffs have no meaningful opportunity to fully respond to Defendants' response before the Pretrial hearing on February 12, 2026. *See* ECF No. 191 (filed at 10:06 pm CT on 2/10/2026). Additionally, because Plaintiff's understand that the Court did not intend to permit responsive briefing in parties' supplements, Plaintiffs do not believe that a reply would be appropriate here without leave from the Court to do so. *See* ECF Nos. 152, 153.

For these reasons, Plaintiffs request that this Court grant Plaintiffs Motion for Sanctions for Spoliation of Evidence, ECF No. 118, without considering Defendants' Response, ECF No. 191. Defendants' response is untimely, in disregard of the Court's orders, and prejudices Plaintiffs.

Dated: February 11, 2026

Respectfully submitted,

/s/ Lena F. Masri

Lena F. Masri (VA 93291)
Gadeir I. Abbas (VA 81161)
Nadia Islam Bayado (DC 90023648)
Catherine Keck (DC 90027891)

CAIR Legal Defense Fund
453 New Jersey Ave, SE
Washington, D.C. 20003
Tel: (202) 742-6420
Email: ldf@cair.com

*Counsel for Plaintiffs*