IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

**REGINALD CLEMONS**, *et al.*,

    *Plaintiffs*,

v.

**MICHELLE BASHAM**, *et al.*,

    *Defendants*.

Case No.: 4:22-cv-00158-SRW

**Plaintiffs' Responses to Defendants' Motions *in Limine* (ECF No. 168)**

Plaintiffs Steven Stafford, Reginald Clemons, Mark Holliman, Pre'Marcus Howard, Vincent Hood, Mandell Kent, Wendell Harris, Montrell Moore, and Michael Smith, by and through counsel, respond to Defendants' Motions *in Limine* as follows:

**1) Non-party witness sequestration.**

Plaintiffs have no objection to sequestration of non-party witnesses.

**2) Any reference to the Court's rulings on Motions in Limine.**

Plaintiffs have no objection.

**3) Any testimony, statement, or reference to any Defendant's prior conviction(s).**

After the incident at issue in this case, Defendant Hart pled guilty to three felony offenses: one count of Deprivation of Rights Under Color of Law, 18 U.S.C. § 242, and two counts of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2252A(b)(2). *See United*

1

*States v. Hart,* 4:22-CR-00692-RLW (E.D. Mo.). With respect to Defendant Hart's two convictions for child pornography offenses, Plaintiffs will agree not to disclose the names of those offenses to the jury provided that the Court grants Plaintiffs' Motion *in Limine* (ECF No. 163) to likewise preclude disclosure of the names of the specific felony offenses for which each Plaintiff was convicted.

However, Defendant Hart's conviction for Deprivation of Rights Under Color of Law, 18 U.S.C. § 242, should be admitted under Rule 404(b). This conviction stems from an incident in which Defendant Hart used excessive force against another prisoner at the same facility, only eight months after the use-of-force incident at issue in this case. *See Abernathie v. Hart*, No. 4:23-CV-1044 HEA, 2025 LX 26905 at *5 (E.D. Mo. May 21, 2025). For 404(b) purposes, the fact that Defendant Hart committed this crime *after* the conduct at issue in this case "is of no consequence" because "Rule 404(b) embraces not only prior acts but subsequent conduct." *United States v. Grady,* 88 F.4th 1246, 1258 (8th Cir. 2023).

Evidence of a defendant's other bad act is admissible under Rule 404(b) "if (1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Boone*, 828 F.3d 705, 711 (8th Cir. 2016) (quoting *United States v. Ellis,* 817 F.3d 570, 579 (8th Cir. 2016)). Here, the evidence is relevant to Defendant Hart's intent at the time he used force against the Plaintiffs. A defendant's intent is not just a material issue, but is the "core judicial inquiry" in an Eighth Amendment excessive-force case like this one. *See Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992) ("whenever prison officials stand accused of using excessive physical force . . . the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.");

*see also, Farmer v. Brennan,* 511 U.S. 825, 835-36 (1993). Rule 404(b) expressly permits other-acts evidence to prove a defendant's intent, and a law-enforcement officer's prior or subsequent use of excessive-force is evidence of his intent at the time he used force against a plaintiff. *See United States v. Boone,* 828 F.3d 705, 711 (8th Cir. 2016) (holding "evidence of [officer's] prior use of unreasonable force probative of his intent, knowledge, motive, and absence of mistake in his use of force against Hill"); *see also, United States v. Brugman,* 364 F.3d 613, 619-21 (5th Cir. 2004) (affirming district court's admission of Border Patrol agent's subsequent use of excessive force against other detainee as probative of agent's state of mind at the time he used force against the victim whose rights he was charged with violating in the instant case).

The incident underlying Mr. Hart's Deprivation of Rights Under Color of Law conviction is similar in kind –using excessive force, while assisted by Defendant Spradling, against a prisoner at E.R.D.C.C.– and not overly remote in time, as it occurred only eight months after the use-of-force incident at issue in this matter. The Eighth Circuit has held that a police officer's prior use of excessive force was admissible under 404(b) when the prior use-of-force occurred more than **four years** before the use-of-force incident at issue in that case. *See United States v. Boone*, 828 F.3d 705, 712 (8th Cir. 2016). Defendant Hart's conduct is also supported by sufficient evidence, including Mr. Hart's guilty plea. *See Abernathie v. Hart*, No. 4:23-CV-1044 HEA, 2025 LX 26905 (E.D. Mo. May 21, 2025) (holding that "Plaintiff has shown that it is undisputed that Defendant Hart willfully used excessive force against him that amounted to 'the unnecessary and wanton infliction of pain'").

Finally, the facts of the incident underlying Mr. Hart's conviction for Deprivation of Rights Under Color of Law are not more prejudicial than probative. "[A]ll Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is whether its probative value is substantially

outweighed by the danger of unfair prejudice." *United States v. Cook,* 454 F.3d 938, 941 (8th Cir. 2006). The fact that Defendants Hart and Defendant Spradling teamed up to abuse a different prisoner a mere eight months after the incident at issue in this case is highly probative of their intent in using force against the Plaintiffs. Any concerns about unfair prejudice can be remedied with a limiting instruction. *See United States v. Wright*, 866 F.3d 899, 905 (8th Cir. 2017) ("we have recognized that 'the presence of a limiting instruction diminishes the danger of any unfair prejudice from the admission of other acts.'") (quoting *United States v. Green-Bowman*, 816 F.3d 958, 964 (8th Cir. 2016)).

In addition to being admissible to prove intent under Rule 404(b), Defendant Hart's subsequent conviction for Deprivation of Rights Under Color of Law is admissible as substantive evidence of reprehensibility for purposes of punitive damages. Eighth Circuit Model Civil Jury Instruction 4.72 provides, in relevant part:

> If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:
>
> 1. How reprehensible the defendant's conduct was.5 In this regard, you may consider [whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; **whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.**

8th Cir. Civil Jury Instr. § 4.72 (2025) (emphasis added). It would be impossible for Plaintiffs to put forth evidence of "repetition of the wrongful conduct" in support of their claim for punitive damages without introducing evidence of Defendants' subsequent similar bad acts.

**4) Courtroom attire for incarcerated defendant.**

4

Plaintiffs do not oppose Defendant Hart's request to wear civilian clothing during trial, provided that the incarcerated Plaintiffs are also permitted to wear civilian clothing.

**5) Any testimony, statement, or reference to Defendants' or other witnesses' private personal information, such as, but not limited to, past and present residential information, and familial relations.**

Plaintiffs do not oppose this request.

**6) Testimony or evidence by any expert.**

Plaintiffs do not oppose this request, provided that Defendants are also precluded from introducing expert testimony. Neither party in this case proffered either a Rule 26(a)(2)(B) expert report or a Rule 26(a)(2)(C) expert disclosure, and the deadline for doing so has passed. *See* Fed. R. Civ. P. 26(a)(2)(D)(i). As such, there should be no expert testimony offered by either party.

However, in their witness list filed on February 5, 2026, Defendants listed "Dr. A. Rashed Nizam" as a potential witness. Plaintiffs are unfamiliar with this witness, but he appears to be a Missouri ophthalmologist. Defendants presumably intend to call this individual to testify about the effects of pepper spray on the human eye. Defendants should not be permitted to offer expert testimony at trial when they have failed to provide a timely Rule 26(a)(2) disclosure or report for their purported expert. *See* Fed. R. Civ. P. 37(c)(1). If the Court nevertheless allows Defendants to call this witness (and it should not), Plaintiffs should likewise be given the opportunity to present previously-undisclosed expert testimony.

**7) Documents not previously disclosed.**

5

Plaintiffs do not intend to offer documents that were not disclosed on their exhibit list for purposes other than impeachment.

8) **Prior Uses of Force Spreadsheet**

Plaintiffs agree not to introduce this document into evidence unless Defendants "open the door" through testimony that contradicts their documented history of uses of force.

9) **Testimony within the province of any medical or other health expert related to any medical diagnosis or prognosis Plaintiffs may have received of any alleged medical condition and causation.**

Defendants' Motion *in Limine* #9 seeks the same relief, on the same basis, as Defendant's Motion *in Limine* #6. This motion also incorrectly cites the Third Amended Case Management Order, (ECF No. 139) as setting a September 29, 2025 deadline for "disclosure of expert witnesses." In fact, the Third Amended Case Management Order does not set any timetable for expert disclosures.

Since this Motion seeks the same relief as Defendants' Motion *in Limine* #6, Plaintiffs incorporate by reference their response to Defendants' Motion *in Limine* #6, *supra.*

10) **Unqualified lay testimony concerning any medical diagnosis or prognosis of any alleged medical condition and causation.**

Plaintiffs do not intend to offer opinions based on scientific, technical, or other specialized knowledge within the scope of Rule 702. However, Plaintiffs should be permitted to testify about their own experiences, symptoms, pain, and suffering resulting from Defendants' actions. Such testimony is rationally based on the witnesses' perception under Rule 701 and does not constitute expert testimony under Rules 702 and 703. *See Jones v. Davis*, No. 4:17-cv-02875-SEP, 2022 U.S.

6

Dist. LEXIS 38567 (E.D. Mo. Mar. 4, 2022) ("[a] lay witness can testify as to his own physical condition, including subjective symptoms like pain, bruises, cuts, and other injuries resulting from a beating. Testimony about the location and force of blows to his head, as well as the intensity and onset date of his pain is not a medical diagnosis or prognosis, is within the realm of lay understanding, and does not require special expertise."); *see also, Henry v. Russell,* No. 06-6125-CV-SJ-FJG, 2010 U.S. Dist. LEXIS 9988 at *5-*6 (W.D. Mo. Feb. 5, 2010).

**11) Unqualified lay testimony concerning any COIVD-19 [sic] virology and disease mechanics, or efficacy and necessity of department COVID-19 policies and procedures.**

Plaintiffs acknowledge that they are not virologists and do not intend to proffer expert testimony concerning virology or disease mechanics. However, Plaintiffs should not be precluded from testifying to the restrictions that were placed on them for the ostensible purpose of preventing the spread of COVID-19, statements made by the Defendants about those restrictions, or whether those restrictions actually succeeded in preventing Plaintiffs and those they were housed with from contracting COVID-19. Plaintiffs have personal knowledge of whether, and when, they experienced flu-like symptoms or tested positive for COVID-19.

**12)   Other civil rights lawsuits filed against Defendants, other employees of the Missouri Department of Corrections, or the Missouri Department of Corrections, if any, or any settlements or findings of liability therefore**

Plaintiffs oppose the relief sought in this Motion *in Limine* for the same reasons that they oppose, in part, the relief sought in Defendants' Motion *in Limine* #3. First, Defendants' prior or subsequent bad acts are relevant to prove their intent under Rule 404(b) at the time they used force against the Plaintiffs. *See United States v. Boone*, 828 F.3d 705, 711 (8th Cir. 2016) ("[e]vidence of [Defendant]'s use of unreasonable force against Dooley was relevant to prove that [Defendant]

7

acted willfully when he deprived Hill of his right to be free from unreasonable force."). Second, prior and subsequent bad acts are relevant to the punitive damages reprehensibility analysis, in which a jury can consider "whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff." 8th Cir. Civil Jury Instr. § 4.72 (2025).

**13) Bad acts alleged by Plaintiffs or other inmates against the Defendants or other employees of the Missouri Department of Corrections.**

Plaintiffs agree that any prisoner grievances concerning wholly separate incidents or concerns not at issue in this case should be excluded as irrelevant. Plaintiffs oppose the motion to exclude evidence of Defendants' other bad acts for the reasons set forth in their responses to Defendants' Motions *in Limine* #3 and #12, *supra.*

**14) Rumors about Defendants reputations at any Missouri Department of Corrections Institution**

Defendants argue that "rumors" about their reputations are "inadmissible hearsay, and/or inadmissible hearsay within hearsay" and/or inadmissible under Rule 404(b). Plaintiffs do not intend to offer hearsay evidence. Plaintiffs do intend to offer other-acts evidence under Rule 404(b), which is admissible for the reasons set forth in Plaintiffs' response to Defendants' Motion *in Limine* #3, *supra*. Any hearsay objections should be ruled on during trial as the evidence is presented.

Of note, to the extent that it is otherwise admissible, "[a] reputation among a person's associates or in the community concerning the person's character" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803(21).

8

**15)  Complaints brought by those other than prisoners against the Defendants or other employees of the Missouri Department of Corrections.**

Plaintiffs oppose this motion as it relates to internal investigations into use-of-force incidents involving the Defendants. Internal investigations and employee discipline regarding other use-of-force incidents involving the Defendants are relevant and admissible for the reasons set forth in Plaintiffs' response to Defendants' Motion *in Limine* #3. Plaintiffs intend to present evidence that Defendants Hart and Spradling not only used excessive force against another prisoner approximately eight months after the incident at issue in this case, but also lied about that incident in their use-of-force reports, lied to a Missouri DOC investigator, and colluded to obstruct an internal investigation into their wrongful conduct. This evidence is admissible to show intent, absence of mistake, and lack of accident under Rule 404(b)(2).

Defendants also argue that this evidence would be hearsay. An internal investigation into a prison use-of-force incident falls within the Rule 803(8) hearsay exception. *See Combs v. Wilkinson*, 315 F.3d 548, 555-556 (6th Cir. 2002).

**16)  Reference to the financial disparity of the parties or the source of any award for damages. Any testimony, statement, or reference to the "State of Missouri," the "Attorney General's Office", the "State Legal Expense Fund," ("LEF") or similar references in a manner suggesting the financial disparity of the parties or the sources of payment for any award of damages.**

Plaintiffs do not intend to discuss indemnity for state employees or the State Legal Expense Fund, unless Defendants open the door by falsely stating or implying that the individual Defendants will bear personal financial responsibility for any judgment awarded against them.

9

**17)    Any reference to medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiffs (and reasonably certain to be needed and provided in the future) and medical bills accumulated as a result of treatment.**

Plaintiffs oppose this motion. The extent of medical care provided is obviously relevant to Plaintiff's damages, regardless of whether it is relevant to liability. The extent of the medical care required by Plaintiffs is also likely relevant to liability:

> The test for reasonableness or good faith application of force depends on "whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, **and the extent of the inmate's injury.**"

*Johnson v. Blaukat,* 453 F.3d 1108, 1112 (8th Cir. 2006) (emphasis added).

**18)    Battery claims against defendants other than Defendant Hart.**

Plaintiffs have live Eighth Amendment excessive-force claims against Defendants Fenwick and Simonton. It would be impossible to present evidence in support of these claims without introducing substantially the same evidence that would be introduced in a state-law battery claim. While Plaintiffs understand that the jury will not be asked to decide state-law battery claims against Defendants Fenwick and Simonton, they oppose this Motion to the extent that Defendants seek to preclude them from presenting evidence that Defendants Fenwick and Simonton violated their Eighth Amendment rights.

**19) Any Reference to or Evidence of Unpled or Dismissed Claims, Parties, or Remedies.**

Plaintiffs do not intend to present evidence or argument concerning dismissed claims. Plaintiffs should be permitted to present evidence concerning parties that have been dismissed to the extent such evidence is otherwise admissible.

**20)   Any statements, reference to, or testimony about Officers' Alleged General Attitudes Toward Muslims or "Gang" Designations Not Tied to the Incident.**

Plaintiffs do not intend to introduce hearsay not within an exception. Plaintiffs do intend to introduce evidence of Defendants' prior statements that show discriminatory animus towards Muslims and/or black people. An opposing party's prior statement is not hearsay. Fed. R. Evid. 801(d)(2). Evidence of Defendants' discriminatory animus is highly relevant to Plaintiff's Fourteenth Amendment equal-protection claim.

**21)   Evidence or Argument Regarding Alleged Post-Incident Policy Changes or Requests for System-wide Injunctive Relief.**

It is unclear what purported "subsequent remedial measures" Defendants seek to exclude via this Motion. In the RLUIPA context, if "the defendants dispute whether an effective, less restrictive policy was feasible when the challenged policy was in effect, the Court may consider the current, less restrictive [prison] policy as evidence that a less restrictive means was feasible, or at least may have been feasible." *Pevia v. Green,* 695 F. Supp. 3d 628, 635 (D. Md. 2023).

**22)   Emotional Distress Evidence Untethered to Specific, Admissible Facts and to Bar Inflammatory Epithets.**

Plaintiffs oppose this vague and overly-broad Motion to exclude "speculative emotional distress testimony." It is unclear how a plaintiff testifying to his own emotional distress could ever be engaged in "speculation," as every individual has personal knowledge of his own feelings, pain, and emotional distress. A plaintiff's histrionic testimony about his own suffering is a matter ordinarily addressed through cross-examination, not through a motion in limine seeking to exclude a broad, poorly-defined category of evidence. "Motions in limine should be directed at

11

specific evidence, not broad, vague categories of evidence or testimony." *Linstrom v. Quiktrip Corp.*, No. 4:19-cv-00454-DGK, 2020 U.S. Dist. LEXIS 193595 at *2 (W.D. Mo. Oct. 19, 2020).

### 23) Evidence or Argument Implying a Duty to Provide Specific Disciplinary Outcomes or Officer Punishments

Defendants are expected to argue that they applied force against Plaintiffs in good faith, in accordance with MODOC's policies and procedures. Plaintiffs intend to introduce evidence that Defendant Hart received informal discipline following the incident. The fact that Defendant Hart was disciplined indicates that he was not using force in accordance with his training and MODOC use-of-force policies, which, in turn, increases the likelihood that he did not act in good faith, but rather maliciously and sadistically for the purpose of causing harm.

### 24) References to Plaintiffs' Family Hardship, Distance, or Visitation Issues as Irrelevant to Liability

Evidence does not need to be relevant to liability to be admissible; Plaintiffs are also entitled to prove their damages. Family travel distance, visitation denials, or similar hardship evidence are clearly relevant to damages on Plaintiffs' retaliation claims and should be admitted.

### 25)   Reference to "chemical agents," "mace," or any derivative thereof other than the term "OC pepper spray" or "pepper spray."

Plaintiffs oppose this motion. The terms "chemical agent," "mace," "OC spray," etc. are commonly used interchangeably, and the substance sprayed on Plaintiffs is indeed a "chemical agent." Defendants are free to present their own testimony about the substance sprayed on the Plaintiffs and its chemical composition using terminology of their own choosing.

**26)   Argument Inviting Jurors to "Send a Message" or Punish MDOC System-wide.**

Plaintiffs are seeking punitive damages in this case. *See* ECF No. 90, ¶¶ 158, 164, 171, 172, 182, 186, 191. "Send a message" arguments are proper when punitive damages are at issue. *See Mannino v. McKee Auto Center, Inc.,* 753 F. Supp. 3d 723, 732 (S.D. Iowa Oct. 15, 2024) ("Plaintiffs shall be permitted to advance permissible "send a message" arguments should they present a sufficient case for punitive damages"); *Dahlin v. Lyondell Chem. Co.*, No. 3:14-cv-00085-SMR-HCA, 2016 U.S. Dist. LEXIS 203290 at * 34 (S.D. Iowa Mar. 24, 2016) ("Plaintiff maintains she is allowed, in her pursuit of punitive damages, to urge the jury to "send a message" to Defendants to deter them from repeating what she believes to be outrageous conduct. The Court agrees.") (internal citation omitted).

**27)   Preclude Use of the Term "Sexual Assault" or Similar Labels.**

Plaintiffs do not intend to use the term "sexual assault" in their testimony.

**28)   Any reference to settlement offers made in this case.**

Plaintiffs agree that settlement offers are inadmissible.

Dated: February 11, 2026                    Respectfully Submitted,

                                                                                  */s/ Ian T. Cross*
                                                                                Ian T. Cross (P83367) (MI) (Pro Hac Vice)
                                                                                *Attorney for Plaintiffs*
                                                                                402 W. Liberty St.
                                                                                Ann Arbor, MI 48103
                                                                                734-994-9590
                                                                                ian@lawinannarbor.com