# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD BYRON CLEMONS, et al., ) ) ) Plaintiffs, ) ) vs. ) ) MICHELLE BASHAM, et al., ) ) Defendants. ) | Case No. 4:22-CV-158 SRW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for an Adverse Inference for Spoliation of Evidence. ECF No. 118. Defendants have filed a Response in Opposition, ECF No. 134, and Plaintiffs filed a Reply, ECF No. 135. Plaintiffs later filed a supplemental brief, ECF No. 161, and Plaintiffs had the opportunity to file a Reply, ECF No. 191. The Court heard arguments on Plaintiff's Motion at a hearing held on August 14, 2025 and at the first pretrial conference on February 12, 2026. For the following reasons, the Motion will be denied.

Plaintiffs bring this action under 42 U.S.C. § 1983 against Missouri Department of Corrections employees at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). The allegations pertain to an incident which occurred at the ERDCC on February 28, 2021, involving excessive force and deliberate indifference of the Plaintiffs' medical needs, among other claims. Plaintiffs argue that although Defendants have provided video showing two angles of Housing Unit ("HU") 4B and one angle from the yard pointing to the exterior of HU 4B, they have failed to procure several hours of missing footage from the HU 4 Porch, the walk to HU 1, and the Administrative Segregation Wing of HU 1. Consequently, Plaintiffs assert that they are entitled to an adverse inference instruction regarding the allegedly missing footage.

"District courts have inherent authority to impose sanctions when a party destroys evidence that it knows or should know is relevant to potential litigation and thereby prejudices its potential adversary." *Hickerson v. Pride Mobility Prod. Corp.*, 243 F.R.D. 357, 359 (W.D. Mo. 2007). Among other possible sanctions, "the Court may give a jury instruction on the 'spoliation inference,' an inference which permits the jury to assume that the destroyed evidence would have been unfavorable to the position of the offending party." *Ameriwood Indus., Inc. v. Liberman*, 2007 WL 5110313, at *4 (E.D. Mo. July 3, 2007). For "an adverse inference instruction for spoliation to be warranted, a district court is required to make two findings: (1) there must be a finding of intentional destruction indicating a desire to suppress the truth, and (2) there must be a finding of prejudice to the opposing party." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 463 (8th Cir. 2016). The first requirement sets "a high bar because '[a]n adverse inference instruction is a powerful tool'; it 'brands one party as a bad actor' and 'necessarily opens the door to a certain degree of speculation by the jury, which is admonished that it may infer the presence of damaging information.'" *Davis v. White*, 858 F.3d 1155, 1160 (8th Cir. 2017) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900 (8th Cir. 2004)). "[I]ntent rarely is proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Morris*, 373 F.3d at 901.

The circumstances present here do not warrant an adverse inference instruction based on spoliation. First, the record does not suggest that Defendants intentionally destroyed any video with a desire to suppress the truth. With respect to the videos of the force at issue in this matter – Plaintiffs being pepper-sprayed in HU 4 and Plaintiff Stafford being taken to the ground in the yard of HU4 – a "Use of Force Summary" was created by the MDOC, and related footage was

2

preserved and subsequently produced to Defendants. *See* ECF No. 134 at 3; ECF No. 191 at 6-7; ECF No. 191-3; ECF No. 118-1 at 9. Defendant Deputy Warden Matthew Raymond testified that regular security footage was overridden every 7 to 14 days as part of normal ERDCC protocol. ECF No. 191-1. Pursuant to the normal retention policy, videos that did not depict use of force containing recordings after the February 28, 2021 incident were deleted in the normal course of operations.

The missing footage was deleted on the following timeline.

1. The incident occurred on February 28, 2021.
2. No inmate Informal Resolution Request regarding the incident and requesting preservation of the recordings was received within the 14-day period before it was overridden.
3. This lawsuit was filed on January 28, 2022.
4. Plaintiff's requests for production were not received by Defendants until almost three years after the incident.
5. Plaintiffs have not submitted any evidence that it timely requested the preservation of video footage other than what had already been preserved.

The Court simply does not believe that the "high bar" for finding intentional destruction has been cleared here. There is no direct or indirect evidence of intentional destruction indicating a desire to suppress the truth.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for an Adverse Inference for Spoliation of Evidence [ECF No. 118] is **DENIED**.

So Ordered this 17th day of February.

_____
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**