# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD BYRON CLEMONS, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:22-CV-158 SRW |
| MICHELLE BASHAM, et al., | ) |
| Defendants. | ) |

## ORDER

Following the pre-trial conference in this case held on the record on February 12, 2026, and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine (ECF No. 163) is disposed as follows:

1. The specific felony offenses that Plaintiffs have been convicted of, the lengths of their prison sentences, and the length of time they have each been imprisoned:

   **DEFERRED until 404(b) discussion.**

2. Plaintiffs' prison disciplinary records covering incidents not at issue in this case:

   **DEFERRED until 404(b) discussion.**

3. Any reference to Plaintiffs with derogatory terms such as "offenders," "convicts," "felons," etc., or reference to the Eastern Reception, Diagnostic, and Correctional Center as a "maximum-security" prison: **GRANTED as to "convicts" and "felons." DENIED as to "offender." DEFERRED as to "maximum-security."**

**IT IS FURTHER ORDERED** that Defendant's motion in limine (ECF No. 168) is disposed as follows:

1. Non-party witness sequestration: **GRANTED**.

2. Any reference to the Court's rulings on Motions in Limine: **GRANTED**.

3. Any testimony, statement, or reference to any Defendant's prior conviction(s): **DEFERRED until 404(b) discussion.**

4. Courtroom attire for incarcerated Defendant Hart: **GRANTED**.

5. Defendants' and witnesses' private personal information: **GRANTED**.

6. Expert testimony or evidence by any expert: **GRANTED, but decision on Dr. A. Rashed Nazim DEFERRED**.

7. Documents not previously disclosed: **GRANTED**.

8. Prior Uses of Force Spreadsheet: **GRANTED, with the exception for use in impeachment if necessary**.

9. Medical or Health Expert Testimony on Plaintiffs' injuries or medical conditions: **DENIED, to the extent that Plaintiffs can testify to their own personal experiences**.

10. Unqualified lay testimony concerning any medical issue: **DENIED, to the extent that Plaintiffs can testify to their own personal experiences**.

11. Unqualified lay testimony concerning COVID-19 issues: **GRANT in part. Testimony on the chapel's use and its effect on the parties may occur**.

12. Any other civil rights lawsuits filed against Defendants or MDOC and its employees: **DEFERRED until 404(b) discussion.**

13. Bad acts alleged by Plaintiffs or other inmates against Defendants or other MDOC employees: **DENIED, subject to 404(b) limitations.**

14. Rumors about Defendants' reputations at any prison: **DENIED**.

15. Other Complaints against Defendants or other MDOC employees: **DEFERRED until 404(b) discussion**.

16. Reference to the financial disparity of the parties or the source of any award for damages. **GRANTED.**

17. Any reference to medical care, supplies, and bills: **GRANTED as to cost, DENIED as to medical care provided or denied as to each Plaintiff**.

18. Battery claims against Defendants other than Defendant Hart: **DENIED as to the facts surrounding the incident, but testimony such as "I was battered" or "I had a battery claim that was thrown out" will not be allowed**.

19. Unpled or Dismissed Claims, Parties, or Remedies: **GRANTED**.

20. Officers' Alleged General Attitudes Toward Muslims or "Gang" Designations Not Tied to the Incident: **DENIED as to specific facts and statements of any Defendants and GRANTED as to any general Anti-Muslim sentiments**.

21. Alleged Post-Incident Policy Changes or Requests for System-wide Injunctive Relief: **DENIED**.

22. Emotional Distress Evidence and Inflammatory Epithets: **DENIED as to the Plaintiffs' own emotional distress**.

23. Duty to Provide Specific Disciplinary Outcomes or Officer Punishments: **DENIED**.

24. Plaintiffs' Family Hardship, Distance, or Visitation Issues: **DENIED**.

25. Terms for Pepper Spray: **GRANTED, as to only using the term "pepper spray."**

26. Asking Jurors to "Send a Message" or Punish MDOC System-wide: **DENIED as it relates to Plaintiffs' claims for punitive damages**.

27. Use of the Term "Sexual Assault" or Similar Labels: **GRANTED**.

28. Any reference to settlement offers made in this case: **GRANTED**.

So Ordered this 18th day of February, 2026.

**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**