# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD BYRON CLEMONS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-158 SRW |
| | ) | |
| MICHELLE BASHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the Court's review of the record. The named and served parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c).

## I.      BACKGROUND

In January 2022, *pro se* Plaintiffs Reginald Byron Clemons, Steven Stafford, and Wendell Harris filed a complaint against Defendants Michelle Basham, Carl Hart, and Mike Miller alleging Defendants violated their First and Eighth Amendment rights when they allegedly attacked Plaintiffs while they were praying. On the Court's initial review of the complaint, the Court struck Plaintiffs Stafford and Harris from the matter and opened separate cases for them because multiple prisoners cannot pursue a single lawsuit while proceeding in forma pauperis. ECF No. 7. The Court then reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and ordered Plaintiff Clemons to file an amended complaint due to multiple pleading deficiencies. Plaintiff Clemons did so, and the Court reviewed the amended complaint under § 1915(e)(2). The Court dismissed all of the claims except for the claim for excessive force against Defendant Miller. ECF No. 13.

In early 2023, three attorneys entered their appearance for Plaintiff Clemons and moved to file a second amended complaint, which was filed on March 2, 2023. The second amended complaint asserted claims on behalf of Plaintiffs Clemons, Stafford, Harris, Moore, Howard, Holliman, Hood, Kent, and Smith. The Court ordered Plaintiffs to either move to vacate Plaintiff Clemons' in forma pauperis status and pay the remainder of the filing fee or to file separate civil actions. Plaintiff Clemons chose to vacate his in forma pauperis status and promptly paid the full filing fee. On June 16, 2023, Plaintiffs filed a third amended complaint adding several plaintiffs and defendants. ECF No. 45. Defendants then filed a Motion to Dismiss certain claims and parties in the third amended complaint. ECF No. 68. That motion was granted in part, and denied in part as follows:

> **IT IS FURTHER ORDERED** that Defendants Anne Precythe, Matt Sturm, Douglas Worsham, David Vandergriff, Matt Raymond, Jamie Williams, McFarland, Teri Vandergriff, Doris Falkenrath, Bill Stange, Gregory Hancock, and Kelly Morris are **DISMISSED, without prejudice**.
>
> **IT IS FURTHER ORDERED** that Counts VI and VII are **DISMISSED, without prejudice**.
>
> **IT IS FURTHER ORDERED** that Count VIII is **DISMISSED**, **with prejudice**, as to all Defendants except for Carl Hart and Michelle Basham. Count VII is **DISMISSED**, **without prejudice**, as to Michelle Basham.
>
> **IT IS FURTHER ORDERED** that Plaintiff Mark Holliman's claims are **DISMISSED, without prejudice,** against Defendants Dennis Spradling, Jacob Reagan, Gary Fenwick, and Adam Simonton.
>
> **IT IS FURTHER ORDERED** that Plaintiff Montrell Moore's claims are **DISMISSED, without prejudice**, against Defendants Dennis Spradling, Jacob Reagan, and Adam Simonton.

Following the Court's Order dismissing certain claims and parties, Plaintiffs filed a fourth amended complaint on October 8, 2024. ECF No. 90. The fourth amended complaint included the following parties and claims:

**Plaintiffs**: Reginald Clemons, Steven Stafford, Wendell Harris, Montrell Moore, Pre'Marcus Howard, Mark Holliman, Vincent Hood, Mandell Kent, and Michael Smith.

**Defendants**: Missouri Department of Corrections ("MDOC") Director Anne Precythe, Deputy Director Matt Sturm, Supervisor of Religious and Spiritual Programming Douglas Worsham, Eastern Reception, Diagnostic, and Correctional Center ("ERDCC") Warden David Vandergriff, Deputy Warden Matt Raymond, Shift Supervisor Lieutenant Michelle Basham, Sergeant Carl Hart, Officer Dennis Spradling, Officer Jacob Reagan, Officer Gary Fenwick, Officer Adam Simonton, Jefferson City Correctional Center ("JCCC") Warden Doris Falkenrath, Southeast Correctional Center ("SECC") Warden Bill Stange, Missouri Eastern Correctional Center ("MECC") Warden Gregory Hancock, Farmington Correctional Center ("FCC") Warden Teri Vandergriff, Algoa Correctional Center ("ACC") Warden Kelly Morriss.

**Claims**:

(1) Violation of First Amendment, Free Exercise under 42 U.S.C. § 1983 against Official Capacity Defendants[1] and Individual Capacity Defendants[2];

(2) Violation of the Eighth Amendment, Use of Force under § 1983 against Individual Capacity Defendants;[3]

(3) Violation of First Amendment, Retaliation under 42 U.S.C. § 1983 against Individual Capacity Defendants[4];

(4) Violation of the Eighth Amendment, Deliberate Indifference under § 1983 against ERDCC Individual Capacity Defendants[5];

(5) Violation of the Fourteenth Amendment, Equal Protection under § 1983 against Official Capacity Defendants[6] and Individual Capacity Defendants;[7]

(6) Violation of the Religious Land Use and Institutionalized Persons Act, Free Exercise under 42 U.S.C. § 2000cc(a) against Official Capacity Defendants;[8]

(7) Violation of Missouri Tort Law, Battery against Individual Capacity Defendants.[9]

---

[1] The Official Capacity Defendants are Precythe, Sturm, Worsham, David Vandergriff, and Raymond.

[2] The Individual Capacity Defendants are David Vandergriff, Raymond, Basham, Hart, Spradling, Reagan, Fenwick, and Simonton.

[3] The Individual Capacity Defendants are David Vandergriff, Raymond, Basham, Hart, Spradling, Reagan, Fenwick, and Simonton.

[4] The Individual Capacity Defendants are David Vandergriff, Falkenrath, Stange, Hancock, T. Vandergriff, and Morriss.

[5] The Individual Capacity Defendants are David Vandergriff, Raymond, Basham, Hart, Spradling, Reagan, Fenwick, Simonton, Falkenrath, Stange, Hancock, T. Vandergriff, and Morriss.

[6] The Official Capacity Defendants are Precythe, Sturm, Worsham, David Vandergriff, and Raymond.

[7] The Individual Capacity Defendants are David Vandergriff, Raymond, Basham, Hart, Spradling, Reagan, Fenwick, and Simonton.

[8] The Official Capacity Defendants are Precythe, Sturm, Worsham, David Vandergriff, and Raymond.

[9] Though Plaintiffs here acknowledge, "The Court dismissed battery claims for all parties apart from Clemons v. Hart. Dkt. 67. Plaintiffs retain these claims for the purpose of appeal."

For purposes of this order, the Court accepts the facts as alleged in Plaintiffs' fourth amended complaint as true and as outlined in the Court's Memorandum and Order. ECF No. 67.

## II.   STANDARD

### A.  Failure to Exhaust Administrative Remedies

Although exhaustion is an affirmative defense, "a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted." *Hancock v. Kehoe*, 2026 WL 251764, at *1 (E.D. Mo. Jan. 30, 2026) (quoting *Davis v. Torshein*, 2022 WL 4299780, at *2 (E.D. Mo. Sept. 19, 2022). "A court may sua sponte dismiss a complaint" for this reason. *Custis v. Davis,* 851 F.3d 358, 361 (4th Cir. 2017); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

### B.  Failure to State a Claim

The court "has the power to sua sponte dismiss a complaint for failure to state a claim" under Rule 12(b)(6). *Smith v. Boyd,* 945 F.2d 1041, 1042-43 (8th Cir.1991).

## III.   DISCUSSION

### A.  Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act requires prisoners to exhaust all administrative remedies before bringing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies is an affirmative defense that defendants must prove. *Jones v. Bock*, 549 U.S. 199, 212 (2007). However, if a prisoner's failure to exhaust is plain on the face of the complaint, a court may dismiss the complaint for the prisoner's failure to

exhaust administrative remedies. *Jones*, 549 U.S. at 215-16. The Missouri Department of Corrections requires prisoners use a three-step procedure for its administrative remedy system: (1) an Information Resolution Request ("IRR"), (2) a Grievance, and (3) a Grievance Appeal. A prisoner must meet the requirements of each step for their remedies to be considered exhausted under the PLRA. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). ("Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."); *see also* 42 U.S.C. § 1997e(a). IRRs must be filed within 15 calendar days of the incident in question. ECF No. 90, ¶ 129.

For the following reasons, the Court finds it is plain on the face of the fourth amended complaint that Plaintiff Smith failed to exhaust his administrative remedies, and the Court must dismiss his claims. This dismissal occurred in the Court's Order of Partial Dismissal in ECF No. 68, but the Plaintiffs reasserted the claims for Plaintiff Smith in their subsequent fourth amended complaint. No new information regarding exhaustion of remedies by Plaintiff Smith was added in the fourth amended complaint that would change the Court's prior Order. The Court previously found that unfortunately for Plaintiff Smith, an inmate's failure to exhaust his administrative remedies cannot be excused because of a belief that the grievance procedure is futile or ineffective. *Watson v. Witty*, 2018 WL 11303863 at *3 (E.D. Mo. Feb. 21, 2018) (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)). Thus, Plaintiff Smith's claims he did not file IRRs due to futility cannot excuse their failure to exhaust. Plaintiff's alleged fear of retaliation also does not excuse their failure to exhaust. For a fear of retaliation to excuse a failure to exhaust, there must be some basis from which a court can determine a "reasonable prisoner of ordinary firmness" would have failed to file a grievance. *East v. Minnehaha Cty.*, 986 F.3d 816, 821 (8th Cir. 2021) (quoting *McBride v. Lopez*, 807 F.3d 982, 988 (9th Cir. 2015)).

According to the complaint, all of the other Plaintiffs filed IRRs about the attack. This shows that a fear of retaliation would not stop a "reasonable prisoner of ordinary firmness" from using the grievance process. Plaintiff Smith's complete failure to use the grievance procedure is plain on the face of the complaint. Plaintiff Smith has failed to exhaust his remedies, and the Court must dismiss his claims.

## B.  Plaintiffs Holliman's and Moore's Claims against Defendants Spradling, Reagan, Fenwick, and Simonton

This dismissal occurred in the Court's Order of Partial Dismissal in ECF No. 68, but Plaintiffs Holliman and Moore reasserted these claims in their subsequent fourth amended complaint without any new information or allegations.

For Defendant Spradling, Plaintiffs again allege he was a corrections officer on duty and involved in the events of February 28, 2021. ECF No. 90, ¶¶ 28. They allege he lifted Plaintiff Stafford off the ground and slammed him face down onto the concrete and dropped all of his weight onto his knees in the middle of Plaintiff Stafford's back. *Id*. ¶ 92. They also allege Defendant Spradling slammed Plaintiff Stafford face first onto the floor when they arrived in the segregation unit. *Id*. at ¶ 96. None of these allegations concern Plaintiffs Holliman or Moore.

With respect to Defendant Reagan, Plaintiffs again allege he was a corrections officer on duty and involved in the events of February 28, 2021. ECF No. 90, ¶ 29. They allege he arrived in Plaintiffs' housing unit and surrounded them along with other officers. *Id*. at ¶ 49. They allege Defendant Reagan pressed an elbow to Plaintiff Stafford's windpipe and slammed Plaintiff Stafford face first onto the floor when Plaintiff Stafford arrived in the segregation unit. *Id*. at ¶ 92. None of these allegations, besides the officers surrounding Plaintiffs, concern Plaintiffs Holliman or Moore. Surrounding prisoners, without more, cannot be the basis for liability under § 1983.

For Defendant Fenwick, Plaintiffs again allege he was a corrections officer on duty and involved in the events of February 28, 2021. ECF No. 90, ¶ 30. They allege he arrived in Plaintiffs' housing unit and surrounded them along with other officers. *Id*. at ¶ 49. They further allege he deployed a long blast of pepper spray at point-blank range at Plaintiff Moore. *Id*. at ¶ 63. They allege he told Defendant Hart after Defendant Hart's pepper spray weapon no longer worked, "If that can is empty, you better throw it away." *Id*. at ¶ 94. They allege Defendant Fenwick broke Plaintiff Harris' prescription eyeglasses. *Id*. at ¶ 109. None of these allegations, besides the officers surrounding Plaintiffs, concern Plaintiff Holliman. Surrounding prisoners, without more, cannot be the basis for liability under § 1983.

As for Defendant Simonton, Plaintiffs again allege he was a corrections officer on duty and involved in the events of February 28, 2021. ECF No. 90, ¶ 31. They allege he arrived in Plaintiffs' housing unit and surrounded Plaintiffs along with other officers. *Id*. at ¶ 49. Plaintiffs allege Defendant Simonton slammed Plaintiff Stafford face first onto the floor after taking Plaintiff Stafford to segregation. *Id*. at ¶ 96. Plaintiffs allege that after asking Defendant Hart for the key to Plaintiff Stafford's handcuffs and being denied access to the key, Defendant Simonton cut off Plaintiff Stafford's jacket, t-shirt, sweatpants, shorts, and boxers while he begged them to stop. *Id*. at ¶ 98. Defendant Simonton then reached under Plaintiff Stafford's boxers and groped his genitals. *Id*. They allege the morning after the attack, Defendant Simonton entered the segregation unit with Nurse Doe. *Id*. at ¶ 76. After Nurse Doe checked Plaintiff Harris' vitals and found that the EKG machine could barely detect a heartbeat because Plaintiff Harris was so cold and his heartrate so low, Defendant Simonton stated, "Leave him in there, he's fine." *Id*. None of these allegations, besides the officers surrounding Plaintiffs, concern Plaintiffs Holliman or Moore. Surrounding prisoners, without more, cannot be the basis for liability under § 1983.

Because Plaintiffs have still not made specific allegations showing Defendants Spradling, Reagan, Fenwick, or Simonton violated Plaintiff Holliman's rights in any way, or that Defendants Spradling, Reagan, or Simonton violated Plaintiff Moore's rights in any way, the Court must again dismiss Plaintiff Holliman's claims against Defendants Spradling, Reagan, Fenwick, and Simonton, and Plaintiff Moore's claims against Defendants Spradling, Reagan, and Simonton. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Michael Smith is **DISMISSED** as a party for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff Mark Holliman's claims are **DISMISSED, without prejudice,** against Defendants Dennis Spradling, Jacob Reagan, Gary Fenwick, and Adam Simonton.

**IT IS FURTHER ORDERED** that Plaintiff Montrell Moore's claims are **DISMISSED, without prejudice**, against Defendants Dennis Spradling, Jacob Reagan, and Adam Simonton.

So Ordered this 23rd day of February, 2026.

**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**