IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **REGINALD CLEMONS**, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>**MICHELLE BASHAM**, *et al.*,<br><br>    *Defendants*. | Case No.: 4:22-cv-00158-SRW |

### PLAINTIFFS' NOTICE OF INTENT TO ADMIT EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)

Plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Montrell Moore, Pre'Marcus Howard, Mark Holliman, Vincint Hood, Mandell Kent, and Michael Smith, by and through counsel, give notice of their intent to offer evidence of other crimes, wrongs, and acts committed by Defendants Carl Hart and Dennis Spradling during the jury trial of this case pursuant to Rule 404(b), specifically:

On or about May 23, 2023, Defendant Carl Hart pled guilty to violating 18 U.S.C. § 242, Deprivation of Rights Under Color of Law. These charges arose from a use-of-force incident that occurred on at Eastern Reception, Diagnostic and Correctional Center on October 28, 2021, in which Defendant Carl Hart struck prisoner Dwight Abernathie repeatedly in the head with a pair of handcuffs while Dwight Abernathie was in a shower attempting to wash pepper spray off of his face. Mr. Abernathie was pinned against the wall of the shower by two other corrections officers at the time of the attack. Defendant Dennis Spradling participated in the same beating in the shower by holding Mr. Abernathie against the wall and repeatedly punching Mr. Abernathie. After the beating in the shower, Mr.

Abernathie was removed from the shower, thrown on the floor, and handcuffed. After Mr. Abernathie was handcuffed, Defendant Hart continued to strike him and wrenched Mr. Abernathie's wrists while sitting on his back. For sentencing purposes, Defendant Hart stipulated that five offense levels should be added because the victim suffered serious bodily injury, and two offense levels should be added because the victim was restrained at the time of the offense. Defendant Hart was fired from the Missouri Department of Corrections as a result of his conduct, and Defendant Spradling received discipline in the form of a suspension without pay. For further detail, see attached Missouri DOC Employee Conduct Unit Supplemental Report (Criminal).

This evidence is admissible to prove Plaintiffs' claim for punitive damages. Eighth Circuit Model Civil Jury Instruction 4.72 provides, in relevant part:

> If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:
>
> 1. How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; **whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.**

8th Cir. Civil Jury Instr. § 4.72 (2025) (emphasis added). It would be impossible for Plaintiffs to put forth evidence of "repetition of the wrongful conduct" in support of their claim for punitive damages without introducing evidence of Defendants' subsequent similar bad acts.

In addition, this evidence is admissible under Rule 404(b) to establish intent, absence of mistake, and lack of accident. A defendant's intent is not just a material issue, but is the

"core judicial inquiry" in an Eighth Amendment excessive-force case like this one. *See Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992) ("whenever prison officials stand accused of using excessive physical force . . . the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); *see also, Farmer v. Brennan,* 511 U.S. 825, 835-36 (1993). Rule 404(b) expressly permits other-acts evidence to prove a defendant's intent, and a law-enforcement officer's prior or subsequent use of excessive-force is evidence of his intent at the time he used force against a plaintiff. *See United States v. Boone,* 828 F.3d 705, 711 (8th Cir. 2016) (holding "evidence of [officer's] prior use of unreasonable force probative of his intent, knowledge, motive, and absence of mistake in his use of force against Hill"); *see also, United States v. Brugman,* 364 F.3d 613, 619-21 (5th Cir. 2004) (affirming district court's admission of Border Patrol agent's subsequent use of excessive force against other detainee as probative of agent's state of mind at the time he used force against the victim whose rights he was charged with violating in the instant case).

Dated: February 19, 2026                                Respectfully Submitted,

                                                        */s/ Ian T. Cross*
                                                        Ian T. Cross (P83367) (MI) (Pro Hac Vice)
                                                        *Attorney for Plaintiffs*
                                                        402 W. Liberty St.
                                                        Ann Arbor, MI 48103
                                                        734-994-9590
                                                        ian@lawinannarbor.com