IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **REGINALD CLEMONS**, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **MICHELLE BASHAM**, *et al.*, <br><br> *Defendants*. | Case No.: 4:22-cv-00158-SRW |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

#### Introduction

Under the Federal Rules of Civil Procedure, the Court should deny Defendants' eleventh-hour Motion as untimely. See Fed. R. Civ. Pro. 12(c). The Court's deadline for filing Motions for Judgment on the Pleadings has long passed. See ECF No. 139. Likewise, the Federal Rules of Civil Procedure, as applied by courts in and outside this circuit, dictate that such motions must be filed with enough time to avoid a delay of trial and for good cause. *Id.* 12(c), 16(b)(4). By filing their Motion for Partial Judgment on the Pleadings five days before trial—and one day before the final pre-trial conference—despite ample time and opportunity to adjudicate their arguments earlier, Defendants violate both the Court's order and the Federal Rules. *See* ECF No. 139. *See Id.* Plaintiffs now respectfully request that this Court deny Defendants' Motion.

#### Background

Defendants have had ample time and ample opportunity to raise the arguments they currently place before the Court and either affirmatively declined or failed to do so. Plaintiffs

1

filed their Fourth Amendment Complaint on October 10, 2024. ECF No. 90. Defendants chose not to file a motion to dismiss or other Rule 12(b) defense, and instead answered Plaintiffs Fourth Amended Complaint on November 12, 2024. ECF No. 96. Throughout the course of the litigation, Defendants proceeded to consciously disregard or affirmatively decline the Court's invitations to file dispositive motions, which included motions for judgment on the pleadings. *See e.g.*, ECF Nos. 127, 131, 132, 133 (Defendants repeatedly requesting extensions to file a motion for summary judgment from the Court); ECF No. 139. The Court's Third Amended Scheduling Order expressly provided that:

> 2. Any Daubert motions, motions to dismiss, motions for summary judgment, or *motions for judgment on the pleadings*, must be filed no later than September 29, 2025. Briefs in opposition shall be filed no later than October 29, 2025, and any reply briefs shall be filed no later than September 12, 2025.

ECF No 139 ¶ I(2) (emphasis added). Defendants filed zero motions by that deadline and have not filed any dispositive motions briefings since the Fourth Amended Complaint, until now.

On August 14, 2025, the Court's Third Amended Scheduling Order finalized the trial date in this case for March 2, 2026, giving parties nearly six-months' notice. ECF No. 139. Since the Third Amended Scheduling Order, parties have convened before the Court three times to discuss the status of the case and scheduling. *See* ECF Nos. 147 (discovery hearing), 152 (status conference), 195 (Initial Pretrial conference). Defendants' current counsel each entered this case well before the filing. *See* ECF Nos. 150 (granting substitution of counsel for Wolfgang Schaefer on December 15, 2025), 154 (Isabelle McNally appearance entered on January 8, 2026), 155 (Scott Bower appearance entered on January 8, 2026). Still Defendants waited until February 24, 2026—just five days before the start of trial—to move for Partial Judgment on the Pleadings. ECF 215.

## Argument

Defendants' Motion is untimely and not addressable without delaying trial. Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings at any time "after the pleadings are closed—but early enough to not delay trial." When a motion for judgment on the pleadings is filed after the dispositive motions deadlines, courts have held that "the motion must comply with the requirements of Rule 16(b)." *See, e.g.*, *Earthworkz Enterprises, Inc. v. USIC Locating Servs., LLC*, No. 4:21-cv-00603-RK 2023 WL 9184146, *2 (W.D. Mo. Dec. 7, 2023) (citing *Pesce v. City of Des Moines*, 433 F. Supp. 3d 1113, 1114 (S.D. Iowa 2020) (citing *Riggins v. Walter*, 279 F.3d 422, 427–28 (7th Cir. 1995))). Rule 16(b), in relevant part that "a schedule shall not be modified except upon a showing of good cause and by leave of the [court]." Courts have held that a motion for judgment on the pleadings brought after dispositive motions deadlines may only be considered if brought (1) for good cause or by leave of the court, and (2) will not delay trial. *See Riggins v. Walter*, 279 F.3d 422, 227–28 (7th Cir. 1995), *Johnston v. Mammoth Recreations, Inc.*, 675 F.2d 604, 607–08 (9th Cir. 1992); *Earthworkz Enterprises, Inc.*, 2023 WL 9184146, at *2.

Defendants' Motion for Partial Judgment on the Pleadings does not meet any of the Court's requirements as laid out in the federal rules. Defendants' Motion is not for good cause nor by leave of the Court. In fact, they have repeatedly refused to file any dispositive briefings in this case, even after the Court moved the deadlines multiple times specifically to allow them time to do so. *See, e.g.*, ECF 139. Defendants have had over *sixteen months* since the Fourth Amended Complaint was filed, ECF No. 90, over *four months* since the Court's deadline to file motions for judgment on the pleadings, ECF No. 139, and over *two months* since Defendants' current counsel entered his appearance on this case, to file their motion or

3

otherwise request leave of the Court to do so. *See* Fed. R. Civ. Pro. 16(b)(4). Defendants did neither. They further declined to provide any showing of good cause—likely because there is none.

Instead of filing its dispositive motion in a manner which would allow the Court's full consideration, *see Earthworkz Enterprises, Inc.*, 2023 WL 9184146, at *2, Defendants' eleventh-hour filing would force the Court to either delay trial or rule on the motion without adequate briefing. The Local Rules provide that non-moving parties have fourteen days to provide a response in opposition to a motion. Local Rule 4.01(B) (E.D. Mo.). But by then the trial will be over. Moreover, Defendants—perhaps strategically—filed their motion at 11:53 p.m. on February 24, 2026. *See* ECF 215. This filing time provided Plaintiffs only 24 hours to file *any* response before the February 26, 2026 final pretrial conference. *See* ECF 139. The context of this filing suggests that Defendants had no other motive other than to either prejudice Plaintiffs or delay trial. Either is impermissible. Fed. R. Civ. Pro. 12(c), *see id.* at 16(b). For these reasons the Court should deny and strike Defendants' Motion for Partial Judgment on the Pleadings as improper and untimely.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for Partial Judgment on the Pleadings as untimely under Federal Rules of Civil Procedure 12(c) and 16(b)(4).

Dated: February 25, 2026                    Respectfully submitted,

                                            BY: /s/ Lena F. Masri

                                            Lena F. Masri (1000019DC)
                                            lmasri@cair.com
                                            Gadeir Abbas (81161VA)*

4

gabbas@cair.com
Nadia Bayado (31304DC)
nbayado@cair.com
Catherine Keck (90027891DC)
ckeck@cair.com
Ahmad Kaki (101167VA)
akaki@cair.com
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

*Mr. Abbas is admitted in VA. Practice limited to federal matters.*

*Co-Counsel for Plaintiffs*

CROSS LAW PLLC
Ian T. Cross (P83367MI)
ian@lawinannarbor.com
402 W. Liberty St.
Phone: 734-994-9590
Fax: 888-320-9382

*Co-Counsel for Plaintiffs*