**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| REGINALD BYRON CLEMONS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHELLE BASHAM, et al., )<br>)<br>Defendants. ) | Case No. 4:22-CV-00158-SRW |

### **DEFENDANTS' MOTION TO STRIKE UNDISCLOSED WITNESSES**

Defendants, through undersigned counsel, hereby respectfully move the Court to strike previously non-disclosed witnesses on Plaintiffs' amended witnesses list (Doc. 174). Certain witnesses contained in Plaintiffs' amended witness list were not disclosed under Rule 26(a) nor supplemented under Rule 26(e). Allowing these untimely, undisclosed witnesses would prejudice Defendants, disrupt the orderly progression to trial, and reward noncompliance with the disclosure obligations. In support, Defendants state the following:

### **Introduction**

1. Plaintiffs filed an Amended Witness List on February 5, 2026, identifying individuals "who will be called at trial" and a lengthy roster of individuals "who may be called at trial." (Doc. 174).

2. To the best of undersigned counsel's knowledge, Plaintiffs did not previously disclose the following individuals under Rule 26(a)(1)(A)(i), nor did they timely supplement under Rule 26(e):

1

a. Carl Sutherland

b. Calvin Smith

c. Clayton Fisher

d. Eric Campbell-Bey

e. Anthony Waters

f. William Douglas

g. Darrell Wagganer

h. Brian Wagganer

i. Maurice Blacknoll

j. Phillip Friend

k. Alex Turpin

l. Jerod McNeal

m. Randy Dill

n. David Madsen

o. Gary Cross

p. Travis Talley

q. Jamarius Fisher

r. Greg Wishom

s. Javonta Bagley

t. Chris Strickler

u. Billy Sudduth

v. Thomas Amylor

    w. Coy Conaway

    x. Saudi Brown

    y. Stacy Shelton

    z. Matthew Downs

    aa. Crystal Peters

    bb. Lisa Grinston

    cc. Rana Qasem

    dd. Chasity Grayson

    ee. Dwyane Ludgood

    ff. Markisha Harris

    gg. Ahmad Adisa

3. Allowing testimony from these undisclosed witnesses would result in unfair surprise and prejudice to Defendants, who have not had the opportunity to depose these individuals, investigate their knowledge, or prepare appropriate motions and trial strategy.

## Legal Standard

Rule 26(a) requires parties to disclose the name and contact information of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, along with the subjects of that information. Rule 26(e) requires timely supplementation if a party learns that a disclosure is incomplete or incorrect. Rule 37(c)(1) provides that if a party fails to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that witness at trial

unless the failure was substantially justified or harmless.

## Argument

I. **Plaintiffs' late, mass identification of previously undisclosed witnesses violates Rule 26 and should be excluded pursuant to Rule 37(c)(1).**

Plaintiffs' Amended Witness List adds numerous individuals not previously identified under Rule 26(a) and not timely supplemented under Rule 26(e). This sandbagging undermines the purpose of Rule 26's initial disclosures and supplementation requirements: to avoid trial by ambush and provide fair notice.

To the extent Plaintiffs' attempt to argue that their failure to timely identify specific witnesses and subjects of their knowledge is covered by catch-all categories, those categories do not cure the failure. Categories such as "All necessary authentication witnesses," agency custodians, or "Any witness listed or called by any other party," provide no meaningful notice to Defendants. Additionally, such vague categories deprive Defendants of the ability to evaluate the full scope of this litigation, and invite unfair expansion of Plaintiffs' case-in-chief at the last minute.

II. **Plaintiffs' failure to disclose is neither substantially justified nor harmless.**

The failure to disclose over thirty individuals in a witness list substantially prejudices Defendants. Defendants have had no opportunity to depose these new witnesses, test their credibility, investigate their assertions, retain experts in light of their testimony, or file specific motions in limine or dispositive motions addressing their testimony.

Harmlessness is implausible where Plaintiffs have identified thirty-three new

4

names without prior Rule 26(a)/(e) supplementation. The scope and volume of the newly named individuals magnify prejudice, as defense counsel cannot reasonably investigate, subpoena records, or prepare trial examinations for such an expansive, undefined mass of individuals at the eleventh hour before trial.

### III. The appropriate remedy is to strike previously undisclosed witnesses.

Under Rule 37(c)(1), exclusion is the default remedy absent a showing of substantial justification or harmlessness. Given the prejudice and the lack of timely disclosure, this Court should strike the undisclosed witnesses from Plaintiffs' Amended Witness List.

WHEREFORE, Defendants request that the Court strike from Plaintiffs' Amended Witness List all witnesses not previously disclosed under Rule 26(a) and not timely supplemented under Rule 26(e), including but not limited to each of the newly added names identified in Paragraph 2, and award such other or further relief as the Court deems just and proper.

>Respectfully Submitted,
>**CATHERINE L. HANAWAY**
>Missouri Attorney General
>
>*/s/ Scott J. Bower*
>Scott J. Bower, #75486 (MO)
>Isabelle McNally, #78386 (MO)
>Wolfgang A. Schaefer, #78191 (MO)
>Assistant Attorneys General
>221 West High Street
>Jefferson City, MO 65101
>Phone: (573) 751-8108

5

scott.bower@ago.mo.gov
isabelle.mcnally@ago.mo.gov
wolfgang.schaefer@ago.mo.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, the foregoing was filed with this Court's ECF system, and a copy was served by function of the same on all counsels of record.

> */s/ Scott J. Bower*
> Scott J. Bower
> Assistant Attorney General