# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

## INSTRUCTION NO. 2

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

## INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 4

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

# INSTRUCTION NO. 5

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations

because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the deputy clerk or court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

## INSTRUCTION NO. 6

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In this case, the parties have agreed that the defendants acted "under color" of law, and you must accept that fact as proved.

**INSTRUCTION NO. 7**
**Count I – First Amendment Free Exercise under § 1983**

Your verdict must be for plaintiff(s) and against defendant(s) on plaintiffs' claim that defendants violated their First Amendment to Free Exercise of their religion if all the following elements have been proved more likely true than not true:

*First*, the plaintiff(s) has a sincerely held belief in group prayer or worship within a congregation of other inmates of the same religion; and

*Second*, the plaintiff(s) requested or attempted to engage in a sincerely held belief, namely, in group prayer or worship; and

*Third*, the defendant(s) denied the plaintiff's request or prevented plaintiff(s) from engaging in group prayer or worship; and

*Fourth*, the defendant's actions significantly inhibited or constrained, meaningfully curtailed, or otherwise denied the plaintiff(s) their ability to engage in group prayer or worship; and

*Fifth*, one of the following sets of facts is true:

(1) The defendant's action or policy did not have a neutral objective with respect to religion; or

(2) The defendant's action or policy was not reasonably related to a legitimate penological interest.

A prison policy that treats religious exercise differently than non-religious or secular exercise or is expressly directed at religious exercise is not neutral with respect to religion. Even subtle departures from neutrality render a policy non-neutral.

If any of the above elements have not been proved, your verdict must be for the defendant(s).

**INSTRUCTION NO. 8**
**Count II – Eighth Amendment Excessive Use of Force under § 1983**

Your verdict must be for plaintiff(s) and against defendant(s) on plaintiffs' Eighth Amendment claim of excessive use of force if all the following elements have been proved more likely true than not true:

*First*, the defendant(s) used physical force, including pepper spray, against the plaintiff(s); and

*Second*, the force used was excessive and applied maliciously and sadistically for the purpose of causing harm; and not in a good faith effort to achieve a legitimate purpose; and

*Third*, as a direct result, the plaintiff(s) was injured.

If any of the above elements have not been proved, then your verdict must be for the defendant(s).

In determining whether the force was excessive, you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether the force was used to achieve a legitimate purpose or maliciously and sadistically for the purpose of causing harm.

"Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

**INSTRUCTION NO. 9**
**Count IV – Eighth Amendment Deliberate Indifference under § 1983**

Your verdict must be for plaintiff(s) and against defendant(s) on plaintiffs' Eighth Amendment claim of deliberate indifference to serious medical needs if all the following elements have been proved more likely true than not true:

*First,* the plaintiff(s) had a serious need for medical care, such as access to soap and running water; and

*Second,* the defendant(s) were aware of the plaintiff's serious need for medical care; and

*Third,* the defendant(s), with deliberate indifference, failed to provide the medical care needed, or failed to allow the plaintiff(s) to obtain the medical care needed; and

*Fourth,* as a direct result, the plaintiff(s) were injured.

If any of the above elements have not been proved, then your verdict must be for the defendant(s).

Deliberate indifference is established only if there is actual knowledge of the serious medical need of the plaintiff(s) and if the defendant(s) disregard that need by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

**INSTRUCTION NO. 10**
**Count V – Fourteenth Amendment Equal Protection (on the basis of religion)**

Your verdict must be for plaintiff(s) and against defendant(s) on plaintiffs' Fourteenth Amendment Equal Protection claim with respect to unequal treatment by religious classification, if all the following elements have been proved more likely true than not true:

*First*, the defendant(s) took some action that treated the plaintiff(s) differently than similarly situated individuals, namely, other inmates, because of their religion; *or* the defendant's actions substantially burdened the plaintiff's fundamental rights; and

*Second*, the defendant's actions were not necessary to further a legitimate penal interest.

If any of the above elements have not been proved, your verdict must be for the defendant(s).

**INSTRUCTION NO. 11**
**Count VII – Missouri State Tort Law Battery**

In a battery claim under Missouri tort law, the plaintiff has the burden of proving the following elements to be more likely true than not true:

*First*, defendant Hart intentionally caused physical contact with plaintiff Clemons, by pepper-spraying or making other offensive contact with plaintiff; and

*Second*, defendant thereby used more force than was reasonably necessary; and

*Third*, defendant thereby caused plaintiff bodily harm.

If any of the above elements have not been proved, your verdict must be for the defendant.

# INSTRUCTION NO. 12

You must individually consider each plaintiff's claim against each defendant and reach a unanimous decision as to each such claim. Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiffs, then all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

## INSTRUCTION NO. 13

The fact that I will instruct you as to the proper measure of damages, should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiffs by the greater weight of the evidence on the question of liability in accordance with the other instructions.

## INSTRUCTION NO. 14

If you find in favor of the plaintiffs under Instruction(s) 7, 8, 9, 10, or 11, then you must award the plaintiff(s) an amount of money that will fairly compensate the plaintiff(s) for any damages you find the plaintiff(s) sustained as a direct result of the violation of the plaintiff's constitutional rights.

You must determine physical pain and mental suffering the plaintiff(s) have experienced; the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

If you find that the defendant(s) did not directly cause actual damages to the plaintiff(s), or that these damages have no monetary value, you should award no "actual" damages to the plaintiff(s).

# INSTRUCTION NO. 15

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff(s) and against defendant(s) under Instruction(s) 7, 8, 9, 10, or 11 and if it has been proved that the conduct of that defendants as submitted in Instructions 7, 8, 9, 10, or 11 was malicious or recklessly indifferent to the plaintiff's constitutional right, then you may, but are not required to, award the plaintiff(s) an additional amount of money as punitive damages for the purposes of punishing the defendant(s) for engaging in misconduct and deterring the defendants and others from engaging in similar misconduct in the future. You should presume that plaintiff(s) have been made whole for their injuries by the damages awarded under Instruction 14.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible a defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff(s) was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff(s) also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff(s).

2. How much harm the defendant's wrongful conduct caused the plaintiff(s). You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for their wrongful conduct toward the plaintiff(s) and to deter the defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff(s).

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

**VERDICT**

**Note**: Complete this form by writing in the names required by your verdict.

**Count I – First Amendment Free Exercise under § 1983**

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, Vincent Hood, and Mandell Kent's claim against defendants Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, and Craig Crane, as submitted in Instruction No. 7, we find in favor of

_____

Plaintiff _____    or    Defendant _____

Plaintiff _____         Defendant _____

Plaintiff _____         Defendant _____

Plaintiff _____         Defendant _____

Plaintiff _____         Defendant _____

Plaintiff _____         Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____


On plaintiff Mark Holliman's claim against defendants Michelle Basham, Carl Hart, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, and Craig Crane as submitted in Instruction No. 7, we find in favor of

_____

Plaintiff _____     or     Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

On plaintiff Montrell Moore's claim against defendants Michelle Basham, Carl Hart, Gary Fenwick, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Moseley, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, and Craig Crane as submitted in Instruction No. 7, we find in favor of

_____

Plaintiff _____    or    Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____


**Count II – Eighth Amendment Excessive Use of Force under § 1983**

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, and Vincent Hood's claim against defendants Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, and Adam Simonton, as submitted in Instruction No. 8, we find in favor of

_____

Plaintiff _____    or    Defendant _____

Plaintiff _____          Defendant _____

Plaintiff _____          Defendant _____

Plaintiff _____          Defendant _____

Plaintiff _____          Defendant _____

                                         Defendant _____

                                         Defendant _____

                                         Defendant _____


On plaintiff Mark Holliman's claim against defendants Michelle Basham, Carl Hart, David Vandergriff, and Matt Raymond, as submitted in Instruction No. 8, we find in favor of

_____

Plaintiff _____    or    Defendant _____

                                                Defendant _____

                                                Defendant _____

                                                Defendant _____

On plaintiff Montrell Moore's claim against defendants Michelle Basham, Carl Hart, and Gary Fenwick, as submitted in Instruction No. 8, we find in favor of

_____

Plaintiff _____    or    Defendant _____

                                                Defendant _____

                                                Defendant _____

**Count IV – Eighth Amendment Deliberate Indifference under § 1983**

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, and Marcus Howard's claim against defendants Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, and Matt Raymond, as submitted in Instruction No. 9, we find in favor of

_____

Plaintiff _____    or    Defendant _____

Plaintiff _____            Defendant _____

Plaintiff _____            Defendant _____

Plaintiff _____            Defendant _____

                                                Defendant _____

                                                Defendant _____

Defendant _____

Defendant _____


On plaintiff Montrell Moore's claim against defendants Michelle Basham, Carl Hart, Gary Fenwick, David Vandergriff, and Matt Raymond, as submitted in Instruction No. 9, we find in favor of

_____

Plaintiff _____   or   Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____


**Count V – Fourteenth Amendment Equal Protection (on the basis of religion)**

On plaintiffs Reginald Clemons, Steven Stafford, Wendell Harris, Marcus Howard, Vincent Hood, Montrell Moore, and Mandell Kent's claim against defendants Michelle Basham, Carl Hart, Dennis Spradling, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Mosely, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, and Craig Crane as submitted in Instruction No. 10, we find in favor of

_____

Plaintiff _____   or   Defendant _____

Plaintiff _____        Defendant _____

Plaintiff _____        Defendant _____

Plaintiff _____     Defendant _____

Plaintiff _____     Defendant _____

Plaintiff _____     Defendant _____

Plaintiff _____     Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

Defendant _____

**Count VII – Missouri State Tort Law Battery**

On plaintiff Reginald Clemons' claim against defendants Carl Hart, as submitted in Instruction No. 11, we find in favor of

_____

Plaintiff _____   or   Defendant _____

**Note**: Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff(s).

We find plaintiff Reginald Clemons' damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Steven Stafford's damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Montrell Moore's damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Vincent Hood's damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Wendell Harris' damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Mark Holliman's damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Pre'Marcus Howard's damages to be:

$ _____ (state the amount or, if none, write the word "none")

We find plaintiff Mandell Kent's damages to be:

$ _____ (state the amount or, if none, write the word "none")

**Note**: You may not award punitive damages against any defendants unless you have first found against those defendants and awarded the plaintiff(s) actual damages.

We assess punitive damages against defendant Michelle Basham as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Carl Hart as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Dennis Spradling as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Jacob Reagan as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Gary Fenwick as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Adam Simonton as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant David Vandergriff as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Matt Raymond as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Trevor Foley as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Travis Terry as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Valarie Moseley as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Aaron Davis as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Richard Adams as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Jennifer Shankle as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Kelly Morris as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Gregory Hancock as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Patricia Wickey as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Teri Vandergriff as follows:

$ _____ (state the amount or, if none, write the word "none").


We assess punitive damages against defendant Craig Crane as follows:

$ _____ (state the amount or, if none, write the word "none").

_____

**Foreperson**

**Dated: _____**