**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD BYRON CLEMONS, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:22-CV-00158-SRW |
| v. | ) ) | |
| MICHELLE BASHAM, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION AND MEMORANDUM FOR JUDGMENT AS
A MATTER OF LAW**

Defendants respectfully request the Court to enter judgment as a matter of law in their favor under Federal Rule of Civil Procedure 50(b) for the reasons set forth below:

**INTRODUCTION**

Following trial, one state claim[1] and four federal claims were submitted to the jury for deliberation, accompanied with punitive damage instructions. (Doc. 237). The jury found in favor on Plaintiffs and against all Defendants on every claim except for Plaintiff Mark Holliman's claim of Eighth Amendment Excessive Use of Force under § 1983. (Doc. 241). For that claim, the jury found

---

[1] Plaintiff Clemons submitted one claim of Missouri State Tort Law Battery against Defendant Hart to the jury.

1

in favor of Defendants Michelle Basham, Carl Hart, David Vandergriff, and Matt Raymond. (Doc. 241). The jury awarded no punitive damages. (Doc. 241).

Defendants Jacob Reagan, Adam Simonton, Trevor Foley, Travis Terry, Valarie Mosely, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, Craig Crane, Michelle Basham, and Matt Raymond respectfully request this Court to direct the entry of judgment on the verdicts in their favor on all claims.

## LEGAL STANDARD

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In other words, "the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000).

In ruling on a motion for judgment as a matter of law, a court may not resolve factual disputes or make credibility determinations and must view all evidence in the light most favorable to the nonmoving party. *Id.* The non-movant receives the benefit of all reasonable inferences from the evidence, but those inferences may not be based solely on speculation. *Id.* at 1026. Judgment

2

as a matter of law should be granted if, after evaluating the evidence, no reasonable juror could find for the nonmoving party. Fed. R. Civ. P. 50(a)(1).

## ARGUMENT

I.   **Plaintiffs did not present sufficient evidence from which a reasonable jury could find that all Defendants used excessive force, were deliberately indifferent, violated First Amendment rights, or violated Plaintiffs' equal protection rights under the Fourteenth Amendment.**

Excessive Force – No Personal Participation or Malicious or Sadistic Force

"The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (cleaned up). "Unnecessary and wanton inflictions of pain, including inflictions of pain without penological justification, 'constitute cruel and unusual punishment forbidden by the Eighth Amendment.'" *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (quoting *Hope*, 536 U.S. at 737).

"When the alleged constitutional violation is that prison officials have used excessive force, 'the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or *maliciously and sadistically* to cause harm.'" *Howard v. Barnett*, 21 F.3d 868, 871 (8th Cir. 1994) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (emphasis in original)). A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory."

3

*Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Here, the evidence at trial failed to show that Defendants Michelle Basham, Jacob Reagan, Adam Simonton, David Vandergriff, or Matt Raymond engaged in any excessive use of force. The evidence showed that Basham gave orders to the Plaintiffs to stop praying and disperse. Only one of the inmates complied with that order and Basham escorted him out of Housing Unit 4B with a soft-hand touch on the arm. Basham and every other witness testified that she did not deploy pepper spray at any point that day. There was no testimony or any other evidence that Basham did anything beyond escort a compliant offender out of the housing unit that night.

Additionally, the evidence at trial showed that Jacob Reagan and Adam Simonton were only involved in the transport of the inmates from Housing Unit 4B to Administrative Segregation ("Ad Seg"). Here, Plaintiffs failed to establish malicious and sadistic conduct with regard to Defendants Reagan and Simonton. No evidence was adduced at trial supporting a conclusion that Reagan or Simonton applied pepper spray to the Plaintiffs or otherwise engaged in malicious or sadistic conduct. In fact, to the best of undersigned's

knowledge, Defendant Simonton's name was not even mentioned once during the span of trial.

Lastly, the evidence at trial showed that Defendants David Vandergriff and Matt Raymond were not even at the prison during the events of February 28, 2021. Vandergriff was the Warden and Raymond was the Deputy Warden at the time of the events – they played no role in using force on any of the Plaintiffs at any point for the facts of this case. Plaintiffs have not met their burden by failing to demonstrate that Vandergriff or Raymond were personally involved in the use of force or directly responsible. In sum, there was no evidence of personal use of force by Basham, Reagan, Simonton; the undisputed non-presence of David Vandergriff and Raymond defeats any § 1983 personal involvement theory; and there was no evidence of malicious or sadistic purpose by any moving Defendant for this claim.

Defendants Basham, Reagan, Simonton, Vandergriff, and Raymond are entitled to judgment as a matter of law on the claim for Eighth Amendment excessive use of force.

<u>Deliberate Indifference – No Objective Serious Need or Subject<br>Disregard by Any Moving Defendant</u>

To prevail on a deliberate indifference claim, an inmate plaintiff must clear a substantial evidentiary threshold and demonstrate that (1) he suffered

from an objectively serious medical need and (2) defendants actually knew of that need and deliberately, with subjective intent, disregarded that need. *Presson v. Reed*, 65 F.4th 357, 366 (8th Cir. 2023). "Deliberate indifference is more than negligence, more than even gross negligence." *Id.* "An analysis of confinement conditions must be based on the totality of the circumstances." *Howard v. Adkinson*, 887 F.2d 134, 137 (8th Cir. 1989). Short-term deprivations imposed for legitimate penological purposes do not rise to the level of Eighth Amendment violations unless officials acted "in bad faith and for no legitimate purpose." *Rust v. Grammer*, 858 F.2d 411, 414 (8th Cir. 1988).

Here, insufficient evidence was presented at trial for a reasonable juror to find against Defendants Michelle Basham, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, or Matt Raymond for Plaintiffs' Eighth Amendment claim of deliberate indifference. At trial, no objectively serious medical need was shown nor was there any evidence of actual knowledge and disregard by any moving Defendant. Further, medical visits and refusal of treatment undermines the subjective prong of a deliberate indifference claim. First, Defendant Basham played no role in disregarding serious medical needs of any of the Plaintiffs. The one inmate Plaintiff that Basham escorted out of the Housing Unit was not subjected to any force beyond a touch on the arm to guide him as he walked. In other words, he was not suffering from an objective serious medical need and no reasonable person would have perceived

6

that. Basham's involvement ended after the escort and she did not follow the other Plaintiff inmates to Ad Seg. As such, because Basham would have no actual knowledge of a medical need, there would be no intentional disregard from her role in the facts of this case. Additionally, there was no evidence that Reagan, Fenwick, Vandergriff, Raymond, or Simonton, knew how long Plaintiffs were in Ad Seg, that they didn't have water, or that they could have given them water had they known. Plaintiffs presented no evidence to satisfy the objective or subjective component for an Eighth Amendment deliberate indifference claim.

Similar observations can be made for Defendants Reagan and Simonton. Reagan and Simonton were Corrections Officers I (COI) at the time of the incident. Even if Reagan pepper sprayed one of the Plaintiffs,[2] no evidence was presented at trial demonstrating that Reagan or Simonton knew of Plaintiffs' serious medical needs, nor did Plaintiffs prove that they disregarded that need with subjective intent. Notably, Plaintiff Vincent Hood testified that he was visited by medical staff later during the same night of the incident and refused medical attention. Again, Plaintiffs fail to meet their burden for proving the

---

[2] No evidence was presented that Defendant Simonton pepper sprayed Plaintiffs.

objective or subjective components of deliberate indifference for Defendants Reagan or Simonton.

Finally, Plaintiffs also failed to provide sufficient evidence for a reasonable juror to find against Defendant Vandergriff and Raymond on the claim of deliberate indifference. Here again, Plaintiffs provided no evidence for the jury to show that Vandergriff or Raymond disregarded a serious medical need with subjective intent. Neither Vandergriff nor Raymond were present during the time of the event, nor did Plaintiffs prove an intent to disregard a serious need for medical attention. Plaintiffs failed to show that once Raymond and Vandergriff did arrive the next day that they knew or ought to have known that Plaintiffs did not have access to water or other medical care. Short-term, security-driven restrictions do not violate the Eighth Amendment absent bad faith and the record contains no proof of bad faith.

Defendants Michelle Basham, Jacob Reagan, Gary Fenwick, Adam Simonton, David Vandergriff, and Matt Raymond are entitled to Judgment as a Matter of Law on Plaintiffs' claim of Eighth Amendment Deliberate Indifference.

Free Exercise – No Substantial Burden or Denial by Any Moving Defendant

A threshold requirement for any free exercise claim is a substantial burden on religious exercise. Government action that imposes only a de

8

minimis or incidental burden, or that affords adequate avenues for religious exercise, does not establish a constitutional violation. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). The Free Exercise Clause does not entitle individuals to exemptions from neutral, generally applicable rules simply because those rules conflict with religious preferences. *Olsen v. Mukasey*, 541 F.3d 827, 832 (8th Cir. 2008).

Here, insufficient evidence was presented for a reasonable juror to enter a verdict against Defendants Adam Simonton, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Mosely, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, or Craig Crane on the claim of First Amendment Free Exercise. To the best of undersigned's knowledge, Defendants Simonton, Teri Vandergriff, Trevor Foley, Terry, Mosely, Shankle, Morris, Hancock, Wickey, and Crane were not even mentioned even **one time** during the course of the week-long trial. No testimony or exhibit identified any act by Simonton, Teri Vandergriff, Foley, Terry, Mosely, Shankle, Morris, Hancock, Wickey, or Crane that denied or prevented group prayer. Many of named defendants served in administrative roles or at other institutions, with no trial evidence tying them to the incident or to policy decisions affecting Plaintiffs' prayer opportunities. Finally, Plaintiffs testified they continue to pray in groups at their institutions,

9

confirming the availability of religious exercise. Facially, Plaintiffs failed to meet their burden.

With the exception of Defendant Simonton, the rest of the Defendants named above were not present for the acute use of force event at the prison, and were in non-custody roles within the Department of Corrections. The jury instructions for this claim required the jury to find that "[T]he defendant(s) denied the plaintiff's request or prevented plaintiff(s) from engaging in group prayer or worship" (Doc. 237). First, there was no evidence that Plaintiffs were denied a request to engage in group prayer.[3] Second, Plaintiffs presented insufficient evidence at trial to show that the Defendants named above prevented plaintiffs from engaging in group prayer or worship. Defendants Foley, Terry, Mosely, Davis, Adams, Shankle, Morris, Hancock, Wickey, Teri Vandergriff, and Crane were all in administrative positions during the time of the use of force and, with the exception of Adams, none of their job titles were even introduced to the jury. Additionally, many of these Defendants like Adams, Davis, Morris, Hancock, and Teri Vandergriff were wardens at entirely different facilities. To the extent Plaintiffs try to argue that these Defendants prevented them from engaging in group prayer or worship, that would be in direct contradiction to Plaintiffs' testimony at trial because they each said that

---

[3] To the contrary, Plaintiffs testified that they were given permission from a corrections officer who did not testify.

they continue to pray in groups at their designated institutions. Defendants Adam Simonton, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Mosely, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, and Craig Crane are entitled to judgment as a matter of law on Plaintiffs' claim of First Amendment Free Exercise.

Equal Protection – Existence of Legitimate Penological Interests and<br>No Religion-Based Disparate Treatment

The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir. 1998) (citation omitted); See also *Casey-E v. Better Family Life,* 2018 WL 6082900 at *2 (U.S. Dist. E.D. Mo. 2018) ("The Fourteenth Amendment pertains to claims involving state action exclusively, and not to any action of private individuals.").

Plaintiffs failed to provide sufficient evidence for a reasonable juror to enter a verdict against Defendants Gary Fenwick, Adam Simonton, David Vandergriff, Matt Raymond, Trevor Foley, Travis Terry, Valarie Mosely, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly, Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, or Craig Crane on Plaintiffs' claim of Fourteenth Amendment Equal Protection (on the basis of religion). The jury

11

instructions for this claim required the jurors to find that "[T]he defendant(s) took some action that treated the plaintiff(s) differently than similarly situated individuals, namely, other inmates, because of their religion; or the defendant's actions substantially burdened the plaintiff's fundamental rights." (Doc. 237). The instruction also required a finding that "[T]he defendant's actions were not necessary to further a legitimate penal interest." (Doc. 237). There was no evidence at trial of differential treatment because of religion, the record shows similar dispersal of Christian group, and security-based limits are legitimate penological interests.

Here, a reasonable juror could not find against the above named Defendants because Plaintiffs did not present evidence of any **actions** that those Defendants took to treat Plaintiffs differently or substantially burden their fundamental rights.[4] First, we know that Plaintiffs were not treated differently than similarly situated individuals because the record includes video evidence of the dispersal of a Christian group for the same security reason, defeating any inference of religion-based selective enforcement.[5] That exhibit contained security camera footage of Defendant Fenwick ordering a

---

[4] No trial evidence identified any action by Trevor Foley, Travis Terry, Valarie Mosely, Aaron Davis, Richard Adams, Jennifer Shankle, Kelly Morris, Gregory Hancock, Patricia Wickey, Teri Vandergriff, or Craig Crane relating to Plaintiffs' prayer practices.

[5] See Defendants' trial Exhibit NNNN

12

group of inmates to disperse from their Christian group prayer. Second, Defendants also did not substantially burden Plaintiffs' fundamental rights because the evidence showed that Plaintiffs were still allowed to pray individually and in groups so long as group prayer was conducted in approved areas. Additionally, there was bountiful evidence that the policies and rules in place for group gatherings in the prison was necessary to further the legitimate penological interest of maintaining the safety and security of the institution. Security-based limits on ad hoc group gatherings in dayrooms are necessary to maintain order and safety and the record reflects rules requiring prayer gatherings in approved locations.

## II.   Plaintiffs' claims are barred by qualified immunity.

"In a § 1983 action, qualified immunity shields a government official from liability unless his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Nord v. Walsh County*, 757 F.3d 734, 738 (8th Cir. 2014) (quoting *Coker v. Arkansas State Police*, 734 F.3d 838, 841-821 (8th Cir. 2013). Whether an official is entitled to qualified immunity depends on the answer to two questions: (1) Did he or she violate a constitutional right? and (2) Was the right clearly established. *Hight v. Williams*, 164 F.4th 672, 675 (8th Cir. 2026). "If the answer to either question is no, then it applies." *Id.*; *Pearson v. Callahan*, 555

13

U.S. 223 (2009); *Tucker v. Boldo*, 165 F.4th 1154, 1156 2026, WL 263595 (8th Cir. 2026). A right is clearly established only when "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Qualified immunity protects government officials from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This immunity permits "officers to make reasonable errors," and provides "ample room for mistaken judgments." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011). At best, Plaintiffs can show that Defendants made an error in judgment. Any such error is not sufficient to overcome the bar of qualified immunity.

At trial, Plaintiffs failed to present evidence that Defendants actions placed a substantial burden on the ability of Plaintiffs' to practice their religious beliefs. To the contrary, the evidence at trial showed that the prison had extensive policies related to religious practices and gatherings in the institution.[6] Those policies permitted Plaintiffs to pray individually, pray in

---

[6] Defendants' trial Exhibit A and Plaintiffs' Exhibit 11.

14

groups in designated areas with the approval of the chaplain, wear religious garments, possess holy books, consume religious meals with dietary restrictions, etc. It was not a substantial burden on the practice of Plaintiffs' religion to require them to seek permission for group prayer in a penal institution. To that end, Plaintiffs failed to present evidence at trial that several of the Defendants made any kind of decision regarding the religious or group gathering policies for the prison (namely those Defendants referenced above in this motion that were not mentioned and played no active role in this situation).

As shown above, the record fails to establish any constitutional violation by the moving Defendants on any claim. Qualified immunity therefore applies. Even if a violation could be inferred, no precedent clearly establishes a right to conduct impromptu group prayer in a housing-unit dayroom, as opposed to approved locations, such that every reasonable officer would have known dispersal was unlawful. As such, Defendants are equally entitled to judgment as a matter of law because they are each entitled to qualified immunity.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court enter judgment as a matter of law in their favor on the adverse verdicts for: (1) Eighth Amendment excessive force; (2) Eighth Amendment deliberate

15

indifference; (3) First Amendment Free Exercise; and (4) Fourteenth Amendment Equal Protection, as to the Defendants identified in the respective sections of this motion. Defendants further request entry of judgment on the jury's defense verdict on Plaintiff Holliman's excessive force claim.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Scott J. Bower*
Scott J. Bower, #75486 MO
Isabelle McNally, #78386 MO
Wolfgang A. Schaefer, #78191 MO
Assistant Attorneys General
221 West High Street
Jefferson City, MO 65101
Phone: (573) 751-8108
Fax: (573) 751-9456
Scott.Bower@ago.mo.gov
Isabelle.McNally@ago.mo.gov
Wolfgang.Schaefer@ago.mo.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all registered users of record in this case.

*/s/ Scott J. Bower*

Scott J. Bower

16