**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD BYRON CLEMONS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:22-CV-00158-SRW |
| v. | ) | |
| MICHELLE BASHAM, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES AND COSTS**

Defendants acknowledge that 42 U.S.C. 1988 authorizes the Court to award reasonable attorney fees and expenses to a plaintiff who prevails in a § 1983 suit. But the Prison Litigation Reform Act ("PLRA") limits the application of § 1988 to prisoner cases in several important ways. Most notably, the PLRA requires a prisoner to pay a portion of his attorneys fees from any judgment awarded. Defendants oppose Plaintiffs' motion for fees here for three reasons: 1) several fee and cost entries do not satisfy the PLRA standard, or are not adequately explained or supported; 2) Plaintiffs do not demonstrate that they are entitled to the requested paralegal fees; and 3) Plaintiffs are responsible for a portion of their fees equal to 25% of the judgment they obtained in this action.

## I. Legal Standard

Generally, 42 U.S.C. § 1988 authorizes the Court to award reasonable attorney fees to a plaintiff who prevails in a § 1983 lawsuit. Congress limited that statute's application to cases brought by prisoners. Under the PLRA, a plaintiff shall not be awarded attorney fees unless "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights" and "the amount of the fee is proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1997e(d)(1)(A) and (B)(i). The PLRA further limits fee awards in two distinct ways. First, it places a cap on "awards of attorney fees in prisoner rights cases to 150% of the monetary damages awarded." *Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010); see 42 U.S.C. § 1997e(d)(2). Second, it limits the hourly rate to not greater than 150 percent of the hourly rate established under 18 U.S.C. § 3006A. *Id.* at (d)(3). Under the PLRA, a district court "must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees." *Murphy v. Smith*, 138 S.Ct. 784, 790 (2018).

## II. Entries not reasonable or necessary

In reviewing the time records submitted by Plaintiffs' attorneys, Defendants noted a handful of entries that do not appear "directly or

reasonably incurred in proving an actual violation of the plaintiff's rights." 42 U.S.C. § 1997e(d)(1)(A). The entries are:

a. *Items relating to Plaintiffs' unsuccessful motion for sanctions and renewed motion for sanctions*

Several attorneys include their time for drafting, researching, and arguing Plaintiffs' Motion for Sanctions for Spoliation (Doc. 118). That motion sought an adverse inference against Defendants for the inadvertent overwriting of institutional security video. It was denied by this Court. Doc. 199. Accordingly, those fees were not "directly or reasonably incurred in proving an actual violation of the plaintiff's rights." § 1997e(d)(1)(A). Those fees are:

| Attorney/Exhibit | Date of hours | Number of hours | Rate of Hours |
|---|---|---|---|
| Gadier Abbas, Ex. C | 8/13/2025 | 2 | 2025 |
| | 8/14/2025 | 1.5 | 2025 |
| | 9/9/2025 | 1 | 2025 |
| Nadia Bayado, Ex. E | 7/17/2025 | 0.75 | 2025 |
| | 7/23/2025 | 2.1 | 2025 |
| | 8/5/2025 | 1 | 2025 |
| | 8/14/2025 | 0.5 | 2025 |
| Catherine Keck, Ex. F | 6/5-6/10/2025 | 1.25 | 2025 |
| | 7/17/2025 | 0.75 | 2025 |
| | 7/24/2025 | 1 | 2025 |
| | 2/4/2026 | 2 | 2026 |

| | | | |
|---|---|---|---|
| | 2/10/2026 | 1.5 | 2026 |
| Ahmad Kaki, Ex. G | 6/10/2025 | 8.5 | 2025 |
| | 7/23/2025 | 6.3 | 2025 |
| Total for reduction sought (2025 rate): | | 26.65 | |
| Total for reduction sought (2026 rate): | | 3.5 | |

*b. Items relating to Michael Smith before his dismissal*

Plaintiff Michael Smith was dismissed by this Court on February 23, 2026. Doc. 208. Accordingly, Michael Smith is not a prevailing party under Section 1988, and Plaintiffs are not entitled to fees incurred for services rendered to him before the date of dismissal. Defendants understand that Plaintiffs still called Mr. Smith as a witness at trial. Those fees incurred after February 23, 2026 for Mr. Smith are understandably classified as witness preparation. However, there are several line items predating Mr. Smith's dismissal, characterized as "client call" or similar, to which Defendants object. Those items are:

| Attorney/Exhibit | Date of hours | Number of hours | Rate of hours |
|---|---|---|---|
| Nadia Bayado, Ex. E | 8/21/2025 | 1 | 2025 |
| | 2/4/2026 | 0.5 | 2026 |
| Catherine Keck, Ex. F | 5/29/2025 | 1 | 2025 |

| | | | |
|---|---|---|---|
| Total hours for reduction sought (2025 rate): | | 2 | |
| Total hours for reduction sought (2026 rate): | | 0.5 | |

*c. Miscellaneous fee objections – Kimberly Noe-Lehenbauer (Ex. P)*

| Date of hours | Purpose given | Number of hours | Rate of hours |
|---|---|---|---|
| 8/20/24 | Correct and re-file per notice of filing deficiency (signature block) | 0.2 | 2024 |
| 11/16/24 | Deposition of Carl Hart | 8 | 2024 |
| 11/17/24 | Deposition of chaplain | 8 | 2024 |
| Total for reduction sought (2024 rate): | | 5.45 | |

The first entry here relates to an error made by Plaintiffs' counsel, and the time spent correcting that error. While the error is understandable, Defendants should not bear those costs. The two remaining entries relate to depositions for Carl Hart and Thomas Regan, taken by Plaintiffs. Plaintiffs claim 8 hours for each deposition, with no additional explanation or time breakdown given. Carl Hart's deposition began at 10:00 a.m., and ended at 4:00 p.m., lasting 6 hours. Thomas Regan's deposition (in his personal capacity, he later testified as a representative of MDOC) began at 10:00 a.m. and ended at 2:45 p.m. (rounding to up to the nearest quarter hour), lasting 4.75 hours.

Accordingly, Defendants seek a reduction of 2 hours for the Hart deposition and 3.25 hours for the Regan deposition.

*d. Miscellaneous fee objections – Ian Cross (Ex. J)*

| Date of hours | Purpose given | Number of hours | Rate of hours |
|---|---|---|---|
| 2/4/2026 | Research right to jury trial and damages against individual-capacity defendants under RLU… | 1 hour, 12 minutes | 2026 |
| 2/13/2026 | Review and edit Plaintiffs' settlement demand letter | 2 hour, 6 minutes | 2026 |
| 2/23/2026 | Discuss and obtain approval from co-counsel/clients to voluntarily dismiss retaliation claims | 1 hour, 10 minutes | 2026 |
| 2/24/2026 | Draft stipulation to voluntarily dismiss count III and email to opposing counsel | 9 minutes | 2026 |
| Total for reduction sought (2026 rate): | | 4 hours, 37 minutes[1] (4.616 hours) | 2026 |

[1] 4 hours and 37 minutes is equivalent to 4.616 hours.

The first entry here relates to research into the possibility of adding a jury trial demand and claim for damages into Plaintiffs' RLUIPA claim. While Plaintiffs succeeded on their RLUIPA claim, they did not amend their pleadings to add what this line item reflects research on.

The remaining line items discuss settlement offers and the stipulation of voluntary dismissal of Count III of Plaintiff's Fourth Amended Petition (the retaliation claim). Plaintiffs should not receive fees for researching or working on theories of the case that were abandoned or never materialized. Those, and the settlement offer line, are not related to proving an actual violation of the Plaintiffs' rights, and are not compensable.

*e. Total fee reduction sought by year*

| CJA Rate Year (and rate) | Number of hours sought to be reduced, from the above tables | Total fees sought to be reduced per CJA year |
|---|---|---|
| 2024 ($172) | 5.45 | $937.40 |
| 2025 ($175) | 28.65 | $5,013.75 |
| 2026 ($177) | 8.616 | $1,525.03 |
| Total Fee Reduction Sought: | | $7,476.18 |

Defendants ask this Court to consider the foregoing and reduce Plaintiffs' attorney fees by $7,476.18.

## III. Objections to CAIR's bill of costs (Ex. L)

Defendants object to the following CAIR bill of costs entries:

*a. Attorney Admission Fees – Missouri Bar*

Plaintiffs claim costs for the admission three attorneys to the Missouri Bar: Lena Masri, Kimberly Noe-Lehenbauer, and Gadeir Abbas. Ex. L, page 12. No attorney to this case was required to be licensed in Missouri to practice in this Court. *See* L.R. 12.01(B) ("An attorney of good moral character who holds a license to practice law from, and who is a member in good standing of the bar of, the highest court **of any state or the District of Columbia** may apply for admission to the bar of this Court") (emphasis added). As such, the registration fee for their Missouri Bar admission was not directly or reasonably incurred in proving a violation of Plaintiffs' rights, and Defendants should not bear that cost. Each entry for Missouri Bar admission fees is for $263, totaling $789.

*b. Attorney Admission Fees – United States District Court for the Eastern District of Missouri*

Plaintiffs claim costs for the admission of four attorneys to the bar of this Court: Kimberly Noe-Lehenbauer, Nadia Bayado, Catherine Keck, and Ahmad Kaki. Each admission fee was $274, for a total of $1,096. Ex. L, pages 12-13. On information and belief, none of these attorneys reside in, are regularly employed in, or regularly practice law in this district. Accordingly, they could have applied for admission pro hac vice. *See* L.R. 12.01(F). This would have cost $150 per attorney, or $600 total. While admission pro hac vice is limited

in duration to the case at hand, and it is understandable why these attorneys would prefer full admission, Defendants should not be assessed the price of their quadrennial admission fees, when a cheaper, temporary admission would have allowed them to do the same work on this case. Accordingly, Defendants request this Court reduce the requested fees by $496—the difference between admission pro hac vice and the full admission that the attorneys paid for.

*c. "Job Supplies"*

Plaintiffs claim $92.42 in the "Job Supplies" section of Exhibit L for purchasing evidence bags from Amazon.Com. Ex. L, page 11. These are described as "Amazon order. Evidence bags to collect evidence from Clemmons after his attack." It is not clear what evidence is described here. Defendants are not aware of any physical evidence recovered from an MDOC institution. Plaintiffs have not shown that this expense was reasonably or directly related to proving a violation of Plaintiffs' rights, and Defendants should not bear this cost.

*d. Per diems*

Plaintiffs claim per diems which total to $3,050. Ex. L, pages 8-10. These listed for the CAIR attorneys traveling to St. Louis for trial and hearings, as well as for Mark Holliman's travel for trial. However, none of these per diem entries are elaborated on, and they are too vague to support an award of costs.

First, Plaintiffs have not shown that these per diems were expended in reasonable relation to proving a violation of Plaintiffs' rights. Defendants concede that purchasing food during trial, or other direct expenses relating to travel, would so qualify. However, there is no itemization of how these per diems were expended, or even a showing or representation that they were partially or entirely expended. Ex. L provides proof only that payments were made to each individual listed for the amount listed, and nothing more. Plaintiffs have thus failed to show that they are entitled to recoupment of these per diems from Defendants, and Plaintiffs' requested costs should be reduced by $3,050.

*e. Unrelated or unexplained deposition transcripts*

Plaintiffs include a line item for "Deposition transcripts of Aaron Williams and Hannah Jimenez" in the amount of $1,171.55. Ex. L, page 13. Defendants are not aware of who these individuals are or their relation to this case, and do not believe that their depositions were taken in connection with this matter. Accordingly, Defendants request that Plaintiffs' requested costs be reduced by $1,171.55.

*f. Total requested costs reduction*

| | Dollar amount of reduction sought: |
|---|---|
| Missouri Bar admission fees: | $789 |
| EDMO admission fees minus pro hac vice admission fees: | $496 |
| Evidence bags: | $92.42 |
| Per diems: | $3,050 |
| Unknown deposition fees: | $1,171.55 |
| Total: | $5,598.97 |

## IV. Legal Assistant Fees

Plaintiffs seek $8,620 in paralegal fees, for 86.2 hours worked at a rate of $100 per hour. Plaintiffs cite *Goodwin v. Roper*, No. 4:06CV848 HEA, 2006 WL 2130456, at *3 (E.D. Mo. July 28, 2006), in support of their contention that this district "permits recovery of compensation for work performed by paralegals, legal assistants, and law students." Doc. 270 at 9. However, *Goodwin* also makes clear that the restrictive provisions of the CJA relating to expert services apply to claims of fees for paralegals. *Goodwin v. Roper*, No. 4:06CV848 HEA, 2006 WL 2130456, at *3 (E.D. Mo. July 28, 2006) ("The procedures for obtaining investigative, expert, or other serves, as well as the case maximum per provider, also apply to [services rendered by paralegals, legal assistants, and law students].")

The CJA provides a framework for requesting fees for services other than counsel. 18 U.S.C. § 3006A(e). The procedure depends on whether counsel

requested authorization for the fees before the services were rendered, or after. 18 U.S.C. § 3006A(e)(1). Here, Plaintiffs did not request authorization from the Court before obtaining paralegal services in this matter. Thus, the provisions of 18 U.S.C. § 3006A(e)(2) apply.

18 U.S.C. § 3006A(e)(2)(A) provides that

> Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $800 and expenses reasonably incurred.

Subparagraph (B) then authorizes the Court to award fees in excess of $800 only if it finds that 1) the fee award is in the interest of justice, and 2) that timely procurement of necessary services could not await prior authorization. Here, regardless of the first consideration, Plaintiffs fail to show that the second consideration is met. There is no reason that Plaintiffs could not have requested prior authorization to incur fees for paralegal work in the years that this case has been pending.

The $800 figure has since been raised to $1,000 in this district. *See* United States District Court of the Eastern District of Missouri, Case Maximums & Approval Levels for Experts, *available at* https://www.moed.uscourts.gov/sites/moed/files/documents/attorneys/CJA_Ra

te_Maximums.pdf) (providing that on or after February 15, 2019, the amount applicable to experts and other services without prior authorization is $1,000).

Paralegal fees are allowed in this district subject to the same "procedures for obtaining investigative, expert, or other serves…." *Goodwin*, *supra*. The CJA provides the procedure for obtaining those services, and this district provides a $1,000 cap on services that are not pre-authorized. The exception to that rule does not apply. Accordingly, Plaintiffs' requested paralegal fees should be reduced to $1,000 (a reduction of $7,620).

## V. Plaintiffs are responsible for a portion of their attorney fees equivalent to 25% of the judgment they obtained under the PLRA.

Plaintiffs' attorney fees must be satisfied first from the judgment Plaintiffs received in this case—25% of the judgment must go to satisfying the requested fees. Accordingly, the fees that Plaintiffs request must be reduced by 25% of the judgment they received in this case.

42 U.S.C. § 1997e(d)(2) provides that:

> Whenever a monetary judgment is awarded in an action [brought by a prisoner in which Section 1988 authorizes attorney's fees], **a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees** awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(emphasis added). The Supreme Court held in *Murphey*, 538 U.S. at 220, that in cases governed by § 1997e(d), the district court does not retain discretion to reduce the amount of attorney fees that the inmate-plaintiffs must satisfy from their judgment. Rather, it is mandatory that 25% of the judgment be applied to the requested fees before any fees can be taxes against the non-prevailing party. Plaintiffs acknowledge that their fee award in this case is governed by § 1997e(d). *See* Doc. 270 at 6. However, Plaintiffs fail to account for the requirement that Plaintiffs pay 25% of the judgment they were awarded in this action before fees can be assessed to Defendants.

Here, Plaintiffs received a judgment of $667,000. 25% of that judgment award is $166,750. Plaintiff's requested attorney fees must be reduced by that figure before the remainder is taxed to Defendants. *Murphey*, 538 U.S. at 228.

## VI. Conclusion

For these reasons, Defendants respectfully request the Court reduce Plaintiffs' requested attorney fees by a figure of $15,096.18 and their requested costs by a figure of $5,598.97, then tax $166,750 of the remainder to Plaintiffs, and the rest to Defendants.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Wolfgang Schaefer*________
Wolfgang Schaefer, #78191(MO)
Mo. Bar No. 78191
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Office: (573) 751-7720
Wolfgang.Schaefer@ago.mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, the foregoing was filed electronically via the Court's electronic filing system, which will automatically serve this filing on all counsels of record.

*/s/Wolfgang Schaefer*
Assistant Attorney General